Ivaylo Tsvetanov Dodev,

c/o  6312 South 161st Way
Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Facsimile
dodev@hotmail.com

Pro Se

**FILE ON DEMAND**

√ FILED ____ LODGED
____ RECEIVED ____ COPY

OCT 23 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M. DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Ivaylo Tsvetanov Dodev,** | **Case No.**  CV-13-02155-PHX-GMS |
| **Plaintiff,** | |
| **vs.** | **VERIFIED ACTION-AT-LAW TO QUIET TITLE** |
| **RECONTRUST COMPANY, N.A., JAMES F. TAYLOR,** *and/or his successor, in his/their individual and official capacity,* **SELECT PORTFOLIO SERVICING, INC., MATT HOLLINGSWORTH,** *and/or his successor, in his/their individual and official capacity,* **BANK OF NEW YORK MELLON, N.A., GERALD HASSELL,** *and/or his successor, in his/their individual and official capacity,* **BANK OF AMERICA, N.A. successor of COUNTRYWIDE HOME LOANS, INC., BRIAN T. MOYNIHAN,** *and/or his successor, in his/their individual and official capacity, and* **DOES 1-100,** *in his/her individual and official capacity* | **AND DAMAGES UNDER FDCPA AND BREACH OF CONTRACT AND RICO** |
| | **A TRIAL BY JURY DEMANDED** |
| | **Judge:** |
| **Defendants.** | |

## <u>VERIFIED ACTION-AT-LAW TO QUIET TITLE AND MONEY DAMAGES</u>
RICO and 15 U.S.C. 1692, et. seq.

Plaintiff, IVAYLO TSVETANOV DODEV, sues defendants RECONTRUST COMPANY, N.A.   and their PRESIDENT, JAMES F. TAYLOR, *and/or his successor, in his/their individual and official capacity*, SELECT PORTFOLIO SERVICING, INC. and their CEO, MATT HOLLINGSWORTH, *and/or his successor, in his/their individual and official capacity*, BANK OF NEW YORK MELLON, N.A. and their CEO, GERALD HASSELL, *and/or his successor, in his/their individual and official capacity*, BANK OF AMERICA, N.A. successor of COUNTRYWIDE HOME LOANS, INC. and their CEO, BRIAN T. MOYNIHAN, *and/or his successor, in his/their individual and official capacity*, DOE 1 through DOE 20, and for his complaint alleges:

## I
## <u>SEVENTH-AMENDMENT TRIAL BY JURY IS DEMANDED</u>

It is the lawful intent of the Plaintiff herein to invoke the American Law of the Land and its Common-Law Jurisdiction - Court of Record (on the record), where a Seventh-Amendment, constitutionally valid, Common-Law Trial BY Jury of Peers will Judge BOTH the Law and the Fact, as established in the historic American System of Checks and Balances as originally provided by the American Founding Fathers to judge against bad laws. An Administrative-Law advisory Jury Trial, is thus hereby rejected. If this Honorable Court is not able to provide such a Seventh-Amendment constitutionally valid Common-Law Trial BY Jury, the Plaintiff herein respectfully demands that the instant ACTION-AT-LAW be transferred to such a Seventh Amendment, Common-Law, constitutionally valid Court of Record.

## II
## <u>JURISDICTION</u>

The jurisdiction of this Court is pursuant to 28 U.S.C. 1331 (federal question), 15 U.S.C. 1692 (d)(fair debt collection practices act), 28 USC 1367 (pendent state

claims), 18 USC § 1341, 31 USC § 3729(a)  and  ARS § 12-1101, A.R.S. § 33-420(a), A.R.S. § 33-420(c) and Bill of Rights in particular Amendment I, V, VII and XIV. This is a VERIFIED ACTION-AT-LAW TO QUIET TITLE AND MONEY DAMAGES.

## III
## VENUE

Venue is pursuant to 28 U.S.C. 1391(b)(2), (c) and (d). Venue lies in the District of Arizona as the claims arose from acts of the Defendants perpetrated therein.

## IV
## NATURE OF THE ACTION

This is a complaint for quieting the title of the Plaintiff's homestead and money damages. Defendant BANK OF AMERICA, NATIONAL ASSOCIATION (hereinafter "Bank of America") was the agent and the mortgage loan servicer of Defendant BANK OF NEW YORK MELLON, NATIONAL ASSOCIATION (hereinafter "BNY Mellon") for the purpose of collecting a mortgage loan debt allegedly owed by Plaintiff. Defendant RECON TRUST COMPANY, NATIONAL ASSOCIATION (hereinafter "ReconTrust") is the Trustee of the alleged debt sold by Bank of America, upon being duly discharged, to Defendant SELECT PORTFOLIO SERVING, INCORPORATED (hereinafter "SPS").      Defendant BRIAN T. MOYNIHAN, CEO of Bank of America (hereinafter "Brian Moynihan"), Defendant GERALD HASSELL, CEO of BNY Mellon (hereinafter "Gerald Hassell"), Defendant JAMES F. TAYLOR PRESIDENT of ReconTrust (hereinafter "James Taylor") and Defendant MATT HOLLINGSWORTH, CEO of SPS (hereinafter "Matt Hollingsworth") and/or their successor, in their individual and official capacity have tacitly admitted that THEY are attempting to steal Plaintiff's home through theft by deception or larceny by trickery.

BNY Mellon through SPS have recorded a Notice of Trustee Sale (hereinafter "NTS") #20110706281in the Office of the Maricopa County Recorder with Trustee Sale (hereinafter "TS") # 11-0075989, the same TS number that Defendant Bank of America used for recording a NTS on August 24, 2011 and after duly challenged, canceled the recorded NTS on March 19, 2013 and issued a settlement check to the Plaintiff for a WRONGFUL FORECLOSURE attempt (See **EXHIBIT "A"** for NTS, C/NTS and settlement check).

Defendants have communicated with the Plaintiff via telephone calls and by sending misleading dunning letters in an effort to collect/modify a debt, duly discharged through Bankruptcy Proceedings, Case No. 2-09-bk-00043-CGC and challenged under direct dispute per FCRA §623(a)(8)(D), 16 CFR 660.4 and Arizona Administrative Code R20-4-1521and A.R.S § 33-811(C).

## V
## PARTIES

Ivaylo Tsvetanov Dodev is the Plaintiffs at this **VERIFIED ACTION-AT-LAW TO QUIET TITLE AND MONEY DAMAGES.**

The Plaintiff is the legal titleholder and is in possession of the subject private property located at 6312 South 161st Way, Gilbert, Arizona, Maricopa County. Recorded in the Office of the Maricopa County Recorder on June 26, 2004 as Warranty Deed, under recording No.: 20040852027; The Plaintiff has a secured and valid interest in the subject private property for over $1,000,000 (one million dollars) (**See EXHIBIT "B"**); The plaintiff is paying his taxes on the subject land (**See EXHIBIT "C"**); The Plaintiff is paying his property insurance (**See EXHIBIT "D"**).

Defendants Bank of America and Brian Moynihan, with primary place of business: 100 North Tryon Street Charlotte, North Carolina, have sold a discharged debt to SPS without proper recordation and transfer.

Defendants BNY Mellon and Gerald Hassell, with primary place of business: Bank of New York Mellon, One Wall Street, New York, New York, are trustee of a

security instrument associated with Plaintiff's property: CWALT, INC., ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7. Plaintiff's alleged mortgage was transferred to the ALTERNATIVE LOAN TRUST 2007-OA7, after the close date in violation of the POOLING AND SERVICING AGREEMENT (hereinafter PSA) rendering it VOID (see Glaski v. Bank of America, N.A.: Case No. F064556)

Defendants SPS and Matt Hollingsworth, with primary place of business: 3815 South West Temple, Salt Lake City, Utah, have recorded a foreclosure sale on Plaintiff's property without standing, violating the Fed. R. Civ. P. 17 and Arizona Revised Statues (hereinafter A.R.S.) in particular A.R.S. § 33-420(A), 47-1201(B)(21)(a), 47-3301, his VII and XIV Amendment Rights from the Bill of Rights.

Defendants ReconTrust and James Taylor, with primary place of business: 7105 Corporate Drive, Plano, Texas, have recorded foreclosure sale on Plaintiff's property for BNY Mellon and SPS without standing, violating  the A.R.S. in particular A.R.S. § 33-420(A), his VII and XIV Amendment Rights from the Bill of Rights.

DOE 1 David M. Gregory, Assistant Vice President of BNY Mellon is an unknown type of entity, signer on Substitution of Trustee, Maricopa County Recorder, Instrument number 20110706280

DOE 2 Kanetta Denise Edwards, Notary Public, State of Texas is an unknown type of entity, signer on Corporate Assignment of Deed of Trust, Substitution of Trustee and Notice of Trustee Sale, Maricopa County Recorder, Instrument numbers: 20110706280, 20110706279 and 20110706281

DOE 3 Carmelia Boone, Assistant Secretary of Mortgage Electronic Registration System, Inc. (hereinafter "MERS") is an unknown type of entity, signer on Corporation Assignment of Deed of Trust, Maricopa County Recorder, Instrument No.: 20110706279, known name in the "robo signer" speedy foreclosure shop.

DOE 4 Courtney Magnarella for Blank Rome, LLP is an unknown type of entity, signer for Bank of America attorney.

DOE 5 Karla Richards, Consumer Ombudsman Specialist is an unknown type of entity, signer for SPS.

DOE 6 Dani Todd, Consumer Ombudsman Specialist is an unknown type of entity, signer for SPS.

DOE 7 KaJay Williams, Consumer Ombudsman Specialist is an unknown type of entity, signer for SPS.

DOE 8 –DOE 100 are unknown type of entities.

The defendants herein named as "all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the private land described in this Action adverse to plaintiff's title, or any cloud on plaintiff's title thereto" (hereinafter sometimes referred to as "the unknown defendants") are unknown to plaintiff.

Plaintiff is ignorant to the true names and capacities of defendants sued herein as DOES 1 – 100, and therefore sues these defendants by such fictitious names. Plaintiff will amend this ACTION-AT-LAW to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges that each of these fictitiously named defendants, claim some right, title, estate, lien, or interest in the hereinafter described private land adverse to plaintiff's title; and their claims, and each of them, constitute a cloud on plaintiff's title to the subject private land.

## VI
## DECLARATION OF FACTS

Plaintiff, Ivaylo Tsvetanov Dodev, is the sole owner of the private landed estate, with the following meets and bounds:

Commencing at the Southwest corner of Section 22;
Thence North 90 degrees 00 minutes 00 seconds East, a distance of 1284.85 feet;
Thence North 00 degrees 00 minutes 00 seconds East, a distance of 415.05 feet;
Thence South 90 degrees 00 minutes 00 seconds West, a distance of 193.02 feet to the point of beginning;
Thence South 90 degrees 00 minutes 00 seconds West, a distance of 367.57 feet;

Thence North 00 degrees 03 minutes 42 seconds East, a distance of 9.56 feet;
Thence North 18 degrees 49 minutes 40 seconds East, a distance of 266.94 feet;
Thence North 90 degrees 00 minutes 00 seconds East, a distance of 279.44 feet;
Thence South 00 degrees 25 minutes 50 seconds East, a distance of 262.23 feet to the point of beginning.

Commonly known as 6312 South 161st Way, Gilbert, Arizona.

The basis of plaintiff's title is a Deed from Justin C. Franks and Daidria (Howe) Franks, who were Successors of All Original Land Patent Rights, Title, and Interest held by the Santa Fe Pacific Railroad Company granting the above-described interest in the subject private land in Allodium to Ivaylo T Dodev and Nikolina T Dodev, dated July 16, 2004, by Warranty Deed recorded as Document No. 20040852027 (**See EXHIBIT "E"**) with its own attachments) and recorded in the Official Records of Maricopa County Recorder, Arizona State.

Plaintiff has possessed of the above-described private land for nine years and four months as of the commencement of this ACTION-AT-LAW.

Plaintiff is now seeking to quiet title against any claims of BNY Mellon, First Magnus Financial Corporation, SPS, Bank of America successor of Countrywide Home Loans, ReconTrust, and all others as there may be, as Plaintiff is in lawful possession of documentation that irrefutably indicates that the subject loan—even if loan was ever originated—was paid in full as a matter of well-settled American Law and Jurisprudence.

Now, defendants BNY Mellon, SPS and ReconTrust have instituted a Foreclosure proceeding, without standing,[1] (GMAC v. Weisband, Arizona, March 2010, Case No. 4:09-bk-05175-EWH) based on fraudulent documents in which they claim to have a security interest when it can be proved on the record that they do not. The security instrument created by delinking the Promissory Note from the Trust

---

[1] Bank of NY Mellon Trust Co. v. Shaffer, Case No. 2011-G-3051 (Ohio-2013), Focht v. Wells Fargo, NA, Case No. 2D11-4511,  2D11-4980 (FL – 2013), Wells Fargo Bank, N.A., 80 AD3d 753, 915 N.Y.S.2d 569 (2d Dept 2011); Argent Mtge. Co., LLC v. Mentesana, 79 AD3d 1079, 915 N.Y.S.2d 591 (2d Dept 2010); Campaign v Barba, 23 AD3d 327, 805 NYS2d 86 (2nd Dept 2005)

Deed made the alleged debt unsecured— there is no property backing the securities. What this means is that Trust Deed is void and null and foreclosure is not legally possible.[1] Their attempt to foreclose is illegal seizure of property — home theft by using the Maricopa County Recorder and USPS as accessory to crime. The Plaintiff summaries on the record that this is not a primary argument in this litigation, although he is fully aware, along with the rest of America's Legal System, that MERS[2] clouds and breaks the chain of title to all mortgages assigned through them. He has made a good faith effort to work with all Defendants in attempt to clear the Title to his estate prior seeking relief and restitution through this ACTION-AT-LAW

None of the named Defendants are a true HOLDER-IN-DUE-COURSE[3] of the Original, lawfully endorsed, Promissory Note AND Trust Deed, and this ACTION-AT-LAW will prove that they ALL have forfeited to establish standing AND/OR ownership through lawful means. The defendants Bank of America, BNY Mellon, SPS, ReconTrust, Gerald Hassell, Matt Hollingsworth, James Taylor, David M. Gregory, DOE 1 through 20, have coerced to steal by deception Plaintiff's house and harassed him over the course of five (5) years in an attempt to collect/extort or modify debt that has been lawfully discharged and paid in full, in violation of countless State and Federal Laws, committing numerous counts of felonies.

As a result of their action, Plaintiff has lost gainful employment and is living in constant fear of being unlawfully removed from his homestead, WITHOUT DUE

---

[1] Carpenter v. Longan - 83 U.S. 271 (1872), Walker v. Citibank. CA Eastern District Bankruptcy Court, 2010, Case no. 10-21656-E–11

[2] A "cloud" on legal title includes any deed, contract, judgment lien or other instrument, not void on its face, that purports to convey an interest in or makes any charge upon the land of the true owner, the invalidity of which would require proof. Wright v. Matthews, 26 S.W.3d 575, 578 (Tex. App. - Beaumont 2000, pet. denied). A suit to quiet title "'enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" Florey, 212 S.W.3d at 448 (quoting Thomson v. Locke, 1 S.W.112, 115 (Tex. 1886))

[3] US Bank, N.A v. Madero 80 AD3d 751, 752 [2011]; U.S. Bank, N.A. v. Collymore, 68 AD3d 752-754 [2009]; BNY v. Silverberg, 86 AD3d 280-283; Aurora Loan Servc., LLC v. Weisblum, 85 AD3d 109; Bankers Trust v. Nagler, 229 NYS 2d 142, 143

PROCESS, of which he is in possession, with true title of ownership in fee simple, and as a result his health has gravely deteriorated and irreparable damages have transpired to his welfare and family affairs.

The Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1601 et. seq., and in particular, 15 U.S.C. Section § 1692a(6) in that they used the U.S. Mails in a business whose primary purpose is the collection of debts.

"If [the Fair Debt Collection Practices Act] is not enacted, Congress will then be classifying as 'deadbeats' those individuals who through no fault or action of their own are being harassed, hounded, threatened and intimidated by debt collectors." H.R. Rep.

No. 131, 95th Cong. 1st Sess. 9 (1977). Congress did enact the FDCPA, however, effectuating its intention to prohibit precisely this kind of misclassification and harassment by parties who present themselves as Servicers and debt collectors simultaneously.

Under the FDCPA, a "debt collector" is defined as:
any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . . The term does not include --
. . .
(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; . . . [or] (iii) concerns a debt which was not in default at the time it was obtained by such person . . . .

15 U.S.C. § 1692a(6)

As noted by other courts, that "as to a specific debt, one cannot be both a 'creditor/servicer' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive." FTC v. Check Investors, Inc., 502 F.3d 159, 173 (3d

Cir. 2007) citing Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003)); cf. Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2003). (holding the definition of debt collector *"does not include the consumer's creditors"*)

If an entity that acquires a debt and seeks to collect it cannot be both a creditor and a debt collector, can it be neither? We answer no. To allow such an entity to define itself out of either category would mean that the intended protection of the FDCPA is unavailable. Both the statutory language and legislative history of the FDCPA establish that such an entity is either a creditor (servicer) or a debt collector and its collection activities are covered under the FDCPA accordingly.

The distinction between a creditor and a debt collector lies precisely in the language of § 1692a(6)(F)(iii). For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired. The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred. *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-8 (6th Cir. 1996); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). This interpretation of the Act is supported by Congress's intent in passing it.

Bank of America, successor of Countrywide Home Loans, being fully aware of Plaintiff's Chapter 7 Bankruptcy and discharge of the alleged debt continued to solicit and harass him in bad faith via phone calls and letters for about three (3) years after the fact. Plaintiff is in possession of many Monthly Statements, Payment Adjustment Notices and Loan Modifications mailers where Bank of America does not identify the debt as discharged, in violation of FDCPA. Effective October 16, 2012, Bank of America, not being a HOLDER-IN-DUE-COURSE, sold the discharged debt to SPS without any warrants or guarantee; also known as "zombie" debt. Plaintiff strongly

believes that his Constitutional Rights and especially Amendment V have been violated by this action, along with the FDCPA.

SPS, upon acquiring the debt from Bank of America immediately attempted to modify it into more affordable terms (debt) while threatening that "things will end up badly if the debt is not paid" - alleging that if you borrow money you have to pay. After unsuccessful attempt to re-contract with the Plaintiff, on August 02, 2013, the Defendants recorded NTS, No. 20130709557 in Maricopa County Recorder, which the Plaintiff timely rebutted by sending NOTICE TO SUE via COURT PROCESSORS to all Defendants—included in this Verified Action-At-Law—REBUTTING the alleged debt ONCE again. (**See EXHIBIT "F"**).

Now, for a second time they are using fraudulent transfers and documents, recorded in the public record, and the USPS as accessory to their crime, tarnishing the reputation of the Plaintiff while causing unimaginable anguish to him and his family over the course of 5 years and counting. Plaintiff developed symptoms of ostracism from his friends and society in general which lead to a loss of millions of dollars of potential income, heart attack hospitalization, ulcers, constant headaches, depression, sleep apnea, heart palpitation, high blood pressure, multiple micro-strokes, skin rush and alcoholism . He closed-up to the surrounding world and none of his friends are even aware of his relentless fight with the Defendants in endeavor to keep a roof over his family - not even his own children, until recently.

All of the above in gross violation of the laws of this State and the United States of America by the Defendants. Furthermore, Defendants have displayed an unwillingness to follow a lawful demand for validation of the debt, addressed by Plaintiff via Proof of Claim (**See EXHIBIT "G"**).   They have even rejecting $800,000.00 in cash in exchange of the alleged Promissory Note and Deed of Trust, so that Plaintiff will be assured that no other party will come and try to collect on discharged debt after them (**See EXHIBIT "H"**), prolonging his anguish and metal distress.

The Defendants have established a pattern: harass and steal through GRAND THEFT without fear of lawful repercussions. Blinded by greed and starving to devour another man's house, they have violated even the A.R.S., in particular A.R.S. §33-809(C), where the Plaintiff received the NTS in the mail more than a month after being recorded,  versus the 5 days required by law, along with A.R.S. § 33-420(A), his VII and XIV Amendments from the Bill of Rights.

> "Capital must protect itself in every way... Debts must be collected and loans and mortgages foreclosed as soon as possible. When through a process of law the common people have lost their homes, they will be more tractable and more easily governed by the strong arm of the law applied by the central power of leading financiers. People without homes will not quarrel with their leaders. This is well known among our principle men now engaged in forming an imperialism of capitalism to govern the world. By dividing the people we can get them to expend their energies in fighting over questions of no importance to us except as teachers of the common herd." - The Bankers Manifesto of 1934

Plaintiff has expended all of his time (5 years), money, sweat equity and energy defending his house from the unlawful grand theft committed by the Defendant's, prior to this ACTION-AT-LAW.

## VII
## GOOD-FAITH OFFERS TO PAY IGNORED
### See EXHIBIT "H"

By Certified Mail No.: 23110770000047322126, 23110770000047322096, 23110770000047322140,     23110770000047322102,     23110770000047322157, 23110770000047322119 and 23110770000047322133, dated January 14, 2013 Plaintiff made his original GOOD-FAITH OFFER TO PAY THE ENTIRE AMOUNT DUE, to all DEFENDANTS, which was neither accepted nor rejected according to the mandates of well-settled American Law and Jurisprudence, which caused the alleged Loan to be completely and totally Discharged.

By Certified Mail No.: 23110770000047323628, 23110770000047323635, 23110770000047323642,  23110770000047323659,  23110770000047323666  and

23110770000047323673, dated January 31, 2013, Plaintiff presented his original NOTICE OF DEFAULT AND OPPORTUNITY TO CURE WITH ANOTHER GOOD-FAITH OFFER TO PAY THE ENTIRE AMOUNT DUE, this time requesting a Verified Accounting, and to know where to personally bring the legal tender cash in order to trade it for and to retrieve the original lawfully endorsed Promissory Note and Trust Deed in order to complete the original contracted transaction. This communication was also neither accepted nor rejected according to the mandates of well-settled American Law and Jurisprudence, which caused any part of the alleged Loan that was reinstated by the subject NOTICE OF DEFAULT AND OPPORTUNITY TO CURE to be completely and totally Discharged, AGAIN.

By Certified Mail No.: 23110770000047323819, 23110770000047323857, 23110770000047323864, 23110770000047323840, 23110770000047323871, 23110770000047323833 and 23110770000047323826, dated February 19, 2013, Plaintiff presented his original NOTICE OF DEFAULT AND OPPORTUNITY TO CURE WITH ANOTHER GOOD-FAITH OFFER TO PAY THE ENTIRE AMOUNT DUE, this time requesting a Verified Accounting, and to know where to personally bring the legal tender cash in order to trade it for and to retrieve the original lawfully endorsed Promissory Note and Trust Deed in order to complete the original contracted transaction. This communication was also neither accepted nor rejected according to the mandates of well-settled American Law and Jurisprudence, which caused any part of the alleged Loan that was reinstated by the subject NOTICE OF DEFAULT AND OPPORTUNITY TO CURE to be completely and totally Discharged, AGAIN.

By Certified Mail No.: 95055102193930644491628, 95055102193930644491970, 95055102193930644492182, 95055102193930644492366, 95055102193930644492564, 95055102193930644492755, 95055102193930644492946 and 95055102193930644493158, dated March 5, 2013, Plaintiff presented his original NOTICE OF DEFAULT AND OPPORTUNITY TO CURE WITH ANOTHER GOOD-FAITH OFFER TO

PAY THE ENTIRE AMOUNT DUE, this time requesting a Verified Accounting, and to know where to personally bring the legal tender cash in order to trade it for and to retrieve the original lawfully endorsed Promissory Note and Trust Deed in order to complete the original contracted transaction. This communication was also neither accepted nor rejected according to the mandates of well-settled American Law and Jurisprudence, which caused any part of the alleged Loan that was reinstated by the subject NOTICE OF DEFAULT AND OPPORTUNITY TO CURE to be completely and totally Discharged, AGAIN.

Besides the Prima Facie evidence that the original debt was legally discharged through Bankruptcy Proceedings, Case No. 2-09-bk-00043-CGC, being subjected to relentless pressure and fear of being deprived from his PROPERTY without DUE PROCESS by the DEFENDANTS, the Plaintiff made FOUR GOOD-FAITH OFFERS TO PAY THE ENTIRE AMOUNT DUE, under the FRCP, on which the Defendants defaulted, leading him to believe that their intent is malicious, seeking to take his property THROUGH THEFT BY DECEPTION OR LARCENY BY TRICKERY, both of which are felonies.

Furthermore, on July 2, 2013, the Plaintiff directed a request via PROOF OF CLAIM under FDCPA §809 and Arizona Administrative Code R20-4-1514, to SPS to validate the alleged debt, followed by a second demand and default, sent by certified mail NO.: 23110770000057409879, delivered to them on August 8, 2013, (see **EXHIBIT "G"**) to which they tacitly admitted by estoppel that SPS do not have a Bona Fide Proof of Contract that BINDS me, the Plaintiff, to perform under Deed of Trust recorded on December 12, 2006, as Instrument Number 20061646998 in the Office of the Maricopa County Recorder, to which they claim to be a Servicer, contradicting the fact that they are a debt collector, violating UCC § 3-301 PETE[1] ("person entitled to enforce the note"), afflicting harassment under sec. 806 of the FDCPA, being liable under FDCPA 813(2)(a)(b)(3).

---

[1] Morgan v. Farmers Merchs. Bank, 856 So. 2d 811, 819 (Ala. 2003).

## VIII
## FRAUD AND BREACH OF CONTRACT

On December 12, 2006, Plaintiff signed an Adjustable Rate Note (The Promissory Note) and a Trust Deed on what purported to be a mortgage with FIRST MAGNUS FINANCIAL CORPORATION, recorded under instrument No.: 20061646998 in Maricopa County Recorder (**See EXHIBIT "I"**). The Trust Deed lacks proper assignment of Trustee: (D) (of the aforementioned Deed) "Trustee" is "BLANK". A Trust Deed is supposed to be three party contract; there is only one party, First Magnus Financial Corporation. The other two parties cannot be a party of the contract, there is no one listed as a Trustee, thus the Deed of Trust had **NO TRUSTEE,** and MERS cannot be a party to the contract, which renders that Deed of Trust **VOID AB INITIO.** Plaintiff has revoked the DOT for lack of lawful execution (**See EXHIBIT "J"**).

The Plaintiff is filing on the record, copy of the original (**see EXHIBIT "K"**) Adjustable Rate Note (The Promissory Note), lacking endorsements, transfers or assignments stamped on the note as required per law in the event of an assignment to a new holder, making this Promissory Note a fraudulent document, and thus null and **VOID AB INITIO..** The law states that transfer stamps and endorsements must be on the note or Allonge if there are any transfers, along with a proper recording of these transfers through the County Recorder, which there are none. (A.R.S. § 47-3204; *see also In re Nash,* 49 B.R. 254, 261 (Bankr. D. Ariz. 1985)). There are no legal Assignment of Deed of Trust to BNY Mellon , AKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7, making the Deed of Trust **NULL AND VOID**.

It is also self-evident that my Adjustable Rate Note has been separated from my Deed of Trust from the inception of the purported loan in order to create the SECURITY, which renders it **VOID AB INITIO.** *"So, if 'the mortgage follows the*

note' has any meaning in the context of today's routine banking practice of splitting ownership of the note (often reposed in a securitized trust) from the right to enforce it as its holder, it could only be that the equitable right to enforce the lien follows the ownership of the note, not mere possession. That equitable right must be proven with evidence of a delivery with the intent to transfer ownership of both the note and the lien." - Pino v. BNY Mellon, CASE NO.: SC11-697.

The fraudulent activities continued when Bank of America recorded: Assignment of Deed of Trust, Substitution of Trustee and NTS, all recorded on the same day, August 24, 2011, in order to initiate foreclosure process, all fraudulently signed and filed on the land record through Maricopa County Recorder's Office. A known "robo-signer", **David M. Gregory**, signed as the Assistant Vice President of BNY Mellon, creating fraudulent Substitution of Trustee on the purported loan and note, and **Kanetta Denise Edwards**, the Robo-Signing notary, confirmed David M. Gregory's identity and that he was the Assistant Vice President of BNY Mellon, which he has never been employed by. Both are in fact employees of the Substitute Trustee, ReconTrust, and ReconTrust is a subsidiary of Bank of America, which creates a conflict of interest along with breaking countless laws, rendering the whole process **NULL AND VOID**.

The same issue occurs on the Corporation Assignment of Deed of Trust where **Carmelia Boone** Robo-Signed this document as the Assistant Secretary to MERS, though MERS[1] had no beneficial interest or authority to allow anyone the right to create this fraudulent document signed by the same Notary. Again, both people are employees of the Substitute Trustee, ReconTrust and both forged their names to a fraudulently created document to further their ability to foreclose illegally for their clients Bank of America and BNY Mellon. In order for the new Beneficiary named on the Assignment to legally Substitute a Trustee, the Corporate Assignment had to be conducted lawfully, otherwise the Substitution of Trustee would be void and original

---

[1] MERS v. Groves, (Case NO. 14-10-00090-CV, April 2011)

Trustee would be trying to foreclose. In addition, there was no original Trustee to substitute in the first place thus the Deed of Trust was in error, making it **NULL AND VOID**.

The same issue occurs on the initial 2011 NTS, dated and recorded on the same date as the other two documents above. **Tammy Thompson**, as trustee for ReconTrust, fraudulently signed this document as well, with the same Robo-Notary signing it as well. The four above signers on the recorded documents, who all work for ReconTrust, committed forgery and perjury in violation of SEC, IRS, et. Seq.

### CONTRACTUAL FRAUD

**The Law of Contracts* Requires These Elements OR The Contract Is Void**

1. Offer by person qualified to make the contract.
2. Acceptance by party qualified to make and accept the contract.
3. Bargain or agreement and full disclosure and complete understanding by both parties.
4. Consideration given.
5. Must have the element of time to make the contract lawful.
6. Both parties must be sui juris; that is, of lawful age, usually 21 years old.

*Contracts, by John Calamari and Joseph Perillo, West Publishing Company, St. Paul, Minnesota 55102*

The bank offered: *unconscionable bargain or contract* defined by Black's law as *"which no man in his senses, not under delusion, would make on the one hand, and which no fair and honest man would accept, on the other."* Plaintiff was led to believe (intentionally mislead) that he entered into a binding contract upon signing the Deed of Trust and the Adjustable Rate Note, NOT KNOWING that he will be the only signer on said instrument, what was purported to be a contract between two parties, borrower and lender, *"for the money that he has (already) received"* the FACT the his signature will create new money of account was not EVER disclosed to him. He signed in good faith, believing that he is receiving a **LOAN** *(Delivery by one party to, and receipt by another party, a SUM OF MONEY upon agreement, express*

*or implied, to repay it with or without interest)[1]*, and the WELL ESTABLISHED FACT that banks cannot lend their own credit[2] was never disclosed to him, inhibiting his ability to make a cautious CONSIDERATION: - The inducement to a contract. The cause, motive, price or impelling influences, which induces a contracting, party to enter into a contract. The reason, or material cause of a contract. The purported loan became **VOID AB INITIO** because the FIRST MAGNUS FINANCIAL CORPORATION have committed the following illegal acts: the problematic representation of facts; the lending of credit instead of money which is illegal [when purported as loan] in and of itself and leads to problematic consideration.  The contract is **NULL AND VOID** *"That Plaintiff is not entitled to recover the possession of lot 19, Fairview Beach, Scott County, Minnesota according to the plat thereof on file in the Register of Deeds office. That because of failure of a **lawful consideration** the note and Mortgage dated May 8, 1964 are null and void."* – FIRST BANK OF MONTGOMERY V Jerome Daly, CASE NO: 19144

"Any false representation of material facts made with knowledge of falsity and with intent that it shall be acted on by another in entering into contract, and which is so acted upon, constitutes 'fraud,' and entitles party deceived

---

[1] "A loan may be defined as the delivery by one party to, and the receipt by another party of, a sum of money upon an agreement, express or implied, to repay the sum with or without interest." Parsons v. Fox 179 Ga 605, 176 SE 644. Also see Kirkland v. Bailey, 155 SE 2d 701 and United States v. Neifert White Co., 247 Fed Supp 878, 879.
[2] "In the federal courts, it is well established that a national bank has not power to lend its credit to another by becoming surety, endorser, or guarantor for him."' FarMERS and Miners Bank v. Bluefield Nat 'l Bank, 11 F 2d 83, 271 U.S. 669; "A national bank has no power to lend its credit to any person or corporation . . . Bowen v. Needles Nat. Bank, 94 F 925 36 CCA 553, certiorari denied in 20 S.Ct 1024, 176 US 682, 44 LED 637; "The doctrine of ultra vires is a most powerful weapon to keep private corporations within their legitimate spheres and to punish them for violations of their corporate charters, and it probably is not invoked too often . . . Zinc Carbonate Co. v. First National Bank, 103 Wis 125, 79 NW 229. American Express Co. v. Citizens State Bank, 194 NW 430; "A bank may not lend its credit to another even though such a transaction turns out to have been of benefit to the bank, and in support of this a list of cases might be cited, which-would look like a catalog of ships." [Emphasis added] Norton Grocery Co. v. Peoples Nat. Bank, 144 SE 505. 151 Va 195.

to avoid contract or recover damages." Barnsdall Refining Corn. v. Birnam Wood Oil Co.. 92 F 26 817; "Any conduct capable of being turned into a statement of fact is representation. There is no distinction between misrepresentations effected by words and misrepresentations effected by other acts." Leonard v. Springer 197 Ill 532. 64 NE 301; "If any part of the consideration for a promise be illegal, or if there are several considerations for an unseverable promise one of which is illegal, the promise, whether written or oral, is wholly void, as it is impossible to say what part or which one of the considerations induced the promise." Menominee River Co. v. Augustus Spies L & C Co., 147 Wis 559. 572; 132 NW 1122;"The contract is void if it is only in part connected with the illegal transaction and the promise single or entire." Guardian Agency v. Guardian Mut. Savings Bank, 227 Wis 550, 279 NW 83; "It is not necessary for rescission of a contract that the party making the misrepresentation should have known that it was false, but recovery is allowed even though misrepresentation is innocently made, because it would be unjust to allow one who made false representations, even innocently, to retain the fruits of a bargain induced by such representations." Whipp v.Iverson, 43 Wis 2d 166.

**Ex dolo malo no oritur action:** Maxim of Law in this matter. Out of fraud no action arises; fraud never gives a right of action. No court will lend its aid to a man who founds his cause of action upon an immoral or illegal act.

## USURY

As a result of the artificially inflated "fair market values" utilized by LENDER et al, its agents, servants and/or employees, to induce the borrower to sign the mortgage documents, the effective yield now vastly exceeds the legal lending limit in the State of Arizona, if the borrower pays in accordance with the mortgage and note indentures. A quick review of the usury law in Arizona will reveal that while it has been relaxed somewhat to accommodate predatory lending through credit cards and payday loans, it remains somewhat stringent in connection with other loans and allows the borrower to cancel the loan and collect damages.

## SECURITY VIOLATIONS

Plaintiff, believing he is being granted a loan, was lead into issuing a private unregistered negotiable instrument, the Note. A Promissory Note falls under Arizona

Revised Statutes (A.R.S.) Title 47 Chapter 3 [UCC Article 3] because it is a negotiable instrument, once it is securitized; it falls under A.R.S. 47 Chapters 8 & 9 [UCC Article 8] as a security. The lender illegally sold his unregistered negotiable instrument. Deeds of trust are always registered as evidences of debt, notes are never registered, and selling unregistered securities is an automatic right of rescission of the original contract. The Plaintiff possesses entitlement rights and possessory rights to the original Note - it is negotiable. Since compensation arising from the transaction with this borrower was not disclosed to the borrower, the transaction lacked proper disclosure and is subject to rescission, compensatory and punitive damages.

**Common Law Fraud in the Inducement and Fraud in the execution of the closing documents including but not limited to the settlement statement, the mortgage and note.**

## ARIZONA CONSUMER FRAUD ACT

A.R.S. §44-1521 thru §44-1534: while the transaction clearly involves interstate commerce, Arizona law provides for much the same remedies as described above for unfair and deceptive lending and/or business practices.

## TILA VIOLATIONS

TILA claims have been summarized in prior correspondence to the Defendants. Because the transaction is not a pure first mortgage residential transaction, the TILA exception for rescission does not apply and the Plaintiff therefore demands rescission in addition to the above-stated claims.

## RESPA VIOLAIONS

The Defendants failed to properly respond to the claims under the act and are currently in violation.

**RICO VIOLATONS**

As stated above there were multiple parties in multiple states in a scheme spanning virtually all continents in which false, misleading and non-conforming statements were made to investors and borrowers alike, wherein LENDER et al acted in concert with other "lenders" and investment bankers to artificially create the appearance of higher market values for property and the false appearance of trends that did not in actuality exist, but for the "free money" (secured under false pretenses) pumped tactics whose objectives were to get the borrower's signature without regard for the consequences to either the borrower or the investor, creating and selling unregistered securities that constitute fraud and money laundering. (explained below)

**CONCLUSION**

Under Arizona Revised Statutes A.R.S. §47-3303 *"Value and Consideration (a) An instrument is issued and transferred for value if: (1) the instrument is issued or transferred for a promise of performance, to the extent the promise has been performed...*

*(b)...The drawer or maker of an instrument has a defense if the instrument is issued without consideration. If an instrument is issued for a promise of performance, the issuer has a defense to the extent performance of the promise is due and the promise has not been performed."*

The alleged lender/mortgagee, MERS, converted The Note and negotiated it for an undisclosed and unknown sum, then funded the alleged loan with the funds from the sale of the Note. There was no loan made. The pretender lender took Plaintiff's Note, converted it, and sold it to fund the alleged loan. So in effect, without full disclosure and consideration, the Plaintiff funded his own transaction by being deceived into issuing what in reality was a negotiable security. That scenario is grounds for immediate rescission under A.R.S. §47-3305 Defenses and Claims in Recoupment at *(a) (1) (iii) "fraud that induced the obligor to sign the instrument with*

*neither knowledge nor reasonable opportunity to learn of its character or its essential terms."*

Based on the problems detected in the subject transaction, as of August 30, 2011 when BANK OF AMERICA, signed the Certified Mail Return Receipt for the Notice mailed to BANK OF AMERICA, **(See EXHIBIT "L")** I have RESCINDED the transaction from the beginning. As the original funds transferor, **THE PLAINTIFF IS MAKING A CLAIM FOR RECOUPMENT OF HIS ORIGINAL NOTE, ALL MONIES MADE FROM THE SALE OF SAID NOTE TO 3RD PARTIES (BASED ON PSA RECORD)** and all funds paid by him since the beginning, under A.R.S. § 47-3306 and the UCC.

## IX
## PLAINTIFF NOTE TO THE HONORABLE COURT

Plaintiff is aware of more crimes and violation committed by the Defendants and is in possession of extensive record: Receipts, Recorded Complaints to the SEC, Comptroller of Currency, USPS, FTC, Attorney General, Notary Public Complaints, Recession of Signature, due to fraud, submitted to Defendants via certified mail, Revocation of Power of Attorney, Documents of Acquiescence to Fraud by the Defendants, Phone calls Records, Memorandums and  Case Laws in support of his claims BUT in his desire NOT TO PLACE THIS HONORABLE COURT UNDER EXCESSIVE BURDEN he is submitting only the evidence that he deems sufficient for rendering of relief and restitution.

However, Plaintiff reserves his right to amend this complaint and to present more evidence during Discovery (interrogatory) as warranted by further evidence and fact-finding. He will not wave his right to trial by jury of his peers OR his right to participate in the selection of jurors. Plaintiff strongly believes that the Defendants named here—innocent until proven guilty—are responsible for turning his American Dream (home ownership) into a nightmare along with millions of other Americans.

- 22 -

With their actions or omissions they are (if found guilty) liable for so many shattered families and lost opportunities of life and pursuit of happiness, (if found guilty) accountable for the grim outlook of our deteriorating economy and the pending bankruptcy of many major cities, deprived from millions of dollars of recording fees. Through fraud, fanned by greed, they are ramping up this nation like a wild fire and will not stop until they devour us all or are put down by equal or stronger [LEGAL] force. The lawful force vested in the people of these united States of America and the limited delegated authority given to this Honorable Court to adjudicate and hold tribunal along with the jurors selected by relevance to this matter.

The Plaintiff declares to this honorable court that he has exhausted all means known to him to settle or pay the alleged debt with the Defendants before invoking this court's jurisdiction. All Defendants were Served by a Court Processor with Notice to Sue and opportunity to Settle (**see EXHIBIT "F"**) prior to this **VERIFIED ACTION-AT-LAW TO QUIET TITLE AND MONEY DAMAGES,** in compliance of A.R.S. § 12-1103 (b).


## X
## EXHIBITS TO COMPLAINT

Plaintiff has filed in this matter a separate document entitled "EXHIBITS TO COMPLAINT". The exhibits therein are incorporated and made a part hereof by way of reference as "Exhibit A-Z".


## XI
## REQUEST FOR JUDICIAL NOTICE

Plaintiff moves this Honorable Court to take Mandatory Judicial Notice (Judicial Notice of Adjudicative Facts 201(D)) of the following:

### FEDERAL RULES OF CIVIL PROCEDURE

**The United States Supreme Court, in Haines v Kerner 404 U.S. 519 (1972), said that, all Pro Se litigants must be afforded the opportunity**

- 23 -

to present their evidence and that the Court should look to the substance of the complaint rather than the form.

In Platsky v CIA, 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of Appeals proclaimed that, the District Court should have explained to the litigant proceeding without a lawyer, the correct form for the plaintiff so that he could have amended his pleadings accordingly. Plaintiff respectfully reserves the right to amend this ACTION-AT-LAW.

Under the Federal Rules of Evidence 1002 and 1003 governing the admissibility of duplicates, any photocopies brought in as evidence are considered to be forgeries.  It is unfair to admit a photocopy in the place of an original as it is possible that there is information contained within the original that is not in a photocopy, specifically the only legally binding chain of title to the Promissory Note.

Under Uniform Commercial Code - ARTICLE 3 -§3-308, all signatures presented that are not on an original format (with the original wet ink signature) [are] hereby denied and [are] inadmissible.

### MEMORANDUM OF LAW REGARDING AFFIDAVITS

TRUSLOW v. WOODRUFF 60 Cal Rptr 304, "When no facts are filed in opposition..., trial court is entitled to accept as true the facts alleged in movant's *affidavits* if such facts are within affiant's personal knowledge and are ones to which they could competently testify. West's Ana Code.Civ. Proc, section 437c.

LEO F. PIAZZA PAVING CO. v. FOUNDATION. ETC. Cal.Rptr. 265, "...failure to file an affidavit cannot be remedied by resort to pleadings; adverse party must file affidavit in opposition showing sufficient facts to substantiate their allegations." (Emphasis added)

LELTER v. SELTZER, 80 Cal.rptr. 686, "Where party against whom motion for summary judgment is made files no counter affidavit, trial court is entitled to accept as true allegations of movant's affidavit and must assume that other party either cannot dispute truth of statements in such document or cannot controvert them." (Emphasis added).

- 24 -

## FEDERAL RULES OF EVIDENCE

**(FRE) § 902 1(B)  EVIDENCE THAT IS SELF-AUTHENTICATING**
The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:  (1) Domestic Public Documents That Are Sealed and Signed. A document that bears:... (B) a signature purporting to be an execution or attestation.

## STANDING TO FORECLOSE

"The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit." Raintree Homes, Inc. v. Village of Long Grove, 209 Ill. 2d 248, 262 (2004). A party's standing to sue must be determined as of the time the suit is filed. Village of Kildeer v. Village of Lake Zurich, 167 Ill. App. 3d 783, 786 (1988). "[A] party either has standing at the time the suit is brought or it does not." Id. An action to foreclose upon a mortgage may be filed by a mortgagee, i.e., the holder of an indebtedness secured by a mortgage, or by an agent or successor of a mortgagee. See Mortgage Electronic Registration Systems, Inc. v. Barnes, 406 Ill. App. 3d 1, 7 (2010); see also 735 ILCS 5/15-1208, 15-1504(a)(3)(N) (West 2008). Lack of standing to bring an action is an affirmative defense, and the burden of proving the defense is on the party asserting it. Lebron v. Gottlieb Memorial Hospital, 237 Ill. 2d 217, 252 (2010).

In *Adams v. Madison Realty & Dev., Inc.,* 853 F.2d 163 (3d Cir. 1988), the plaintiffs executed promissory notes which, after a series of transfers, came into the defendant's possession. At issue was whether the defendant was the rightful owner of the notes. The court held that the defendant was not entitled to holder in due course status because the endorsements failed to meet the UCC's fixation requirement. *Id.* at 168-69. The court relied on UCC section 3-202(2) [A.R.S. � 47-3204]: "An indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof." *Id.* at 165. Since the endorsement page, indicating that the defendant was the holder of the note, was not attached to the note, the court found that the note had not been properly negotiated. *Id.* at 166-67.

In *Deutsche Bank National Trust Company v. Elesh, No. 12 C 3644* (USDC Illinois, May 2013) For these reasons and those stated in open court, the Court finds that plaintiff has failed to establish that: (1) the

purported original promissory note is authentic; (2) the note was properly indorsed by an agent of the obligee; or (3) that, when plaintiff filed this suit, it possessed or owned the original promissory note. Because plaintiff has failed to establish that it was injured by defendant's default on the note, it does not have standing to pursue this suit. Also see *BNY Mellon* Trust Co. *v. Shaffer* (Supreme Court), *BAC Home Loans Servicing, LP v. Mapp*, (2013 Ohio), *Feltus v U.S. Bank, New York Mortgage Trust, Inc. v.Adem Dasdemir* (2012 NY), et all

## STATUS OF PRO SE LITIGANT

The Court shall take judicial notice of the fact that Counterclaimant is without counsel, is not schooled in the law and legal procedures, and is not licensed to practice law. Therefore his pleadings must be read and construed liberally. Haines v. Kerner, 404 US at 520 (1980); Birl v. Estelle, 660 F.2d 592 (1981). Further the court has a responsibility and legal duty to protect any and all of the accused constitutional and statutory rights. United States v. Lee, 106 US 196,220 [1882]  Also: Platsky v. CIA; Anastasoff v. U.S.

"Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient... which we hold to less stringent standards than formal pleadings drafted by lawyers." Fortney v. U.S., C.A.9 (Nev.) 1995, 59 F.3d 117. "The United States Supreme Court, in Haines v Kerner 404 U.S. 519 (1972) stated that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form, and that a minimal amount of evidence is necessary to support contention of lack of good faith."

"Henceforth the writ which is called Praecipe shall not be served on any one for any holding so as to cause a free man to lose his court." Magna Carta, Article 34   Praecipe - An original writ drawn up in the alternative commanding the defendant to do the thing required. An order to show cause.

An act of the court shall prejudice no man. Jenkins' Eight Centuries of Reports, 118; Brooms Legal Maxims, Lond. ed. 115; 1 Strange's Reports, 126; 1 Smith's Leading Cases, 245-255; 12 English Common Bench Reports by Manning, Granger, & Scott, 415T

# XII
## CAUSES OF ACTION
### COUNT I—FDCPA

Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

Defendants' aforementioned conduct violated the FDCPA. Neither Bank of America or SPS responded to lawfully presented validation of debt via Proof of Claim and they continued to harass the Plaintiff under Sec. 806 of FDCPA, in violation of Sec. 811(a)(1) of FDCPA, while attempting to collect and modify discharged debt (Bankruptcy Case No. 2-09-bk-00043-CGC), and are liable under FDCPA 813(2)(A)(B)(3).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable legal fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just.

### COUNT II— ACTION TO QUIET TITLE OF PRIVATE LAND

Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

Defendants' aforementioned conduct violated the UCC 3-603 and UCC § 3-301 PETE ("person entitled to enforce the note") under the Deed of Trust, comprising recorded default under the Rules of Civil Procedures when the Plaintiff, owner of the estate in controversy, offered to pay in cash the balance of the alleged loan secured by the Deed of Trust in exchange for the physical instrument that secures it (The Note) in order to avoid future extortions under the same alleged instrument, UCC § 3-309,

Morgan v. Farmers Merchs. Bank, 856 So. 2d 811, 819 (Ala. 2003). The defendants acquiescent   that they are not HOLDER-IN-DUE-COURSE, according to A.R.S. § 47–3302 & UCC 3-3-2, or have any standing[1] to bring a foreclosure sale against the Plaintiff, and they have tacitly admitted that are attempting to take Plaintiff's house through theft by deception or larceny by trickery, both of which are felonies.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Enter a judgment for a Quiet Title Action and Restitution in favor of Plaintiff; and

b) The Plaintiff motions this Honorable Court to Order all parties with an alleged legal claim to stipulate and provide Proof of Claim against the above-mentioned Trust Deed, or else release their alleged claim.

## COUNT III— FRAUD

Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

Defendants' aforementioned conduct violated countless laws by offering to Plaintiff purported loan[2], leading him into issuing a private unregistered negotiable instrument, the Note. A Promissory Note falls under Arizona Revised Statutes (A.R.S.) Title 47 Chapter 3 [UCC Article 3] because it is a negotiable instrument, once it securitized; it falls under A.R.S. 47 Chapters 8 & 9 as a security [USS Article

[1] (*See U.S. Bank National Association v. Ibanez*, 458 Mass. 637 (2011); *HSBC Bank USA, N.A. v. Haro*, Suffolk County District Court, Chelsea Division, Case No. 201014SU000264, 6/15/2011; and *Eaton v. Federal National Mortgage Association*, Suffolk County Superior Court, Civil Action No. 11-1382, 6/17/2011)

[2] "*A loan is the creation of debt by the lender's agreement to pay MONEY TO THE DEBTOR*" See: Maine Consumer Credit Code 9-A, Sec. 1.301 (23)(a)(1), "*A loan may be defined as the delivery by one party to, and the receipt by another of a sum of money.*" See: Kirkland v. Bailes, 155 S.E. 2d 701. Yet the Federal Reserve Bank of Chicago says, in *Modern Money Mechanics*, that banks make loans by promising to lend. However, a promise to lend cannot be enforced. In order to constitute a loan, money must be loaned, but banks make loans by promising to lend, and promises to lend cannot be enforced, 5 MRSA.

8,9]. The lender illegally sold his unregistered negotiable instrument. Deeds of Trust are always registered as evidences of debt, Notes are never registered; selling unregistered securities is an automatic right of rescission of the original contract. The Plaintiff possesses entitlement rights and possessory rights to the original Note - it is negotiable. Since compensation arising from the transaction with this borrower that was not disclosed to the Plaintiff, the transaction lacked proper disclosure and is subject to rescission, compensatory and punitive damages.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Award full satisfaction of the mortgage and note plus treble damages for the principle of the note to the Plaintiff;

b) Award full restitution of all payments made by the Plaintiff to the defrauding parties back to the Plaintiff, plus interest; and

c) Award Plaintiff treble proceeds (DUE TO FRAUD) of all money, credits and dividends generated by selling The Note; Insuring The Note; Securitizing The Note; Trading The Note as a security according to PSA, from the day of creation to the day when settlement is reached.

## COUNT IV— ANGUISH, HEALTH, REPUTATION

Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

Defendants' aforementioned conduct violated Plaintiff's welfare; family and personal life, causing him to lose millions of dollars of income while having to defend himself from the predatory scheme conspired by the Defendants; coerced in one accord to steal his house by deception. As a result the Plaintiff suffered mental anguish, ulcers, constant headaches, depression, sleep apnea, heart palpitation, high blood pressure, multiple micro-strokes, skin rush and alcoholism. His credit and ability to borrow were gravely damaged and his reputation in society as a contractor and businessman was decimated.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Award $1000.00 a day for every day in which the Plaintiff had to suffer under the crushing jaws of the Defendants, protecting his house from grand theft, being disable to freely pursue life, liberty and happiness;

b) Award $1000.00 a day for every day of lost gainful employment;

c) Award $5,000,000.00 for the caused Anguish and health disruption;

d) Award $5,000,000.00 for loss of reputation and defamation of character to his friends and family and his standing in the community; and

e) Award Right violation, Amendment V and XIV from the Bill of Rights as this Honorable Court deems necessary.

## COUNT V— MAIL FRAUD

Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

Defendants' aforementioned conduct violated the United States Postal Service Act in their attempt to unlawfully obtain money or valuables from the Plaintiff. There are two elements to mail fraud: (1) a scheme or artifice to defraud; and (2) a mailing to carry out the scheme.  Pursuant to U.S.C.A 18 § 1341 the Defendants participating in a scheme or artifice to defraud the Plaintiff title of his private property.   For the reasons cited above, the false documents they have devised and mailed in an intentional scheme to obtain property by fraud they are liable to 18 U.S.C.A § 1341.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) He will willingly provide all of his record to State and Federal authorities in order to carry a lawful persecution against the Defendants, who willingly violated the aforementioned law; and

b) He will willingly testify in order to assist State and Federal authorities in order to carry a lawful persecution against the Defendants, who willingly violated the aforementioned law.

### COUNT VI— RICO

Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

Defendants' aforementioned conduct along other multiple parties in multiple states are part of well rooted scheme, spread around  the world in which false, misleading and non-conforming statements were made to investors and borrowers alike, wherein LENDER et al acted in concert with other "lenders" and investment bankers to artificially create the appearance of higher market values for property and the false appearance of trends that did not in actuality exist, but for the "free money" (secured under false pretenses), pumped tactics whose objectives were to get the borrower's signature without regard for the consequences to either the borrower or the investor. Unscrupulously, they have defrauded homeowners and investors alike from trillions of dollars.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) He will willingly provide all of his record to State and Federal authorities in order to carry a lawful persecution against the Defendants, willingly violated the aforementioned law; and

b) He will willingly testify in order to assist State and Federal authorities in order to carry a lawful persecution against the Defendants, willingly violated the aforementioned law.

## XIII

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter a judgment ordering the following remedies:

a) Declare the subject Trust Deed or Mortgage to be null and void;

b) Declare the subject Promissory Note to be declared fully discharged;

c) For a declaration and determination that Plaintiff is the rightful holder, owner in Alodium of title to the subject private land and that Defendants, herein, and each of them, be declared to have absolutely no estate, right, title, interest, use or control in said private land adverse to the Plaintiff;

d) For prohibitive relief that defendants be enjoined from making any further claim to the subject private land and house adverse to plaintiff, by any legal action, foreclosure, or otherwise;

e) For money damages as per CAUSES OF ACTION;

f) For PUNITIVE damages;

g) For costs of suit herein occurred; and

h) Granting any such other relief as this Honorable Court deems necessary and appropriate.

*Ivaylo Dodev*

**Ivaylo Tsvetanov Dodev**, ARR, Pro Se Plaintiff
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**

## VERIFICATION

I, the undersigned, attest and declare that:

**I am the Plaintiff in the foregoing document entitled, VERIFIED ACTION-AT-LAW TO QUIET TITLE AND DAMAGES UNDER FDCPA AND BREACH OF CONTRACT AND RICO.**

I have read and know the contents thereof and certify that the matters stated therein are facts of my own knowledge, except as to those matters, which are therein stated upon my information or belief, and as to those matters - I believe them to be correct.

I declare under the penalty of perjury of the Laws of Arizona that the foregoing is correct and complete to the best of my knowledge, information, and belief, and that this verification is executed in Phoenix, Arizona and is dated this 23 day of the 10 month, in the year two thousand and thirteen.


**Ivaylo Tsvetanov Dodev**, ARR, Plaintiff
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY** plus **SUMMONS** for each defendant delivered to The United States District Court, for The District of Arizona on this 23th day of October, 2013.

I HEREBY CERTIFY that a true and correct copy of the above MOTION has been furnished by certified U.S. Mail on this 23th day of October 2013:

**TO:**
**RECONTRUST COMPANY, N.A.,** AND
**JAMES F. TAYLOR,** *and/or his successor, in his/their individual and official capacity*
7105 Corporate Drive
Mail Stop: TX2-973-03-19
Plano, TX 75024-9818

**BANK OF NEW YORK MELLON, N.A.,** AND
**GERALD HASSELL**, *and/or his successor, in his/their individual and official capacity*
Bank of New York Mellon, One Wall Street
New York, NY  10286

**SELECT PORTFOLIO SERVICING, INC.,** AND
**MATT HOLLINGSWORTH**, *and/or his successor, in his/their individual and official capacity*
3815 South West Temple
Salt Lake City, UT 84115

**BANK OF AMERICA, N.A.,** AND
**BRIAN T. MOYNIHAN**, *and/or his successor, in his/their individual and official capacity*
Bank of America Corporation
100 N. Tryon St.
Charlotte, NC 28255

_____

**Ivaylo Tsvetanov Dodev, Plaintiff**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**