Ivaylo Tsvetanov Dodev,

c/o  6312 South 161st Way
     Gilbert, Arizona
     (480) 457-8888 Phone
     (480) 457-8887 Facsimile
     dodev@hotmail.com

Pro Se

**FILE ON DEMAND
FOR THE RECORD**

✓ FILED      ___ LODGED
___ RECEIVED ___ COPY

DEC 0 2 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A., ET AL<br><br>Defendants. | Case No.  CV-13-02155-PHX-GMS<br><br><br><br><br><br>Hon. G Murray Snow |

**MOTION FOR ISSUANCE OF AN EMERGENCY TEMPORARY
RESTRAINING ORDER TO STAY THE SALE OF PLAINTIFF'S HOUSE
AND
IMPOSITION OF PERMANENT INJUNCTIVE RELIEF BARRING THE
SALE OR THE TRANSFER BY DEFENDANTS**

Plaintiff, Ivaylo Tsvetanov Dodev, *pro se*, hereby respectfully submits this Motion for Issuance of an Emergency Temporary Restraining Order and Imposition of Permanent Injunction Pursuant to Arizona Rules of Civil Procedure Rule 65.1 and Fed. R. Civ. P. 65(a) and (b) against Defendants to stay the sale of his house, referenced as GRAND THEFT in Plaintiff's original complaint, based on the

1

irrefutable evidence submitted in the COMPLAINT and the EXHIBITS that over the course of 5 years none of the named defendants provided lawful debt validation or proved, on the record, secured and valid interest in his estate. Defendants collectively defaulted on Plaintiff's Good Faith Offer to Pay, submitted under the American Law of Presentment; a grave and evident defect rendering any further action or omission by the defendants null and invalid. Plaintiff has lawfully and timely revoked and rescinded all alleged contracts and securities, which purport to grant valid and secured interest in his house to the defendants, due to fraud and lack of consideration, and has filed proof on the docket, under EXHIBITS. All defendants named in this VERIFIED ACTION-AT-LAW are in defiance and contempt with THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA by ignoring COURT ORDER, singed by the Honorable Judge G Murray Snow, Doc.2 on the docket, to confer with the Plaintiff prior to filing any Motion. Only, BANK OF AMERICA, NA, RECONTRUST COMPANY, NA and BRIAN MOYNIHAN have filed Notice of Appearance through legal counsel, and although Plaintiff stipulated for Extension of Time, Doc. 22 on the docket, they too did not comply with the judge's order to confer with the Plaintiff and file a conferral certificate on the record. The rest of the defendants have failed to file Notice of Appearance and Plaintiff has entered DEFAULT against them on the docket on the basis that the record, in this case, demonstrates that there has been a failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure.

Plaintiff has met ALL FOUR elements required and has a more than likely possibility of winning the suit against Defendants.

## I.   **OVERVIEW**

This matter arises out of Defendants' wrongful conduct as claimed in the Complaint and the Exhibits, Doc. 1 on the docket, incorporated herein, filed under RICO, 15 U.S.C. 1962, et. seq., 28 U.S.C. 1331, 1367 and 1391(b)(2), (c) and (d), 18 U.S.C. 1341, 31 U.S.C. 3729(a), A.R.S. 12-1101 and 1103(b) 33-420 et. seq., 44-1521 thru 44-1534 47-120(B)(21)(a), 47-3301 thru 47-3306, et al and the Bill of Rights of the Constitution of the United States of America. Defendants have encumbered and continue to encumber Plaintiff's house, located at 6312 South 161st Way, Gilbert, Arizona, which is the subject of the Complaint. They failed to file Notice of Appearance and plead in their defense, and have attempted to interfere and are attempting to interfere with Plaintiff's rightful possession in fee-simple of the premises at the above mentioned estate, and have otherwise taken adverse action against him through continuous trustee sale attempts, thus denying his legal right to defend in court of record, in defiance of this court jurisdiction over the matter.

All defendants named at this VERIFIED ACTION-AT-LAW are debt collectors under 15 U.S.C. 1692a (6) because they acquired the alleged debt while in default, being duly discharged, as deposed in Plaintiff's complaint, and they present themselves as creditors or servicers in total and complete violation of the law, specifically 15 U.S.C 1692a (4) *The term "creditor" means any person who offers or*

extends credit creating a debt or to whom a debt is owed, **_but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another._**" The defendants are using fraud and are furnishing deceptive forms on the public record in violation of 15 U.S.C 1692i(a) and (b) and A.R.S. 39-161 committing counts of felonies ignoring the provision of the law in 15 U.S.C. 1692i(a)*1* "*_Any debt collector who brings any legal action on a debt against any consumer shall -- in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located._*"

    Unless Defendants are temporarily and permanently enjoined from the acts set forth above, irreparable injury will be occasioned to the Plaintiff due to the nature and severity of Defendants' acts. The interest of the Plaintiff in his estate outweighs the interests, if any, of Defendants. Their wrongful conduct has resulted and continues to result in immediate and irreparable harm to Plaintiff, for which there is no adequate remedy at law. Plaintiff now brings the instant Motion for Issuance of an Emergency Temporary Restraining Order and Imposition of Permanent Injunction.

## II.   STATEMENT OF FACTS

    Plaintiff hereby incorporates by reference all facts set forth in Plaintiff's Complaint and Exhibits into this Motion for Issuance of Emergency Temporary

Restraining Order and Imposition for Permanent Injunctive Relief Fed. R. Civ. P. 65(a) and (b) against Defendants, including all defined terms contained therein.

### III. ARGUMENT

#### A. Standard Applicable to Grant Temporary Injunctive Relief

It is well settled within the Arizona Judicial System that: To satisfy the injunction standard, the moving party must demonstrate the classic four elements: (1) a reasonable probability of success on the merits; (2) that denial of injunctive relief will result in irreparable harm; (3) that granting injunctive relief will not result in even greater harm to the nonmoving party; and (4) that granting injunctive relief will be in the public interest. See: *Saudi Basic Industry Corp. v. Exxon Corp.*, 364 F.3d 106, citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158.

Accordingly, where, as here, all four elements of injunctive relief are established by the moving party, injunctive relief is appropriate.

#### B. Because Plaintiff Has Established All Four Elements for the Grant of Injunctive Relief, a Temporary Restraining Order is Appropriate.

As to the first required element — likelihood of success on the merits of movant claims – it is well settled that Plaintiff must establish a reasonable probability of success on the merits, and not a certainty of success. *Oburn v. Shapp*, 521 F.2d. In this VERIFIED ACTION-AT-LAW, Plaintiff's legally protected rights of ownership [being the owner, on the record, of the estate in controversy],

and the right of Trial by Jury, are clear and unambiguous. It is also evident that Defendants' conduct set forth in Plaintiff's Complaint and Exhibits is wrongful, fraudulent and treacherous, in knowing, willful and wanton defiance of numerous Federal and State laws, and Court Orders, while continuously inflicting anguish and harm to the Plaintiff by ongoing attempts to steal his house by deception. Accordingly, Plaintiff's Complaint and Plaintiff's Motion clearly establish a reasonable likelihood of success on the merits of Plaintiff's claims and his substantial record.

With respect to the second element — the denial of injunctive relief will result in irreparable harm to Plaintiff — it has been held that "in order to demonstrate irreparable harm, [Plaintiff] must demonstrate potential harm which cannot be addressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Airfreight, Inc.*, 882 F.2d. It is well settled fact that owning a house is considered the biggest asset in most people's lives; deprivation of due process, denying the right of someone legally to protect the roof over himself and his family, will result in irreparable harm and damages. In the instant case, Defendants' wrongful conduct has severally invaded Plaintiff's legally protected rights of house ownership and has caused/continues to cause irreparable damages to Plaintiff's physical health, mental well-being, and ability to care for his family. Moreover, the harm resulting from Defendants' wrongful conduct is ongoing, making any assessment of monetary damages even more uncertain and difficult.

Consequently, Plaintiff's Complaint clearly establishes that a denial of injunctive relief will be unconscionable, constituting cruel and unusual punishment, result in immediate and permanent irreparable harm to Plaintiff. The court should take notice that the Plaintiff has secured and valid interest in the estate of controversy; <u>he is the rightful owner in fee-simple, paying all taxes, insurance and ongoing expense, and the defendants have not been able to prove on the record any legal interest or debt validation and are in DEFAULT in this VERIFIED ACTION-AT-LAW</u>.

The third and fourth elements necessary for injunctive relief — that the granting of injunctive relief will not result in even greater harm to the nonmoving party, and that the grant of injunctive relief is in the public interest — are also clearly established in Plaintiffs' Complaint. No harm will result to Defendants should injunctive relief be granted. For five years Defendants have not provided Plaintiff with any record, bank ledger or instrument that proves that they have lent any money to Plaintiff. Neither have they validated debt as required by law; respectfully, they were not able to provide any alleged security instrument or alleged promissory note in exchange for $800,000 and <u>defaulted on a Good Faith Offer to Pay</u> addressed to them by the Plaintiff. Conversely, immediate and irreparable harm will result to Plaintiffs should injunctive relief be denied. Accordingly, Plaintiff has clearly satisfied the third element. The same is also true with respect to the fourth element in that it is clearly within the public interest to legally protect the rights of the Plaintiff as an owner of the estate in controversy.

It is also in the public's interest that the TRO be granted because Defendants have defrauded and deprived the Maricopa County Recorder and Arizona taxpayers from millions of dollars of recording fees. Further, some of the Defendants have played a vital part in evicting hundreds of thousands of family by foreclosing on their houses, most of them illegally, without due process, and are liable for undermining of the local economy. It is in the public interest that Defendants are held liable for their actions and that accountability can be imposed when fraud and predation takes place.

## IV. CONCLUSION

**WHEREFORE**, Plaintiff's Motion and Complaint satisfies each and every element necessary for the grant of injunctive relief, Plaintiffs' Motion for Issuance of an Emergency Temporary Restraining Order and Imposition of Permanent Injunction Relief should be granted.

Respectfully submitted on this 2th day of December 2013.

_/s/ Ivaylo Dodev_
**Ivaylo Tsvetanov Dodev**, ARR, Pro Se Plaintiff
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

8

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY** delivered to The United States District Court for the District of Arizona this 2th day of December, 2013. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system: BANK OF AMERICA, NA, RECONTRUST, NA AND BRIAN MOYNIHAN.

I further certify that on the 3rd day of December, 2013 I served a copy of the foregoing document on the following parties USPS Certified mail:

**TO:**
**BANK OF NEW YORK MELLON, N.A.,** AND
**GERALD HASSELL,** *and/or his successor, in his/their individual and official capacity*
Bank of New York Mellon, One Wall Street
New York, NY  10286

**SELECT PORTFOLIO SERVICING, INC.,** AND
**TIMOTHY O'BRIEN,** *and/or his successor, in his/their individual and official capacity*
3815 South West Temple
Salt Lake City, UT 84115

*/s/ Ivaylo Dodev*

Ivaylo Tsvetanov Dodev, Plaintiff
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone