Ivaylo Tsvetanov Dodev,

c/o 6312 South 161st Way
    Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Facsimile
dodev@hotmail.com

Pro Se

FILE ON DEMAND
FOR THE RECORD

[FILED stamp: DEC 0 5 2013, CLERK U S DISTRICT COURT, DISTRICT OF ARIZONA]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Ivaylo Tsvetanov Dodev,

    Plaintiff,

vs.

RECONTRUST COMPANY, N.A., ET AL

    Defendants.

Case No. CV-13-02155-PHX-GMS

**PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT AND MOTION FOR EXTENSION OF TIME BY DEFENDANT SELECT PORTFOLIO SERVICING, INC.**

Hon. G Murray Snow

    Plaintiff, Ivaylo Tsvetanov Dodev, *pro se*, ("Plaintiff"), hereby respond to and formally opposes the Motion to Set Aside Default Judgment and the Motion for Extension of Time ("Motions") by Defendants, Select Portfolio Servicing, Inc., and Timothy O'Brien ("Defendants"), submitted by Kim R. Lepore, attorney for the

1
**OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT**

defendants ("Counsel"). Plaintiff respectfully submits that Defendant's Motions are without merit and a good cause, and asks the Court to deny them in their entirety.

## INTRODUCTION AND STATEMENT OF FACTS

Plaintiff had filed a Complaint and Exhibits in United States District Court for the District of Arizona on October 23, 2013, (Doc. 1), against Defendants. Shortly thereafter, Plaintiff retained the services of C. D. Anderson, Private Investigator, G101390, doing business as ANDERSON INVESTIGATIONS, INC. to serve the COMPLAINT AND THE SUMMONS, along with judge's ORDER (Doc. 5) to the Defendants. SELECT PORTFOLIO SERVICING, INC. ("SPS") was duly served by Process Server, AUTHORIZED LEGAL AGENT, CARMEN BERUMEN on the 29th days of October, 2013 at 11:45AM (Doc. 12). Plaintiff's original Complaint named Matt Hollingsworth, CEO of SPS as a Defendant, *and/or his successor, in his/their individual and official capacity,* based on the correspondence Plaintiff had with him in the past, delivered with US certified mail. Plaintiff, at the time, was unaware of the fact that Matt Hollingsworth was replaced by his successor Timothy O'Brien. Although the Summons and the Complaint were properly worded, *"and/or his successor",* Timothy O'Brien refused service (Doc. 11).

Plaintiff filed NOTICE OF ERRATA, (Doc. 17) detailing the facts that the Original Complaint is not changed or altered and the claims and causes of action remain the same. DUE TO THE FACT that Defendant Timothy O'Brien was

2
**OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT**

avoiding service, Plaintiff was forced to Amend the Complaint in order to issue a new Summon, naming the successor [already named in the original complaint] of Matt Hollingsworth Defendant in this VERIFIED ACTION-AT-LAW. Plaintiff continues to use the services of ANDERSON INVESTIGATIONS, INC. while Defendant, Timothy O'Brian continues to hide and attempt to evade service. He instructed his legal department not to accept the Summons and the Complaint and refused to come out of his office for service. Here is a statement received from the Private Investigator retained from Plaintiff to serve the Defendant, via email [Plaintiff will file the AOC on the record when received]:

> "Party to be Served: O'BRIEN, TIMOTHY
> Case Info: ARIZONA CV-13-02155-PHX-GMS
> Date Filed: Nov 19 2013
> DODEV vs.    RECON TRUST COMPANY NA, ET AL
> Recipient was NON-SERVED on Nov 27 2013 6:00PM
> Type of Service: .NON-SERVE - DILIGENT
>
> Documents: SUMMONS, ORDER, PLAINTIFFS' NOTICE OF FIRST AMENDED COMPLAINT, VERIFIED ACTION-AT-LAW TO QUITE TITLE AND DAMAGES UNDER FDCPA AND BREACH OF CONTRACT AND RICO FIRST AMENDED COMPLAINT, EXHIBITS
>
> Original Service Address: TIMOTHY O'BRIEN AKA TIM O'BRIEN, 3815 SOUTH WEST TEMPLE, SALT LAKE CITY, UT 84115
>
> Service Details: NON-SERVED the SUMMONS, ORDER, PLAINTIFFS' NOTICE OF FIRST AMENDED COMPLAINT, VERIFIED ACTION-AT-LAW TO QUITE TITLE AND DAMAGES UNDER FDCPA AND BREACH OF CONTRACT AND RICO FIRST AMENDED COMPLAINT, EXHIBITS. After due search, careful inquiry and diligent attempts was unable to serve on TIMOTHY O'BRIEN AKA TIM O'BRIEN for the reasons detailed in the comments below.
>
> Comments for Affidavit: Attempted Service: 3815 SOUTH WEST TEMPLE,

3

**OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT**

SALT LAKE CITY, UT 84115 11-26-13 1:35PM PER LEGAL DEPARTMENT THEY REFUSE TO HAVE DEFENDANT COME TO THE FRONT. REFUSED TO ACCEPT.

(HA) 11-27 COMPLETED SKIP TRACE. THERE ARE TOO MANY TIMOTHY O'BRIEN'S IN SALT LAKE TO DETERMINE CORRECT DEFENDANT. CLIENT UPDATED

On the 4th day of December 2013 at 2:36 PM, the Clerk of the Court entered a DEFAULT on SPS (Doc. 29) upon Application for Entry of Default by Plaintiff (Doc. 28). Counsel entered a Notice of Appearance (Doc. 32) on the 4th day of December 2013 at 3:59 PM, after the Defendants had already defaulted in this VERIFIED ACTION-AT-LAW. The same day [12.04.2013] at 4:27PM Counsel entered a Motion for Extension of Time, upon and after the default of the Defendants. Later that day [12.04.2013] Plaintiff review the documents filed on the docket and upon review of the Counsel's Motion for Extension of Time he read *"Defendant has left a voice message for Plaintiff but has not received a return phone call yet"*. Upon retrieving his voice mail, Plaintiff found a voice message from the Counsel of Defendants on his phone left on the 4th day of December 2013 at 2:10PM. This is 26 minutes before the Defendant's DEFAULT was entered on the docket, 1 hours and 50 minutes before the Counsel entered a Notice of Appearance on the record.

## ARGUMENTS

1. The court should consider that Defendants were duly served on the 29th day of October, 2013 by ANDERSON INVESTIGATIONS, INC. as deposed herein. The

4
**OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT**

fact that Timothy O'Brien was avoiding service as a successor named in the original Complaint should not be ground for excuse that he was unaware of this VERIFIED ACTION-AT-LAW. Plaintiff applies a three-prong argument in order to dissipate any doubt on the contrary. 1). Timothy O'Brien as a CEO of SPS was made aware that his company is being sued and that he is named in the ACTION-AT-LAW as a successor of Matt Hollingsworth the day his legal department accepted service; 2). Timothy O'Brien was hiding and instructed his staff not to accept any further service from ANDERSON INVESTIGATION, INC., 3). Timothy O'Brien's own admission of service by retaining Counsel in his defense, as filed on the record (Doc. 32,33,34).

2. The court should consider that Plaintiff did not skip or avoid process, and despite of the obvious service of Timothy O'Brien, he did not file and Application of Default on him but only on SPS. Plaintiff continued to devote his time and resources to follow process by attempting to serve Defendant Timothy O'Brien again.

3. The court should consider Defendant Timothy O'Brien duly served based on the arguments and his own admission to service.

4. The court should consider that Counsel contacted Plaintiff without filing Notice of Appearance, which makes them an unrelated party, 20 minutes before he Entry of DEFAULT was made official on the record.

5. The court should consider that Counsel filed Notice of Appearance after Defendant was in Default, followed by a Motion for Extension of Time and Motion to set Aside Entry of Default, which Plaintiff timely opposes.

5
**OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT**

6. The court should consider that Counsel did not comply with the standards of the court but watched the docket as an outsider and filed all documents on the docket after the DEFAULT was entered.

7. The court should consider that the action or omission of the Counsel is in direct defiance of Hon. Judge J Murray Snow's ORDER (Doc. 2) to confer with Plaintiff. Counsel did not attempt to save time and money of the court by avoiding costly litigation.

8. The court should consider the Declaration of Conferral filed by the Plaintiff (Doc. 26)

9. The court should consider that the Defendants have already defaulted on Four Good Faith Offers to Pay alleged debt, filed on the record under EXHIBITS.

10. The court should consider that Defendants failed to properly reply to numerous Proof of Claim letters, sent by US certified mail, under 15 U.S.C. 1692, filed on the record under EXHIBITS.

11. The court should consider the Plaintiff has attempted for a long period of time to reconcile with Defendants, without invoking the jurisdiction of the court, but all of his legal attempts were faced with dunning letters by the Defendants.

12. The court should consider the Defendants were fully aware of the oncoming ACTION-AT-LAW and had ample time to prepare and retain counsel because Plaintiff sent them a Notice to Sue on the 5th day of September 2013 at 2PM via Process Server and AOC is filed on the record under EXHIBITS, Exhibit "F".

## CONCLUSION

Defendants and Counsel did not act according to legal process and defied court's ORDER to Confer with Plaintiff; therefore, an Application of Default was entered on the record and the Clerk of Court Entered a Default to SPS, pursuant to Rule 55(s) of the Federal Rules of Civil Procure. Considering the Facts and Arguments set forth above, the court should **AFFIRM** the Entry of Default of Defendant SPS and deny the Motion for Extension of Time submitted by Counsel. Counsel is approaching the court with unclean hands, using sham legal process, a continuation of Defendants' actions and omissions to avoid the Laws governing debt collectors set forth in 15 U.S.C. 1962.

Counsel motions are a self-serving attempt to justify a retainer received from Defendants upon letdown to properly represent them and plea. Granting Counsel's Motions without good cause, based on her arguments set forth in Motions, will prejudice the Plaintiff and will render all other Motions for Extension of Time submitted on the record by the opposing counsel, representing Bank of American, N.A., ReconTrust, NA and Brian Moynihan, along with Judges ORDERS for granting extensions Null and Void.

**OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT**

WHEREFORE, the court should strongly consider **REAFFIRMING** the Entry of Default on Defendant SPS and denying Counsel's Motion for Extension of Time for no good cause shown.

Respectfully submitted on this 5th day of December, 2013.

/s/ Ivaylo Dodev
_____
**Ivaylo Tsvetanov Dodev**, ARR, Pro Se Plaintiff
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

8
**OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT**

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY** delivered to The United States District Court for the District of Arizona this 5th day of December, 2013. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system: BANK OF AMERICA, NA, RECONTRUST, NA, BRIAN MOYNIHAN, SELECT PORTFOLIO SERVING, NA AND TIMOTHY O'BRIEN.

*/s/ Ivaylo Dodev*

Ivaylo Tsvetanov Dodev, Plaintiff
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

9

**OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT**