Ivaylo Tsvetanov Dodev,

c/o 6312 South 161st Way
    Gilbert, Arizona
    (480) 457-8888 Phone
    (480) 457-8887 Facsimile
    dodev@hotmail.com

Pro Se

**FILE ON DEMAND**
**FOR THE RECORD**

___ FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 09 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Ivaylo Tsvetanov Dodev,** | **Case No.  CV-13-02155-PHX-GMS** |
| **Plaintiff,** | |
| **vs.** | **PLAINTIFF'S MOTION TO SANCTION COUNSEL KIM R. LEPORE AND OPPOSITION TO GERALD HASSEL'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |
| **RECONTRUST COMPANY, N.A., ET AL** | |
| **Defendants.** | |
| | **Hon. G Murray Snow** |

Plaintiff, Ivaylo Tsvetanov Dodev, *pro se*, ("Plaintiff"), hereby MOTIONS the

Honorable Court to SANCTION, under Fed. R. of Civ. P. 11(b), et al, KIM R.

LEPORE, counsel ("Counsel") for Select Portfolio Servicing, Inc., and Timothy

O'Brien  for submitting FALSE and MISLEADING statements on the record.

Plaintiff respectfully submits that Counsel's Motion, GERALD HASSELL'S

MOTION TO SET ASIDE ENTRY OF DEFAULT ("Motion"), (Doc.37) is without

merit and a good cause, containing misleading and mendacious arguments, and asks

1

**PLAINTIFF'S MOTION TO SANCTION COUNSEL KIM R. LEPORE**

the Court to deny it in its entirety, while sanctioning Counsel for misconduct and bad faith.

### INTRODUCTION AND STATEMENT OF FACTS

Counsel, filed the Motion on the record on the 6th day of December, 2013, 2:29PM MST, (Doc. 37) alleging "Plaintiff has not filed an Application for Entry of Default on Hassell", further accenting that the Court ERRED because "Plaintiff did not request Entry of Default against Hassell, the Court Clerk should not have entered Entry of Default against Hassell."

Further, Counsel alleges that she contacted Plaintiff via voice mail in order to comply with judge's ORDER (Doc. 5) to confer as an Attorney on Record of Bank of New York Mellon and Gerald Hassell.

Plaintiff had filed a Complaint and Exhibits in United States District Court for the District of Arizona on October 23, 2013, (Doc. 1), against Gerald Hassell, et al. Shortly thereafter, Plaintiff retained the services of Manny Bayo, doing business as PROCESS SERVES, ETC. to serve the COMPLAINT AND THE SUMMONS, along with judge's ORDER (Doc. 5) to the Defendants. Gerald Hassell was duly served by Process Server, Manny Bayo on the 2nd days of November, 2013 (Doc. 14).

Plaintiff filed NOTICE OF ERRATA, (Doc. 17) detailing the facts that the Original Complaint is not changed or altered and the claims and causes of action remain the same. DUE TO THE FACT that Defendant Timothy O'Brien, a successor of Matt Hollingsworth, and BANK OF NEW YORK MELLON were avoiding

2

**PLAINTIFF'S MOTION TO SANCTION COUNSEL KIM R. LEPORE**

service, based on misnomer, Plaintiff was forced to Amend the Complaint in order to issue new Summons, naming the successor [already referenced in the original complaint] of Matt Hollingsworth as Defendant and omitting the N.A. from BNY MELLON's name in this VERIFIED ACTION-AT-LAW.

On the 4th day of December 2013 at 2:36 PM MST, the Clerk of the Court entered a DEFAULT on Gerald Hassell (Doc. 30) upon Application for Entry of Default by Plaintiff (Doc. 28).

## ARGUMENTS

1. The court should take notice that Defendant was duly served on the 2nd day of November, 2013 by Process Server, Manny Bayo, as deposed herein.

2. The court should take notice that Counsel NEVER contacted Plaintiff as attorney of record for BNY MELLON and Gerald Hassel, as she claims on the record.

3. The court should take notice that Counsel is not an Attorney of Record for Defendants BNY MELLON and Gerald Hassell while moving the court with Motions, clouding the record.

4. The court should take notice that Counsel lies on the record (Doc. 37 and 38) and blatantly blames the Clerk of the Court for ERROR in Entry of Default on Gerald Hassell, although Application for Entry of Default was properly submitted and entered on the docket (Doc. 28), while she is not a party of interest because the RECORD does not reflect Notice of Appearance for the Defendants BNY MELLON and Gerald Hassell, and that she never contacted Plaintiff as their legal representative.

3

**PLAINTIFF'S MOTION TO SANCTION COUNSEL KIM R. LEPORE**

5. The court should take notice that the action or omission of the Counsel is in direct defiance of Hon. Judge J Murray Snow's ORDER (Doc. 2) to confer with Plaintiff. Counsel did not attempt to save time and money of the court by avoiding costly litigation.

6. The court should take notice the Declaration of Conferral filed by the Plaintiff (Doc. 26)

7. The court should take notice the Defendants were fully aware of the oncoming ACTION-AT-LAW and had ample time to prepare and retain counsel because Plaintiff sent them a Notice to Sue on the 29th day of August 2013 via Process Server and AOC as filed on the record under EXHIBITS, Exhibit "F".

## CONCLUSION

Counsel did not act accordance to legal process and defied court's ORDER to Confer with Plaintiff; therefore, an Application of Default was entered on the record and the Clerk of Court Entered a Default on Gerald Hassell, pursuant to Rule 55(s) of the Federal Rules of Civil Procedure. Considering the Facts and Arguments set forth above, the court should **AFFIRM** the Entry of Default.

Further, Counsel approaches the court with unclean hands, using sham legal process, submitting false and misleading statements on the record, and precipitously blames the Court and Plaintiff for the Defendants' actions or omissions of Process. Just analyzing her signature, (Doc. 37) *"erroneously sued as Bank of New Your*

4

**PLAINTIFF'S MOTION TO SANCTION COUNSEL KIM R. LEPORE**

*Mellon, NA...*" [last line], brings a whole new level of contradictory statements [based on her argument]. In particular, it is unclear whether 1). Gerald Hassell is served by the original Complaint and Summons, when BANK OF NEW YORK MELLON, N.A.'s name was used by mistake or 2). First Amended Summons argument she is trying to reinforce in all of her Motions when BANK OF NEW YORK MELLON is used is the correct portrayal of fact.

The court should uphold the Clerk's Entry of Default because Gerald Hassell did not plea or defend himself, personally or through counsel as of this date, December the 6th , 2013, which according to some abstract arguments submitted by Counsel is the dead line for response to Plaintiff's Complaint.

Counsel violates the Rules of Professional Conduct set by The American Bar Association and does not demean herself as an Officer of the Court and is in violation of Fed. R. of Civ. P. 11(b) with every motion she has submitted on the record, to date.

THEREFORE, the court should strongly consider **PLAINTIFF'S MOTION TO SANCTION COUNSEL KIM R. LEPORE AND OPPOSITION TO GERALD HASSEL'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

Respectfully submitted on this 6th day of December, 2013.

*Ivaylo Dodev*

**Ivaylo Tsvetanov Dodev, ARR, Pro Se Plaintiff**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**

5

**PLAINTIFF'S MOTION TO SANCTION COUNSEL KIM R. LEPORE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY** mailed to The United States District Court for the District of Arizona this 6th day of December, 2013. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system: BANK OF AMERICA, NA, RECONTRUST, NA, BRIAN MOYNIHAN, SELECT PORTFOLIO SERVING, NA, TIMOTHY O'BRIEN, GERALD HASSELL AND BANK OF NEW YORK MELLON.

Ivaylo Tsvetanov Dodev, Plaintiff
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

6

**PLAINTIFF'S MOTION TO SANCTION COUNSEL KIM R. LEPORE**