1  **WRIGHT, FINLAY & ZAK, LLP**
2  Kim R. Lepore, Esq., Arizona Bar No. 019130
   Bradford E. Klein, Esq., Arizona Bar No. 027720
3  18444 N. 25th Ave., Suite 420
4  Phoenix, AZ 85020
   Telephone: 602-845-8898
5  Fax: 949-608-9142
   klepore@wrightlegal.net
6
7  Attorneys for Defendants Select Portfolio Servicing, Inc., Timothy O'Brien, The Bank of
8  New York Mellon fka The Bank of New York as Trustee for the Certificateholders of
   CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates,
9  Series 2007-OA7, Gerald Hassell, Karla Richards, Dani Todd and KaJay Williams

10

11                    **UNITED STATES DISTRICT COURT**

12                    **FOR THE DISTRICT OF ARIZONA**

13  Ivaylo Tsvetanov Dodev,                    )  Case No.:  CV-13-02155-PHX-GMS
14                                              )
            Plaintiff,                          )
15                                              )  **CERTAIN DEFENDANTS' MOTION**
            vs.                                 )  **TO DISMISS PLAINTIFF'S FIRST**
16                                              )  **AMENDED COMPLAINT**
17  Recontrust Company, N.A.; James F. Taylor,  )  **PURSUANT TO FED. R. CIV. P.**
18  and/or his successor, in his/their individual )  **12(b)(6)**
    and official capacity; Select Portfolio     )
19  Servicing, Inc.; Timothy O'Brien, and/or his )
20  successor, in his/their individual and official )  *[Filed concurrently with Request for*
    capacity; Bank Of New York Mellon, N.A.;   )  *Judicial Notice]*
21  Gerald Hassell, and/or his successor, in     )
22  his/their individual and official capacity;   )
    Bank of America, N.A. successor of           )
23  Countrywide Home Loans, Inc.; Brian T.       )
24  Moynihan, and/or his successor, in his/their  )
    individual and official capacity; and        )
25  DOES 1-100, in his/her individual and         )
    official capacity,                           )
26                                              )
27            Defendants**.**                    )
                                                )
28  _____ )

                              -1-
   MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2  　　**PLEASE TAKE NOTICE** Defendants Select Portfolio Servicing, Inc. ("SPS"),

3  Timothy O'Brien ("O'Brien"), The Bank of New York Mellon fka The Bank of New

4  York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-

5  OA7, Mortgage Pass-Through Certificates, Series 2007-OA7 ("BNYM as trustee"),

6  Gerald Hassell ("Hassell"), Karla Richards[1] ("Richards"), Dani Todd ("Todd") and

7  KaJay Williams ("Williams") (collectively, "Defendants"), by and through counsel,

8  hereby submit their Motion to Dismiss Plaintiff Ivaylo Tsvetanov Dodev's ("Plaintiff")

9  First Amended Complaint ("FAC") pursuant to FRCP 12(b)(6) on the basis that (1)

10  Plaintiff's FAC violates FRCP Rule 8, (2) Plaintiff is unable to state a claim upon which

11  relief can be granted against Defendants, and (3) Plaintiff's causes of action based on the

12  loan origination are barred by the statute of limitations.

13  　　Defendants request that this motion be granted and this Court dismiss Plaintiff's

14  FAC in its entirety pursuant to FRCP Rule 12(b)(6) without leave to amend.  This Motion

15  is supported by the following Memorandum of Points and Authorities submitted

16  herewith, the Request for Judicial Notice filed concurrently herewith, and upon all

17  pleadings papers and documents on file herein, together with those matters of which

18  judicial notice has been or may be requested, and any oral argument which may be

19  presented at the time of the hearing.

20  　　**RESPECTFULLY SUBMITTED** this 12th day of December, 2013.

21  　　　　**WRIGHT, FINLAY & ZAK, LLP**

22

23  　　By: /s/ Kim R. Lepore
　　　　　Kim R. Lepore, Esq.

24  　　　　　Attorneys for Defendants SPS, O'Brien, BNYM as
　　　　　trustee, Hassell, Richards, Todd and Williams

25

26

27  ────────────────

28  [1] Although Karla Richards, Dani Todd and KaJay Williams are not named in the caption of the FAC, they are named as Does 5-7 on page 6 of the FAC. Therefore, this Motion to Dismiss is being filed on behalf of Karla Richards, Dani Todd and KaJay Williams as though they were named Defendants.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1
2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION.**

3      Plaintiff's First Amended Complaint ("FAC") represents nothing more than a

4   misrepresentation of the law and conclusory statements.  Plaintiff attempts to cite

5   inapplicable case law to convince this Court to relieve Plaintiff of his duty to pay back his

6   loan while allowing him to essentially keep the amount loaned to him.  Plaintiff's jaded

7   view can be best summed up with his statement on page 11 of the FAC where Plaintiff

8   alleges Select Portfolio Servicing, Inc. ("SPS") had to audacity to say "*if you borrow*

9   *money you have to pay*."

10      With that said, the underlying facts of this case are quite simple.  Plaintiff took out

11   a loan secured by a Deed of Trust. Plaintiff eventually defaulted on his loan and

12   foreclosure proceedings commenced.  Plaintiff fails to allege any wrongdoing against

13   Defendants, or any Defendants for that matter.  Plaintiff even admits that SPS attempted

14   to modify his loan.  Instead, Plaintiff attempts to use self-serving statements and

15   conclusions of law to contend that by filing for Bankruptcy he essentially got a free

16   house.  However, throughout the 33-page FAC, Plaintiff fails to allege facts to support

17   any of his causes of action.

18      Accordingly, for the reasons below, Plaintiff's FAC should be dismissed without

19   leave to amend.

20

**II. STATEMENT OF FACTS**

21      On or about December 12, 2006, Ivaylo Dodev ("Plaintiff") obtained a loan for

22   $681,750.00 from First Magnus Financial Corporation (the "Loan").  The Loan was

23   secured by a Deed of Trust ("Deed of Trust") recorded against the property located at

24   6312 South 161st Way, Gilbert, AZ (the "Property"). *See* Deed of Trust attached the

25   Request for Judicial Notice ("RJN"), concurrently filed and incorporated herein, as

26   Exhibit 1.

27      On or about January 5, 2009, Plaintiff filed a Chapter 7 Bankruptcy Petition in the

28   United States Bankruptcy Court, District of Arizona. *See* Voluntary Bankruptcy Petition,

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  attached to the RJN as Exhibit 2.  On or about January 20, 2009, Plaintiff filed his

2  Bankruptcy schedules, which listed the debt secured by the Deed of Trust as a secured

3  claim. *See* Bankruptcy Schedules, attached to the RJN as Exhibit 3.  On or about April

4  25, 2009, the Bankruptcy Court discharged Plaintiff. *See* Discharge of Debtor, attached to

5  the RJN as Exhibit 4.

6       The Deed of Trust was assigned to The Bank of New York Mellon fka The Bank

7  of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan

8  Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7 (the "BNYM

9  Trust"), as evidenced by the Corporate Assignment of Deed of Trust recorded on August

10  24, 2011. *See* Corporation Assignment of Deed of Trust Arizona, attached to the RJN as

11  Exhibit 5.  Also on August 24, 2011, a Substitution of Trustee was recorded naming

12  Recontrust Company, N.A. as the trustee under the Deed of Trust.  *See* Substitution of

13  Trustee, attached to the RJN as Exhibit 6.  Subsequently, in late 2012, the servicing rights

14  of the Loan were transferred to SPS. *See* FAC, page 11.  On or about August 2, 2013, due

15  to Plaintiff's default on the Loan, a Notice of Trustee's Sale was recorded against the

16  Property, scheduling the Trustee's Sale for November 8, 2013. *See* Notice of Trustee's

17  Sale Arizona, attached to the RJN as Exhibit 7.

18                          **III. ARGUMENT.**

19  **A.    Plaintiff Fails to State a Claim Upon Which Relief May be Granted Pursuant**

20         **to Rule 12(b)(6), ARIZ. R. CIV. P.**

21       The standard to be applied to a motion to dismiss for failure to state a claim upon

22  which relief can be granted pursuant to *FRCP* Rule 12(b)(6) is well-established:  a

23  complaint may be dismissed if it appears beyond doubt that plaintiff can prove no set of

24  facts in support of its claim which would entitle it to relief. *Conley v. Gibson* 355 U.S. 41,

25  45-46 (1957); *see also Gillespie v. Civiletti*, (9th Cir. 1980) 629 F.2d 637, 640; *De La*

26  *Cruz v. Tormey*, (9th Cir. 1978) 582 F.2d 45, 48, cert. denied, 441 U.S. 965 (1979).

27  Additionally, although a plaintiff needs to provide only a 'short and plain statement of the

28  claim,' [pursuant to *FRCP* Rule 8]... where the claims in a Complaint are insufficiently

1 supported by factual allegation, the claims may be disposed of by summary dismissal.

2 *Balistreri v. Pacifica Police Department*, (9th Cir. 1988) 855 F.2d 1421, 1424; *Stinson v.*

3 *Home Insurance Co.,* (N.D. CA 1988) 690 F.Supp. 882, 886; *Dack v. Shanman*,

4 (S.D.N.Y. 1964) 227 F.Supp. 26, 30 (dismissing complaint where count was so sketchy

5 as to be unintelligible).   Although all well-pled facts in the complaint are deemed true in

6 ruling on a motion to dismiss, conclusory allegations are disregarded. *McCarthy v. Mayo*,

7 (9th Cir. 1987) 827 F.2d 1310, 1316.  A complaint may be dismissed as a matter of law

8 under FRCP Rule 12(b)(6) for (a) lack of a cognizable legal theory or (b) insufficient

9 facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d

10 530, 533-534 (9th Cir. 1984); *see* generally *Balistreri v. Pacifica Police Department*, 901

11 F.2d 696, 699 (9th Cir. 1990).   In terms of the latter, "factual allegations must be enough

12 to raise a right to relief above the speculative level" and "more than labels and

13 conclusions, and a formulaic recitation of the elements of a cause of action" must be

14 alleged. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations

15 omitted).  **Courts should dismiss any claim "that fails to plead sufficiently all**

16 **required elements of a cause of action**." *Student Loan Mktg. Ass'n*, 181 F.R.D 629, 639.

17 A plaintiff cannot avoid this bar by clothing legal conclusions in the guise of facts to take

18 advantage of the liberality with which courts otherwise view pleadings. *Western Mining*

19 *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

20      Thus, the liberality with which courts view pleadings cannot salvage a conclusive

21 claim unsubstantiated by transparent fact. *Id.* at 624.  In fact, while Courts consider facts

22 in the complaint as true on a motion to dismiss, they do no "assume the truth of legal

23 conclusions merely because they are in the form of factual allegations." *Id.*  In *Ashcroft*

24 *v. Iqbal*, the United States Supreme Court admonished that the FRCP "demand more

25 than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,*

26 565 U.S. 662, 677 (2009). The Court made clear that **"threadbare recitals of a cause of**

27 **action's elements supported by conclusory statements" are insufficient to overcome**

28 **a motion to dismiss.** *Id*. at 678.

1    Finally, the court does not have to accept alleged facts as true, when they

2  contradict matters subject to judicial notice. *Sears, Roebuck & Co. v. Metropolitan*

3  *Engraver, Ltd.,* 245 F.2d 67, 70 (9th Cir. 1956).  Moreover, "judicial notice may be taken

4  of a fact to show that a Complaint does not state a cause of action." *Id. at* 70; *Estate of*

5  *Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).  Examining Plaintiff's

6  claims for relief in this action, it is apparent that Plaintiff falls short of the pleading

7  requirements to survive this Motion to Dismiss. Not only does Plaintiff fail to recite the

8  elements of each alleged cause of action, but the FAC is devoid of any facts to support

9  such causes of action. Plaintiff merely relies upon conclusory allegations.

10  **B.      <u>Plaintiff's FAC Fails to Satisfy the Requirements of FRCP Rule 8.</u>**

11    "Something labeled a complaint . . ., yet without simplicity, conciseness and

12  clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential

13  functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).  A

14  complaint must contain "a short and plain statement of the claim showing that the

15  pleader is entitled to relief." FRCP 8(a)(2).  "Each allegation must be simple, concise,

16  and direct." FRCP 8(d)(1).  A complaint having the factual elements of a cause of action

17  present but scattered throughout the complaint and not organized into a "short and plain

18  statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Derry v. Am.*

19  *Brokers Conduit*, No. CV09-2549-PHX-NVW, 2010 WL 432340 *1 (D. Ariz., Feb. 2,

20  2010) (citing *Sparling v. Hoffman Constr. Co*., 864 F.2d 635, 640 (9th Cir.1988)).  "A

21  claim must be supported by 'a short and plain statement' with enough heft to 'show that

22  the pleader is entitled to relief.'" *Castaneda v. City of Williams,* No. CV07-00129-PCT-

23  NVW, 2007 WL 1713328 *1 (D. Ariz. June 2, 2007) (citing Fed. R. Civ. P. 8(a)(2)).

24  "This Rule is designed to 'give the defendant fair notice of what the . . . claim is and the

25  grounds upon which it rests.' " *Id*. (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

26    Here, <u>Plaintiff fails to state which causes of action are being alleged against</u>

27  <u>which Defendants</u>. Further, Plaintiff's FAC merely provides a recitation of various

28  claims, asserts conclusory and factually barren statements of culpability and damage,

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    and fails to allege with any specificity how Defendants caused Plaintiff any harm.

2    Plaintiff also fails to clearly delineate his causes of action as different counts are listed in

3    his caption, the body of the FAC, and after his conclusion.  Thus, for these reasons and

4    the reasons that follow, the FAC must be dismissed.

5    **C.     Defendants Richards, Todd, Williams, O'Brien and Hassell Should Be**

6    **Summarily Dismissed Because Plaintiff Fails to Allege any Wrongdoing by**

7    **These Defendants.**

8    Plaintiff fails to assert any allegations at all against the "Doe" Defendants

9    Richards, Todd and Williams. In fact, the only mention of these Defendants anywhere in

10   the FAC is on Page 6 wherein Plaintiff merely states as follows: "DOE 5 Karla Richards,

11   Consumer Ombudsman Specialist is an unknown type of entity, signer for SPS. DOE 6

12   Dani Todd, Consumer Ombudsman Specialist is an unknown type of entity, signer for

13   SPS. DOE 7 KaJay Williams, Consumer Ombudsman Specialist is an unknown type of

14   entity, signer for SPS." Consequently, Plaintiff has failed to allege any cause of action

15   against these Defendants and this action should be dismissed *with prejudice* as to these

16   Defendants.

17   Plaintiff also fails to assert any factual allegations of wrongdoing against

18   Defendants O'Brien and Hassell. O'Brien and Hassell are the Chief Executive Officers

19   ("CEO") of SPS and The Bank of New York Mellon, respectively. FAC at p. 1.

20   Defendants believe that Plaintiff named O'Brien and Hassell in the FAC merely to harass

21   or intimidate. Plaintiff's only allegations against these Defendants are conclusory in

22   nature and are not supported by any facts. Specifically, Plaintiff alleges that O'Brien and

23   Hassell, as well as the CEO's for Bank of America and ReconTrust, " have tacitly

24   admitted that THEY are attempting to steal Plaintiff's home through theft by deception or

25   larceny by trickery." FAC at p. 4. Plaintiff further alleges that Hassell and O'Brien, along

26   with other defendants, "have coerced to steal by deception Plaintiff's house and harassed

27   him over the course of five (5) years in an attempt to collect/extort or modify debt that ha

28

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    been lawfully discharged and paid in full, in violation of countless State and Federal

2    Laws, committing numerous counts of felonies." FAC at p. 9.

3            Again, Plaintiff has failed to allege any specific conduct taken by O'Brien and

4    Hassell. Because Plaintiff has presented absolutely no proof that O'Brien or Hassell were

5    personally involved in his loan, this action should be dismissed *with prejudice* as to

6    Defendants O'Brien and Hassell.

7    **D.    As a Threshold Matter, Plaintiff's Bankruptcy Did Not Discharge The**

8           **Security Interest Held Under The Deed of Trust.**

9            All of Plaintiff's Causes of Action are merely based on Plaintiff's mistaken belief

10   that his Chapter 7 Bankruptcy Discharge extinguished the security interest created under

11   the Deed of Trust. *See* FAC, generally.  This theory completely lacks foundation in law.

12           As a general rule, liens pass through bankruptcy unaffected; while bankruptcy

13   discharge extinguishes *in personam* claims against debtor, it generally has no effect on *in*

14   *rem* claims against debtor's property. *In re Deutchman*, 228 B.R. 829, Bankr. L. Rep.

15   (CCH) ¶77741, 82 A.F.T.R.2d 98-5220 (D. Md. 1998), judgment aff'd, 192 F.3d 457, 34

16   Bankr. Ct. Dec. (CRR) 1302, Bankr. L. Rep. (CCH) ¶77993, 99-2 U.S. Tax Cas. (CCH)

17   ¶50852, 84 A.F.T.R.2d 99-6314 (4th Cir. 1999).  "[T]he creditor's lien stays with the real

18   property until the foreclosure. That is what was bargained for by the mortgagor and the

19   mortgagee." *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992).

20           Here, Plaintiff admits that he signed a Deed of Trust which created the security

21   interest in the Property to secure the Loan. *See* FAC at 15; RJN, Exhibit 1; and A.R.S. §

22   33-805.  The Deed of Trust was ultimately assigned to the BNYM Trust. Plaintiff

23   voluntarily filed for Chapter 7 Bankruptcy, listing the debt secured by the Deed of Trust

24   as a secured claim. While Plaintiff's Chapter 7 Bankruptcy discharged Plaintiff's

25   personal liability for the debt owed under the Loan, it did not discharge the BNYM's

26   security interest in the Property.  Therefore, the BNYM Trust could not bring an action to

27   collect its debt from Plaintiff personally; however, the BNYM Trust still retained the

28

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    right to foreclose on the Property if the debt was not repaid pursuant to its security

2    interest.

3        In sum, the Bankruptcy did not discharge the security interest.

4    **E.    Plaintiff's First Cause of Action For Violation of FDCPA Fails.**

5        Plaintiff's claim for violation of the Fair Debt Collection Practices Act

6    ("FDCPA"), 15 U.S.C. § 1692, et seq., fails to state a viable claim. "As a threshold

7    matter, the FDCPA applies only to a debt collector who engages in practices prohibited

8    by the Act in an attempt to collect a consumer debt." *Mansour v. Cal-Western*

9    *Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D.Ariz. 2009); *accord Oei v. N. Star*

10   *Capital Acquisitions, LLC,* 486 F. Supp. 2d 1089, 1093 (C.D. Cal. 2006). "A 'debt

11   collector,' for purposes of the FDCPA, 'means any person who uses any instrumentality

12   of interstate commerce or the mails in any business the principal purpose of which is the

13   collection of any debts, or who regularly collects or attempts to collect, directly or

14   indirectly, debts owed or due or asserted to be owed or due another.'" *Id.* (quoting 15

15   U.S.C. § 1692a(6)).

16       Case law is well settled that "mortgagees and their beneficiaries, including

17   mortgage servicing companies, are not debt collectors subject to the FDCPA." *Mansour*,

18   618 F. Supp. 2d at 1182; *accord Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188,

19   1204 (D. Or. 2002) ("[T]he activity of foreclosing on [real] property pursuant to a deed of

20   trust is not the collection of a debt within the meaning of the FDCPA"); *Perry v. Stewart*

21   *Title*, 756 F.2d 1197, 1208 (5th Cir. 1985) (holding FDCPA inapplicable because

22   assignee of loan was not "debt collector").

23       Accordingly, as a matter of law, Defendants here are not "debt collectors" within

24   the meaning of the statute, and the Court should dismiss this cause of action without

25   leave to amend.

26   **F.    Plaintiff's Second Cause of Action to Quiet Title Fails.**

27       To quiet title, the plaintiff must allege that he possesses title to the subject

28   property, that the defendant claims an interest adverse to his, and that it would be

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1   inequitable to let the defendant's interest stand. A.R.S. § 12-1102; *Lavidas v. Smith*, 195

2   Ariz. 250, 256, 987 P.2d 212, 218 (Ct. App. 1999).  First, Plaintiff has not and cannot

3   allege that Defendants SPS, O'Brien, Hassell, Richards, Todd or Williams have any

4   interest in the Property and therefore, this cause of action should be dismissed *with*

5   *prejudice* as to these Defendants.

6        1.   Plaintiff's UCC Arguments Do Not Apply to Deeds of Trust.

7        Plaintiff contends that this Court should quiet title in his favor due to various

8   violations to the UCC with regards to the Deed of Trust. However, the UCC does not

9   govern liens on real property. *See Rodney v. Ariz. Bank*, 172 Ariz. 221, 224–25, 836 P.2d

10  434, 437–38 (App.1992).  Further, the trust deed statutes do not require compliance with

11  the UCC before a trustee commences a non-judicial foreclosure. *See In re Krohn*, 203

12  Ariz. 205, 208 ¶ 8, 52 P.3d 774, 777 (2002).  Therefore, Plaintiff is not entitled to relief

13  on this basis.

14       2.   Plaintiff's Holder of The Note Argument Fails.

15       Plaintiff's also claims that Defendants do not have any security interest under the

16  Deed of Trust because the Adjustable Rate Note has been separated from the Deed of

17  Trust. *See* FAC, page 16.  This is nothing more than a veiled holder of the Note argument

18  which has been universally rejected by Arizona courts.  Plaintiff asks this Court to

19  require defendants to prove they are the "owner of the Note and Deed of Trust, but

20  Arizona law is clear that defendants have no such obligation. *See Hogan v. Washington*

21  *Mutual Bank, N.A.,* 230 Ariz. 584, 277 P.3d 781, 782 (Ariz.2012) (en banc); *Diessner v.*

22  *Mortgage Elec. Registration Sys.,* 618 F. Supp.2d 1184, 1187 (D. Ariz. 2009).

23       In *Hogan v. Washington Mutual Bank, N.A.*, 230 Ariz. 584, 277 P.3d 781, 782

24  (Ariz.2012) (en banc), as amended, the Arizona Supreme Court recently considered

25  "whether a trustee may foreclose on a deed of trust without the beneficiary first having to

26  show ownership of the note that the deed secures...." The Arizona Supreme Court

27  observed that "[w]hen parties execute a deed of trust and the debtor thereafter defaults,

28  A.R.S. § 33–807 empowers the trustee to sell the real property securing the underlying

1    note through a non-judicial sale...." *Id*. at 782–83.  The Arizona Supreme Court opined

2    that there was no statutory requirement "that before a trustee may exercise that power of

3    sale, the beneficiary must show possession of, or otherwise document its right to enforce,

4    the underlying note...." *Id*. at 783. **The Arizona Supreme Court concluded that**

5    **"Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove**

6    **its authority or show the note before the trustee may commence a nonjudicial**

7    **foreclosure**." *Id*. at 782.

8         3.   <u>Plaintiff's Other Arguments Also Fail.</u>

9       Plaintiff is disputing the Defendants' security interest in the promissory note and

10    the deed of trust via the purported assignment of mortgage. Plaintiff has absolutely no

11    standing to challenge a valid assignment of interest between two third parties. *In re*

12    *Mortgage Electronic Registration Systems (MERS) Litigation*, CV 10-1547-PHX-JAT,

13    2012 WL 932625, at *3 (D. Ariz. 2012) ("Plaintiffs, as third-party borrowers, are

14    uninvolved and unaffected by the alleged Assignments, and do not possess standing to

15    assert a claim based on such.") The assignment in question here was not only permitted

16    under the terms of the Deed of Trust, it has absolutely no effect on Plaintiff's title to the

17    property. Under Arizona law, by signing a deed of trust, a grantor agrees to the deed's

18    terms and is put on notice of the deed's contents. *Cervantes v. Countrywide Home Loans,*

19    *Inc*. 656 F.3d 1034, 1042 (9th Cir. 2011) (*citing Kenly v. Miracle Props*., 412 F. Supp.

20    1072, 1075 (D. Ariz. 1976)). In signing the Deed of Trust in this case, Plaintiff agreed

21    that Mortgage Electronic Registration Systems, Inc. ("MERS"), named as beneficiary,

22    would act as the "nominee for Lender and Lender's successors and assigns." *See* RJN,

23    Exhibit 1.  As evidenced by the validly recorded Corporation Assignment of Deed of

24    Trust Arizona, MERS assigned all beneficial interest to BNYM as trustee. *See* RJN,

25    Exhibit 5.

26       Plaintiff further argues that the assignment of the Deed of Trust somehow

27    separated it from the Note, thus nullifying Defendant's security interest in the Deed of

28    Trust. *See* FAC, pages 8-9.  Courts in this Circuit have consistently rejected this

1   "bifurcation" theory for years. *See Cervantes*, 656 F.3d at 1044 ("[T]he notes and deeds

2   are not irreparably split: the split only renders the mortgage unenforceable if MERS or

3   the trustee, as nominal holders of the deeds, are not agents of the lenders.")

4   **G.     Plaintiff's Fraud Causes of Action Fail And Are Barred by The Statute of**

5          **Limitations.**

6          Plaintiff's fraud causes of action, which include Fraud, Contractual Fraud,

7   Security Violations[2], and Arizona Consumer Fraud Act, all involve the loan origination.

8   The Deed of Trust and Corporation Assignment of Deed of Trust make it very clear that

9   none of the moving Defendants were involved in the origination of the subject loan.

10  Further, Plaintiff has not alleged why moving Defendants should be liable for the actions

11  of the loan originator, First Magnus Financial Corporation. Even if the moving

12  Defendants were involved in the loan origination, these fraud causes of action are barred

13  by the applicable statute of limitations.

14         Plaintiff's claims for Fraud, Contractual Fraud and Fraud in the Inducement are

15  subject to a three year statute of limitations. Ariz.Rev.Stat. § 12–543(3). "The limitations

16  period begins to run when the 'plaintiff by reasonable diligence could have learned of the

17  fraud, whether or not [s]he actually learned of it.'" *Fleck v. Am. Home Mortgage*

18  *Servicing, Inc.*, CV-10-8256-PCT-DGC, 2012 WL 1622649 (D. Ariz. May 9, 2012)

19  (quoting, *Coronado Dev. Corp. v. Superior Court*, 139 Ariz. 350, 678 P.2d 535, 537

20  (Ariz.Ct.App.1984)).

21         Further, Plaintiff's claim under Arizona's Consumer Fraud Act is subject to a one

22  year statute of limitations. Ariz.Rev.Stat. § 12–541(5). "The limitations period begins to

23  run when the plaintiff discovers the fraud or could have discovered the fraud by the

24  exercise of reasonable diligence. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d

25  1034, 1045 (9th Cir.2011). In Cervantes, the Court found that a cause of action under the

26  Consumer Fraud Act involving the signing of mortgage documents accrued when the

27

28

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  plaintiffs executed the loan documents because they could have discovered the alleged

2  disclosure violations and discrepancies at that time. Id." *Fleck* at *2. [Emphasis added.]

3         In this case, Plaintiff admits that he executed the loan documents in 2006. FAC at

4  p. 15. Therefore, the limitations periods for Plaintiff's fraud-related causes of action ran

5  several years before he filed this action in 2013.

6         Finally, Plaintiff bases his fraud claim on the contention that the Assignment of

7  Deed of Trust, Substitution of Trustee, and Trustee's Deed Upon Sale were all executed

8  by "robo-signers". However, Plaintiff's allegations of robo-signing are only directed

9  toward ReconTrust and not to moving Defendants. FAC at p. 16-17. Further, Plaintiff

10 fails to provide any evidence on which to base these allegations.  Therefore, they are

11 mere conclusory allegations with no factual basis.  "[A] plaintiff's obligation to provide

12 the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

13 and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

14 *Corp. v. Twombly, 550 U.S. 544, 555 (2007).* A plaintiff cannot meet his burden simply

15 by contending that he "might later establish some 'set of [undisclosed] facts' to support

16 recovery." *Id.* at 561. As such, Plaintiff's has not met his burden and his speculative

17 allegations must be disregarded by this Court when ruling on this Motion.

18        Plaintiff's fraud-related causes of action should be dismissed as to the moving

19 Defendants *without* leave to amend.

20 **H.    Plaintiff's Fourth Cause of Action For "Anguish, Health, Reputation" Fails.**

21        Plaintiff asserts that his fourth count against Defendants is for Anguish, Health,

22 Reputation.  As no such cause of action exists in Arizona, this claim fails on its face.

23 Further, Plaintiff fails to allege any wrongdoing on the part of Defendants.  Moreover,

24 Plaintiff fails to show a causal link between any act of Defendants and Plaintiff's alleged

25 damages.  As such, this claim fails.

26 **I.    Plaintiff's Fifth And Sixth Causes of Action For Mail Fraud And RICO Fail.**

27

28
___

[2] Plaintiff's "Security Violations" cause of action is really a cause of action for "Common Law Fraud in the Inducement and Fraud in the execution of the closing documents including but not limited to the settlement

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    1.  Plaintiff Lacks Standing to Prosecute For Mail Fraud.

2        Mail Fraud, as defined in 18 U.S.C. § 1341, is a federal crime and not a private

3  cause of action.  A civil action for Mail Fraud may however be brought as a RICO cause

4  of action.  18 U.S.C.A. § 1961 (West).  Therefore, Plaintiff lacks standing to bring a mail

5  fraud cause of action under the criminal statute against Defendants.

6    2.  Plaintiff's Sixth Cause of Action For RICO Fails.

7        To state a RICO claim, the plaintiff must allege (1) the existence of an

8  "enterprise" and (2) a "pattern of racketeering activity" that (3) caused injury to

9  Plaintiff's business or property. 18 U.S.C. § 1962; *U.S. v. Turkette*, 452 U.S. 576, 582

10 (1981).

11       "The Ninth Circuit has held that allegations of predicate acts under RICO must

12 comply with Rule 9(b)'s specificity requirements." *U.S. Concord, Inc. v. Harris Graphics*

13 *Corp.*, 757 F.Supp. 1053, 1061 (N.D.Cal.1991) (*citing Schreiber Distributing Co. v.*

14 *ServWell Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir.1986)); *Cayman Exploration*

15 *Corp v. United Gas Pipe Lin Co.* (1989) 873 F.2d 1357, 1362 (a RICO Plaintiff alleging

16 fraud as the predicate act must state the circumstances constituting fraud with

17 particularity).  Therefore, when a RICO Plaintiff alleges fraud as the predicate offense

18 (such as mail fraud or wire fraud, as is the case here), the plaintiff must allege the time,

19 place and manner of each act of fraud, as well as the role of each defendant in the fraud.

20 *See Odom v. Microsoft Corp.*, 486 F.3d 541, 553-54 (9th Cir. 2007); *Lancaster*

21 *Community Hospital v. Antelope Valley Hospital Dist.*, 940 F.2d 397, 405 (9th Cir.1991).

22       In this case, most of the causes of action in the FAC involve the origination of the

23 loan. As stated above, moving Defendants were not parties to the loan origination.

24 Plaintiff then alleges that "lender et al acted in concert with other lenders to create the

25 appearance of higher fair market values." FAC, page 31.  Plaintiff further alleges that

26 said parties defrauded borrowers by getting their signature without regard to the

27 consequences. *Id.*

28

statement, the mortgage and note." FAC at p. 20.

-12-
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    First and foremost, because the "pattern of racketeering activity" is clearly derived

2    from Plaintiff's allegations of fraud, it is subject to the heightened pleading requirements

3    of FRCP Rule 9(b).  Therefore, Plaintiff must allege the necessary who, what, when,

4    where, and why before the FAC can survive a motion to dismiss. Simply lumping

5    defendants together with blanket allegations that they artificially created the appearance

6    of higher market values will not suffice.  Plaintiff must state, at the very least, specifically

7    which defendant(s) caused what specific harm.

8    To the extent Plaintiff's RICO claims incorporate his other claims, Defendants

9    hereby incorporate by reference the arguments set forth throughout this Motion to

10    Dismiss. Plaintiff's RICO claim fails to factually allege an enterprise or association-in-

11    fact; and also fails to establish a pattern of racketeering activity.  As such, Plaintiff's

12    cause of action for RICO should be dismissed with prejudice.

13    **J.    Plaintiff's Other Potential Causes of Action also Fail.**

14    Although Plaintiff only lists out six specific causes of action, most of the body of

15    the FAC is dedicated to discussing other miscellaneous causes of action.  However, for

16    the reasons explained below, each of these potential causes of action fail as well.

17    1.  Plaintiff's Usury and TILA Claims Fail because Defendants were not Parties to the

18    Loan Origination.

19    Plaintiff states no legal basis for his "usury" claim, leaving Defendants to

20    speculate about what provision of Arizona law Plaintiff contends Defendants violated.

21    Plaintiff also fails to allege the requisite elements of a usury claim or any facts that would

22    sustain such a claim against Defendants. The FAC conclusorily alleges, without any

23    factual support, that:

24        As a result of the artificially inflated "fair market values" utilized by
         LENDER et al, its agents, servants and/or employees, to induce the
25        Borrower to sign the mortgage documents, the effective yield now vastly
         exceeds the legal lending limit in the State of Arizona if the Borrower pays
26        in accordance with the Mortgage/Deed of Trust and Note indentures.

27

28

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1       Plaintiff also alleges a TILA violation, but fails to allege any facts to support this

2 potential cause of action. Plaintiff merely states that his TILA claims "have been

3 summarized in prior correspondence to the Defendants." FAC at p. 21. This is hardly

4 sufficient to survive a motion to dismiss.

5       Moreover, as stated throughout this Motion, Defendants were not parties to the

6 loan origination and Plaintiff has not shown why Defendants should be held liable for the

7 actions of First Magnum during the loan origination.  Therefore, these causes of action

8 should be dismissed *with prejudice* as to Defendants because Plaintiff cannot amend to

9 allege that Defendants were parties to the loan origination.

10     2.  Plaintiff's RESPA Claims Fail.

11       Plaintiff's entire RESPA cause of action consists of only one sentence under a

12 separate heading entitled "RESPA VIOLAIONS [sic]."  That one sentence states, "[t]he

13 Defendants failed to properly respond to the claims under the act and are currently in

14 violation." FAC at p. 21. Plaintiff, however, fails to specify what provisions of RESPA

15 have been violated and fails to state any specific allegations regarding how each

16 Defendant's behavior violated RESPA.

17       In *Tompkins v. Bank of America National Association*, 2010 WL 396367 (D. Ariz.

18 Jan. 28, 2010), the complaint contended that "in violation of 12 U.S.C. § 2607 [a specific

19 provision of RESPA], and in connection with the mortgage loan to plaintiff[s] . . .

20 Defendants accepted charges for the rendering of real estate which were in fact for other

21 than services actually performed." *Id*. at 4. The Tompkins court ruled that (i) this

22 "statement was nothing more than a 'legal conclusion' combined with a 'recitation of

23 [some of the] elements of a cause of action,' neither of which is sufficient to survive

24 dismissal;" (ii) the complaint lacked facts sufficient to put either the "Defendants or the

25 Court on notice of Plaintiffs' claims;" and (iii) therefore the complaint failed to raise a

26 "reasonable inference" of Defendants liability. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1949).

27       Here, Plaintiff provides no detail about his RESPA claim -- failing to identify the

28 specific provision of RESPA violated or how exactly each Defendant violated that

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1   unspecified provision -- all far less than that which the *Tompkins* court found insufficient.

2   Therefore, Plaintiff's RESPA claim should be dismissed.

3          3.   Plaintiff's Cause of Action For Breach of Contract Fails.

4         Although the FAC is unclear, it appears that Plaintiff is alleging breach of contract

5   because the Deed of Trust and promissory note are "void ab initio." Specifically, Plaintiff

6   contends that the Deed of Trust is not valid because it does not list a Trustee.  However,

7   A.R.S. § 33-804 (A) states that ". . . if a trustee was not designated in the deed of trust,

8   the beneficiary may appoint a successor trustee, and such appointment shall constitute a

9   substitution of trustee."  On August 24, 2011, a Substitution of Trustee was recorded

10  naming Recontrust Company, N.A. as the trustee under the Deed of Trust.  *See* RJN,

11  Exhibit 6.  Accordingly, a Trustee is named in the Deed of Trust and Plaintiff's

12  contention has no merit.

13        Plaintiff further contends that the promissory note lacks the required

14  "endorsements, transfer or assignments stamped [sic]" which are required by law in the

15  event of assignment, rendering the note a fraudulent document. FAC at p. 15-16. Finally,

16  Plaintiff claims there is no legal assignment of the DOT to BNYM as trustee, making the

17  Deed of Trust null and void. As with an assignment of deed of trust, Plaintiff does not

18  have standing to challenge the transfer of a note from one party to another. More

19  importantly, as stated above in section F(2), Defendants are not required to produce the

20  original note to Plaintiff before exercising the power of sale contained in the Deed of

21  Trust. Therefore, whether the note has the required endorsements is moot and certainly is

22  not a basis for a breach of contract claim.

23        Therefore, Plaintiff's claim for breach of contract should be dismissed with

24  prejudice.

25                         **IV. CONCLUSION.**

26        For the foregoing reasons, Defendants respectfully request that this Court dismiss

27  Plaintiff's entire First Amended Complaint **with prejudice** as to the moving Defendants

28  pursuant to FRCP Rule 12(b)(6).

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPECTFULLY SUBMITTED** this 12th day of December, 2013.

**WRIGHT, FINLAY & ZAK, LLP**

By:  /s/ Kim R. Lepore
        Kim R. Lepore, Esq.
        Attorneys for Attorneys for Defendants SPS, O'Brien,
        BNYM as trustee, Hassell, Richards, Todd and
        Williams

## CERTIFICATION OF CONFERRAL

Pursuant to this Court's Order dated October 23, 2013 (Doc. 5), undersigned counsel certifies that she has attempted to meet and confer with Plaintiff to determine whether an amendment could cure the deficient FAC, but Plaintiff has failed to respond to counsel. Counsel left Plaintiff a voicemail message and sent a detailed email to Plaintiff, both with no response.

        /s/ Kim R. Lepore
        Kim R. Lepore, Esq.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1   ORIGINAL of the foregoing electronically
    filed this 12th day of December, 2013.
2

3   COPIES of the foregoing mailed this
    12th  day of December, 2013, to:
4

5   Ivaylo Tsvetanov Dodev
    6312 S/ 161st Way
6   Gilbert, AZ 85298
7   Plaintiff in pro se

8
    Sean K. McElenney. Esq.
9   Coree E. Neumeyer, Esq.
    Eric M. Moores, Esq.
10  Two N. Central Ave., Suite 2200
11  Phoenix, AZ 85004-4406
    Attorneys for ReconTrust, Bank of America
12  and Brian T. Moynihan

13

14  /s/ Steve Bennett

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT