BRYAN CAVE LLP (No. 00145700)
Sean K. McElenney (No. 016987)
Coree E. Neumeyer, (No. 025787)
Eric M. Moores (No. 028280)
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000
(602) 364-7070 fax
skmcelenney@bryancave.com
coree.neumeyer@bryancave.com
moorese@bryancave.com

Attorneys for Defendants ReconTrust Co. N.A.,
Bank of America, N.A., and Brian T. Moynihan

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ReconTrust Co. N.A.; James F. Taylor; Select Portfolio Servicing, Inc.; Gerald Hassell; Bank of America, N.A.; Brian T. Moynihan; Timothy O'Brien; and Bank of New York Mellon,<br><br>　　　　Defendants. | No. 2:13-CV-02155-GMS<br><br>**DEFENDANTS RECONTRUST, N.A., BANK OF AMERICA, N.A. AND BRIAN T. MOYNIHAN'S MOTION TO DISMISS COMPLAINT**<br><br>(Hon. G. Murray Snow) |

　　　　Plaintiff Ivaylo Tsvetanov Dodev's ("Dodev's") First Amended Complaint ("Complaint") fails to plead any facts that would entitle him to the relief he seeks, and the Complaint relies largely on legal theories that cannot succeed no matter how well-pled. Therefore, Defendants ReconTrust Co., N.A. ("ReconTrust"), Bank of America, N.A. ("BANA"), and Brian T. Moynihan ("Moynihan") (collectively, "Moving Defendants") move the Court to dismiss this action for failure to state a claim on which relief may be granted.

751478.2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

On December 12, 2006, Dodev borrowed $681,750.00 ("Loan") from non-party First Magnus Financial Corporation ("First Magnus"), as evidenced by a Deed of Trust securing the loan and recorded against real property at 23410 South 161st Way in Gilbert, Arizona ("Property"). [Ex. A][1] Under the Deed of Trust, Dodev agreed that Mortgage Electronic Registration Systems, Inc. ("MERS") would act as beneficiary in a nominee capacity for First Magnus and its successors and assigns. [Id.] The Deed of Trust did not name a Trustee. [Id.]

In August 2011, MERS recorded a Corporation Assignment Deed of Trust Arizona ("Assignment"), conveying "all beneficial interest" under the Deed of Trust to Defendant Bank of New York Mellon ("BONY"). [Complaint, at 16; Ex. B][2] That same day, BONY recorded a Substitution of Trustee Arizona ("Substitution") appointing ReconTrust as the successor trustee. [Complaint, at 16; Ex. C][3] Dodev does not dispute that he defaulted on the loan. On August 2, 2013, ReconTrust recorded a Notice of Trustee's Sale ("Sale Notice"), setting a sale date of November 8, 2013. [Ex. C][4]

## II. LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

---

[1] The Court may consider the Deed of Trust without converting this motion to dismiss into a motion for summary judgment because it is a matter of public record properly subject to judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) ("On a motion to dismiss, we may consider materials incorporated into the complaint or matters of public record.").

[2] The Court may consider the Assignment because it is a matter of public record properly subject to judicial notice. See Coto, 593 F.3d at 1038.

[3] The Court may consider the Substitution because it is a matter of public record properly subject to judicial notice. See id.

[4] The Court may consider the Sale Notice because it is a matter of public record properly subject to judicial notice. See id.

751478.2

556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (reversing denial of motion to dismiss). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A plaintiff cannot meet his burden simply by contending that he "might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. It is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." Id. at 1950.

### III.   ARGUMENT

Dodev's Complaint raises a number of arguments, though the exact claims for which he seeks relief are difficult to determine. This Motion will address those claims that are clear causes of action, as well as those that appear to undersigned counsel to be claims for relief even though the Complaint does not clearly categorize them as such. As an initial matter, Dodev has named Moynihan as an individual defendant, but this Court has no personal jurisdiction over him. This Court should dismiss all claims against Moynihan for lack of personal jurisdiction.

Dodev seeks a declaratory judgment quieting title to the Property in his favor, as well as damages based on multiple frivolous legal theories regarding the validity of the recorded documents. Not only has Dodev failed to plead any actionable claim, but his underlying factual and legal allegations cannot form the basis of any viable cause of action

751478.2

against any Defendant, let alone Moving Defendants. Therefore, the Court should dismiss the Complaint with prejudice and without leave to amend.

### A. This Court Lacks Personal Jurisdiction Over Bryan T. Moynihan And The Complaint Fails To Allege Any Wrongdoing Against By Moynihan.

The Complaint names Bryan T. Moynihan ("Moynihan") as an individual defendant, but then fails to make any specific allegation against him. [Complaint, at 3] Additionally, this Court does not have personal jurisdiction over Moynihan. Dodev does not make any claim to justify personal jurisdiction over Moynihan. In fact, the Complaint correctly states his place of business is Charlotte, North Carolina. [Complaint, at 4] Dodev makes no claim Moynihan has sufficient minimum contacts in Arizona that would allow the Court to exercise personal jurisdiction over him, nor does Dodev allege Moynihan was served here. Thus, this Court does not have personal jurisdiction over Moynihan and all claims against him should be dismissed.

A plaintiff must establish either general or specific jurisdiction over each individual defendant within the limits of the Due Process Clause of the Fourteenth Amendment. Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1165, 1168–69 (9th Cir. 2006). Due process requires that the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945). "Where a defendant has 'substantial' or 'continuous and systematic' contacts with the forum state, there is a sufficient relationship between the defendant and the state to support 'general personal jurisdiction' even if the cause of action is unrelated to the defendant's forum activities." Peterson v. Kennedy, 771 F.2d 1244, 1261 (9th Cir. 1985). Where such "substantial" or "continuous and systematic" contacts are lacking, a court may exercise "specific" personal jurisdiction depending upon "the nature and quality of the defendant's contacts in relation to the cause of action." Data Disc. Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). But the

4

751478.2

Complaint does not allege Moynihan has any contacts with Arizona, let alone contacts sufficient to establish an Arizona court's jurisdiction over him.

Further, Dodev fails to allege any specific wrongdoing as to Moynihan, and has not alleged that Moynihan was personally involved with his mortgage in any way. While Moynihan is the Chief Executive Officer of BANA, the Complaint does not allege he personally took any action with regard to Dodev's loan or that Moynihan had any personal interaction with him. Moynihan was merely an employee of BANA and did not act in any way that would give rise to a cause of action against him personally. Even if he did, Dodev has not—and cannot—establish that Moynihan has sufficient contacts to Arizona to subject him to personal jurisdiction here. Thus, this Court should dismiss all claims against Moynihan.

**B.   Dodev Fails To Plead An Actionable Claim Under The Federal Debt Collection Practices Act Because Mortgagees Are Not "Debt Collectors."**

Dodev's claims under the Fair Debt Collection Practices Act (the "FDCPA) are deficient. "[T]he FDCPA applies only to a debt collector who engages in practices prohibited by the Act in an attempt to collect a consumer debt." Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). "Mortgagees and their beneficiaries, including mortgage servicing companies, are **not** debt collectors subject to the FDCPA." Id. (emphasis added); Hulse v. Owen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("[T]he activity of foreclosing on [real] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."); Perry v. Stewart Title, 756 F.2d 1197, 1208 (5th Cir. 1985) (holding FDCPA inapplicable because assignee of loan was not "debt collector"). While Dodev devotes several paragraphs to his argument that BANA is a "debt collector" under the FDCPA, the fact is that several courts have already weighed in on the issue and decided that the FDCPA does not apply to mortgagees like BANA. Dodev does not allege BANA's actions related to any purpose other than the subject mortgage. Further, ReconTrust is merely a trustee of the trust deed; Dodev has not alleged it has attempted to collect a debt from him. Accordingly, neither

5

751478.2

BANA nor ReconTrust is a "debt collector" within the meaning of the FDCPA, and Dodev cannot plead an actionable claim under the statute. Thus, this Court should dismiss Dodev's FDCPA claim against BANA and ReconTrust.

### C. Dodev Fails To Plead An Actionable Claim For Quiet Title.

To quiet title, a plaintiff must allege, in a verified complaint, that he possesses title to the subject property, that a defendant claims an interest adverse to his, and that it would be inequitable to let the defendant's interest stand. A.R.S. § 12-1102; Lavidas v. Smith, 195 Ariz. 250, 256, 987 P.2d 212, 218 (Ct. App. 1999). Further, "in an action to quiet title, the party invoking the court's jurisdiction is required to do equity and, if it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless he pays off such mortgage lien." Farrell v. West, 114 P.2d 910, 911 (Ariz. 1941).

#### 1. Dodev Has Not Satisfied the Unpaid Balance of the Loan.

Here, Dodev does not dispute he is in default and has failed to pay the outstanding balance of the loan. While he claims to have made attempts to satisfy his obligation under the note, he acknowledges he has not actually done so. [Complaint, at 12-14] Additionally, Dodev does not state he is currently prepared and willing to tender the outstanding amount. In fact, the Complaint is based on the premise that the debt has been discharged, which reflects that Dodev does not believe a valid debt exists.[5] Dodev's position on the debt clearly does not indicate that he now stands prepared and willing to satisfy his obligation, even if he had made such a claim. Thus, Dodev has not satisfied the tender rule related to quiet title claims, and quieting title in his name would not only be

---

[5] As set out succinctly in the motion to dismiss filed by Select Portfolio Servicing, Inc. ("SPS"), Timothy O'Brien, The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, Gerald Hassell, Karla Richards, Dani Todd and KaJay Williams (collectively, "Certain Defendants"), Dodev's bankruptcy did not discharge the security interest held under the trust deed. [See Doc. 40, at 8-9]

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

751478.2

inequitable, but would result in an incredible and undeserved windfall for Dodev in the form of a free house.

### 2. A Quiet Title Action against BANA is Improper, as it Does not Have any Interest in the Property.

BANA is not currently the noteholder, trust deed beneficiary, or loan servicer. Dodev acknowledges BANA transferred the note to SPS, and he does not allege BANA ever reacquired the debt or that it currently holds any interest in the Property. [Complaint, at 11] BANA does not assert any interest in the Property and, therefore, there is no basis upon which Dodev may seek to quiet title against it. Thus, Dodev's quiet title claim is improper to the extent it requests relief from BANA, and this Court should dismiss this claim against BANA.

### 3. Dodev has Cited no Authority That Prevents ReconTrust From Foreclosing on its Security Interest.

ReconTrust is the current trustee under the deed of trust. [Ex. C] Even assuming Dodev's loan was discharged through the bankruptcy proceedings he references in the Complaint, the law still entitles the trust deed beneficiary to foreclose on its security interest. Such a discharge does not prevent creditors from enforcing a valid lien that existed at the time of the bankruptcy filing, which is the case here. See Long v. Bullard, 117 U.S. 617 (1886); 11 U.S.C. § 522(c)(2). Accordingly, BONY—the current beneficiary of the trust deed—and ReconTrust—as successor trustee of the trust deed—may proceed to enforce the lien to the extent permitted under relevant state law. For this reason, the Court should dismiss the quiet title claim as to ReconTrust.

### 4. Dodev's UCC Claims are Irrelevant to Deeds of Trusts, and no Defendant is Required to Prove Standing Before Initiating a Foreclosure.

Dodev raises various UCC provisions to support his claims that the mortgage has been invalidated. [Complaint, at 27-28] But the UCC does not apply here because, among other reasons, no Defendant is attempting to enforce the promissory note in court. While Arizona has adopted the UCC (codified at A.R.S. §§ 47-3301 et seq.), its provisions

7

751478.2

simply set forth the requirements and conditions for a party seeking to enforce a negotiable instrument. Here, no Defendant seeks to foreclose upon or otherwise enforce the promissory note.

The Arizona Supreme Court expressly recognizes a distinction between an action to foreclose based on a promissory note and a non-judicial foreclosure pursuant to the power of sale in a deed of trust. See Hogan v. Washington Mutual Bank, N.A., 227 Ariz. 561, 579-580, 277 P.3d 781, 782-783 (2012) (disregarding the UCC's requirements because "the trustees here did not seek to collect on the underlying notes; instead, they noticed these sales pursuant to the trust deeds"; recognizing that "the note and the deed of trust are nonetheless distinct instruments that serve different purposes"). In Hogan, the Arizona Supreme Court held the negotiable instrument law of the UCC did not apply to trustee sales.[6] Id. And because no Defendant seeks to enforce the note here, the UCC is irrelevant and Dodev's UCC-based arguments fail. See also Patton v. First Fed. Savings & Loan Assoc. of Phoenix, 118 Ariz. 473, 476, 578 P.2d 152, 155 (1978); Diessner v. Mortgage Electronic Registration System, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (holding the lack of "controlling authority providing that the [AUCC] . . . applies in non-judicial foreclosure proceedings in Arizona.").

### 5. Dodev's Claims that no Defendant is the Holder of the Note and That Defendants Lack Standing are Meritless.

To support his quiet title claim, Dodev also alleges no Defendant is a true "holder" of the Note and, therefore, no Defendant has a right to enforce it. [Complaint, at 8] But this argument—often referred to as the "show me the note" theory—has been rejected in Arizona. Hogan, 277 P.3d at 782-83 ("Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure"). Additionally, Dodev argues Defendants have not complied with the UCC. [Complaint, at 27] But, as discussed above, Arizona's trust deed

---

[6] Trustee's sales are exclusively governed by A.R.S. §§ 33-801–821.

8

751478.2

statutes do not require compliance with the UCC before a trustee commences a nonjudicial foreclosure. Hogan, 277 P.3d at 782-83.

Further, the Complaint alleges Defendants do not have standing to hold a trustee's sale. [Complaint, at 28] But an entity seeking to foreclose through a non-judicial trustee's sale does not need to prove it has standing when it has *not* filed a complaint for foreclosure. Rather, a trustee has standing to hold a sale by virtue of its status as a trustee. A.R.S. § 33-807(A). Dodev claims Defendants violated the UCC, but, as discussed above, its provisions are completely irrelevant under these circumstances. Thus, Dodev's "standing" and "holder-in-due-course" allegations are meritless.

### 6. Dodev's Bifurcation Argument has Been Rejected by Arizona Courts.

The Complaint also raises a bifurcation argument to support Dodev's claim to quiet title. [Complaint, 15-16] The term "bifurcation" refers to the theory that, because the Note and Deed of Trust were not transferred concurrently to the same party, the security interest has been invalidated. While this is a common theory in these types of cases, the District of Arizona has repeatedly rejected "bifurcation" arguments. See Buchna v. Bank of America, N.A., No. 2:10-cv-00418-MHM, at *7 (D. Ariz. Oct. 25, 2010); Ciardi v. Lending Co., Inc., No. CV 10–0275–PHX–JAT, at *3 (D. Ariz. May 24, 2010). Further, even if the Note and Deed of Trust have been separated, such bifurcation "only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders." See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011). But here, the Deed of Trust expressly states that MERS is acting "as a nominee for Lender and Lender's successors and assigns" and, in that capacity, may "take any action required of Lender." [Ex. A] The Complaint does not present any evidence refuting this agency relationship. Thus, Dodev's bifurcation argument is meritless. For this reason, and those stated above, Dodev's quiet title claim should be dismissed.

9

751478.2

### D. Dodev Fails To Plead An Actionable Claim For Fraud.

The Complaint contains sweeping allegations of fraud against "Defendants," including the groundless claim that none are holders of the Note and the incredible assertion that he was fraudulently induced into the transaction because he believed he would receive actual money. Dodev's fraud allegations stem from the loan origination, which occurred on December 12, 2006, from the original lender, First Magnus Financial Corporation ("First Magnus"). Neither BANA or ReconTrust was a party to the loan origination, and none are listed on the Deed of Trust. [Ex. A]

Even if BANA or ReconTrust were involved with the original transaction, Dodev's fraud allegations are time-barred. A.R.S. § 12-543(3) establishes a three-year statute of limitations for fraud claims, and Dodev signed the loan documents on December 12, 2006. [Ex. A] The Complaint was not filed until October 23, 2013—nearly four years after the statute of limitations barred the claim.

Further, to state a claim for fraud, a plaintiff must plead factual matters demonstrating "that the defendant made a false, material representation that he knew was false or was ignorant of its truth, with the intention that the hearer of the representation act on it in a manner reasonably contemplated, that the hearer was ignorant of the representation's falsity, rightfully relied on the truth of the representation, and sustained consequent and proximate damage." Haisch v. Allstate Inc. Co., 197 Ariz. 606, 610, 5 P.3d 940, 944 (Ct. App. 2000). Fed. R. Civ. P. 9(b) requires allegations of fraudulent representations be pled with particularity. Schreiber Distrib. Co. v. ServWell Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("We have interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation").

The Complaint does not identify any specific false statements made by any Defendant, let alone any of the Moving Defendants, who were not even parties to the loan origination. Additionally, Dodev has not explained how any factual statements made were false, why he relied on those statements, why his reliance was reasonable, or how the

10

751478.2

reliance damaged him. Thus, the fraud allegations fall far short of the pleading requirements of Rule 9(b). Moreover, they do not set out, defendant by defendant, what each is alleged to have done to commit a fraud. "Group" allegations are not appropriate in a federal pleading. See, e.g., Riehle v. Bank of America, N.A., 2013 U.S. Dist. LEXIS 55788, at *6 (D. Ariz. Apr. 18, 2013) (plaintiff's "group pleading" violated Rule 8(a) because it "fails to give fair notice of the claims").

Further, Dodev alleges that he was misled into believing he would receive money in return for signing the Note and Deed of Trust, a claim known as the "vapor money" theory. [Complaint, at 17-18] "Proponents of this theory argue that banks do not lend actual money, only credit, so no loan occurs. If no loan occurred and no consideration was given, then banks have no right to foreclose." De Leon v. ReconTrust Company, 3:10-cv-08132-JAT, 2010 WL 4739954, at *2 (D. Ariz. Nov. 16, 2010). The District of Arizona has repeatedly rejected the vapor money theory. See, e.g., id.; Vollmer v. Present, No. CV 10-1182-PHX-MHM, 2011 WL 11415, at *6 (D. Ariz. Jan. 4, 2011); Owens v. ReconTrust Co., N.A., No. CV 10–2696–PHX–JAT, 2011 WL 3684473, at *4 (D. Ariz. Aug. 23, 2011); Nichols v. Bosco, No. CV 10-1872-PHX-FJM, 2010 WL 3909205 at * 3 (D. Ariz. Oct. 1, 2010).

Not only does Dodev's vapor money theory have no legal merit, but neither BANA nor ReconTrust were involved in the original transaction. Dodev could not have reasonably expected to ever receive funds from them. Additionally, the terms of the Note and Deed of Trust Dodev signed are clear that the purpose of the loan was to purchase the Property. [Ex. A] To the extent Dodev's fraud claims rely on the vapor money theory, they fail to state an actionable claim and should be dismissed as to BANA and ReconTrust.

### E. Dodev's Claim For "Anguish, Health, Reputation" Fails.

Count Four of the Complaint alleges a cause of action for "Anguish, Health, Reputation." [Complaint, at 29] No such cause of action exists in Arizona, and Dodev

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

751478.2

does not cite any other cause of action that entitles him to the damages claimed. Thus, this claim fails to meet the requirements of Fed. R. Civ. P. 8(a), and it fails on its face.

Even assuming this is a claim for intentional infliction of emotional distress, it still fails. Such a claim requires proof that a defendant's conduct: (i) was "extreme and outrageous," (ii) was "intend[ed] to cause emotional distress or recklessly disregard the near certainty that such distress will result from [the] conduct," and (iii) resulted in "severe emotional distress." Citizen Publishing Co. v. Miller, 210 Ariz. 513, 516, 115 P.3d 107, 110 (2005) (en banc). Among other things, a plaintiff asserting this theory must show the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Craig v. M&O Agencies Inc., 496 F.3d 1047, 1058 (9th Cir. 2007). The Complaint does not contain any facts supporting an allegation that any defendant was motivated by any intent to inflict emotional distress. This claim should be dismissed.

### F.   Dodev's Mail Fraud Claim Fails Because No Statute Grants Individual Plaintiffs A Private Cause of Action.

In Count Five, Dodev brings a claim for Defendants' alleged mail fraud. [Complaint, at 30]  Federal mail fraud statutes—specifically, 18 U.S.C. § 1341—do not grant individual plaintiffs a private cause of action. See, e.g., Ayres v. Gen. Motors Corp., 234 F.3d 514, 526 (11th Cir. 2000). Dodev does not even claim damages under this cause of action. Rather, he merely states he is willing to assist "State and Federal authorities in order to carry a lawful persecution [sic] against the Defendants. . . ." [Complaint, at 30-31] Because there is no private cause of action for mail fraud, and because Dodev has essentially used this claim to notify the authorities of his willingness to help in a potential investigation, this claim should be dismissed.

### G.   Dodev Has Failed To Properly Plead A RICO Violation.

Dodev's claim that "Defendants" violated the RICO statute is equally deficient. The Complaint states in conclusory fashion that "multiple parties in multiple states" acted in concert to drive up property value appraisals and create "the false appearance of trends

that did not in actuality exist. . . ." [Complaint at 21] But this is hardly sufficient to satisfy the requirements of a RICO claim.

To state a viable cause of action, a plaintiff must plead allegations that establish all of the elements of a RICO claim. In a RICO fraud action, "[t]o avoid dismissal for inadequacy under [Fed. R. Civ. P.] 9(b), [the] complaint would need to 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004). "Rule 9(b) does not allow a complaint merely to lump multiple defendants together but require[s] plaintiffs to differentiate their allegations and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007) (quotations omitted).

Dodev's RICO claim falls far short of these requirements. The Complaint does not provide the "time, place, and specific content of the false representations," nor does it state which Defendants caused what specific harm. Like his mail fraud claim, Dodev's requested relief simply states that he will assist the authorities in prosecuting Defendants. Dodev has not satisfied the pleading requirements of a RICO claim. He also fails to allege any damages related to this claim. Dodev's RICO claim should be dismissed.

### H. Dodev's Other Arguments Also Fail.

Dodev's Complaint also raises other arguments, but it is not clear whether he intended to state additional causes of action supported by these arguments. In any event, Dodev's miscellaneous allegations also fail to state any claim upon which relief may be granted for the reasons set forth in Certain Defendants' Motion to Dismiss, and Moving Defendants hereby join in those arguments. [See Doc. 40, at 13-15]

### Relief Requested

For the foregoing reasons, BANA, ReconTrust, and Brian T. Moynihan respectfully request that the Court enter an Order dismissing the First Amended Complaint as against each of them, as well as dismissing this action in its entirety, with prejudice.

751478.2

1   DATED this 13th day of December, 2013.

                                BRYAN CAVE LLP


                                By /s/ Eric M. Moores
                                   Sean K. McElenney
                                   Coree E. Neumeyer
                                   Eric M. Moores
                                   Two North Central Avenue, Suite 2200
                                   Phoenix, AZ  85004-4406
                                   Telephone: (602) 364-7000

                                Attorneys for Defendants ReconTrust
                                Co. N.A., Bank of America, N.A.,
                                and Brian T. Moynihan


ORIGINAL of the foregoing electronically
filed with the Court this 13th day of December, 2013

COPY of the foregoing mailed
this 16th day of December, 2013:

Ivaylo Tsvetanov Dodev
6312 S. 161st Way
Gilbert, AZ 85298


s/ Nicole Daley

14

751478.2

**CERTIFICATION OF CONFERRAL**

Pursuant to this Court's Order, dated October 23, 2013 (Doc. 5), undersigned counsel certifies that he has attempted to meet and confer with Plaintiff to determine whether an amendment could cure the deficient FAC, but Plaintiff failed to respond to counsel. Counsel sent Plaintiff a meet and confer letter, and followed up via email messages, but received no response.

By /s/ Eric M. Moores
Eric M. Moores

751478.2