1

**WRIGHT, FINLAY & ZAK, LLP**

2
Kim R. Lepore, Esq., Arizona Bar No. 019130
Bradford E. Klein, Esq., Arizona Bar No. 027720

3
18444 N. 25th Ave., Suite 420
Phoenix, AZ 85023

4
Telephone: 602-845-8898

5
Fax: 949-608-9142
klepore@wrightlegal.net | bklein@wrightlegal.net

6

7
Attorneys for Defendants Select Portfolio Servicing, Inc., Timothy O'Brien, The Bank of
New York Mellon fka The Bank of New York as Trustee for the Certificateholders of

8
CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates,

9
Series 2007-OA7, Gerald Hassell, Karla Richards, Dani Todd and KaJay Williams

10
### UNITED STATES DISTRICT COURT

11
### FOR THE DISTRICT OF ARIZONA

12

13
Ivaylo Tsvetanov Dodev,                          ) Case No.: 2:13-CV-02155-GMS

14
                                                 )
        Plaintiff,                               )

15
                                                 ) **RESPONSE TO PLAINTIFF'S**
                                                 ) **MOTION TO SANCTION COUNSEL**

16
        vs.                                      ) **KIM LEPORE AND OPPOSITION**
                                                 ) **TO GERALD HASSELL'S MOTION**

17
Recontrust Company, N.A.; James F. Taylor;       ) **TO SET ASIDE ENTRY OF**

18
Select Portfolio Servicing, Inc.;               ) **DEFAULT**
Timothy O'Brien; Bank Of New York               )

19
Mellon, N.A.; Gerald Hassell; Bank Of           )

20
America, N.A. successor of Countrywide          ) (*Declaration of Kim R. Lepore filed*
Home Loans, Inc.; Brian T. Moynihan; and        ) *concurrently herewith*)

21
Does 1-100,                                      )
                                                 )

22
        Defendants.                              ) (Honorable G. Murray Snow)

23
                                                 )

24
                                                 )

25
        Defendant Gerald Hassell ("Hassell"), by and through counsel, and counsel Kim

26
R. Lepore, hereby respond to Plaintiff's Motion to Sanction Counsel Kim Lepore and

27
Opposition to Gerald Hassell's Motion to Set Aside Entry of Default (Doc. 39) for the

28
reasons that Plaintiff's Motion to Sanction Counsel fails to comply with the FRCP and

default was entered against Hassell prior to Hassell's deadline to file a responsive pleading.

**A. Plaintiff's Motion To Sanction Counsel Is Improper.**

Plaintiff's Motion to Sanction Counsel fails to comply with FRCP Rule 11. Rule 11(c)(2) provides as follows:

> A motion for sanctions must be made **separately** from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be **served under Rule 5**, but it **must not be filed** or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including **attorney's fees**, incurred for the motion. [Emphases added.]

First, Plaintiff failed to file his Motion for Sanctions as a separate motion. Instead he filed it as part of his Opposition to Gerald Hassell's Motion to Set Aside Entry of Default. Second, Plaintiff failed to serve the Motion under Rule 5. See, Certificate of Service attached to Plaintiff's Motion to Sanction Counsel at page 6. Third, Plaintiff filed the Motion with the Court prior to serving it on counsel and without allowing counsel time to withdraw or correct the Motion to Set Aside Entry of Default. Therefore, the Motion for Sanctions must be denied and Defendants should be awarded reasonable attorney fees in defending the improper motion.

Furthermore, "[t]he mental state applicable to liability for sanctions initiated by motion is objective unreasonableness, i.e., liability may be imposed if the lawyer's claim to have evidentiary support is not objectively reasonable; that standard is appropriate in circumstances where the lawyer whose submission is challenged by motion has the opportunity, afforded by the 'safe harbor' provision, to correct or withdraw the challenged submission." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 66 (2nd.Cir.2003).

At the time counsel filed the Motion to Set Aside Entry of Default (Doc. 37), she checked the Court's docket and could not find a Motion for Entry of Default against Hassell. See, Declaration of Kim R. Lepore ("Lepore Dec.") at ¶2. Subsequent to filing

1   the Motion to Set Aside, it was brought to counsel's attention that Plaintiff filed the

2   Motion against Hassell ***as an attachment*** to the Motion for Entry of Default against

3   Defendant Select Portfolio Servicing, Inc. (Doc. 28). See, Lepore Dec. at ¶3; Docket,

4   generally. Plaintiff also filed 2 separate Motions for Entry of Default as attachments to

5   his Motion for Entry of Default against Bank of America, N.A. (Doc. 27). See, Lepore

6   Dec. at ¶4; Docket, generally. Because of the erroneously manner in which Plaintiff filed

7   all of these Motions, the attachments do not show up as separate Motions on the Court's

8   Docket; only the main 2 Motions for Entry of Default (Docs. 27 and 28) can be seen. See,

9   Lepore Dec. at ¶5; Exhibit 1 attached thereto and incorporated herein. Moreover, in

10  Plaintiff's Motion to Allow Electronic Filing (Doc. 7), Plaintiff stated that he would

11  comply with the rules and regulations of filing documents on PACER.  Therefore,

12  Plaintiff also should have known that he cannot file a Motion for Entry of Default as an

13  attachment to another Motion for Entry of Default.

14      Accordingly, counsel reasonably believed at the time she filed the Motion to Set

15  Aside Entry of Default that Plaintiff had not filed a Motion for Entry of Default against

16  Hassell and the Motion to Set Aside was not filed maliciously or for an improper

17  purpose. See, Lepore Dec. at ¶6.

18      Plaintiff further argues that counsel's action in filing the Motion to Set Aside

19  Entry of Default was in "direct defiance" of this Court's Order dated October 23, 2013

20  requiring Defendants to meet and confer with Plaintiff prior to filing a Rule 12(b) motion

21  (Doc. 5). However, that Order only requires Defendants to confer with Plaintiff prior to

22  filing a Motion to Dismiss pursuant to FRCP Rule 12(b). It does not require Defendants

23  to confer with Plaintiff prior to filing any other pleadings such as a Motion to Set Aside

24  Entry of Judgment. That Order does, however, require Plaintiff to familiarize himself

25  with the FRCP.   Therefore, Plaintiff should be held accountable for his failure to comply

26  with Rule 11.

27  ///

28  ///

**B. Defendant's Motion to Set Aside Entry of Default Was Proper Because Default Had Been Entered Prematurely.**

Even if Plaintiff had properly docketed a Motion for Entry of Default against Hassell, it was untimely because Hassell's time to respond to the First Amended Complaint has not yet expired. Plaintiff improperly filed the Motion for Entry of Default against Hassell on December 2, 2013, which was docketed on December 4, 2013 (Doc. 28). The Court Clerk entered default against Hassell on December 4, 2013 (Doc. 30). However, Hassell's response to the FAC is still not due because <u>Plaintiff failed to mail a copy of the FAC to Hassell</u>. See, Certificate of Service attached to FAC at page 35. According to the Certificate of Service, Plaintiff only mailed copies of the FAC to The Bank of New York Mellon Corporation and to Timothy O'Brien, not to Hassell, and therefore, Hassell has not been properly served with the FAC.

Even if the FAC had been mailed to Hassell, Hassell's response would not have been due until December 6, 2013 pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 15(a)(3) and 6(d). Rule 15(a)(3) provides, in pertinent part, as follows: "…any required response to an amended pleading must be made within the time remaining to respond to the original pleading or **within 14 days after service of the amended pleading**, whichever is later." Further, Rule 6(d) provides, in pertinent part, as follows: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), **3 days are added** after the period would otherwise expire."

Plaintiff filed the FAC on November 19, 2013. The fourteenth day after November 19, 2013 is December 3, 2013. Three days after that is December 6, 2013. Consequently, Plaintiff's Motion for Entry of Default and the Clerk's Entry of Default were untimely and should be set aside. Moreover, Hassell filed a Motion for Extension of Time to file a response to the FAC on December 6, 2013 and filed its Motion to Dismiss on December 12, 2013 (Doc. 40). Since Hassell was not served with the FAC, his Motion

1    to Dismiss is timely.

2            WHEREFORE, Defendant Gerald Hassell respectfully requests that this Court set

3    aside the Entry of Default entered on December 4, 2013 (Doc. 30) and Counsel Kim

4    Lepore respectfully requests that this Court deny Plaintiff's Motion to Sanction Counsel

5    and award Defendants their attorney fees and costs incurred in defending the motion.

6

7            **RESPECTFULLY SUBMITTED** this 17th day of December, 2013.

8

9                                    **WRIGHT, FINLAY & ZAK, LLP**

10

11                          By:   /s/ Kim R. Lepore, Esq.
                                  Kim R. Lepore, Esq.
12                                Attorneys for Defendants Select Portfolio Servicing,
                                  Inc; Timothy O'Brien; The Bank of New York Mellon
13                                FKA The Bank of New York as Trustee for the
                                  Certificateholders of Cwalt, Inc., Alternative Loan
14                                Trust 2007-OA7, Mortgage Pass-Through Certificates,
                                  Series 2007-OA7; and Gerald Hassell
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   ORIGINAL of the foregoing electronically
2   filed this 17th day of December, 2013.

3   COPIES of the foregoing mailed this
4   17th day of December, 2013, to:

5   Ivaylo Tsvetanov Dodev
6   6312 S/ 161st Way
    Gilbert, AZ 85298
7   Plaintiff in pro se

8
    Sean K. McElenney. Esq.
9   Coree E. Neumeyer, Esq.
    Eric M. Moores, Esq.
10  Two N. Central Ave., Suite 2200
11  Phoenix, AZ 85004-4406
    Attorneys for ReconTrust, Bank of America
12  and Brian T. Moynihan

13
    /s/ Steve Bennett
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28