BRYAN CAVE LLP (No. 00145700)
Sean K. McElenney (No. 016987)
Coree E. Neumeyer, (No. 025787)
Eric M. Moores (No. 028280)
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000
(602) 364-7070 fax
skmcelenney@bryancave.com
coree.neumeyer@bryancave.com
moorese@bryancave.com

Attorneys for Defendants ReconTrust Co. N.A.,
Bank of America, N.A., and Brian T. Moynihan

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>            Plaintiff,<br><br>     v.<br><br>ReconTrust Co. N.A.; James F. Taylor; Select Portfolio Servicing, Inc.; Gerald Hassell; Bank of America, N.A.; Brian T. Moynihan; Timothy O'Brien; and Bank of New York Mellon,<br><br>            Defendants. | No. 2:13-CV-02155-GMS<br><br>**DEFENDANTS RECONTRUST, N.A. AND BANK OF AMERICA, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ISSUANCE OF AN EMERGENCY TEMPORARY RESTRAINING ORDER TO STAY THE SALE OF PLAINTIFF'S HOUSE AND IMPOSITION OF PERMANENT INJUNCTIVE RELIEF BARRING THE SALE OR THE TRANSFER BY DEFENDANTS**<br><br>(Hon. G. Murray Snow) |

Plaintiff Ivaylo Tsvetanov Dodev ("Dodev") is seeking a temporary restraining order and a permanent injunction to prevent "Defendants" from obtaining lawful possession of real property through a legally appropriate Trustee's Sale. [See Doc. 25 ("FAC"), at 1] Dodev argues, erroneously as a matter of fact and law, that he is in "rightful possession in fee-simple of the premises." [Id. at 3] Dodev, however, admits that he obtained a loan (Doc. 18 at Ex. I) and he has not repaid that loan. The legal theories he raises in support of his purported unencumbered ownership of the Property

752614.1

have all been rejected by the this Court on numerous occasions. Further, the fact that Dodev obtained a bankruptcy discharge does not provide grounds to enjoin a trustee's sale. It is indisputable that the beneficiary of a trust deed may still enforce its security interest, despite Dodev's bankruptcy discharge. Recontrust Company, N.A. ("Recontrust"), as the current trustee of the trust deed, is legally entitled to foreclose on the Property in light of Dodev's default. There is also no basis for the Court to enjoin BANA, because BANA claims no interest in the loan, the trust deed, or the Property— BANA is neither the loan servicer, nor the noteholder, nor the trust deed beneficiary. Defendants Recontrust and BANA (collectively "Defendants") object to the issuance of any restraining order, preliminary injunction, or permanent injunction because there is no substantial likelihood of success on the merits of Dodev's claims. Dodev does not demonstrate any entitlement to the relief sought, and Defendants request that the Court enter an order denying Plaintiff's motion for injunctive relief. This response is supported by the following Memorandum of Points and Authorities and the Court's record in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BACKGROUND

On December 12, 2006, Dodev borrowed $681,750.00 ("Loan") from non-party First Magnus Financial Corporation ("First Magnus"), as evidenced by a Deed of Trust securing the loan and recorded against real property at 23410 South 161st Way in Gilbert, Arizona ("Property"). [Doc. 42 at Ex. A] Under the Deed of Trust, Dodev agreed that Mortgage Electronic Registration Systems, Inc. ("MERS") would act as beneficiary in a nominee capacity for First Magnus and its successors and assigns. [Id.] The Deed of Trust did not name a Trustee. [Id.]

In August 2011, MERS recorded a Corporation Assignment Deed of Trust Arizona ("Assignment"), conveying "all beneficial interest" under the Deed of Trust to Defendant Bank of New York Mellon ("BONY"). [FAC, at 16; Doc. 42 at Ex. B] That same day, BONY recorded a Substitution of Trustee Arizona ("Substitution") appointing

ReconTrust as the successor trustee. [FAC, at 16; Doc. 42 at Ex. C]  Dodev does not dispute that he defaulted on the loan. On August 2, 2013, ReconTrust recorded a Notice of Trustee's Sale ("Sale Notice"), setting a sale date of November 8, 2013. [Doc. 42 at Ex. D]

BANA is the former loan servicer and has no interest in the Property or the Loan. [FAC, at 3]  Nor is BANA seeking to foreclose on the Property.  [Doc. 42, at Ex. D]

## II.   LEGAL STANDARD

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original).  Plaintiff asks the Court to engage in an "exercise of a very far reaching power never to be indulged except in a case clearly warranting it."  Sierra Club v. Hickel, 433 F.2d 24, 33 (9th Cir. 1970). Plaintiff bears the burden of clearly establishing entitlement to a preliminary injunction. Plaintiff must prove that: (1) she has a likelihood of success on the merits; (2) there is a likelihood of irreparable harm if a preliminary injunction is not issued; (3) the balance of hardships favors an injunction; and (4) an injunction is in the public interest.  Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008).

## III.  ARGUMENT

The Court should deny Dodev's motion because he cannot demonstrate a likelihood of success on the merits or that the balance of hardships favors him.

### A.   Plaintiff Has No Likelihood of Success.

Dodev seeks to enjoin "Defendants" generally from conducting a trustee's sale of the Property.  [Motion, at 1]  Dodev indisputably defaulted on his Loan.  He seeks to avoid the consequences of default by arguing that the trustee's sale would be improper under various legal theories already rejected by this Court. [See Docs. 40 & 42]  Dodev is unlikely to prevail on his claims for all the reasons set forth in Defendants' Motion to Dismiss (Doc. 42), which arguments Defendants incorporate by reference here in their entirety in the interests of brevity.  Defendants also wish to reiterate a few key points.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

3

752614.1

First, FAC fails to plead an actionable claim under the Federal Debt Collection Practices Act because mortgagees are not "Debt Collectors." "[T]he FDCPA applies only to a debt collector who engages in practices prohibited by the Act in an attempt to collect a consumer debt." Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). "Mortgagees and their beneficiaries, including mortgage servicing companies, are **not** debt collectors subject to the FDCPA." Id. (emphasis added). Thus, the FDCPA does not apply to mortgagees or former servicers like BANA. Dodev does not allege BANA's actions related to any purpose other than the subject mortgage. Further, ReconTrust is merely a trustee of the trust deed; Dodev has not alleged it has attempted to collect a debt from him. Accordingly, neither BANA nor ReconTrust is a "debt collector" within the meaning of the FDCPA.

Second, Dodev has no valid claim for quiet title against either BANA or Recontrust. BANA is not currently the noteholder, trust deed beneficiary, or loan servicer. Dodev acknowledges BANA transferred the note to SPS, and he does not allege BANA ever reacquired the debt or that it currently holds any interest in the Property. [FAC, at 11] BANA does not assert any interest in the Property and, therefore, there is no basis upon which Dodev may seek to quiet title against it. ReconTrust is the current trustee under the deed of trust. [Doc. 42, at Ex. C] Even assuming Dodev's loan was discharged through the bankruptcy proceedings he references in the FAC, the law still entitles the trust deed beneficiary to foreclose on its security interest. Such a discharge does not prevent creditors from enforcing a valid lien that existed at the time of the bankruptcy filing, which is the case here. See Long v. Bullard, 117 U.S. 617 (1886); 11 U.S.C. § 522(c)(2). Accordingly, BONY—the current beneficiary of the trust deed—and ReconTrust—as successor trustee of the trust deed—may proceed to enforce the lien to the extent permitted under relevant state law.

Third, Dodev's fraud claim is legally and factually deficient. Dodev's fraud allegations stem from the loan origination, which occurred on December 12, 2006, from the original lender, First Magnus Financial Corporation ("First Magnus"). Neither BANA

4

752614.1

nor ReconTrust were a party to the loan origination, and none are listed on the Deed of Trust. [Doc. 42 at Ex. A] Even if BANA or ReconTrust were involved with the original transaction, Dodev's fraud allegations are time-barred. A.R.S. § 12-543(3). [Id. at 10] In addition, the fraud claim runs afoul of Fed. R. Civ. P. 9(b), which requires allegations of fraudulent representations be pled with particularity. The FAC does not identify any specific false statements made by any Defendant, let alone by BANA or Recontrust, who were not even parties to the loan origination. Additionally, Dodev has not explained how any factual statements made were false, why he relied on those statements, why his reliance was reasonable, or how the reliance damaged him.

Fourth, count four of the FAC alleges a cause of action for "Anguish, Health, Reputation." [FAC, at 29] No such cause of action exists in Arizona, and Dodev does not cite any other cause of action that entitles him to the damages claimed. Thus, this claim fails to meet the requirements of Fed. R. Civ. P. 8(a), and it fails on its face.

Fifth, Dodev has no private cause of action for mail fraud. Federal mail fraud statutes—specifically, 18 U.S.C. § 1341—do not grant individual plaintiffs a private cause of action. See, e.g., Ayres v. Gen. Motors Corp., 234 F.3d 514, 526 (11th Cir. 2000).

Sixth, Dodev's RICO claim is fatally deficient. To state a viable cause of action, a plaintiff must plead allegations that establish all of the elements of a RICO claim. In a RICO fraud action, "[t]o avoid dismissal for inadequacy under [Fed. R. Civ. P.] 9(b), [the] complaint would need to 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004). "Rule 9(b) does not allow a complaint merely to lump multiple defendants together but require[s] plaintiffs to differentiate their allegations and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007) (quotations omitted). Dodev's RICO claim falls far short of these requirements.

5

752614.1

For these reasons, and all the others set out in Defendants' Motion to Dismiss, Dodev has no likelihood of success on the merits.

### B.     The Balance of Hardships Favors Defendants.

Since Dodev's FAC lacks merit, he will not suffer any legally cognizable injury if the trustee's sale is allowed to proceed.  When Dodev obtained a mortgage loan he signed documents plainly providing that the Property could be sold to satisfy the outstanding debt if the loan fell into default.  [FAC, at Ex. I]  Plaintiff cannot allege that he was not in default, that he honored his loan obligations, or anything else to suggest that the equities of the situation favor him.  Dodev essentially seeks a windfall by defaulting on his Loan, and then alleging a lack of authority to enforce the trust deed to, at least, forestall the sale, and, at best, regain the Property free and clear of any liens.  The Court's equitable power to enter an injunction is not designed to accommodate such tactics.  Dodev comes into this court with unclean hands, and cannot therefore seek equitable remedies.

Recontrust, as successor trustee, has taken every step necessary to properly and legally enforce the Deed of Trust.  Despite having notified Dodev of its intent to foreclose if he did not bring the loan current, and despite having provided proper notice of the trustee's sale, Defendants are now faced with having to defend against Dodev's meritless action.  If this Court enjoins the sale, Recontrust will, at the very least, be forced to incur additional expenses associated with postponements of the sale.  These losses are in addition to those losses of the other Defendants incurred from the costs of the trustee's sale, the loss of money lent to Dodev and which he largely failed to repay, and the loss of a return on their investment.  Defendants' damages from Dodev's breach of contract are real and significant, whereas Dodev has been relieved from any financial obligation to repay the funds he borrowed to purchase the Property in the first instance by merit of his bankruptcy discharge.

### C.     Plaintiff Must Post A Bond If The Court Orders Injunctive Relief.

If the Court enjoins the trustee's sale, Dodev must post security to cover the costs and damages sustained by Defendants if the Court later finds that the sale was improperly

6

752614.1

enjoined. Fed. R. Civ. P. 65. Defendants request an evidentiary hearing at which proof of potential damage may be made if the Court decides to order injunctive relief.

### D.  Plaintiff Is Not Entitled To A Permanent Injunction.

Dodev also asks this Court to enter an order permanently enjoining a trustee's sale of the Property. [Motion, at 8] To obtain a permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006); Northern Cheyenne Tribe v. Norton, 503 F.3d 836, 843 (9th Cir. 2007) (citing eBay as injunction standard). The standard for a permanent injunction is essentially the same as for a preliminary injunction, except actual success on the merits rather than a likelihood of success must be shown. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n.12 (1987); Sierra Club v. Penfold, 857 F.2d 1307, 1318 (9th Cir. 1988).

Dodev has not succeeded on the merits in this case. Accordingly, he cannot establish any entitlement to a permanent injunction at this time.

### Relief Requested

For the foregoing reasons, Defendants respectfully request the Court enter an order denying Plaintiff's motion for a temporary restraining order and permanent injunction.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

752614.1

1     DATED this 23rd day of December, 2013.

2                                           BRYAN CAVE LLP

By  /s/ Coree E. Neumeyer
      Sean K. McElenney
      Coree E. Neumeyer
      Eric M. Moores
      Two North Central Avenue, Suite 2200
      Phoenix, AZ  85004-4406
      Telephone: (602) 364-7000

Attorneys for Defendants ReconTrust Co. N.A., Bank of America, N.A., and Brian T. Moynihan

ORIGINAL of the foregoing electronically filed with the Court this 23rd day of December, 2013.

COPY of the foregoing mailed this 23rd day of December, 2013:

Ivaylo Tsvetanov Dodev
6312 S. 161st Way
Gilbert, AZ 85298


s/ Lisa Remus

752614.1