Ivaylo Tsvetanov Dodev,
c/o 6312 South 161st Way
    Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Facsimile
dodev@hotmail.com

Pro Se

FILE ON DEMAND
FOR THE RECORD

```
__ FILED      __ LODGED
__ RECEIVED   __ COPY

    JAN 0 2 2014

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Ivaylo Tsvetanov Dodev,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**RECONTRUST COMPANY, N.A., ET AL**<br><br>**Defendants.** | Case No. CV-13-02155-PHX-GMS<br><br>**PLAINTIFF'S MOTION TO SANCTION COUNSEL KIM R. LEPORE AND BRADFORD E. KLEIN**<br><br>Hon. G Murray Snow |

    Plaintiff, Ivaylo Tsvetanov Dodev, *pro se*, ("Plaintiff"), hereby MOTIONS the Honorable Court to SANCTION, under Fed. R. of Civ. P. 11(b), et al and Rule 42 of Arizona Rules of Professional Conduct, KIM R. LEPORE ("counsel") and BRADFORD E. KLEIN, counsel (collectively, "COUNSEL") for Select Portfolio Servicing, Inc., and Timothy O'Brien, for repeatedly submitting FALSE and MISLEADING statements on the record with MALICIOUS INTENT, not following PROCESS, violating the LOCAL RULES OF CIVIL PROCEDURE, ignoring COURT ORDERS, incriminating their clients, giving FALSE DECLARATION

1
**PLAINTIFF'S MOTION TO SANCTION COUNSEL**

under penalty of perjury under the laws of the State of Arizona [KIM R. LEPORE], habitually blaming the Plaintiff or COURT [CLERK COURT], as LICENSED BAR ATTORNEYS, for their deficiency of knowledge, and perjury of their OATHS to the ARIZONA STATE BAR and UNITED SATES DISTRICT COURT for THE DISTRICT OF ARIZONA.

## GROUNDS FOR SANCTION

1. COUNSEL filed the Motion on the record on the 6th day of December, 2013, Doc. 37, alleging "Plaintiff has not filed an Application for Entry of Default on Hassell", further asserting that the Court ERRED because "Plaintiff did not request Entry of Default against Hassell, the Court Clerk should not have entered Entry of Default against Hassell." This is where COUNSEL's inability to read the Docket starts, when they blatantly blame the Clerk of the Court for ERRING and Entry of Default on Gerald Hassell, although Application for Entry of Default was properly submitted and entered on the docket, Doc. 28.

2. Further, counsel alleges that she contacted Plaintiff via voice mail in order to comply with JUDGE'S ORDER, Doc. 5, to confer as an Attorney on Record of Bank of New York Mellon and Gerald Hassell, without submitting any admissible evidence to substantiate her statement. Plaintiff timely rebutted her erroneous claim by filing a Declaration of Conferral, Doc. 26.

3. On the 9th day of December 2013, Plaintiff filed PLAINTIFF'S MOTION TO SANCTION COUNSEL KIM R. LEPORE AND OPPOSITION TO GERALD HASSELL'S MOTION TO SET ASIDE ENTRY OF DEFAULT, Doc. 39, attesting to the fact the counsel KIM R. LEPORE comes to the court with UNCLEAN HANDS and most of her pleading are misleading and mendacious. She blamed the COURT for entering ENTRY OF DEFAULT on Gerald Hassell and the Plaintiff for not filing an ENTRY OF DEFAULT MOTION while she was not able to read the docket.

4. Further, she <u>lied on the record</u> about Conferring with Plaintiff, in accordance to JUDGE'S ORDER, Doc. 2, as [fictitious] counsel of record of Gerald Hassell and BANK OF NEW YORK MELLON, as the record does not reflect a NOTICE OF APPEARANCE filed by Counsel for the aforementioned defendants prior to Motions being filed on their behalf.

5. On the 12th day of December 2013, COUNSEL filed a CERTAIN DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P.12(b)(6), Doc. 40. COUNSEL incriminated Timothy O'Brien by pleading on his behalf and making him a duly served party of this VERIFIED ACTION-AT-LAW. Although Plaintiff has retained a Private Investigation Firm to serve Timothy O'Brien, he was not able to successfully serve him with a copy of the Summons and the Complaint, as O'Brien has ordered his staff to reject service; Plaintiff is in possession of singed and

3
**PLAINTIFF'S MOTION TO SANCTION COUNSEL**

notarized statement by the investigator, substantiating his statement. By pleading on his behalf, COUNSEL asserted service by a Maxim of Law: admitting to service eliminates all doubts or technical question of how you have been served. <u>Therefore, as of December 12th, 2013 the COURT should consider Timothy O'Brien duly served</u>.

6. On the second page of the same motion, COUNSEL ADMITS INTO EVIDENCE that The Corporate Assignment of Deed of Trust to BANK OF NEW YORK MELLON was done on the 24 day of August, 2011. COUNSL ADMITS into evidence that BANK OF NEW YORK MELLON, Gerald Hassell, and BANK OF AMERICA, N.A., as successor of COUNTRYWIDE, INC., have violated the PULLING AND SERVICING AGREEMENT ("PSA") of Alternative Loan Trust 2007-OA7 with a closing date of March 30, 2007 [Plaintiff will file on the record a Certified Copy of the PSA], making the Defendants criminally liable under the New York Laws regulating PSA'S and I.R.S. Rule 860, potentially for tax evasion, perjury and fraud. Article II of the PSA explicitly declares that any transfer of the right, title, or interest in the mortgage must be completed and hand delivered by the cut-off date, pursuant to the terms of the PSA.

7. On the same page [page 2] of motion, COUNSEL insists the servicing rights of the loan were transferred to SPS, ADMITTING INTO EVIDENCE that BANK OF AMERICA, N.A. broke the LAW by transferring debt in default for servicing, in a poor attempt to cover the fact that they are debt collectors, not

4
**PLAINTIFF'S MOTION TO SANCTION COUNSEL**

servicers. COUNSEL does not have <u>Material Fact Knowledge</u> about the clients they are representing, and those they are claiming to represent, and through misinformation and assumptions incriminate them even further than Plaintiff's Complaint/Intent, while undertaking the task of Defending them. Under FDCPA, a mortgage servicer is considered a debt collector if the loan was in default or the debt was discharge at the time that the servicer acquired it, as was the case with SPS concerning Plaintiff's mortgage. "The legislative history of section 1692a(6) [15 U.S.C. ß1692a(6)(F)(iii)] indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985). On page 7, COUNSEL portrays their clients as not being liable under FDCPA because they are not debt collectors, while unaware [lack of material fact knowledge] that defendants innumerably admitted that they are debt collectors. As a Matter of Fact, every dunning letter they have sent to Plaintiff says on its face THIS IS NOT AN ATTEMPT TO COLLECT DEBT [WE ARE DEBT COLLECTORS]. Plaintiff is bringing into light just a few examples of how damaging COUNSEL is to their clients, in violation of ER 3.2 and ER 3.3, Rule 42. Arizona Rules of Professional Conduct ("ARPC"), not to be mistaken with those to be elucidates in MOTION IN OPPOSITION TO DEMURE [to be filed separately].

8. The most explicit inability of COUNSEL to understand Process and Law as party [PERSONS] Licensed to PRACTICE LAW is the fact that COUNSEL failed to recognize that Plaintiff's Complaint is filed under FDCPA and 28 USC, 1331 et seq and under the Bill of Rights, and while struggling to steer the Court into Statuary Law, blinded to the fact that Plaintiff pleas under a Court of Record, *Common Law Court*, COUNSEL is violating his right of Due Process and Trial by Jury and committing perjury to their Oaths. COUNSEL took an oath: *"I, ..., solemnly swear (or affirm) that I will support the Constitution of the United States; that I will bear true faith and allegiance to the Government of the United States; that I will maintain the respect due to courts of justice and judicial officers; and that I will demean myself as an attorney, counselor, and solicitor of this Court uprightly. So Help Me God."*

COUNSEL's foremost duty is to adhere and support the constitution with all the Amendments and the **Supremacy Clause as Supreme Law of the Land** and demean themselves to the Court **[all Local and Federal Rules of Civil and Criminal Procedure]**. Their misleading conduct in violation of ER 3.5(a), Rule 42. ARPC, in an attempt to steer the JUDGE into subversive laws, statutes and ordinances, is a complete, total and direct infringement on Plaintiff's rights and unconducive to the Jurisdiction and Venues of his Complaint.

9. On the 17th day of December 2013, COUNSEL filed a RESPONSE TO PLAINTIFF'S MOTION TO SANCTION COUNSEL KIM LEPORE AND

**PLAINTIFF'S MOTION TO SANCTION COUNSEL**

OPPOSITION TO GERALD HASSELL'S MOTION TO SET ASIDE ENTRY OF DEFAULT, Doc. 44 with an attachment DECLARATION OF KIM R. LEPORE IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION TO SANCTION COUNSEL KIM LEPORE AND OPPOSITION TO GERALD HASSELL'S MOTION TO SET ASIDE ENTRY OF DEFAULT, Doc. 44-1. In this Motion as in all of her [KIM R. LEPORE] pleadings, counsel shows lack of respect to the Court [Court's Rules] and to the opposing party, demonstrates culpably, and importunistically shifts the blame from the Clerk of the Court to the Plaintiff, alleging that Plaintiff filed Motions for Entry of Default as attachment and did not comply with the rules and regulations of filing documents on PACER. Once again counsel [KIM R. LEPORE] testifies against herself, acting as a Ward of the Court not as an Officer of the Court, in clear, total and complete absence of all competency, UNABLE to read the docket and recognize that Plaintiff is NOT granted with the privilege she has to electronically file on PACER, and each and every time he needs to access the COURT, which is his Constitutional Right, protected by the Amendments, he needs to drive 80 miles, round trip, and submit his pleadings to the Clerk of the Court in good faith and belief that they will file them on the docket in the appropriate order, as they are trained. Plaintiff originally filed Motions, Declarations, and Entries of Default separately for each defendant, not as attachments, and had no control of how the Clerk of the Court entered them on the docket. Plaintiff's pleadings and documents, although *pro se*, are admissible under

7

**PLAINTIFF'S MOTION TO SANCTION COUNSEL**

the Federal Rule of Evidence to Court and even something such as an ordinary Motion of Entry of Default is supported by a Notarized Declaration while counsel [KIM R. LEPORE], acting as a PERSON eligible to use a fiduciary to speak on her behalf, is, for example, trying to submit into a Court of Record a voice mail as evidence and continually disturbs DUE PROCESS by her incapacity to understand and follow process, placing an additional burden on the Court and Plaintiff.

Her filing of Declaration into the docket, Doc. 44-1, puts her in great danger of losing her License to Practice Law, as she proves time and time again that she is a great liability to the Court and Arizona State BAR, and it is the most self-incriminating document to-date. Under Penalty of Perjury, counsel declares:

> I am, and at all relevant times herein was, an attorney licensed to practice in the State of Arizona, et al., and the United States District Court, District of Arizona. I am the managing attorney for the Arizona office of the law firm of Wright, Finlay & Zak, LP, **counsel of record** in this matter for Defendants Select Portfolio Servicing, Inc.; Timothy O'Brien; **The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of Cwalt, Inc., Alternative Loan Trust 2007-0A7, Mortgage Pass-Through Certificates, Series 2007 -OA 7; and Gerald Hassell.** If called upon to testify as to the truth of the contents of this Declaration, I could and would competently so. (**emphasis added**)

Nothing further from the truth, violating ER 3.1, Rule 42. ARPC, as the record clearly shows that Counsel has filed Notice of Appearance for Select Portfolio Servicing, Inc. and Timothy O'Brien, **ONLY**, Doc. 32, not the other defendants she claims to represent. Counsel is in violation of **Rule 5(a)(1)(E)** of the Federal Rules of

Civil Procedure and the Local Rule[1] of Civil Procedure **83.3(a)** *"Attorney of Record; Duties of Counsel. Except as provided below, no attorney <u>shall</u> [mandatory] appear in any action or file anything in any action without <u>first appearing</u> as counsel of record."*(Emphasis added) As an attorney she is **<u>BOUND</u>** by the local rules [laws of the United States] 83.3(c) (1) *"Applicability of Rules. (1) Anyone appearing before the court is <u>bound</u> by these Local Rules"* and **<u>LIABLE</u>** under 83.2 et. seq.

Counsel continues to accept the burden on herself, **<u>under penalty of perjury</u>** under the laws of the State of Arizona, that the foregoing is true and correct under statement 3), 4), and 5) of the aforementioned Declaration, Doc. 44-1, in her unintelligible belief [NOT BEING ABLE TO READ THE DOCKET] that Plaintiff submitted his Motions in the order she insists, while the method those Motions where placed on the docket was out of his control. KIM R. LEPORE lacks basic understanding of what it means to be an Affiant or Declarant, which is having **<u>MATERIAL FACT KNOWLEDGE</u>** of the matter you attest to. She became an affiant to Plaintiff and Clerk of Court through filing of her declaration, based on her presumptuous beliefs. This is an act SELF-INCRIMINATING UNDER PENALTY

---

[1] Local rules are "laws of the United States," United States v. Hvass, 355 U.S. 570, 575 (1958), "have the force of law[,] are binding upon the parties and upon the court, and a departure from local rules that affects substantial rights requires reversal." Professional Programs Group v. Department of Commerce, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted). "A departure is justified only if the effect is so slight and unimportant that the sensible treatment is to overlook [it]." Id. Significantly, the district court is under an obligation to construe local rules so that they do not conflict with federal rules and statutes. Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995); Rule 83(a)(1), Fed.R.Civ.P.

OF PERJURY, as she lacked material fact knowledge of Plaintiff's actions but made conclusory allegations regardless. While doing this she erred by claiming as fact statements she had no way of ascertaining the veracity of and is **liable under State and Federal laws for committing perjury**. Her actions and filings on PACER are equally self-destructing to herself as to her clients.

10. KIM R. LEPORE, further alleges in her Motion, Doc. 44, that Plaintiff should have served her, under FRCP, Rule 5, with his Motion to Sanction Counsel, Doc. 39. ONCE AGAIN, counsel fell deficient of her understanding of Law, Process, Rules and Procedures. Especially as a registered PACER user, she should know and adhere to the ELECTRONIC CASE FILING ADMINISTRATIVE POLICIES AND PROCEDURES MANUAL, where under section II., ELECTRONIC FILING AND SERVICE OF DOCUMENTS, (D), CERTIFICATE OF SERVICE 3, it is very clear that ONLY a party who is not registered with PACER is entitled to paper service in the mail: *"A party who is not a registered participant of ECF is entitled to service of a paper copy of any electronically filed document."* Because she is registered and has access through PACER to the Docket, as counsel to parties of this case, she is to be considered duly served at the time of electronic filing.

## CONCLUSION

COUNSEL approaches the court with unclean hands, using sham legal process, submitting false and misleading statements on the record, under penalty of

10
**PLAINTIFF'S MOTION TO SANCTION COUNSEL**

perjury, and precipitously blames the Court and Plaintiff for their inability and deficiency to understand Process and to follow the LRCP. COUNSEL are subject to SANCTION under LRCP 83.2 et al for their continuous obstruction of DUE-PROCESS, burdening the Court and the Plaintiff and filing documents on the docket [PACER] as PERSONA NON GRATA, without having timely filed [NOT FILED AT ALL] a NOTICE OF APPEARANCE as per LRCP 83.3(a), as BOUND by the Laws of United States [LRCP]. Their action is detrimental not only to the Court and Plaintiff but to the JUDGE who ERRED [ACCORDING TO LAW] by setting aside Entry of Default on Gerald Hassell, Doc. 45, MOVED by a party [COUNSEL], Doc. 44, who has <u>NO LEGAL RIGHT to file</u> [clouding the record] on behalf of Gerald Hassell, who failed to plead.

COUNSEL's, especially KIM R. LEPORE, self-destructive DECLARATION, Doc. 44-1, makes them/her liable for perjury under the Laws of the State of Arizona, and Plaintiff does not foresees any cure that might set aside her false statements but to be brought to justice under the Local and Federal Rules of Civil Procedure and the Laws of the State of Arizona.

Further, COUNSEL has proven on the record, through motions, pleadings and DECLARATION, that their ACTIONS or OMISSIONS are damaging to their clients, Due Process, Plaintiff and themselves. Plaintiff is afraid that the preponderance of evidence submitted in this MOTION is sufficient grounds that might potentially lead to disbarment of COUNSEL and especially KIM R. LEPORE,

11
**PLAINTIFF'S MOTION TO SANCTION COUNSEL**

as she alleges to be managing attorney at Wright, Finlay & Zak,2 LLP, Doc. 44-1, responsible for the actions of her colleague under ER 5.2, Rule 42 of ARPC.

COUNSEL violated the Rules of Professional Conduct set by The American Bar Association and does not demean themselves as Officers of the Court, bound to abide by the LRCP and FRCP and are in violation of Fed. R. of Civ. P. 11(b) with every motion they have filed on record, to-date.

**THEREFORE, THE PLAINTIFF MOVES THE COURT TO SANCTION COUNSEL AND STRIKE DOWN ALL MOTIONS FILED FOR DEFENDANTS BANK OF NEW YORK MELLON AND GERALD HASSEL, as the docket shows that they have no legal representative and all MOTIONS AND PLEADING on their behalf <u>ARE FRAUD ON THE COURT</u>, violating the laws of THE UNITED STATES, and are submitted by a PERSONA NON GRATA to this VERIFIED ACTION-AT-LAW.**

Respectfully submitted on this 2nd day of January, 2014.

_/s/ Ivaylo Dodev_
Ivaylo Tsvetanov Dodev, ARR, Pro Se Plaintiff
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

PLAINTIFF'S MOTION TO SANCTION COUNSEL

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY,** hand delivered, to The United States District Court for the District of Arizona this 2nd day of January, 2014, at _____ time. I certify that the following parties or their counsel (or pseudo counsel as alleged in this document) of record are registered as ECF Filers and that they will be served by the CM/ECF system: BANK OF AMERICA, NA, RECONTRUST, NA, BRIAN MOYNIHAN, SELECT PORTFOLIO SERVING, NA, TIMOTHY O'BRIEN, GERALD HASSELL AND BANK OF NEW YORK MELLON.

*/s/ Ivaylo Dodev*

**Ivaylo Tsvetanov Dodev, Plaintiff**
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

PLAINTIFF'S MOTION TO SANCTION COUNSEL