IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ReconTrust Company NA; James F. Taylor; Select Portfolio Servicing Incorporated; Matt Hollingsworth;  Bank of New York Mellon NA; Gerald Hassell;  Bank of America NA; Brian T. Moynihan;  et al.,<br><br>　　　　　　Defendants. | No. CV-13-02155-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for a Temporary Restraining Order (TRO) to Stay the Sale of Plaintiff's House (Doc. 25) and Plaintiff's Motion for Imposition of Permanent Injunction for Relief Barring the Sale or Transfer by Defendants (Doc. 25).  For the following reasons both motions are **denied**.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary injunction or TRO upon a proper showing. The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F.Supp.2d 1152, 1154 (D.Haw. 2007). To prevail on a request for a preliminary injunction, a plaintiff must show either "(a) probable success on the merits combined with the possibility of irreparable injury or (b) that [it] has raised serious questions going to the merits, and that the balance of hardships tips sharply in [its]

favor." Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir.2003). The Ninth Circuit has explained that "these two alternatives represent 'extremes of a single continuum,' rather than two separate tests. Thus, the greater the relative hardship to the moving party, the less probability of success must be shown." *Immigrant Assistant Project of Los Angeles County Fed'n of Labor (AFLCIO) v. INS*, 306 F.3d 842, 873 (9th Cir.2002) (citation omitted).

## ANALYSIS

Plaintiff's claims in this matter relate to the mortgage on his home and his attempts to quiet title in addition also various allegations of wrongdoing against various lenders, trustees, etc. (Doc. 1.) In 2006 Plaintiff borrowed nearly $700,000 and secured the loan with a Deed of Trust against real property at 23410 South 161st Way in Gilbert, Arizona. (Doc. 46 at 2.) Plaintiff later took out Chapter 7 Bankruptcy. (Doc. 40 at 6.) The main substance of Plaintiff's Complaint seems to come from his misconception that the discharge of his personal debts through Chapter 7 proceedings extinguished the security interest in the real property that was created through the Deed of Trust. However, as is pointed out by Defendants, that is not the case. As a general rule, liens pass through bankruptcy unaffected; while bankruptcy discharge extinguishes *in personam* claims against debtor, it generally has no effect on *in rem* claims against debtor's property. *In re Deutchman*, 228 B.R. 829, Bankr. L. Rep. (CCH) ¶77741, 82 A.F.T.R.2d 98-5220 (D. Md. 1998), judgment aff'd, 192 F.3d 457, 34 Bankr. Ct. Dec. (CRR) 1302, Bankr. L. Rep. (CCH) ¶77993, 99-2 U.S. Tax Cas. (CCH) ¶50852, 84 A.F.T.R.2d 99-6314 (4th Cir. 1999). "[T]he creditor's lien stays with the real property until the foreclosure. That is what was bargained for by the mortgagor and the mortgagee." *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992).

Plaintiff has not countered this legal doctrine, and therefore his claims are unlikely to succeed on the merits. Instead, he has put forth numerous unrelated theories, none of which show a "probably success on the merits." *Bernhardt*, 339 F.3d at 925, supra. Among these, are a claim that "the security instrument created by delinking the

Promissory Note from the Trust Deed made the alleged debt unsecured" (Doc. 1 at 7-8). This appears to be the "show me the note" theory that has long been repudiated by both this Court and the Arizona Supreme Court. *See, Pauley v. Fed. Nat. Mortgage Ass'n, CV-12-01653-PHX-GMS, 2013 WL 135354 (D. Ariz. Jan. 10, 2013); Hogan v. Washington Mut. Bank, N.A.*, 230 Ariz. 584, 277 P.3d 781 (2012). Likewise Plaintiff's claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., is unlikely to succeed as pleaded because none of the parties are debt collectors attempting to collect consumer debt, to which the FDCPA applies. Plaintiff alleges loan origination fraud but fails to plead sufficient facts to make such a claim plausible (*See Ashcroft v. Iqbal*, 556 U.S. 662 (2009)), especially because none of the parties to the lawsuit appear to have been involved in the origination of Plaintiff's loan. Likewise, Plaintiffs Mail Fraud claim is not likely to succeed due to a lack of private cause of action and his RICO claims will likely fail due to a lack of specificity in the allegations regarding facts surrounding this claim. Plaintiff's other claims likewise do not present a likelihood of success on the merits, as currently set forth.

Because the Court finds that temporary injunctive relief is unwarranted, the Court does not need to consider Plaintiff's Motion for Permanent Injunctive Relief to Bar the Sale or Transfer by Defendants.

## CONCLUSION

Though it is true that losing one's home is a serious injury, the legal reality is that Plaintiff has failed to demonstrate a likelihood of success on the merits, a finding that compels the Court to deny Plaintiff's request for a TRO.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Temporary Restraining Order to Stay the Sale of Plaintiff's House (Doc. 25) and Plaintiff's Motion for Imposition of Permanent Injunction for Relief Barring the Sale or Transfer by Defendants (Doc. 25) are **DENIED**.

1  Dated this 6th day of January, 2014.

*A. Murray Snow*
/G. Murray Snow
United States District Judge