EXHIBIT "A"

Ivaylo Tsvetanov Dodev,

c/o 6312 South 161st Way
    Gilbert, Arizona
    (480) 457-8888 Phone
    (480) 457-8887 Facsimile
    dodev@hotmail.com

Pro Se

**FILE ON DEMAND
FOR THE RECORD**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>**Plaintiff,**<br><br>vs.<br><br>**RECONTRUST COMPANY, N.A., ET AL**<br><br>**Defendants.** | Case No.  CV-13-02155-PHX-GMS<br><br>**COURT OF RECORD MEMORANDUM SUBMITTED AS JUDICIAL COGNIZANCE**<br><br>Hon. G Murray Snow |

Plaintiff, Ivaylo Tsvetanov Dodev, *pro se*, ("Plaintiff") hereby respectfully submits on the record this COURT OF RECORD MEMORANDUM to the Honorable COURT and the DEFENDANTS represented by BRYAN CAVE LLP, SEAN K. MCELENNEY, COREE E. NEUMEYER,, ERIC M. MOORES  AND WRIGHT, FINLAY & ZAK, LLP,  KIM R. LEPORE, Esq., BRADFORD E. KLEIN, ESQ., ("Counsel") as JUDICIAL COGNIZANCE in this VERIFIED ACTION-AT-LAW.

It appears from the record, Doc. 40 and 42, that Counsel falls short in their understanding of Plaintiff's Complaint, Doc. 18 and EXHIBITS, and in particular the jurisdiction under which the Complaint is filed, 28 U.S.C. 1331, and the fact that this

1
**COURT OF RECORD MEMORANDUM**

VERIFIED ACTION-AT-LAW is brought under the *"Seventh Amendment, Common-Law, constitutionally valid Court of Record"* (page 2). Counsel further exhibits lack of complete understanding of the terms ACQUIESCENCE and TACIT PROCURATION as used in Plaintiff's Complaint and Exhibits and the NOTARY ACT of 1850; the documents portray Plaintiff's prolonged attempt to settle this matter withhold involving this Court's jurisdiction and are lawfully submitted as admissible court evidence under Federal Rules of Evidence 902, Doc. 18-1,2,3,4.

Plaintiff submits this MEMORANDUM to be used in future pleadings and motions pertaining to this action at law in good faith and due diligence.

## I.    COMMON LAW COURT OF RECORD

This court of record is convened in this matter pursuant to Article Three, Section Two of the Constitution for the united States of America, as a Judicial court of Law in our Judicial Branch of government, while in session under the rules of the Common Law as guaranteed by the Seventh Amendment and the Northwest Ordinance of 1787, in Article Two. See *Callan v. Wilson*, 127 US 540 (1888) for authority that Article Three of the United States Constitution provides for and mandates in regards to common law jurisdiction and venue. Article 6, Section 30 of the Constitution of Arizona and Title 12, Article 1 of Arizona Revised Statutes, secures court of Record tribunals.

Under the Seventh Amendment to the Constitution for the united States of America, Plaintiff has secured his common law right of trial by jury. On dry land,

2

**COURT OF RECORD MEMORANDUM**

any action must be adjudicated under common law pursuant to the Seventh Amendment. *443 Cans of Frozen Egg Product v. United States of America*, 226 US 172 (1912). Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them. *Miranda v. Arizona*, 384 US 436, 491. The Northwest Ordinance of 1787 also mandates *"judicial proceedings in accordance with the course of the common law,"* under Article Two, and places an absolute requirement on the new states, upon admission into the union, to be admitted on an equal footing with all other states and to agree to the terms of Ordinance. The act of Congress admitting Arizona into the union also invoked the equal footing doctrine, making our state and government a state which is bound by the Northwest Ordinance of 1787.

Additionally, a court of record is a court that exercises jurisdiction under the course of the common law. Black's Law Dictionary, Fourth Edition, pages 425 and 426:

> Courts may be classified and divided according to several methods, the following being the more usual: Courts of record and courts not of record. The former being those whose acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony, and which have power to fine or imprison for contempt. Error lies to their judgments, and they generally possess a seal.
> Courts not of record are those of inferior dignity, which have no power to fine or imprison, and in which the proceedings are not enrolled or recorded. 3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal. 225; Erwin v. U. S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.
> A "court of record" is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally

3

**COURT OF RECORD MEMORANDUM**

to hold it, and proceeding according to the course of common law, its acts and proceedings being enrolled for a perpetual memorial.

Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc., Mass., 171, per Shaw, C. J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689.

Courts may be at the same time of record for some purposes and not of record for others.

Lester v. Redmond, 6 Hill, N.Y., 590; Ex parte Gladhill, 8 Metc., Mass., 168.

Superior and inferior courts. The former being courts of general original jurisdiction in the first instance, and which exercise a control or supervision over a system of lower courts, either by appeal, error, or *certiorari;* the latter being courts of small or restricted jurisdiction, and subject to the review or correction of higher courts. Sometimes the former term is used to denote a particular group or system of courts of high powers, and all others are called "inferior courts."

To constitute a court a superior court as to any class of actions, within the common-law meaning of that term, its jurisdiction of such actions must be unconditional, so that the only thing requisite to enable the court to take cognizance of them is the acquisition of jurisdiction of the persons of the parties.

Simons v. De Bare, 4 Bosw., N.Y., 547.

An inferior court is a court whose judgments or decrees can be reviewed, on appeal or writ of error, by a higher tribunal, whether that tribunal be the circuit or supreme court. Nugent v. State, 18 Ala. 521.

A qualifying feature of a court of record is that the tribunal is independent of the magistrate appointed to conduct the proceedings[1]. The magistrate is a person appointed or elected to perform ministerial service in a court of record[2]. His service is ministerial because all judicial functions in a court of record are reserved to the tribunal, and, by definition of a court of record, that tribunal must be independent of

---

[1] Court of Record: A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

[2] Long v. Seabrook, 260 S.C. 562, 197 S.E.2d 659, 662; Black's Law Dictionary, Fifth Edition, p 899

**COURT OF RECORD MEMORANDUM**

the magistrate. The non-judicial functions are "ministerial" because they are absolute, certain and imperative, involving merely execution of specific duties arising from fixed and designated facts.

It is settled as a matter of law that when the rules of common law are not repugnant to organic or state law, the court cannot "......*adopt a rule other than that established by the common law.*" <u>Lux v. Haggin</u>, 69 Cal 255, at 261.

Under the ruling in <u>*Lux v Haggin*</u>, supra...as a prerequisite for the court to apply any rule of decision other than that of the common law, the court would necessarily be required to establish and prove that the rules of the common law, which would ordinarily apply in the instant case, are repugnant to the organic or state law. Since repugnant means extremely distasteful or in direct conflict with, if an actual repugnance were in existence it could be clearly shown and established. It should be further noted that since admission into the union of states was a stated objective of the Arizona Constitution of 1912, the original delegates to the Arizona Constitutional Convention of 1910 either knew or should have known about the Seventh Amendment to the Constitution for the united States of America, and they either knew or should have known about the Northwest Ordinance of 1787, and its equal footing doctrine, both of which mandate common law jurisdiction and venue.

Therefore, the act of admission into the union is a compact by the people of Arizona agreeing to common law jurisdiction and venue, establishing through the Act of Admission into the union and the State Constitution the organic law of Arizona.

**COURT OF RECORD MEMORANDUM**

1    **The Courts of the United States consistently acknowledge that the Constitution is**

2    **to be interpreted according to Common Law Rules.**

3        *"The Constitution is to be interpreted according to Common Law Rules."* --

4
5    <u>Schick vs. U.S.,</u> 195 US 65, 24 Sup. Ct. 826 (1905) *"...a Statute will not be construed*

6    *so as to overrule a principle of established Common Law, unless it is made plain by*

7    *the act that such a change in the established law is intended."* -- <u>Starkey Construction</u>

8
9    <u>Inc. vs. Elcon, Inc.,</u> 248 Ark 958, 978A, 457 SW 2nd 509, 7 U.C.C.RS 923 *"A statute*

10   *should be construed in harmony with the Common Law unless there is a clear*

11   *legislative intent to abrogate the Common Law."* --<u>United Bank vs. Mesa Nelson Co.,</u>

12
13   121 Ariz 438, 590 P2d 1384, 25 U.C.C.RS 1113 *"It [U.S. Constitution] must be*

14   *interpreted in the light of Common Law, the principles and history of which were*

15   *familiarly known to the framers of the Constitution. The language of the Constitution*

16   *could not be understood without reference to the Common Law."* -- U.S. vs. Wong

17
18   *Kim, Ark,* 169 US 649, 18 S. Ct. 456 *"The imaginary, having neither actuality nor*

19   *substance, is foreclosed from creating and attaining parity with the tangible. To*

20   *mankind in their natural state. There, every man is independent of all laws, except*

21
22   *those prescribed by nature. He is not bound by any institutions formed by his*

23   *fellowmen without his consent." Cruden v. Neale,* 2 N.C. 338 (1796) 2 S.E. 70.

24        Thus, the common law and its original Jurisdiction stand above statutory laws,

25   especially those that are in contradiction to it. Accordingly, judicial proceedings in a

26
27   Court of Record, which are performed in concurrence to the course of common law,

28

6

**COURT OF RECORD MEMORANDUM**

1  should evaluate matters in a way which does not privilege statutes over common law

2  procedures, such as those concerning contracts between parties.

3

4

5  ## II.    ACQUIESCENCE

6  *"Acquiesce* - To give an implied consent to a transaction, to the accrual of a

7  right, or to any act, by one's mere silence, or without express assent or ac-

8  knowledgement.*" Black's Law Dictionary, 5th Ed. (1979), p. 22, Title "Acquiesce."

9

10  **Acquiescence** - Conduct recognizing the existence of a transaction, and

11  intended, in some extent at least, to carry the transaction, or permit it to be carried,

12  into effect. It is some act, not deliberately intended to ratify a former transaction

13  known to be voidable, but recognizing the transaction as existing, and intended, in

14  some extent at least, to carry it into effect, and to obtain or claim the benefits resulting

15  from it, and thus differs from "confirmation," which implies a deliberate act, intended

16  to renew and ratify a transaction known to be voidable. *De Boe v. Prentice Packing &*

17  *Storage Co., 172 Wash.* 514, 2 P.2d 1107, 1110. Passive compliance or satisfaction;

18  distinguished from avowed consent on the one hand, and, on the other, from

19  opposition or open discontent. *Paul v. Western Distributing Co.,* 142 Kan. 816, 52

20  P.2d 379, 387. Acquiescence from which assent may be reasonably inferred. *Frank v.*

21  *Wilson & Co.,* 24 Del.Ch. 237, 9 A.2d 82, 86. Equivalent to assent inferred from

22  silence with knowledge or from encouragement and presupposes knowledge and

23  assent. Imports tacit consent, concurrence, acceptance or assent. *Natural Soda*

24  *Products Co. v. City of Los Angeles,* Cal. App., 132 P.2d 553, 563. A silent

7

**COURT OF RECORD MEMORANDUM**

appearance of consent. Failure to make any objections. Submission to an act of which one had knowledge.

It is to be distinguished from avowed consent, on the one hand, and from open discontent or opposition, on the other. It arises where a person who knows that he is entitled to impeach a transaction or enforce a right neglects to do so for such a length of time that, under the circumstances of the case, the other party may fairly infer that he has waived or abandoned his right. *Schmitt v. Wright*, 317 111. App. 384, 46 N.E.2d 184, 192.

**ACQUIESCENCE, contracts.** The consent which is impliedly given by one or both parties, to a proposition, a clause, a condition, a judgment, or to any act whatever. Acquiescence in acts of an agent, or one who has assumed that character, will be equivalent to an express authority. 2 Bouv. Inst. n. 1309; Kent, Corn. 476, SLui-y un Eq . § 255; 4 W.C.C.K. 559; 6 *PiaSS.* K. 193; 1 John. Cas. 110; 2 John. Cas. 424; Liv. on Ag. 45; Paley on Ag. by Lloyd, 41; 3 Pet. R. 69, 81; 12 John. R. 300; 3 Cowen's R. 281; 3 Pick. R. 495, 505; 4 Mason's R. 296. Acquiescence differs from assent. (q.v.)" 1 Bouvier's Law Dictionary 61, 8th Ed. (1859), Title "Acquiescence."

From this definition, it can easily be seen that you can give a legislative court or agency authority over you in a particular matter by your mere silence at the wrong time, even if that court or agency doesn't have lawful jurisdiction of your person

**ACQUIESCENCE by estoppel** - injury accruing from one's acquiescence in another's action to his prejudice creates 'estoppel'. *Lebold v. Inland Steel Co.*, C.C.A.

8

**COURT OF RECORD MEMORANDUM**

Ill, 125 F 2d 369, 375. Passive conduct on the part of one who has knowledge of the facts may be basis of estoppel. *Winslow v. Burns*, 47 N.M. 29, 132 P 2d 1048, 1050." Black's Law Dictionary, 5th Ed. (1979), p. 22, 23, Title "Acquiescence, estoppel by." If an estoppel is created in this manner you may be ruled against by the agency or court regardless of what you do.

**ESTOPPEL** - Estoppel means that party is prevented by his own acts from claiming a right to detriment of other party who was entitled to rely on such conduct and has acted accordingly. *Graham v. Asbury*, 112 Ariz. 184, 540 P. 2d 656, 658. Estoppel is a bar or impediment which precludes allegation or denial of a certain fact or state of facts, in consequence of a final adjudication of the matter in a court of law. It operates to put a party entitled to its benefits in same position as if the thing represented were true. *May v. City of Kearney*, 145 Neb 475, 17 N.W. 2d 448, 458." Black's Law Dictionary, 5th Ed. (1979), p. 494, Title "Estoppel."

Under these circumstances if someone lied to you and claimed ownership of something and you clearly allowed that person to exercise ownership to the deprivation of your claim to the property, when you knew it was a lie, then, if any legal action took place thereafter, the party that lied would be treated as the owner of the property and you would be estopped from expressing your claim to the property. The same will hold true if you fail to assert a constitutional limitation in court. If you have knowledge that a particular violation of constitutional limitations exists and you fail to assert it to the trial court it will be deemed waived for all intents and purposes and that waiver will be the law of your case; in other words, if your jurisdictional

**COURT OF RECORD MEMORANDUM**

claim has been adjudicated, the doctrine of <u>res judica</u> applies. Should you later contest the judgment in a higher court, when you raise those objections in your defense, deemed waived below, they will be overlooked under the waiver. The only time you will be able to substantially assert a previously waived objection in the higher court is if you can show that you did not have knowledge of the objection or constitutional limitation at the time the trial court heard your case.

## III.    <u>TACIT PROCURATION, OFFER AND ACCEPTANCE</u>

Our common law [administrative] process is based on three maxims of law that have always and still do hold weight: Offer and Acceptance, Due Process, and Oath of Affirmation [Witness]. Plaintiff will not go into great detail explaining these here, but quickly analyze them.

For a contract to be initiated there must be an offer. The one who makes an offer is the Offerer. Then, for a binding contract to form there must be acceptance by another; that other is called the Offeree. If one extends an offer and another accepts that offer, after meaningful consideration and recorded acknowledgement from both sides, as through signature, a contract is formed and both parties are bound to the specific terms and conditions of that contract. To satisfy the prerogative of a common law contract, there must be an exchange of at least one silver dollar.

Due process is a concept of law that is equitable in nature. Its application helps to create fair and just conditions under which contracts may be formed. Due process in application is dependent on many factors, such as the type of operation that is in

process, but generally it is about giving the parties a second chance of redemption so that it is less likely that a mistake might lead to the formation of an unintended contract. Making an offer two or more times before making a conclusion is rendering "due process". Plaintiff has exhausted Due Process by allowing all defendants to respond, lawfully, to his certified letters regarding allegations of fraud and lack of standing, Proof of Claim and Good Faith Offer to Pay, sent four times, as shown under exhibits.

Witness, again equitable in its nature, is a lawful concept, historically applied to ensure objectivity so that mistakes are not made. Due Process and Witness are enshrined in our United States Constitution and have deep historical roots, well-grounded with its application of offer, due process and witness. Plaintiff used a notary presentment process with his initial offer, then sent his offer a second, third and fourth time, giving defendants a chance for redemption before certified dishonor and DEFAULT, through acquiescence, was instated. The notary was his witness and is established to be a very credible witness, according to the 1850 Notary Act. He definitely made a bona fide offer and it was definitely an offer that was witnessed and stated very fairly, offering chances for redemption. His Offer was not truly accepted under the law of contract and American law of presentment.

In performing his three step administrative processes, he has relied primarily on the well-established AMERICAN LAW OF PRESENTMENT and on the lawful maxim "silence is agreement". This is also known as **TACIT AGREEMENT, TACIT ACQUIESCENCE, AND IS RELATED TO TACIT PROCURATION,**

11

**COURT OF RECORD MEMORANDUM**

and holds that when a party does not take action and fully respond to or rebut allegations against it, its silence is its acquiescence.

Plaintiff sent several letters to the CEO'S of Bank of America, N.A, Bank of New York Mellon, ReconTrust, N.A. and Select Portfolio Servicing, Inc. [some filed under EXHIBITS TO COMPLAINT] wherein he outlined what he believed are elements of fraud in the contract. He also stated in said letters that the respondent's failure to respond or to respond adequately will constitute agreement with his allegation of fraud and orchestrated attempt of theft by deception or larceny by trickery, both of which are felony. Every letter he sent was composed of specific allegations, laws, and statutes and gave defendants an opportunity to rebut and answer truthfully with an affidavit [witness] under penalty of perjury. Defendants chose to acquiesce by estoppel or reply by sending internet printed copies of documents, such as the deed, from the public record. **They did not take action to adequately respond to allegations of Plaintiff, his Proof of Claims and Good Faith Offers to Pay, or attempt to cure their defect when Plaintiff gave Due Process and sent Notices of Fault and Opportunities to Cure. Defendants were duly warned and had full information of what their action or inaction would represent, and because they had knowledge of the facts and terms of Plaintiff's correspondences, their acquiescence was their tacit procuration.**

## IV.  NOTARY ACT ENACTMENT

**THIRTY-FIRST CONGRESS Sess.I Ch.52,53. 1850**

**COURT OF RECORD MEMORANDUM**

1   Sept 16, 1850 Chap. LII. An Act to authorize Notaries Public to take and certify

2   Oaths, Affirmations, and Acknowledgments in certain Cases.

3       *"Be it enacted by the Senate and House of Representatives of the United*

4   *States of America in Congress assembled,* That in all cases in which, under the laws

5

6   of the United States, oaths, or affirmations, or acknowledgements may now be taken

7   or made before any justice or justices of the peace of any State or Territory, such

8   oaths, affirmations, or acknowledgments may be hereafter also taken or made by or

9

10  before any notary public duly appointed in any State or Territory, such oaths,

11  affirmations, or acknowledgements may be hereafter also taken or made by or before

12  **any notary public duly appointed in any State or Territory, and, when certified**

13  **under the hand and official seal of such notary, shall have the same force and**

14  **effect as if taken or made by or before such justice or justices of the peace.** And

15

16  all laws and parts of laws for punishing perjury, or subordination of perjury,

17  committed in any such oaths or affirmation, when taken or made before any such

18

19  justice of the peace, shall apply to any such offence committer in any oaths or

20  affirmations which may be taken under this act before a notary public, or

21  commissioner, as hereinafter named: *Provided always* That on any trial for either of

22

23  these offences, the seal and signature of the notary shall not be deemed sufficient in

24  themselves to establish the official character of such notary, but the same shall be

25  shown **by other and proper evidence.**

26       *And be it further enacted,* That all the powers and authority conferred in and by

27  the preceding section of this act upon notaries public be, and the same are hereby,

28

13

**COURT OF RECORD MEMORANDUM**

vested in, and may be exercised by, any commissioner appointed, or hereafter to be appointed, by any Circuit Court of the United States, under any act of Congress authorizing the appointment of commissioners to take bail, affidavits, or depositions, in causes pending in the courts of the United States."

Approved, September 16, 1850

In summary, notice, and opportunity to respond, solid evidence to which a Notary Public witnesses resulting in the signature and seal of the Notary that, in turn possesses a certificate that must, itself, be properly authenticated shall not be questioned collaterally.

**Ivaylo Tsvetanov Dodev, Plaintiff**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**

14
**COURT OF RECORD MEMORANDUM**