**WRIGHT, FINLAY & ZAK, LLP**
Kim R. Lepore, Esq., Arizona Bar No. 019130
18444 N. 25th Ave., Suite 420
Phoenix, AZ 85020
Telephone: 602-845-8898
Fax: 949-608-9142
klepore@wrightlegal.net

Attorneys for Defendants Select Portfolio Servicing, Inc., Timothy O'Brien, The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, Gerald Hassell, Karla Richards, Dani Todd and KaJay Williams

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev, | Case No.: CV-13-02155-PHX-GMS |
| Plaintiff, | |
| vs. | **REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| Recontrust Company, N.A.; James F. Taylor, and/or his successor, in his/their individual and official capacity; Select Portfolio Servicing, Inc.; Timothy O'Brien, and/or his successor, in his/their individual and official capacity; Bank Of New York Mellon, N.A.; Gerald Hassell, and/or his successor, in his/their individual and official capacity; Bank of America, N.A. successor of Countrywide Home Loans, Inc.; Brian T. Moynihan, and/or his successor, in his/their individual and official capacity; and DOES 1-100, in his/her individual and official capacity, | |
| Defendants. | |

-1-
REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO CERTAIN DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants hereby reply to Plaintiff's Response in Opposition to Certain Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Response"), as follows:

First, Plaintiff's Response fails to comply with Local Rule 7.2(e)(1) which sets the page limitation for responsive memorandum to 17 pages. Plaintiff's Response is 26 pages. Therefore, Defendants request that this Court strike all pages beyond 17 pages.

### A.     Plaintiff's Land Patent Claims Fail

Plaintiff's land patent claims, contained at pages 6-13 of his Response, should be dismissed because Plaintiff failed to allege any such cause of action or theory in his First Amended Complaint ("FAC"). Through this action and the filing of the FAC, Plaintiff appears to somehow attempt to retain title to the subject property through a purported land patent and warranty deed. However, Plaintiff has not, and cannot, cite any law supporting any theory that they are entitled to retain the subject property without first repaying the note and curing the arrearages on their loan.

The Arizona Supreme Court has stated that plaintiffs in quiet title action "[c]annot claim under the patents from the United States of America without confirming them, nor can they adopt those portions which operate in their favor and the same time repudiate those which are counter or adverse to their interest." *Allison v. State,* 101 Ariz. 418, 421, 420 P.2d 289, 292 (Ariz.1966). Plaintiff fails to cite any authority that a land patent on real property operates to void a valid Deed of Trust secured by the property or the subsequent transfer of the property.  Therefore, Plaintiff's claim clearly fails to allege a plausible claim that a land patent would entitle Plaintiff to any relief.

B. **Defendants Richards, Todd, Williams, O'Brien and Hassell Should Be Summarily Dismissed because Plaintiff fails to allege any Wrongdoing by these Defendants.**

As stated in Defendant's Motion to Dismiss, Plaintiff fails to allege any of the cause of action against Defendants Richards, Todd and Williams. In his Response, Plaintiff merely states that these defendants "replied" to some of Plaintiff's letter addressed to the CEO of SPS, O'Brien. (Response at page 14, lines 8-14.) Therefore, Plaintiff has still failed to allege any facts that these defendants did anything wrong.

Plaintiff also fails to refute the fact that his FAC is devoid of any factual allegations against Defendants O'Brien and Hassell, the Chief Executive Officers of SPS and The Bank of New York Mellon, respectively. Plaintiff merely states in his Response that he sent letters to SPS, in which *he alleged* that O'Brien conspired with the remaining defendants to steal Plaintiff's house. (Response at page 14, lines 15-20.)

C. **Plaintiff Admits that His Bankruptcy Did Not Discharge the Security Interest Held Under the Deed of Trust.**

Plaintiff admits in his Response that his bankruptcy did not extinguish the security interest under the Deed of Trust. (Response at page 16, lines 4-5.) Instead, Plaintiff alleges new theories that Defendants violated the pooling and servicing agreement and the UCC, which made the Note an unsecured instrument and destroyed any security interest. (Response at page 5-9.) First, promissory notes are not secured instruments. Second, Plaintiff fails to refute the case law cited by Defendants in the Motion to Dismiss, wherein courts have consistently rejected the theories that a security interest in a deed of trust is nullified if the note is split from the deed of trust.

### D. Plaintiff's First Cause of Action for Violation of FDCPA Fails Because Defendants are not Debt Collectors.

Plaintiff fails to rebut well settled case law holding that, "mortgagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA." *Mansour v. Cal-Western Reconveyance Corp*., 618 F.Supp.2d 1178, 1182 (D.Ariz. 2009). The cases cited by Plaintiff are not Ninth Circuit cases. The first case, *Wilson v. Draper & Goldberg, PLLC*, a Fourth Circuit case, was not followed by the 9th Circuit District Court in Purdy v. Bank of Am., 1:11-CV-00640-EJL, 2012 WL 4470938 (D. Idaho Sept. 26, 2012). In Purdy, the Court reasoned and found as follows:

> For argument purposes, even if the bank defendants could be considered "debt collectors" under the FDCPA (which the Court does not concede is true as a matter of law), it simply does not create a claim under the FDCPA since the bank defendants are not attempting to collect monies due on the Note. Rather, the bank defendants are foreclosing on a deed of trust. While there may be a split of authority on this issue, the Court is now persuaded by *Cherian v. Counrtywide Home Loans, Inc.,* 2012 WL 2865979 (D.Idaho) that the FDCPA was not intended to include non-judicial foreclosure actions as the non-judicial foreclosure process does not rise to the level of a "debt collection activity" under the FDCPA. *See also, Hulse v. Ocwen Fed. Bank, FSB,* 195 F.Supp.2d 1188m 1204 (D.Or.2002). [Emphasis added.]

*Purdy* at *5. Likewise, *Glazer v. Chase Home Finance LLC*, 2013 WL 141699 (6th Cir., Jan. 14, 2013) was disagreed with by *Natividad v. Wells Fargo Bank, N.A.,* 3:12-CV-03646 JSC, 2013 WL 2299601 (N.D. Cal. May 24, 2013).

### E. Plaintiff Has Failed to Refute the Evidence and Case Law Rejecting His Second Cause of Action to Quiet Title.

Defendants do hold a security interest in the Subject Property. Plaintiff states in his Response that Defendants have not submitted any document on the docket to show that they hold such interest and instead rely on "unofficial copies of the Deed, Assignment,

and Note." (Response at page 17, line 27-page 18, line 4.) However, attached to Defendants' Request for Judicial Notice (Doc. 41) as Exhibits 1 and 5 are true and correct copies of the Deed of Trust and Corporation Assignment of Deed of Trust Arizona which display the recording date and the instrument number with which they were recorded in the Official Records of Maricopa County. Plaintiff has not provided any evidence that refutes the security interest provided by the Deed of Trust and Assignment.

1. <u>Plaintiff's UCC Arguments Do Not Apply to Deeds of Trust.</u>

Plaintiff continues to assert that this Court should quiet title in his favor due to various violations to the UCC with regards to the Deed of Trust. As stated in Plaintiff's Motion to Dismiss, the UCC does not govern liens on real property. *See Rodney v. Ariz. Bank*, 172 Ariz. 221, 224–25, 836 P.2d 434, 437–38 (App.1992).

2. <u>Plaintiff's Holder of the Note Argument Fails.</u>

Plaintiff fails to present any case law that nullifies the Arizona Supreme Court's conclusion that Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority <u>or</u> show the note before the trustee may commence a non-judicial foreclosure. Instead, Plaintiff cites to Federal Rules of Civil Procedure regarding prosecuting actions in the name of the real party in interest. The Federal Rules of Civil Procedure apply to judicial actions. The pending foreclosure action is a non-judicial action. Defendants have provided the Assignment of Deed of Trust which is proof that The Bank of New York Mellon, as trustee, is the current beneficiary of the Deed of Trust and is authorized to enforce the Deed of Trust through the power of sale clause.

3. <u>Plaintiff's Splitting of the Note and Deed of Trust Theory Fails.</u>

Plaintiff reasserts the fatal splitting of the Note and Deed of Trust theory. This argument was previously addressed in Defendants' Motion to Dismiss.

**F.** **Plaintiff's Fraud Causes of Action Fail and are Barred by the Statute of Limitations.**

Plaintiff attempts to assert a new cause of action, fraud upon the court. (Response at page 22, line 26-page 23, line 2.) Plaintiff cannot assert new causes of action in his Reply; he must file another amended complaint if he wishes to add new causes of action. Similarly, Plaintiff's new claim for perjury by the alleged robo-signer should also be disregarded because it was not contained in the FAC and because the alleged robo-signer is not a party to the action.

Furthermore, Plaintiff has failed to assert any allegations to support this new claim and it should be stricken by this Court. The remainder of Plaintiff's fraud causes of action are barred by the statute of limitations regardless of the "ongoing action." The statute of limitations begins to run when the cause of action accrues, which was during the loan origination in 2006.

**G.** **Plaintiff's Fourth Cause of Action for "Anguish, Health, Reputation," which is Based upon Plaintiff's Cause of Action for Violation of FDCPA, Fails.**

Plaintiff argues in his Response that physical and emotional distress is a cause of action which can be pursued for damages under the FDCPA. Because Defendants are not debt collectors and therefore are not subject to the FDCPA, any cause of action under the FDCPA is also barred. Regardless, "Anguish, Health, Reputation" is not a cause of

action that is recognized in Arizona.

**H.     Plaintiff's Admits that He is Not Seeking Prosecution for Mail Fraud.**

Plaintiff admits in his Response that he is not seeking to prosecute Defendants for mail fraud; only that he is "willing to assist" the Arizona Attorney General in pressing charges against Defendants. (Response at page 25, lines 23-27.) Based upon this admission, Plaintiff's Mail Fraud cause of action should be dismissed without leave to amend.

**I.     Plaintiff Fails to Refute the Motion to Dismiss regarding the Sixth Cause of Action for RICO.**

Plaintiff fails to refute Defendants' arguments and case law regarding his RICO cause of action and instead, "stands on his Complaint." (Response at page 25, line 27-page 26, line 2.) For the reasons stated in the Motion to Dismiss, this cause of action should also be dismissed without leave to amend.

///

///

///

///

REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## IV. CONCLUSION

For the foregoing reasons, the moving Defendants respectfully request that this Court dismiss Plaintiff's entire First Amended Complaint **with prejudice**, and without leave to amend, pursuant to FRCP Rule 12(b)(6).

**RESPECTFULLY SUBMITTED** this 13th day of January, 2014.

**WRIGHT, FINLAY & ZAK, LLP**

By: /s/ Kim R. Lepore
    Kim R. Lepore, Esq.
    Attorneys for Attorneys for Defendants SPS, O'Brien, BNYM as trustee, Hassell, Richards, Todd and Williams

ORIGINAL of the foregoing electronically
filed this 13th day of January, 2014.

COPIES of the foregoing mailed the
14th day of January, 2014, to:

Ivaylo Tsvetanov Dodev
6312 S/ 161st Way
Gilbert, AZ 85298
Plaintiff in pro se

Sean K. McElenney. Esq.
Coree E. Neumeyer, Esq.
Eric M. Moores, Esq.
Two N. Central Ave., Suite 2200
Phoenix, AZ 85004-4406
Attorneys for ReconTrust, Bank of America
and Brian T. Moynihan


/s/ Kim Lepore