**WRIGHT, FINLAY & ZAK, LLP**
Kim R. Lepore, Esq., Arizona Bar No. 019130
Bradford E. Klein, Esq., Arizona Bar No. 027720
18444 N. 25th Ave., Suite 420
Phoenix, AZ 85023
Telephone: 602-845-8898
Fax: 949-608-9142
klepore@wrightlegal.net | bklein@wrightlegal.net

Attorneys for Defendants Select Portfolio Servicing, Inc., Timothy O'Brien, The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, Gerald Hassell, Karla Richards, Dani Todd and KaJay Williams

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>  Plaintiff,<br><br>  vs.<br><br>Recontrust Company, N.A.; James F. Taylor; Select Portfolio Servicing, Inc.; Timothy O'Brien; Bank Of New York Mellon, N.A.; Gerald Hassell; Bank Of America, N.A. successor of Countrywide Home Loans, Inc.; Brian T. Moynihan; and Does 1-100,<br><br>  Defendants. | Case No.: 2:13-CV-02155-GMS<br><br>**RESPONSE TO PLAINTIFF'S MOTION TO SANCTION COUNSEL KIM R. LEPORE AND BRADFORD E. KLEIN**<br><br>(Honorable G. Murray Snow) |

Counsel for Defendants, Kim R. Lepore and Bradford E. Klein, hereby respond to Plaintiff's Motion to Sanction Counsel Kim R. Lepore and Bradford E. Klein (the "Motion") (Doc. 52) for the reasons that Plaintiff's Motion to Sanction Counsel fails to comply with Rule 11 of the Federal Rules of Civil Procedure. Plaintiff's Motion is

basically a motion to reconsider this Court's ruling (Doc. 45) on Defendants' Motion to Set Aside Entry of Default (Doc. 37) and a renewal of his first Motion to Sanction Counsel (Doc. 39), which was deemed moot by this Court on December 18, 2013 (Doc. 45).

### A. Plaintiff's Motion to Sanction Counsel Violates FRCP Rule 11.

Plaintiff's second Motion to Sanction Counsel fails to comply with FRCP Rule 11, as did his first Motion to Sanction Counsel. Rule 11(c)(2) provides as follows:

> A motion for sanctions must … describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it **must not be filed** or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including **attorney's fees**, incurred for the motion. [Emphases added.]

Plaintiff failed to comply with the safe harbor provision of Rule 11. Plaintiff filed the Motion with the Court *prior to* serving it on counsel and without allowing counsel time to withdraw or correct the challenged document. Therefore, the Motion for Sanctions must be denied and Defendants should be awarded reasonable attorney fees in defending the improper motion.

This Court's Order dated October 23, 2013 requires Plaintiff to familiarize himself with the Federal Rules of Civil Procedure. Therefore, Plaintiff should be held accountable for his failure to comply with Rule 11.

### B. Plaintiff's Motion to Sanction Counsel is Moot and Fails.

In Plaintiff's first Motion to Sanction Counsel (Doc. 39), Plaintiff asserted several allegations against Defendants' counsel regarding her Motion to Set Aside Entry of Default of Defendant Hassell (Doc. 37). Plaintiff basically complained that Counsel Lepore blamed the court clerk for entering default against Defendant Hassell. However, this Court granted Defendants' Motion to Set Aside Entry of Default because default *was* entered prior to Defendant Hassell's deadline to file a responsive pleading (Doc. 45). In

that same Order, this Court found that Plaintiff's first Motion to Sanction Counsel was moot based upon the granting of the Motion to Set Aside Entry of Default. Likewise, Plaintiff's instant Motion to Sanction Counsel, in which he makes the same arguments at ¶¶1, 3 and 9, is also moot and should be denied.

Plaintiff further argues that he filed a Declaration of Conferral (Doc. 26) that "rebuts" Counsel Lepore's statement that she contacted Plaintiff via voice mail. (Motion at ¶2.) Counsel is unsure as to what statement Plaintiff is referring; however, Plaintiff filed his Declaration of Conferral two days before Counsel Lepore left a voice message for Plaintiff. Thus, Plaintiff's Declaration of Conferral could not have rebutted anything. Counsel Lepore's Notice of Certification of Conferral filed on January 16, 2014 (Doc. 59) clearly states that she left a voice message for Plaintiff on December 4, 2013. Counsel Lepore will obtain telephone records if necessary to "substantiate her statement" that she left a voice mail for Plaintiff. However, Counsel feels this is irrelevant, especially because Counsel also attached a detailed email, to the Notice of Certification of Conferral, that was sent to Plaintiff which also shows her attempt to meet and confer with Plaintiff. Counsel Lepore also included a Certification of Conferral at the end of the Motion to Dismiss filed on December 12, 2013 (Doc. 40 at p. 16), stating that she left a voicemail message and sent an email to Plaintiff. Counsel filed the additional Notice of Certification of Conferral today pursuant to the Court order dated December 16, 2013 (Doc. 43) to avoid having Defendants' Motion to Dismiss stricken.

Plaintiff also claims that Counsel "lied on the record" about conferring with Plaintiff because she had not filed a notice of appearance as to Defendants Hassell and Bank of New York Mellon, as trustee, prior to attempting to confer with Plaintiff. (Motion at ¶4.) Counsel did not lie. As stated in Counsel Lepore's Notice of Certification of Counsel (Doc. 59), Counsel was not retained to represent Defendants Hassell and Bank of New York Mellon, as trustee, until after she had already attempted to confer with Plaintiff twice. Counsel believed she needed to file the Motion to Dismiss promptly to

avoid entry of default against those Defendants because Plaintiff had already filed premature applications for entry of default. Counsel states in the Notice that she did not believe Plaintiff would have changed his mind and responded to her just because she represented additional Defendants.

Plaintiff next claims that Counsel "incriminated" Defendant O'Brien by filing a Motion to Dismiss on his behalf even though Plaintiff claims he has not properly served Defendant O'Brien. Plaintiff does not have standing to raise such a ridiculous charge. (Motion at ¶5.) Likewise, Plaintiff does not have standing to charge Counsel with "incriminating" other Defendants based upon facts asserted in the Motion to Dismiss (Doc. 40) (Motion at ¶¶6-7). Plaintiff is merely attempting to argue the merits of his First Amended Complaint in the instant Motion to Sanction Counsel, which is improper.

Plaintiff further alleges that Counsel Lepore violated FRCP 5(a)(1)(E) and Local Rule 83.3(a) by stating in her Declaration (Doc. 44-1) that she is counsel of record for Defendants Hassell and Bank of New York Mellon, as trustee (Motion at ¶9). However, at that time, Counsel Lepore had already filed a Motion to Dismiss on behalf of those Defendants (Doc. 40). Therefore, Counsel Lepore was "counsel of record" for those Defendants. Plaintiff is under the impression that an attorney has to file a notice of appearance before he or she can file any other pleadings, such as a motion to dismiss, on behalf of a party. Plaintiff has not presented any rule or case law stating that counsel has to file a notice of appearance before filing a motion to dismiss. Filing any pleading on "the record" on behalf of a party *is notice* of that attorney's appearance in the action on behalf of that party.

Finally, Plaintiff claims that Counsel Lepore "fell deficient of her understanding of Law, Process, Rules and Procedures," when she alleged that Plaintiff should have served his first Motion to Sanction Counsel under Rule 5. (Motion at ¶10.) However, *Plaintiff fails to understand the Federal Rules of Civil Procedure.* Plaintiff has failed to comply with the safe harbor provision of Rule 11(c)(2). Rule 11 requires Plaintiff to serve a

motion for sanctions on counsel but then states that the motion "<u>must not be filed</u>." FRCP Rule 11(c)(2). Plaintiff did not serve either his first Motion to Sanction Counsel (Doc. 39) or the instant Motion to Sanction Counsel (Doc. 59) on counsel and then wait 21 days for counsel to correct the challenged document before filing the motion. Instead, Plaintiff filed both motions immediately. For this reason alone, Plaintiff's Motion should be summarily denied.

In summary, Plaintiff has failed to allege any facts that would support an award of sanctions against Counsel Lepore or Counsel Klein.

**WHEREFORE**, Counsel Lepore and Counsel Klein respectfully request that this Court deny Plaintiff's Motion to Sanction Counsel and order Plaintiff to pay Defendants' attorney fees and costs, pursuant to Rule 11(c)(2), incurred in defending this second frivolous, unwarranted motion.

**RESPECTFULLY SUBMITTED** this 16th day of January, 2014.

**WRIGHT, FINLAY & ZAK, LLP**


By: /s/ Kim R. Lepore, Esq.
Kim R. Lepore, Esq.
Attorneys for Defendants Select Portfolio Servicing, Inc; Timothy O'Brien; The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of Cwalt, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7; and Gerald Hassell

ORIGINAL of the foregoing electronically
filed this 16th day of January, 2014.

COPIES of the foregoing mailed this
16th day of January, 2014, to:

Ivaylo Tsvetanov Dodev
6312 S/ 161st Way
Gilbert, AZ 85298
Plaintiff in pro se

Sean K. McElenney, Esq.
Coree E. Neumeyer, Esq.
Eric M. Moores, Esq.
Two N. Central Ave., Suite 2200
Phoenix, AZ 85004-4406
Attorneys for ReconTrust, Bank of America
and Brian T. Moynihan

/s/ Steve Bennett