BRYAN CAVE LLP (No. 00145700)
Sean K. McElenney (No. 016987)
Coree E. Neumeyer (No. 025787)
Eric M. Moores (No. 028280)
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
skmcelenney@bryancave.com
coree.neumeyer@bryancave.com
moorese@bryancave.com

Attorneys for Defendants ReconTrust Co. N.A.,
Bank of America, N.A., and Brian T. Moynihan

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>  Plaintiff,<br><br>  v.<br><br>ReconTrust Co. N.A.; James F. Taylor; Select Portfolio Servicing, Inc.; Gerald Hassell; Bank of America, N.A.; Brian T. Moynihan; Timothy O'Brien; and Bank of New York Mellon,<br><br>  Defendants. | No. 2:13-CV-02155-GMS<br><br>**DEFENDANTS RECONTRUST, N.A., BANK OF AMERICA, N.A., AND BRIAN T. MOYNIHAN'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>(Hon. G Murray Snow) |

Dodev's Response fails to salvage his deficient Complaint. It continues to cite the same baseless legal contentions Dodev relies on in his Complaint and simply restates his unsupported assertion, that Defendants are not entitled to foreclose on a mortgage—on which he has clearly defaulted—for various reasons that have been rejected by this Court countless times.

Dodev's Response also contains no allegations of fact or law that would justify this Court exercising personal jurisdiction over Brian T. Moynihan, an individual who lives in North Carolina. Further, his reliance on the Pooling and Service Agreement ("PSA") does not

save any of his claims. As discussed below, Dodev's Complaint fails to meet the requirements of Rule 12(b)(6), and his claims should be dismissed.

# I. ARGUMENT.

## A. Dodev Provides No Allegation Of Fact Or Law Justifying Personal Jurisdiction Over Brian T. Moynihan.

Moynihan lives and works in North Carolina, yet Dodev argues that requiring him to defend in an Arizona court would not "offend traditional notions of fair play and substantial justice." [Response, at 8:1-7.] Dodev provides no allegation that Moynihan has any connection to Arizona, other than his absurd claim that personal jurisdiction exists here because he and Moynihan exchanged letters. Dodev provides no support for his assertion that simply sending and/or receiving a letter from Arizona establishes personal jurisdiction. Were it that simple, plaintiffs could overcome any personal jurisdiction problems by simply writing a letter to an individual they wish to sue from the state in which they wish to bring suit. Further, Dodev claims Moynihan "established contact with Plaintiff through multiple responses from his corporate office by his legal representatives who were acting directly on his behalf." [Id. at 7:9-12.] Again, he provides no support for this contention. He has not produced any written correspondence signed by Moynihan or indicating it was drafted at his direction. Dodev's arguments, if valid, would obliterate the concept of personal jurisdiction for any corporate officer whose company sends correspondence to a customer in another state.

Dodev also incorrectly states that Fed. R. Civ. P. 4(k) gives all federal courts authority to exercise personal jurisdiction over any defendant—regardless of the lack of any contact with the forum state—whenever a federal law is at issue. [Id. at 7:18-21.] Rather, to establish personal jurisdiction, Rule 4(k) first requires "serving a summons or filing a waiver of service." Dodev offers no evidence that Moynihan has been properly served or that he waived service. Further, the defendant must be "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). No Arizona state court has general jurisdiction over Moynihan. Dodev also refers to Rule 4(k)(2), which addresses jurisdiction when a claim arises under federal law. Not only does that provision also require

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406

753740.2

proper service or waiver of service, it grants personal jurisdiction when "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction. . . ." Because Moynihan resides in North Carolina, that state's courts clearly have general jurisdiction. Dodev's discussion of the Federal Rules of Civil Procedure is irrelevant, as no provision excuses the lack of personal jurisdiction.

Similarly, Dodev makes the incredible argument that any federal court can exercise personal jurisdiction over any resident of the United States, regardless of where they reside. While the authority Dodev provides to support this assertion can easily be distinguished, it is only important to note that the U.S. Supreme Court rejected the rationale of that decision over thirty years ago. Specifically, the Supreme Court explained that "[t]he personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power . . . as a matter of individual liberty." Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104–05 (1982). Dodev does not provide any valid support for his assertion that a federal court can exercise jurisdiction over an individual in any state when the case involves a federal question, as no such authority exists.

Because this Court does not have personal jurisdiction over Moynihan, it should dismiss all claims against him.

**B.    Dodev's FDCPA Claims Fail Because Defendants Are Not Debt Collectors.**

In his Response, Dodev attempts to distinguish the clear and settled law in this District that the FDCPA does not apply to "[m]ortgagees and their beneficiaries, including mortgage servicing companies. . . ." Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). Instead, he attempts to create his own exceptions. First, he alleges his FDCPA claim "arose out of conduct of defendants as debt collectors under FDCPA." [Response, at 8:18-19.] He does not counter that 'the activity of foreclosing on [real] property pursuant to a deed of trust is not collection of debt within the meaning of the FDCPA." Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002). Instead, he dismisses multiple cases, including many by this Court, that support Defendants' argument that foreclosure is not an attempt to collect a debt. [Response, 12:10-21.] The cases Defendants cite

753740.2

in their Motion to Dismiss represent the law in this District, which is that foreclosure on a deed of trust is not the collection of a debt. [Motion to Dismiss, at 5:18-23.]

Further, Dodev argues that the exception to the term "debt collectors" for mortgagees and mortgage servicing companies does not apply when the debt was in default at the time of acquisition. In July 2011, BAC Home Loans Servicing, LP merged with and into BANA, which is how BANA took over the servicing of the Loan. The FDCPA specifically excludes from the term "debt collector" an entity operating on behalf of another "related by common ownership or affiliated by corporate control." 15 USC § 803(6)(B).

Also, Dodev offers no support for his claim that simply because BANA included language identifying itself as a debt collector in correspondence, it thereafter became a debt collector as a matter of law.

Even though ReconTrust was merely a trustee and Dodev does not allege it attempted to collect a debt from him, he attempts to shoehorn the trustee into the definition of a "debt collector" by citing to a provision in the FDCPA related to "security enforcers when they threaten non-judicial action to dispossess property without right or intention to take that property." [Response, 11:6-10.] This language is contained in 15 USC §1692f(6), which relates to prohibited acts. It does not define the term "debt collector," but rather enumerates one of a number of unfair practices under the Act. A "debt collector" is defined in § 1692a(6), and it does not include trustees who have not actually taken any action to collect a debt. Thus, ReconTrust is not a "debt collector" subject to the FDCPA, and Dodev's FDCPA claim against ReconTrust should be dismissed.

### C. Dodev's Quiet Title Claim Fails Because He Has Not Tendered the Outstanding Balance.

In its Motion to Dismiss, BANA submitted that Dodev's quiet title claim fails because an outstanding balance remains on his loan which he still has not paid or stated he is willing to tender the outstanding balance. [Motion to Dismiss, 6:13-7:2.] In his Response, Dodev merely restates that he allegedly sent BANA "offers"—which included conditions BANA was under no obligation to accept—to pay the outstanding amount. This is not enough to comply with the

tender rule related to quiet title claims. As pointed out in BANA's Motion to Dismiss, this Court has repeatedly dismissed quiet title claims where the claimant has failed to comply with the tender rule, and Dodev makes no effort to comply with it in his Complaint or Response. [Motion to Dismiss, 3:27-4:3.]

Dodev does not allege he has paid off the outstanding balance or that he is currently prepared and willing to do so. In fact, his Complaint and Response are based on the premise no debt currently exists. [Response, at 13:27-28 ("Plaintiff does not in fact believe that a valid, lawful debt exists.").] Such a position is inharmonious with any representation he stands prepared and willing to satisfy his obligation, even if he had made such a claim.

Further, Dodev does not dispute Defendants' argument that a quiet title action against BANA is improper because it no longer has an interest in the Property.

In their Motion to Dismiss, Defendants point out that Dodev provides no authority that would prevent ReconTrust from foreclosing on its security interest. [Motion to Dismiss, at 7:12.] In his Response, Dodev states that he has challenged whether ReconTrust is the current lawful trustee under the Deed, whether the Substitution of Trustee was, in some way, fraudulent, and whether all assignments of the Note and Deed of Trust were valid. Dodev has provided no factual support for these claims, and, as this Court noted, Dodev's claims "are unlikely to succeed on the merits." [Order Denying Plaintiff's Motion for a Temporary Restraining Order (TRO) to Stay the Sale of Plaintiff's House and Plaintiff's Motion for Imposition of Preliminary Injunction for Relief Barring the Sale or Transfer by Defendants, at 2:25-27.]

**D.     BANA Has No Obligation to Prove Actual Possession of the Note to Establish "Standing."**

Dodev's Response includes several arguments related to Defendants' authority to foreclose and challenging whether they actually held any valid interest. But these arguments are merely red herrings. Despite Dodev's claims that the UCC somehow invalidated BANA's interest, the fact remains that it does not apply to trust deeds. Further, Dodev's argument that the terms of the PSA—a document he was not a party to—invalidated nearly every party's

753740.2

interest and results in him owning the Property free and clear of any further obligation is baseless.

### 1. The UCC Does not Apply to the Deed of Trust.

While Dodev claims the Pooling and Service Agreement somehow makes the UCC relevant, the fact is this Court has already stated, on a number of occasions, that it does not. As Defendants state in their Motion to Dismiss, the UCC is inapplicable because no one is attempting to enforce the promissory note in court. [Motion to Dismiss, at 7:25-27.] As Dodev notes, "Arizona law expressly provides that the transfer of any contract secured by a deed of trust 'shall operate as a transfer of the security for such contract.' A.R.S. § 33-817." Vasquez v. Saxon Mortgage, Inc., 228 Ariz. 357, 359, 266 P.3d 1053, 1055 (2011). Thus, when the Note was transferred, the Deed of Trust was also transferred by operation of law. The existence of a PSA does not make the UCC applicable here, and Dodev's contention that any security interest was invalidated due to perceived violations of the PSA is unsupported and irrelevant to his mortgage. As Defendants' noted in their Motion to Dismiss, the Arizona Supreme Court has held the UCC does not apply to trustee's sales. [Motion to Dismiss, at 8:10-13.]

While Dodev alleges Defendants misunderstood his argument regarding "holder in due course" and "standing," the fact remains that a beneficiary is not required to prove it has proper authority before commencing a non-judicial foreclosure. [Motion to Dismiss, at 8:22-25.] Further, A.R.S. § 33-807(A) is clear: a trustee has standing to hold a trustee's sale by virtue of its status as trustee. [Motion to Dismiss, at 9:6-9.] While Dodev attempts to present convoluted arguments regarding proper possession and transfer of the Note and compliance with the terms of the PSA, Arizona law is quite simple: a trustee may conduct a non-judicial trustee's sale without proving it has the authority to do so.

### 2. Regardless Of Whether Any Party Violated The Terms Of The PSA, Dodev's Loan Was Never Extinguished And The Trustee Is Entitled To Conduct A Trustee's Sale.

Dodev asserts that Defendants' did not comply with the terms of the PSA, which, in effect, invalidated the Loan and granted him a free home. Dodev's allegations are irrelevant because he does not have standing to raise any claim based on the PSA, which he was not a

753740.2

party to. Further, Dodev has provided no authority superseding Arizona law supporting a trustee's right to conduct a foreclosure sale under these circumstances.

Dodev contends that all assignments of the Loan are invalid because they did not comply with the terms of the PSA. Specifically, he alleges that the assignment of his mortgage was executed four years after the PSA closing date. [Response, at 17:15-17.] When an assignment was recorded is not necessarily evidence of the date of actual assignment. Further, the fact that an assignment was recorded after the REMIC closing date would not defeat a party's status as a trust deed beneficiary. The Arizona Supreme Court made clear in Vasquez that the transfer of a contract secured by a deed of trust also transfers the security for the contract. 228 Ariz. at 359 (citing A.R.S. § 33–412(B)). Thus, when the loan was assigned and transferred to each subsequent assignee, the trust deed was transferred by operation of law.

Dodev's allegations concerning the execution and recordation of the assignments are, however, beside the point. Arizona law does not require that an assignment of a trust deed be recorded. Nor does Arizona law provide that a failure to record an assignment at a certain time, or at all, invalidates an entity's status as beneficiary of a trust deed. "Arizona law expressly provides that '[u]nrecorded instruments, as between the parties and their heirs . . . shall be valid and binding.'" Vasquez, 228 Ariz. at 359 (citing A.R.S. § 33–412(B)). "Thus, while the failure to record an assignment of a deed of trust might leave an assignee unprotected against claims by some purchasers or creditors, it does not affect a deed's validity as to the obligor." Id. In other words, any party's purported failure to record an assignment of the deed of trust may raise issues as to a subsequent purchaser, but it has no bearing on Dodev's obligation under the Loan. He obtained a mortgage to purchase a home and agreed to repay the Loan. Whether the assignment of his Note or Deed of Trust was properly recorded does not affect him in any meaningful way.

Dodev's claims that the PSA somehow invalidated any party's interest in the Loan is baseless, and his claim that any Defendant must prove it has authority to foreclose should be dismissed.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406

753740.2

### E. Dodev Has Not Pled An Actionable Claim For Fraud.

Dodev attempts to save his fraud claim by stating that BANA failed to show it was a holder-in-due-course of the Note, as defined by the UCC. It is not clear exactly how this applies to his fraud claim, but as discussed in the Motion to Dismiss, the UCC does not apply to mortgages, and Dodev does not explain how BANA's alleged UCC violation would constitute fraud. [Motion to Dismiss, at 7:22-17.] Dodev still has not specified what misrepresentation BANA is alleged to have made, how he relied upon such misrepresentation, or how he was damaged. Thus, Dodev still has not pled fraud with the particularity required under Arizona law. [Motion to Dismiss, at 10:14-11:6.]

Dodev attempts to cite to a six-year statute of limitations period, as well as a ten-year limitations period in hope of saving his claim. [Response, at 19:20-26.] Dodev is incorrect as a matter of law. Assuming, for the sake of argument, that a six-year limitations period is valid and applies here, it does not change the fact that his fraud claim is time-barred. Dodev signed the loan documents on December 12, 2006, and he filed his Complaint on October 23, 2013, i.e., nearly a year after his claim would have expired. Dodev's reliance on several provisions of the U.S. Code, which he claims carry a ten-year limitations period, is also misplaced. [Response, 19:24-26.] The statutes he cites are part of the criminal code and are completely irrelevant to his civil complaint. See 18 U.S.C. § 1014; 18 U.S.C. § 1005; 18 U.S.C. § 1344; & 18 U.S.C. § 656.

Because Dodev still has not pled fraud with particularity and his claims are barred by the statute of limitations, this Court should dismiss his fraud claim.

### F. Dodev's Response Does Not Save His Claim of "Anguish, Health, Reputation."

Defendants pointed out in their Motion to Dismiss that no claim for "Anguish, Health, Reputation" exists in Arizona. [Motion to Dismiss, at 11:25-12:2.] In his Response, after first stating that he stands by his claim, he then alleges this claim is permissible because the FDCPA allows for recovery for physical and emotional distress. [Response, at 20:2-14.] As noted above, the FDCPA does not apply to the Defendants. Regardless, "anguish, health, reputation"

refers to damages suffered as a result of the alleged FDCPA violation(s). It does not stand on its own as a claim for relief. Thus, this claim should be dismissed, as no such claim exists and, to the extent the FDCPA provides for recovery for such damages, any "anguish, health, reputation" recovery arises under Dodev's FDCPA claim.

### G. Because Dodev Acknowledges He Is Not Entitled To Relief For Mail Fraud Or RICO Violations, These Claims Should Be Dismissed.

In their Motion to Dismiss, Defendants point out that no statute grants individual plaintiffs a private cause of action for mail fraud. [Motion to Dismiss, at 12:15-24.] In his Response, Dodev admits that he "is simply willing to assist Arizona [sic] Attorney General and make his record and complaint to the United States Postal Inspector available for pressing charges against Defendants, **not that he himself is prosecuting mail fraud**." [Response, at 20:17-22 (emphases added).]

Similarly, Dodev does not expand on his RICO claims in his Response. As Defendants noted in their Motion to Dismiss, Dodev's RICO claim falls far short of stating a viable cause of action, and, like his mail fraud claim, appears to be nothing more than notice to law enforcement of his willingness to assist in an investigation. [Motion to Dismiss, at 12:25-13:17.] In his Response, Dodev merely states that he stands by his claims of RICO violations. [Response, 20:22-25.]

Civil complaints are not intended to be used by individual plaintiffs to notify law enforcement of their willingness to assist in criminal investigations. As Dodev admits, that is his sole intention related to his mail fraud and RICO claims. [Response, at 20:16-25.] Thus, these claims should be dismissed.

### Relief Requested

ReconTrust, BANA, and Brian T. Moynihan respectfully request that the Court dismiss the Complaint with prejudice.

. . . .

9

753740.2

1 | DATED January 22, 2014.

2 | BRYAN CAVE LLP

By: /s/ Eric M. Moores
    Sean K. McElenney
    Coree E. Neumeyer
    Eric M. Moores
    Attorneys for Defendants ReconTrust Co., N.A., Bank of America, N.A., and Brian T. Moynihan

Filed electronically with the Court's CM/ECF system this 22nd day of January, 2014.

COPY of the foregoing mailed this 22nd day of January, 2014, to:

Ivaylo Tsvetanov Dodev
6312 S. 161st Way
Gilbert, AZ 85298

s/ Nicole Daley

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406

753740.2