BRYAN CAVE LLP, #145700
Sean K. McElenney, #016987
Coree E. Neumeyer, #025787
Eric M. Moores, #028280
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone:   (602) 364-7000
E-Mail:   skmcelenney@bryancave.com
          coree.neumeyer@bryancave.com
          moorese@bryancave.com

Attorneys for Defendants Recontrust Co. N.A.,
 Bank of America, N.A., and Brian T. Moynihan

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>    Plaintiff,<br><br>    v.<br><br>ReconTrust Co. N.A.; James F. Taylor; Select Portfolio Servicing, Inc.; Gerald Hassell; Bank of America, N.A.; Brian T. Moynihan; Timothy O'Brien; and Bank of New York Mellon,<br><br>    Defendants. | No. 2:13-CV-02155-GMS<br><br>**DEFENDANTS RECONTRUST CO., N.A., BANK OF AMERICA, N.A., AND BRIAN T. MOYNIHAN'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO DISMISS**<br><br>(Hon. G. Murray Snow) |

Defendants ReconTrust Co., N.A., Bank of America, N.A., and Brian T. Moynihan (collectively, "Defendants") oppose Plaintiff's "Motion to Strike [Defendants'] Reply in Support of Motion to Dismiss and Motion to Dismiss" (the "Motion"). First, pursuant to Fed. R. Civ. P. 12(f), a party may only move to "strike" from a "pleading" an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Pursuant to Fed. R. Civ. P. 7(a), a "pleading" is a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a cross-claim, a third-party complaint, an answer to a third-party complaint, and, if the court orders one, a reply to an answer. "A motion to dismiss is not a pleading." *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 763

754917.1

F. Supp. 2d 423, 581 (S.D.N.Y. 2011). Thus, the Motion is procedurally improper and should be denied.

Regardless, Plaintiff's claim that Defendants failed to meet and confer with him is false. On November 27, 2013, Eric M. Moores sent Plaintiff a letter outlining the reasons the complaint failed to state any valid claim against Defendants. [Ex. A] This letter was sent via email—to dodev@hotmail.com—and via First Class Mail to the address on the docket—6312 South 161st Way, Gilbert, Arizona 85298. [Ex. B] Because Defendants' counsel did not receive a reply from Plaintiff, Mr. Moores emailed Plaintiff on December 2, 2013 to check on the status. [Ex. C] Plaintiff replied the following day, claiming he had not received the letter, even though it was attached to the first email communication. [Ex. D] Mr. Moores then sent the letter a second time via email, and Plaintiff indicated he would read it later that day. [Ex. E & F] On December 9, 2013, after receiving no response, Mr. Moores again emailed Plaintiff to find out if he planned to amend or withdraw his claims after reviewing the letter. [Ex. G] After receiving no response, Defendants moved forward with their Motion to Dismiss [Doc. 42].

Plaintiff's claim that Defendants failed to meet and confer with him is disingenuous. The email address used to contact Plaintiff was clearly active, as he responded at least twice from it. Also, in addition to mailing the letter to the address Plaintiff provided the Court, it was twice attached to emails. Thus, Defendants did, in fact, comply with this Court's order that the parties meet and confer prior to filing a motion to dismiss. Additionally, Plaintiff already had an opportunity to alert the Court to Defendants' alleged failure to meet and confer in his response to the Motion to Dismiss. But he did not do so. Nor did he, at any other point after Defendants filed their Motion to Dismiss on December 13, 2013, raise the issue [Doc. 42].

Plaintiff's Motion amounts to yet another opportunity for him to provide a response to Defendants' Motion to Dismiss. In fact, he raises some arguments—including the conferral certification issue—for the first time that he could have included in his response to Defendants' Motion to Dismiss. But the Federal Rules of Civil Procedure only allow

754917.1                                    2

him one response, which he filed on January 8, 2014 [Doc. 57]. Plaintiff should not be permitted to circumvent the Rules by presenting new arguments in a procedurally improper motion.

Because the Rules do not permit Plaintiff to move to strike a motion to dismiss or a supporting reply, Plaintiff's Motion should be denied. Further, Plaintiff's claim that Defendants did not attempt to meet and confer with him prior to filing their Motion to Dismiss is simply untrue.

DATED this 13th day of February, 2014.

BRYAN CAVE LLP

By /s/ Eric M. Moores
Sean K. McElenney
Coree E. Neumeyer
Eric M. Moores
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000

Attorneys for Defendants ReconTrust Co. N.A., Bank of America, N.A., Brian T. Moynihan

ORIGINAL of the foregoing electronically
filed with the Court this 13th day of February, 2014

COPY of the foregoing mailed
this 13th day of February, 2014:

Ivaylo Tsvetanov Dodev
6312 S. 161st Way
Gilbert, AZ 85298

s/ Nicole Daley

754917.1                                     3