**Exhibit "A"**

25

Ivaylo Tsvetanov Dodev,

6312 South 161ˢᵗ Way
Gilbert, Arizona 85298
(480) 457-8888 Phone
(480) 457-8887 Facsimile
dodev@hotmail.com

Pro Se

FILED
2014 JUN 24   AM11: 13
U.S. CLERK
DISTRICT OF ARIZONA
BANKRUPTCY

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

In re:

IVAYLO TSVETANOV DODEV,

Debtor-in-Possession

Chapter 11

No. 2:14-bk-02116-MCW

Hon. MADELEINE C. WANSLEE

**RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY
AND
REQUEST FOR AN ORDER DETERMINING THAT THE AUTOMATIC STAY
DOES NOT APPLY TO CASE NO. 2:13-CV-02155-GMS
OR IN THE ALTERNATIVE AN ORDER LIFTING THE AUTOMATIC STAY
TO ALLOW MOVANT TO PROCEED WITH LITIGATION
IN 2:13-CV-02155-GMS
AND
NOTICE OF FRAUD ON THE COURT BY MOVANT**

Here comes debtor, Ivaylo Tsvetanov Dodev, *pro se[1]*, ("Respondent"),

consumer, as defined in 15 U.S.C §1692a(3): *"'consumer' means any __natural person__*

---

[1] *"Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient...
which we hold to less stringent standards than formal pleadings drafted by lawyers."* Fortney
v. U.S., C.A.9 (Nev.) 1995, 59 F.3d 117.

*obligated or allegedly obligated to pay any debt"*, with his <u>response in objection</u> to MOTION FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR AN ORDER DETERMINING THAT THE AUTOMATIC STAY DOES NOT APPLY TO CASE NO. 2:13-CV-02155-GMS OR IN THE ALTERNATIVE AN ORDER LIFTING THE AUTOMATIC STAY TO ALLOW MOVANT TO PROCEED WITH LITIGATION IN 2:13-CV-02155-GMS (the "Motion"), Doc. 43, submitted by Paul M. Levine, Lakshmi Jagannath and Christopher J. Dylla McCarthy [Holthus and Levine, P.C.] (the "Counsel"), attorneys for The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, its assignees and /or successors, by and through its servicing agent Select Portfolio Serving, Inc., (the "Movant").

Respondent hereby, **<u>generally</u>** denies Movant's Motion by submitting the subsequent arguments, supported by memorandum and citations of law and the exhibits attached hereto and incorporated herein: (I) Movant violates Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") Rules 4001(a)1 and 9014 which, which incorporate Rule 17 F. R. Civ. P., failing to establish Evidence of Standing to pursue relief; (II) Movant violates Rule 4001-1(b) of the Local Rules for practicing in the U.S. Bankruptcy Court (the "Local Rules"); (III) Movant is using instrument

*(continues ...)*

*"The United States Supreme Court, in* <u>Haines v Kerner</u> *404 U.S. 519 (1972) stated that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form, and that a minimal amount of evidence is necessary to support contention of lack of good faith."*

discharged as matter of law; (IV) Movant is in violation of New York Trust Laws that govern administration of the securitized trust that Movant claims to be party of (V) Movant collaterally attacks private patented land; (VI) Movant fabricated purported assignment of mortgage and indorsement of adjustable rate note.

## RESPONDENT ARGUMENTS SUPPORTED BY MEMORANDUM AND CITATIONS OF LAW

### (I) MOVANT VIOLATES BANKRUPTCY RULE 4001 AND LACKS STANDING TO REQUEST RELIEF FROM AUTOMATIC STAY

In a never-ending effort to find the lawful owner of his mortgage and obligation, Respondent invoked the Honorable Court's (the "Court") jurisdiction over contested matter, 28 U.S.C. §157(b)1, by filing for bankruptcy protection, surrendering his good name and credit under this bankruptcy proceedings, in good faith and with one primary goal: **paying his due debt to the lawful party entitled to payment**.

Arizona Bankruptcy Court has stated that a party that brings a motion for relief from the automatic stay must first establish a "colorable claim." *"In order to establish [such a claim], a movant.... **bears the burden of proof that it has standing to bring the motion.**"* In re Weisband, 427 B.R. 13, 18 (Bankr. D. Ariz. 2010) (citing In re Wilhelm, 407 B.R. 392, 400 (Bankr. D. Idaho 2009)), see also UCC §3-501(b)(2) that makes it clear that the burden of proof is on the party alleging to enforce the note and ARS §47-3308, when the validity of indorsement is challenged, the burden of demonstrating authenticity is on the party asserting it. In the Weisband decision, the Court states that the moving party may establish standing by showing that it is a *"real party in interest."*

The _Weisband_ Court next states that a _holder of a note is a *"real party in interest"*_ under FRCP 17 because, under the Arizona Revised Statute ("ARS") §47-3301, the note holder has the right to enforce it; further Weisband Court states that under Arizona law, a holder of a note is defined as, inter alia, ***"the person in possession of a negotiable instrument** that is payable either to bearer or to an identified person that is the person in possession."* Id. (citing ARS §47-1201(B)(21)(a)).

Respondent alleges that Movant is not secured party under the obligation, he is not listed under the purported deed of trust and adjustable rate note submitted with his Motion, which are **altered on their faces**, and neither is he listed as secured creditor under debtor's schedule D (Doc. 26), Exhibit "A"[1], whereas he lacks standing to move the court for relief under the Bankruptcy Rules, in particular rule 4001(a)1.

## A. MOVANT FAILS TO SATISFY REQUIREMENTS FOR STANDING

Stay-relief is governed under Bankruptcy Rule 4001(a)1, and Contested Matters, under Rule 9014(c), both incorporate Rule 7017 that applies Rule 17 of F. R. Civ. P. which mandates standing[2]. Debtor's Schedules and Exhibits show Movant's claim as contested and disputed, Exhibit "B". A federal court may exercise jurisdiction over a litigant only when that litigant meets constitutional and prudential standing requirements. Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004).

### (i)    Lack of Constitutional Standing (Failure to Show Injury)

---

[1] All Exhibits and referenced documents attached/alluded hereto are incorporated herein.
[2] Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 61 (9th Cir. 1994); Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer), 405 B.R. 915, 919 (9th Cir. BAP 2009); Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004).

**Constitutional standing** requires, at minimum, an injury in fact, which is caused by or fairly traceable to some conduct or some statutory prohibition, and which the requested relief will likely redress. Winn, 131 S. Ct. at 1442; Sprint Commc'ns Co. v. APCC Servs., Inc., 554 U.S. 269, 273-74 (2008); United Food & Comm'l Workers Union Local 751 v. Brown Grp., Inc., 517 U.S. 544, 551 (1996).

Movant does not satisfy the minimum requirement of injury in fact since he is not **lender, creditor, beneficiary or Holder in Due Course ("HDC")** according to Bankruptcy Rules, Uniform Commercial Code ("UCC"), Fair Debt Collection Practices ACT ("FDCPA"), Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA") and ARS, and the fact that Movant never lent (credited) any money to Respondent's estate.

Respondent signed a Deed of Trust ("DOT"), security instrument governed under UCC ("security instrument" is used 90 times in the DOT), RESPA and TILA. ARS plainly defines that "Bearer" §47-1201(5) and "Holder" means: *"The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"* §47-1201, 21(a). Further Arizona upholds UCC that instrument is transferred by delivery not by purported assignment, ARS §47-3203(A); and that the entire instrument needs to be transferred in order the transaction to occur, ARS §47-3203(D); and that HDC, ARS §47-3302(2), must take the instrument (a) for value, (b) in good faith, (c) without notice that the instrument is overdue or has been dishonored, ARS §47-3203(B), *"...Public filing or recording of a document*

*(purported assignment) does not of itself constitute notice of a defense, claim in recoupment or claim to the instrument.;* and ARS §4703203(C), a person is not a HDC if the instrument is purchased (1) *"By legal process or by purchase in an execution, bankruptcy or creditors' sale or similar proceeding; (2) By purchase as a part of bulk transaction not in ordinary course of business of the transferor".* Whereas, Respondent rightfully alleges that his obligation was transferred in bulk, according to the terms of the securitized trust and was in default and discharged (dishonored) according to law, evidenced by his bankruptcy discharge order of 2009, 2:09-bk-00043-CGC, and his credit report, Exhibit "C", unveiling the true core of Movant – a **mere debt collector**, and not an HDC which was lawfully transferred the obligation according to UCC.

**(ii)      As Debt Collector Movant Cannot Show Injury in Fact and is Liable Under FDCPA**

Congress enacted FDCPA to protect consumers, *"natural person(s)"* as pronounced in ¶18 of DOT, from unscrupulous harassment of debt collectors, defined in 15 U.S.C. §1692a (6). No. 131, 95th Cong. 1st Sess. 9 (1977); effectuating its intention to prohibit precisely this kind of misclassification and harassment by parties (Movant) who present themselves as Servicers and debt collectors simultaneously.

Movant acquired the alleged debt while in default, being duly discharged, and while purporting themselves as creditors, HDC, or servicers in total and complete violation of the law,  specifically 15 U.S.C §1692a (4) "'*The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or*

1  *transfer of a debt in default solely for the purpose of facilitating collection of such debt*

2  *for another.'"* They are using false and misleading representations, 15 U.S.C §1692e,

3  and are furnishing deceptive forms on the public record in violation of A.R.S. §39-161,

4

5  committing counts of felonies and obstructing justice: (Impeding or obstructing those

6  who seek justice in a court, or those who have duties or powers of administrating justice

7  therein), People v. Ormsby, 30 Mich. 291, 17 N.W. 2d 187,190 (1945);  (Altering or

8  fabricating[1] documents to be used in a judicial proceeding would fall within the

9

10 obstruction of justice statute if the intent is to deceive the court), United States v. Craft,

11 105 F.2d 772, 805 (6th Cir. 1997) (citations omitted).

12      Wilson v Draper & Goldberg, PLLC, 443 F3d 373 (4th Cir. 2006), among

13

14 others, has ruled "a 'debt' remains a 'debt' even after foreclosure proceedings

15 commenced," and that if mortgage foreclosures were not "debt collection" under the

16 FDCPA then it: "would create an enormous loophole in the [FDCPA] immunizing any

17

18 debt from coverage if that debt happened to be secured by a real property interest and

19 foreclosure proceedings were used to collect the debt." Id at 376. See also: Cruz v. Int'l

20 Collection Corp., 673 F.3d 991 (9th Cir. 2012); Glazer v. Chase Home Finance LLC, et

21 al., 2013 WL 141699 (6th Cir., Jan. 14, 2013).  The 9th Circuit upheld the FDCPA in

22

23 Baker v. G.C.Serv. Corp., 677 F.2d 775, 777 (1982), *"[T]he Act is designed to protect*

24 *consumer who have been victimized by unscrupulous debt collectors, regardless of*

25 *whether a valid debt actually exists."* Court should take judicial notice of Chief United

26          ///

27

---

[1] ARS §47-3115(C) incorporating 47-3407

28

States District Judge for the District of Arizona Roslyn O. Silver Order, Doc. 33, in Carmen O'Quin v Bank of America, CV-12-00744-PHX-ROS, **where after expositive pleading he affirmed that Trustee are debt collectors under the Act and are liable under 15 U.S.C §1692e.**

### (iii)    Movant Cannot Assert Legal Right of Real Party of Interest

**Prudential standing** *"embodies judicially self-imposed limits on the exercise of federal jurisdiction."* Sprint, 554 U.S. at 289 (quoting Elk Grove, 542 U.S. at 11); County of Kern, 581 F.3d at 845. In this case, one component of prudential standing is particularly applicable. It is the doctrine that a plaintiff must assert its own legal rights and may not assert the legal rights of others.[1] Movant are not part of what appears as deed of trust, Exhibit "D", and a note, Respondent had signed with First Magnus Financial Corporation and have no legal right, under applicable substantive law, to enforce an obligation or seek a remedy with respect to it, as they are not a real party in interest. Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1044 (9th Cir. 2008), as found in F. R. Civ. P. 17, which provides *"[a]n action must be persecuted in the name of the real party in interest."*

Counsel filed a copy of purported assignment of mortgage as an exhibit under his Motion, titled: CORPORATION ASSIGNMENT OF DEED OF TRUST ("DOT") ARIZONA, whereas the electronic registry MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") allegedly assigns DOT, signed by

---

[1] Sprint, 554 U.S. at 289; Warth, 422 U.S. at 499; Oregon v. Legal Servs. Corp., 552 F.3d 965, 971 (9th Cir. 2009).

Respondent to First Magnus Financial Corp. Generally, a transfer by a mortgagee under a DOT does not pass the debt [obligation], and passing the security interest <u>only</u> passes no interest to the grantee. <u>Smith v. J.R. Newberry Co.</u>, 21 Cal. App. 432, 131 P. 1055 (2d Dist. 1913). A purported assignment of the security is <u>void</u> (not voidable) and ineffective unless accompanied by an assignment of the note, and the purported assignment or delivery of possession of the mortgage or deed of trust without a transfer of the obligation secured is both completely ineffective and a legal nullity, or else operates to extinguish the security interest, rendering the note unsecured. <u>Kelley v. Upshaw</u>, 39 Cal. 2d 179, 192, 246 P.2d 23 (1952) (mortgage); <u>Hyde v. Mangan</u>, 88 Cal. 319, 327, 26 P. 180 (1891). <u>See Johnson v. Razey,</u> 181 Cal. 342, 344, 184 P. 657 (1919); *Restatement (Third) of Property (Mortgages)*, § 5:4 cmt.e (1997) states: *"In general a mortgage is unenforceable if it is held by one who has no right to enforce the secured obligation."* Accordingly, [w]hen a note is split from a deed of trust, *"the note becomes as a practical matter unsecured."*

Many 9th Circuit courts, following landmark cases in other jurisdictions, recently held that the electronic shortcut of MERS makes it impossible for banks to establish their ownership of property titles and therefore to foreclose on mortgaged properties. MERS, (<u>In Re Agard</u> 48750818, 2011, US Bankruptcy Court for New York, Memorandum Decision, MERS Business Model is Ruled Illegal), a company that serves as the mortgagee of record for lenders, allows properties to change hand without the necessity of recording each transfer. Recent cases, however, have held that MERS is

a mere "nominee" – an entity appointed by the true owner simply for the purpose of holding property in order to facilitate transactions and that this defect is not just procedural but a substantive failure. MERS was never part of the note and never gave or received any value while recording or transferring a mortgage; therefore the note was never transferred along with the mortgage, for valuable consideration, and many courts have ruled: *"Since MERS did not own the underlying note, it could not transfer the beneficial interest of the Deed of Trust to another. Any attempt to transfer the beneficial interest of the trust deed without ownership of the underlying note is void under California [Arizona[1]] law"*, see in <u>In Re Walker</u>, Case No. 10-21656-E-11, on May 20, 2010, the United States Bankruptcy Court for the Eastern District of California held that MERS could not, as a matter of law, have transferred a note to Citibank from the original lender, Bayrock Mortgage Corp and acted *"only as a nominee"* for Bayrock. See also <u>In Re Vargas</u> (California Bankruptcy Court), <u>Landmark v. Kesler</u>*)*, <u>LaSalle Bank v. Lamy</u> (New York).

Correspondingly see <u>Brandurn v. ReconTrust</u>, et. al. No. 11-2-08345-2, attached as Exhibit "E", where the Honorable George N. Bowden stated in his own eloquent way on January 30, 2014, upholding <u>Bain v. MERS</u>:

> There was no evidence that MERS was ever the owner or holder of the note. Hence, under the *Bain* decision, MERS could not have been the beneficiary. *Bain* left open the issue of whether MERS could act as an agent of the lender or trustee, and in support of its motion for summary judgment defendants make that assertion here.

---

[1] <u>Rodney v. Arizona Bank</u>, 836 P.2d 434 (Ariz. 1992) (assignee who obtained mortgage assignment but not the promissory note could not foreclose on mortgage)

Parties seeking relief regarding a Note (security instrument) must be held accountable to Article 3 and 9 of the UCC. Any failure by courts to enforce those requirements will expose (often unrepresented) homeowners to the potential of erroneous judgments in favor of parties not entitled to them and to subsequent note enforcement actions by other parties proving actual possession of the original note. The requirement for the production of the original note bearing proper indorsements does not impose an undue burden. See Hills v. Gardiner Sav. [1] "See also In re Tikhonov, No. CC 11 1698 MKBePA, WL 6554742 at *7-8 (B.A.P. 9th Cir. 2012) (explained that a party must show it is the holder of the note in order to have standing to seek relief from an automatic stay in bankruptcy).

Further, the production of only a photocopy of a note leaves open the possibility that another allonge may exist, indorsing the note to a different party. This leaves Respondent open to a possible future claim by such a party coming forward with the original note and asserting a claim based upon such a differing indorsement. See In re Gilbert, - N.C. App., 711 S.E.2d 165, 2011 WL 1645699, at *5 (N.C. Ct. App. May 3, 2011) (Establishing that a party is the holder of the note is essential to protect the debtor from the threat of multiple judgments on the same note). For example, in Deutsche Bank Nat'l Trust Co. v. Babb, RE-09-01, (Me. Dist. Ct., Bidd.) the foreclosing plaintiff presented a photocopy of a note bearing a stamped indorsement immediately below the borrowers' signature. The copy was ultimately shown to be a fabrication when the

[1] Inst., 309 A.2d 877, 880 (Me. 1973) (—An instrument's usefulness in negotiation or transfer can only be evidenced by looking at it or any attachments.)

11 | Page of Response to Motion for Relief from Automatic Stay

original note was produced at trial containing two indorsements on the back side of the signature page and no indorsement on the front.

Due process requires that Movant will produce the original adjustable rate note with the appropriate allonges for forensic examination before further adjudication. Anglo-American jurisprudence requires the production of the original instrument because its value, much like money, subsists in the instrument itself. See UCC §3-203 official cmt. 1 (An instrument is a reified right to payment. The right is represented in the instrument itself.) A photocopy of an instrument has no more value or significance than a photocopy of a dollar bill.

Therefore, Respondent gives due notice to the Court, Movant and Counsel for discovery and deposition with his Contemporaneously filed Request for Admissions, Interrogatories, and Request for Production of Documents.

**B. Movant Has Not Demonstrated Authority to Act as Secured Party of Interest to Obtain Relief from Automatic Stay.**

Even if the Court were to generously conclude that Movant may be the owner of some right in interest, via purported assignment and fraudulently fabricated documents, as Respondent would assert in the following subsections, that alone is quite insufficient to invoke this Court's authority to grant the Motion. The Docket Record is absolutely bereft of any foundational instrument establishing that Movant has authority to act as HDC, creditors, or beneficiary and whether they have right of any relief under this bankruptcy proceedings is yet to be determined.

///

The abject failure of a Movant to demonstrate authority to act as secured party of interest, HDC, is fatal to its cause. In re Tarantola, 2010 4:09-bk-09703-EWH (Distr. of Arizona) *"Yet again, the court is called upon to decide whether the purported holder of a note allegedly transferred into a securitized mortgage pool has standing to obtain relief from the automatic stay. Yet again, the movant has failed to demonstrate that it has standing"*; In re Minbattiwalla, 2010 WL 694166 (Bankr. S.D.N.Y. Mar. 1, 2010) (in addition to establishing rights of the holder, servicer seeking stay relief must show it has authority to act as holder's agent); In re Canellas, 2010 WL 571808 (Bankr. M.D.Fla. Feb 9, 2010) (mot. Relief from stay denied after movant produced no evidence of ownership of note); In re Lee, 2009 WL 1917010 (Bankr. C.D. Cal, Jan. 26, 2009) (sanctioning attorney who pursued stay relief motion knowing named party lacked ownership interest in note); In re: Jacobson, 402 B.R. 359 (Bankr. W.D. Wash. 2009) (servicer's declaration in support of motion for relief from stay did not establish that it had beneficial interest in note). In re Fitch, 2009 WL 1514501 (Bankr. N.D.Ohio May 28, 2009) (movant never in chain of title for mortgage and note; had no standing); In re Waring, 401 B.R. 906 (Bankr. N.D. Ohio 2009) (servicer with no interest in note or authority to act on behalf of owner did not have standing to enter into reaffirmation agreement; requirements a creditor must meet to file a proof of claim and to seek relief from stay are the same). In re Maisel, 378 B.R. 19 (Bankr.D. Mass. 2007) (servicer bringing stay relief motion failed to document standing as of time motion filed); In re Urdahl, 07-07227-PB7 (Bankr. S.D. Cal. June 9, 2008)(finding Deutsche Bank failed to

provide evidence that it has a security interest in the property; motion for stay relief denied).

### (II)    MOVANT VIOLATES, LOCAL RULE 4001-1(B)

Under 11 U.S.C. §541, Respondent's house is property of the bankruptcy estate and only secured creditors, HDC, can move the court for relief from automatic stay and **ONLY** after satisfying Local Rule 4001-1(b) *"a motion seeking relief as to the debtor's residence must be accompanied by a certification that: (i) movant's counsel sent a letter seeking to resolve the issues necessitating the motion to debtor's counsel or the debtor ... "*. Movant's Motion lacks the aforementioned certificate as no such effort was made, and is wherefore in violation of Local Rule 4001-1(b).

### (III) MOVANT IS USING INSTRUMENT DISCHARGED AS MATTER OF LAW

Respondent has alleged that Movant have no standing in this court because they are mere debt collector trying to enforce an instrument that they are not in possession of and is discharged as a matter of law. Upon years of struggle to locate the HDC of his obligation [security], and after being harassed by Bank of America, NA, ("BOA"), in violation of the permanent injunction ordered by the bankruptcy court for the district of Arizona, Exhibit "C", as plead in civil complaint, 2:13-CV-02155-GMS, and the alleged servicer SPS—who consequently bought the discharged debt from BOA with purpose to collect debt—Respondent offered tender of payment under ARS §47-3603 and UCC §3-603.

/ //

Respondent was furnished by pay off quote of his obligation from SPS, which is a presentment as matter of law under ARS §47-3501 and UCC §3-501 to tender the full amount "due"; under ARS §47-3501(2) [UCC], *"upon demand of the person to whom presentments made, the person making presentment [SPS] must: (a) **Exhibit the instrument**...(c) Sign a receipt on the instrument for any payment made or **surrender the instrument** in full payment is made."*

By Certified Mail No.: 23110770000047322126, 23110770000047322096, 23110770000047322140,    23110770000047322102,    23110770000047322157, 23110770000047322119 and 23110770000047322133, dated January 14, 2013 Respondent made a GOOD-FAITH OFFER TO PAY THE ENTIRE AMOUNT DUE, to Movant, **with the only reasonable request to surrender the instrument upon a full payment made**, which was rejected and according to ARS §47-3603 [USS §3-603] (B) *"[I]f tende$^{l}$r of payment of an obligation to pay an instrument is made to a person entitle to enforce the instrument and the tender is refused, **there is discharge**, ... (C) If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is **discharged** ... "* and the mandates of well-settled American Law and Jurisprudence, caused the alleged Loan to be **completely and totally Discharged**[2].

---

[1] The term "tender" as used in the books, denotes a legal offer, one which one party is under obligation to make and the other bound to accept.  See <u>Duluth v. Knowlton</u>, 42 Minn. 229; <u>Patnote vs. Sanders</u>, 41 Vt. 66.
[2] *"As applied to demands, claims, rights of action, encumbrances, etc., to discharge the debt or claim is to extinguish it, to annul its obligatory force to satisfy it."* Black's Law Dictionary, Fourth Edition, page 549.

By Certified Mail No.: 23110770000047323628, 23110770000047323635, 23110770000047323642, 23110770000047323659, 23110770000047323666 and 23110770000047323673, dated January 31, 2013, Movant presented his original NOTICE OF DEFAULT[1] AND OPPORTUNITY TO CURE WITH ANOTHER GOOD-FAITH OFFER TO PAY THE ENTIRE AMOUNT DUE, this time requesting a Verified Accounting, and to know where to personally bring the legal tender cash in order to trade it for and to retrieve the original lawfully endorsed Promissory Note and Trust Deed in order to complete the original contracted transaction. This communication was also rejected according to law caused any part of the alleged Loan that was reinstated by the subject NOTICE OF DEFAULT AND OPPORTUNITY TO CURE to be **completely and totally Discharged, AGAIN**. The same happened through certified mail on February 19, 2013, and March 5, 2013 (when Offer was neither accepted[2] nor rejected).

All Good Faith Offers are filed as exhibits under Doc. 26 of this bankruptcy proceedings and as Exhibit "F" hereto and incorporated herein.

"*A tender of the proper amount due, even if rejected, extinguishes the lien and precludes foreclosure*" (See, e.g. Winnett v. Roberts, supra, 179 Cal App. 3d 909, 902, Lich tv v. Whitney, supra, 80 Cal. App 2d 696, 701; see also Code Civ. Proc. SS 2074.)

/ / /

---

[1] ARS §47-3503(1),(2)(B) and the corresponding UCC §3-3415

[2] If creditor is silent in response to offer, creditor does not accept offer. Malan v. Tipton, 349 Or 638, 247 P3d 1223 (2011)

The term "tender" as used in the books, denotes a legal OFFER, one which one party is under obligation to make and the other bound to accept. See: Duluth v. Knowlton, 42 Minn. 229; Patnote v. Sanders, 41 Vt. 66.

### (IV) MOVANT IS IN VIOLATION OF NY TRUST LAWS PERTAINING TO SECURITIZED TRUSTS

Movant alleges certain rights over Respondent estate based on security transferred to Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, govern by the trust laws of New York. In re Kang Jin Hwang at 756 (Bankr.C.D.Cal.2008) *"[c]aution should be used here because it is important to see the document that created the Trustee relationship to the pooling trust, because often there is explicit language in said documents that limits the powers of the Trustee and thus the Trustee does not have actual authority to act on behalf of the Trust."*

The assignment[1] purported to transfer interest in the trust was maliciously executed **5 YEARS AFTER THE CUT-OFF DATE**, in total, complete and absolute violation of the New York Trust Laws governing the Pooling and Servicing Agreements ("PSA"), and it is nothing short of fraud. For a detailed analysis of the fraud and tax evasion committed by the Movant please read in its entirety CWALT ALT-2007-OA7 BRIEF, Doc. 53 and 53-1, submitted under Respondent's civil complaint, 2:13-CV-02155-GMS, approved to stay on the record by Judge's Snow

---

[1] Every assignment in the chain must be valid or the party claiming the note cannot enforce it. In re Gavin, 319 B.R. 27, 32 (B.A.P. 1st Cir. 2004); In re Wells, 407 B.R. 873 (Bankr. N.D. Ohio 2009). Even if the allonge is valid and the note is authentic, Deutsche Bank cannot enforce the Note as a direct payee or endorsee. In re Wilhelm, 407 B.R. 392, 402 (Bankr. D. Idaho 2009)

order, Doc. 64, and attached here as Exhibit "H". (Additionally, if a power of attorney is presented to this Court and it refers to pooling and servicing agreements, the Court needs a properly offered copy of the pooling and servicing agreements, [Exhibit "H"] to determine if the servicing agent may proceed on behalf of plaintiff.) (EMC Mortg. Corp. v. Batista, 15 Misc.3d 1143(A) [Sup Ct, Kings County 2007]; Deutsche Bank Nat. Trust Co. v. Lewis, 14 Misc.3d 1201(A) [Sup Ct, Suffolk County 2006]).

   A California Appeals Court determined that a Plaintiff [nonparty to PSA] has standing to challenge a securitized trust's ownership. See Glaski v. Bank of America, N.A., 218 Cal. App. 4th 1079 (2013) which held:

> "We conclude that a borrower may challenge the securitized trust's chain of ownership by alleging the attempts to transfer the deed of trust to the securitized trust (which was formed under N.Y. law) occurred after the trust's closing date. Transfers that violate the terms of the trust instrument are void under New York law, and borrowers have standing to challenge void assignments of their loans even though they are not a party to, or a third party beneficiary of, the assignment agreement."
> Pursuant to Article VI Section 3(b)(9) of the New York State

   Other cases have come to the conclusion that the timely delivery to the trust is necessary for the trust. These include: Schwartz v. HomEq Servicing (In re Schwartz) (Bankr. D. Mass. 2011), 461 B.R. 93, 97-99 (Deutsche Bank dismissed on the grounds that he had acquired no title or separate control of the goods, hence, there was no actual trust over the property to breach; Kermani v. Liberty Mut. Ins., 4 A.D.2d 603 (N.Y. App. Div. 3d Dep't 1957) (did not acquire mortgage where they failed to follow PSA conveyance requirements); Kemp v. Countrywide Home Loans, Inc. (In re Kemp) (Bankr. D.N.J. 2010), 440 B.R. 624, 628-34 (bank's claim disallowed, failed to follow

PSA conveyance requirements); <u>Hendricks v. US Bank Nat'l Ass'n</u> (Mich. Trial Ct. June 6, 2011), Case No. 10-849-CH, slip op. at 5-7 (bank's foreclosure claim barred where did not comply with PSA); <u>Johnson v HSBC,</u> 2012 WL 928433 (S.D. Cal. 2012): (court recognizes importance of establishing holder status of notes and chain of assignments in foreclosure cases). **The most recent decision from the Supreme Court of New York, May 24, 2014, Aurora Loan Services v. Scheller, Mendenhall et al., the court confirmed the mortgagors have the right to challenge or otherwise attack the assignment and mortgage assignment without the note assignment is a nullity!**

Therefore Respondent challenges the trust's ownership and Movant's relation to trust, and lawfully affirms that his obligation is discharged as a matter of law and paid through credit default swap insurance, FDIC, Freddy Mac, Fannie Mae insurances or other third parties and that he is liable only for the unpaid, if any, portion of the security, ARS §47-3602 *"[a]n instrument is paid to the extent payment is made by or on behalf of a party obliged to pay the instrument and to a person entitled to enforce the instrument";* see <u>Steinberger v. McVey ex rel</u>., Appl. WL333575, p. 13, 2014.

## (V) MOVANT COLLATERALLY ATTACKS PRIVATE PATENTED LAND

Respondent is the sole owner of private landed estate, commonly known as 6312 South 161st Way, Gilbert, Arizona. The basis of his title is a Deed from Justin C. Franks and Daidria (Howe) Franks, who were Successors of All Original Land Patent Rights, Title, and Interest held by the Santa Fe Pacific Railroad Company granting the above-described interest in the subject private land in Allodium to Ivaylo T Dodev and

Nikolina T Dodev, dated July 16, 2004, by Warranty Deed recorded as Document No.

20040852027, recorded in the Official Records of Maricopa County Recorder, Arizona

State.

Therefore he has succession rights in the land patent[1] of his private land, as

described in his civil complaint, 2:13-CV-02155-GMS, see Exhibit "I", and is fully

aware that foreclosure under a color of title[2] [Warranty Deed] cannot stand against a

Land Patent. A grant of land, made Patent, is a public law standing on the books of the

State and is notice to every subsequent purchaser under any conflicting sale made

afterward. Wineman v. Gastrell, 53 FED 697, 2 US App. 581.

Movant has placed this court under a great danger, knowing that the court is

bound by the supremacy clause of the Constitution[3] to uphold the treaty making

Respondent's Patent a statutory limitation throughout the land. Wineman v. Gastrell, 53

FED 697, 2 US App. 581, concealing the facts that in the history of the Nine Circuit no

Land Patent has ever lost an appellate review in the courts. As a matter of fact, in

Summa Corp. v California, 466 US 198 the Supreme Court **ruled forever that the**

**Land Patent would always win** over any other form of title, placing the court in

danger of mistrial. In that case the land in question was tidewater land and California's

///

---

[1] The Land Patent is the only form of perfect title to land available in the United States. Wilcox v. Jackson, 38 US 498; 10 L.Ed. 264

[2] However, a "Warranty Deed" is merely a "color of title"; and, color of title can mean: "that which in appearance is title, but which in reality is no title". Howth v. Farrar, C.C.A. Tex.; 94 F.2d 654, 658; McCoy v. Lowrie, 42 Wash. 2d 24, Black's Law Six Ed.

[3] *"Where rights are secured by the Constitution are involved, there can be no rule making or legislation which will abrogate them."* Miranda v. Ariz., 384 U.S. 436 at 491 (1966).

claim was based on California's constitutional right to all tidewater lands, but the patent

stood supreme even against California's Constitution.

### (VI) MOVANT FABRICATED PURPORTED ASSIGNMENT OF MORTGAGE AND INDORSEMENT OF ADJUSTABLE RATE NOTE, COMMITTING PERJURY AND FRAUD ON THE COURT

Movant is using sham legal process while committing constructive fraud, *"[c]onstructive Fraud comprises all acts, omissions, and concealments involving breach of legal or equitable duty, trust, or confidence which resulted in damage to another"* Re Arbuckle's Estate, 220 P.2d 950, on the record, disregarding Respondent warning, Doc. 34, p. 4-5, whereas he gives fair notice to all parties to abide by the consent judgment signed by all national banks and Arizona Attorney General: *"Under Case, 1:12-CV-00361-RMC, Doc. 4-1, page 17. **All National Banks and Servicers MUST adhere to the CONSENT JUDGMENT, Doc. 74 under the aforementioned case or face the consequences as SO ORDERED."*** Respondent will file a timely complaint with Arizona Attorney General, Joseph A. Smith, Jr., appointed Monitor over the Enforcement Terms, Exhibit E of CV-00361-RMC, the CFPB and other regulatory agencies. The Court should take judicial notice of the aforementioned case, especially the consent judgment outlining servicing rights and proofs of claim in bankruptcy proceedings and dwell on the fact that national banks have paid over 100 billion dollars in damages, always standing on the wrong side of the law when duly challenged by State and Federal entities.



Movant has **fabricated**[1] **stamps, purporting assignment,** on the adjustable rate note, submitted with his Motion, divergent from the Copy of the Original that Respondent has received multiple times from the purported lenders. Counsel OR Movant committed fraud on the court and felony by **altering the face of a security instrument**, assigning different loan numbers and/or blocking the original numbers on DOT, note and assignment filed under their Motion. ARS unambiguously states: ARS §47-3115(C) *"[i]f words or **numbers** are added to an incomplete instrument without authority of the signer, there is an alteration of the incomplete instrument under section 47-3407."* ARS §47-3407 calls such alteration fraud: *(A)(1) "An unauthorized change in an instrument that purports to modify in any respect the obligation of a party: or (2) An unauthorized addition of words or **numbers** or other change to an incomplete instrument relation to the obligation of a party. [culminates in (B)] (B) [a]n **alteration fraudulently made discharges a party whose obligation is effected by the alteration**."* See Exhibit "J" along with Affidavit signed under penalty of perjury by Respondent.

Further, Movant has submitted a purported assignment of security that has been duly disputed as fraudulent recordation in the land record under Respondent's civil complaint: see Exhibit "K" showing the aforementioned assignment along with other assignment from the same land record, executed from the same party and notary with completely different signature. Recording of fraudulent documents on the land record is

---

[1] Altering or fabricating documents to be used in a judicial proceeding would fall within the obstruction of justice statute if the intent is to deceive the court), United States v. Craft, 105 F.2d 772, 805 (6th Cir. 1997) (citations omitted).

protected under ARS §33-420(A), the purpose of which is to *"[p]rotect property owners from actions clouding title to their property."* <u>Stauffer v. U.S. Bank National Ass'n</u>, 308 P.3d 1173, 1175 (Ariz. Ct. App. 2013), where Arizona Court of Appeals held that a § 33-420(A) damages claim is available in a case in which plaintiffs alleged as false documents *"[a] Notice of Trustee Sale, a Notice of Substitution of Trustee, and an <u>Assignment of a Deed of Trust</u>."* Claim for damages under ARS was duly upheld by the U. S. Court of Appeals for the 9th Circuit, No. 11-17615 D.C., <u>In re MERS</u>, 2:09-md-02119-JAT, in their <u>published opinion on June 12, 2014</u>.

Moreover, Respondent obligation is discharged under Arizona Law because the party bringing foreclosure action has no legal capacity under the purported DOT and note under FDCPA: ARS §47-3305(A)(b) *"<u>[L]ack of legal capacity or illegality of the transaction which, under other law, **nullified the obligation of the obligor**</u>; (c) Fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or it essential terms; [as plead in the civil complaint] or (d) <u>Discharge of the obligor in insolvency proceedings</u>."*

## CONCLUSION

Respondent in this chapter 11 proceedings is as a lien creditor and as successor to certain creditors and purchasers, under 11 U.S. C. §544, and hereby declares that his landed estate is unscrupulously attacked by Counsel for Movant and is imperative for successful plan of reorganization.

/ / /

1    **WHEREFORE** for all of the aforementioned reasons, Respondent, alleged

2    Debtor, hereby objects to Movant's Motion and asks that the Motions be Denied in it

3    entirety, with prejudice.

4    **FURTHER,** for all of the aforementioned reasons, Respondent, alleged Debtor,

5

6    makes request for discovery and deposition or declaratory judgment, declaring the

7    assignment void and expunged from the land record and DOT and promissory note

8    nullified as a matter of law.

9

10    Respectfully submitted on this 23rd day of June, 2014.

11

12

13    Ivaylo Tsvetanov Dodev, ARR, *Pro Se*, Debtor

14    **6312 South 161st Way, Gilbert, Arizona**

15    **(480) 457-8888 Phone**

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

**ORIGINAL** of the foregoing is hand-delivered to The United States Bankruptcy Court for the District of Arizona this 23rd day of June, 2014, by Respondent. I certify that the following parties are registered as ECF Filers and that they will be served by the CM/ECF system: ILENE J. LASHINSKY, (#3073), United States Trustee, EDWARD K. BERNATAVICIUS, (#024174), designated Trial Attorney, The Bank of New York Mellon Corporation and Select Portfolio Servicing, Incorporated via their appointed counsel MATTHEW A. SILVERMAN, (#018919) and CHRISTOPHER DYLLA, (027114), along with nonexistent legal entity [upon performed reasonable public record search] THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7, ITS ASSIGNEES AND /OR SUCCESSORS, represented by PAUL M. LEVINE, (007202), LAKSHMI JAGANNATH, (027523) AND CHRISTOPHER DYLLA, (027114).

_Ivaylo Dodev, A.R.R._

**Ivaylo Tsvetanov Dodev**, *Pro Se*, **Debtor**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**