IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>        Plaintiff,<br><br>v.<br><br>ReconTrust Company NA, et al.,<br><br>        Defendants. | No. CV-13-02155-PHX-DLR<br><br>**ORDER** |

Before the Court is Plaintiff Ivaylo Tsvetanov Dodev's Motion to Reinstate Plaintiff's Motion to Strike (Doc. 87.) For the foregoing reasons, the Court reinstates Plaintiff's Motion to Strike, denies the same, and directs Defendants ReconTrust Company, N.A., Bank of America, N.A., and Brian T. Moynihan to file a Notice of Certification/Conferral in conjunction with their previously-filed Motion to Dismiss (Doc. 42) in compliance with this Court's prior orders (Docs. 5, 43).

**I. Motion to Reinstate**

On April 22, 2014, after receiving notice that Plaintiff had filed for bankruptcy, the Court stayed this case and dismissed all pending motions without prejudice. (Doc. 72.) These motions consisted of Defendants' motions to dismiss (Docs. 40, 42) and Plaintiff's motion to strike one of the motions to dismiss (Doc. 65). On August 27, 2014, the Court lifted the stay pursuant to the parties' stipulation. (Doc. 80.) At the parties' request, the Court reinstated the previously-filed motions to dismiss and the responses and replies thereto. (Doc. 80, 85.) On September 16, 2014, Plaintiff requested that the

1   Court reinstate his motion to strike the motion to dismiss filed at Doc. 42.  (Doc. 87.)

2   Consistent with the Court's goal of restoring the case to its pre-stay posture, the
3   Court grants Plaintiff's motion to reinstate his motion to strike (filed at Doc. 65) and also
4   reinstates the response and reply thereto (filed at Docs. 66, 69).  The Court now proceeds
5   to address the merits of Plaintiff's motion to strike.

6   **II. Motion to Strike**

7   Plaintiff moves to strike the motion to dismiss filed by Defendants ReconTrust,
8   N.A., Bank of America, N.A., and Brian T. Moynihan at Doc. 42.  He argues Defendants'
9   motion and reply rely on hearsay, the reply is redundant, and Defendants' motion fails to
10  comply with this Court's prior order requiring Defendants to file a Notice of
11  Certification/Conferral.

12  **A. Procedural Background**

13  Defendants filed their motions to dismiss on December 12 and 13, 2013.  (Docs.
14  40, 42.)[1]  On December 16, 2013, the Court issued an order reiterating that, pursuant to
15  the Court's prior order filed at Doc. 5, a Notice of Certification/Conferral must be filed in
16  conjunction with a motion to dismiss or the motion may be stricken.  (Doc. 43.)  The
17  Court then ordered all Defendants "to comply with and file a Notice of Certification on or
18  before December 30, 2013, or the motions may be stricken" and directed the Clerk of the
19  Court "to strike the Motions to Dismiss (Docs. 40, 42), should Defendants fail to comply
20  with the Court's Order, without further notice."  (Doc. 43.)  Neither set of Defendants
21  filed the requisite Notice of Certification/Conferral on or before December 30, 2013, nor
22  did the Clerk of the Court strike the motions.

23  Plaintiff responded to the motions on January 6 and 8, 2014.  (Docs. 56, 57.)  In

---

[1] The motion to dismiss filed at Doc. 40 is on behalf of Defendants Select Portfolio Servicing, Inc., Timothy O'Brien, The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, Gerald Hassell, Karla Richards, Dani Todd, and KaJay Williams (for ease, throughout this order the Court will refer to this set of Defendants as "the Doc. 40 Defendants").  The motion to dismiss filed at Doc. 42 is on behalf of Defendants ReconTrust Company, N.A., Bank of America, N.A., and Brian T. Moynihan (for purposes of this order "the Doc. 42 Defendants.")

neither response did Plaintiff raise the lack of a Notice of Certification/Conferral as an issue. The Doc. 40 Defendants replied on January 13, 2014. (Doc. 58.) On January 16, 2014, the Doc. 40 Defendants filed a belated Notice of Certification/Conferral, explaining the efforts counsel took to meet and confer with Plaintiff and why those efforts were unsuccessful. (Doc. 59.) On January 21, 2014, the Doc. 42 Defendants filed their reply. (Doc. 61.) The Doc. 42 Defendants did not, however, file a Notice of Certification/Conferral. On January 27, 2014—nearly three weeks after Plaintiff responded to the motions to dismiss, and nearly a week after completion of all briefing on the motions—Plaintiff filed the present motion to strike.

### B. Legal Standard

Federal Rule of Civil Procedure 12(f) permits the Court, on its own or by motion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored. *Ordahl v. U.S.*, 646 F. Supp. 4, 6 (D. Mont. 1985).

### C. Discussion

#### i. A Motion to Dismiss is not a "Pleading" for Purposes of Fed. R. Civ. P. 12(f)

The Doc. 42 Defendants argue Plaintiff's motion to strike must be denied because a motion to dismiss is not a "pleading" as defined by the Federal Rules of Civil Procedure, and therefore cannot be stricken pursuant to Fed. R. Civ. P. 12(f). Rule 7(a) defines "pleading" as only:

> (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders on, a reply to an answer.

Rule 7 distinguishes between "Pleadings" and "Motions and Other Papers." *See* Fed. R.

- 3 -

Civ. P. 7(a)-(b). Rule 12 also distinguishes between pleadings and motions. *See* Fed. R. Civ. P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion . . . ."). Accordingly, the Doc. 42 Defendants are correct that a motion to dismiss is not a "pleading" for purposes of Rule 12(f). *See Sidney-Vinstein*, 697 F.2d at 885 ("Under the express language of the rule, only pleadings are subject to motions to strike."); *Ordahl*, 646 F. Supp. at 6 (concluding that it would be inappropriate to grant a motion to strike a motion for reconsideration because motions are not pleadings).

### ii. The Doc. 42 Defendants Have Failed to Comply with the Court's Orders

Although the Doc. 42 Defendants' motion to dismiss is not a pleading for purposes of a motion to strike filed pursuant to Fed. R. Civ. P. 12(f), the Court may nonetheless strike the filing for failure to comply with prior court orders. In this respect, Plaintiff's motion to strike reasonably may be construed as a request for the Court to enforce its prior orders requiring the Doc. 42 Defendants to file a Notice of Certification/Conferral in conjunction with their motion to dismiss.

This Court has twice ordered the Doc. 42 Defendants to file a Notice of Certification/Conferral. (Docs. 5, 43.) As of the date of this Order, the Doc. 42 Defendants have failed to comply. In their response in opposition to Plaintiff's motion to strike, the Doc. 42 Defendants explain in detail their efforts to meet and confer with Plaintiff and append numerous exhibits evidencing those efforts.[2] Considering the delay that has already occurred in this case as a result of the stay, Defendants' articulated and evidenced efforts to meet and confer with Plaintiff, and Plaintiff's failure to raise this issue either in or prior to responding to the Doc. 42 Defendants' motion to dismiss, the Court finds that striking the Doc. 42 Defendants' motion at this juncture does not serve interests of judicial economy.

---

[2] Curiously, the Doc. 42 Defendants appear to have all the documentation necessary to certify their efforts to meet and confer, but have simply neglected or refused to file a notice as directed by the Court.

- 4 -

*However*, the Court does not take well the fact that the Doc. 42 Defendants have repeatedly failed to comply with court orders despite explicit directions to do so, and despite Plaintiff's motion to strike on that basis.[3]  Considering the Doc. 42 Defendants have already thoroughly articulated and evidenced their efforts to meet and confer with Plaintiff as part of their response in opposition to Plaintiff's motion to strike, it should not be difficult for them to comply with the Court's prior order to file Notice of Certificate/Conferral memorializing the same.  Therefore, the Doc. 42 Defendants are directed—*once again*—to file a Notice of Certification/Conferral in conjunction with their motion to dismiss on or before September 30, 2014.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reinstate Plaintiff's Motion to Strike Doc. 87) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 65) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants ReconTrust Company, N.A., Bank of America, N.A., and Brian T. Moynihan are directed to file a Notice of Certification/Conferral in conjunction with their motion to dismiss on or before September 30, 2014.

Dated this 23rd day of September, 2014.

Douglas L. Rayes
United States District Judge

---

[3] The Doc. 42 Defendants were also absent from the August 27, 2014 Status Conference "[d]ue to an error in the firm's docketing system." (Doc. 82 at fn. 1.) Perhaps docketing system error is responsible for their failure to comply with the Court's order to file a Notice of Certification/Conferral. If such is the case, counsel might want to address these docket system failures to prevent further issues.