# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ReconTrust Company NA, et al.,<br><br>　　　　　　Defendants. | No. CV-13-02155-PHX-DLR<br><br>**ORDER** |

Before the Court are the motions to dismiss Plaintiff Ivaylo Tsvetanov Dodev's First Amended Complaint (Doc. 18) filed on behalf of Defendants Select Portfolio Servicing, Inc. ("SPS"), Timothy O'Brien, The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 20097-OA7 ("BNYM"), Gerald Hassell, Karla Richards, Dani Todd, and KaJay Williams, (Doc. 40), and Defendants ReconTrust Co., N.A. ("ReconTrust"), Bank of America, N.A. ("BANA"), and Brian T. Moynihan, (Doc. 42). Having considered the motions, the responses, and the replies, the Court dismisses the Complaint.

## BACKGROUND

Plaintiff characterizes his complaint as one "for quieting title of the Plaintiff's homestead and money damages." (Doc. 18 at 3.) Plaintiff contends he is "seeking to quiet title against any claims of BNY Mellon, First Magnus Financial Corporation, SPS, Bank of America successor of Countrywide Home Loans, ReconTrust, and all others as

there may be . . . ." (Doc. 18 at 7.) Although the Complaint is difficult to comprehend, it appears that Plaintiff is disputing whether certain defendants may lawfully conduct a non-judicial foreclosure sale of property securing a loan on which he has defaulted. (Doc. 18 at 8.) Plaintiff appears to be contesting the validity of certain defendants' security interests or their statuses as holders in due course of the promissory note and deed of trust.[1] (Doc. 18 at 8.) Plaintiff also appears to contend that certain defendants violated the Fair Debt Collections Practices Act ("FDCPA") by attempting to conduct a non-judicial foreclosure sale on his property even though his obligation on the underlying loan was discharged through bankruptcy. (Doc. 18 at 9-11.) The Complaint purports to state claims for fraud, breach of contract, usury, securities violations, mail fraud, anguish, health, reputation, and violations of the Arizona Consumer Fraud Act, the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), RICO, the FDCPA, and to quiet title.

## LEGAL STANDARD

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid dismissal, the complaint must plead sufficient facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

---

[1] The Court says "certain defendants" because it is not at all clear from the Complaint which causes of action are being asserted against which Defendants.

**DISCUSSION**

Simply put, the Complaint is nearly incomprehensible and fails to comply with the federal rules governing pleadings. Federal Rule of Civil Procedure 8(a), in relevant part, requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." If a complaint includes allegations of fraud, it "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Furthermore, Fed. R. Civ. P. 10(b) requires claims or defenses to be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Instead of providing a short and plain statement, the sprawling Complaint rambles narratively and fails to clearly and concisely state which causes of action are being alleged against which Defendants.

One of the primary functions of a complaint is to provide defendants with notice of the legal claims asserted against them and the alleged factual bases for those claims. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). A complaint written "without simplicity, conciseness and clarity" as to who is being sued and for what, "fails to perform the essential functions of a complaint." *Id.* at 1180. That the Court—and apparently Defendants, too—cannot easily identify from the face of the Complaint which causes of action are being asserted against which Defendants, and the alleged factual bases for each action, is reason enough for dismissal.

Defendants have attempted to discern the bases for the claims and the particular party or parties against whom the claims are being asserted. The Court will briefly address some issues raised by Defendants.

**I. Defendants Richards, Todd, Williams, O'Brien, and Hassell**

The Complaint fails to assert any allegations against Defendants Richards, Todd, Williams, O'Brien, and Hassell. The Complaint simply identifies Defendants Richards, Todd, and Williams as "Consumer Ombudsman Specialist" and "unknown type of entity, signer for SPS," but does not allege that they committed any specific wrongdoing. (Doc.

18 at 6.)  Further, the Complaint fails to allege any specific, wrongful conduct by Defendant's O'Brien and Hassell.  O'Brien and Hassell are the Chief Executive Officers of SPS and BNYM, and the Complaint merely states, in conclusory fashion without any factual allegations, that these defendants "tacitly admitted that THEY are attempting to steal Plaintiff's home through theft by deception or larceny by trickery," and "have coerced to steal by deception Plaintiff's house and harassed him over the course of five (5) years in an attempt to collect/extort or modify debt that has been lawfully discharged and paid in full, in violation of countless State and Federal Laws, committing numerous counts of felonies."  (Doc. 18 at 4, 9.)  The Complaint does not clearly and concisely state the specific conduct in which these particular defendants allegedly engaged, how that conduct was wrongful, or the particular cause or causes of action for which Plaintiff seeks to recover.  Accordingly, to the extent the Complaint attempts to allege causes of action against Defendants Richards, Todd, Williams, O'Brien, and Hassell, those claims are dismissed.

**II. Defendant Moynihan**

The Complaint fails to establish that this Court has personal jurisdiction over Defendant Moynihan.  Plaintiff alleges in his Complaint that Moynihan's place of business is Charlotte, North Carolina, but fails to allege any basis for this Court to exercise personal jurisdiction over him.  Additionally, the Complaint fails to allege any specific wrongdoing attributable to Moynihan.  The claims, if any, against Moynihan are dismissed.

**III. Fraud**

As stated previously, allegations of fraud must comply with Fed. R. Civ. P. 9(b)'s heightened pleading standards.  As far as the Court can tell, Plaintiff's fraud claim is predicated on alleged issues surrounding various assignments of a deed of trust.  The Complaint fails, however, to "state with particularity the circumstances constituting fraud," nor does it clearly identify the defendant or defendants against whom the claim is being asserted.  The fraud claims are dismissed.

### IV. Usury

The Complaint includes a section entitled "Usury" but fails to state any legal basis for a usury claim. The Complaint makes general reference to "usury law in Arizona," but fails to identify the provision or provisions of Arizona law allegedly violated, the requisite elements of such a violation and the factual basis supporting those elements, or which defendants Plaintiff believes committed the violation. The usury claims are dismissed.

### V. Securities Violations

The Complaint purports to assert a cause of action for securities violations, but fails to identify the specific violation, any legal basis or factual support for the claim, or any particular defendant against whom the claim is being asserted. The securities violations claims are dismissed.

### VI. Arizona Consumer Fraud Act

The Complaint purports to assert a claim under the Arizona Consumer Fraud Act, but supports this allegation with a single sentence: "[W]hile the transaction clearly involves interstate commerce, Arizona law provides for much the same remedies as described above for unfair and deceptive lending and/or business practices." (Doc. 18 at 21.) The Court cannot discern the basis for this claim and, therefore, dismisses it.

### VII. TILA

The Complaint purports to assert a claim under TILA, but merely states that Plaintiff's "TILA claims have been summarized in prior correspondence to the Defendants." (Doc. 18 at 21.) Prior correspondence with Defendants is not a pleading before this Court. If Plaintiff wishes to bring a TILA claim against any of the named defendants, he needs to present the factual and legal bases for that claim in a complaint.

### VIII. RESPA

The Complaint purports to assert RESPA violations in a single sentence: "The Defendants failed to properly respond to the claims under the act and are currently in violation." (Doc. 18 at 21.) This is a pure legal conclusion. The claim is dismissed.

**IX. FDCPA**

Plaintiff asserts claims under the FDCPA against entities attempting to conduct a non-judicial foreclosure sale of real property used to secure a loan on which he has defaulted. Defendants argue Plaintiff cannot assert a FDCPA claim against them because "[m]ortgagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA." *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). Nor is a non-judicial foreclosure sale a collection of a debt for purposes of the FDCPA. *Id.* The Complaint fails to allege facts showing that Defendants are debt collectors or that they attempted to collect a debt within the meaning of the FDCPA.

**X. "Anguish, Health, Reputation"**

The Complaint alleges a cause of action for "Anguish, Health, Reputation." (Doc. 18 at 30.) No such cause of action exists in Arizona. To the extent Plaintiff is attempting to plead damages, such would not constitute a separate cause of action. Furthermore, the Complaint fails to identify any particular conduct by any particular defendant, or to explain any causal link to any particular injury. To the extent the Complaint is alleging a separate cause of action for "Anguish, Health, Reputation," rather than identifying damages, the claim is dismissed.

**XI. Mail Fraud**

Mail fraud is a federal crime and not a private cause of action. 18 U.S.C. § 1341. Plaintiff admits that he is not alleging a cause of action for mail fraud, but is simply attempting to express to law enforcement his willingness to cooperate in a potential investigation of Defendants for mail fraud. A civil suit is not a vehicle for private parties to communicate with law enforcement about their willingness to cooperate in nonexistent investigations. Plaintiff's claim for mail fraud is dismissed with prejudice.

## CONCLUSION

Plaintiff's responses to Defendants' motions to dismiss are largely preoccupied with an argument about land patents that does not appear to bear any relationship to the

allegations in his complaint. Aside from the land patent tangent, Plaintiff appears to disagree with Defendants' characterization of his allegations and arguments. As currently written, the Complaint fails to clearly state Plaintiff's claims, the parties against whom each claim is being asserted, and the specific factual bases for each claim. Although the Complaint lists several legal theories and causes of action, it fails to provide Defendants or this Court with a clear understanding of the claims for which Plaintiff seeks to recover. Accordingly, the Complaint must be dismissed.

Dismissal with prejudice is a harsh and generally disfavored remedy. Although Defendants have articulated numerous reasons why they believe Plaintiff's claims cannot survive, no matter how well-pled, the Court declines to dismiss the entirety of Plaintiff's complaint with prejudice. Plaintiff's claim for mail fraud is dismissed with prejudice, but the Court grants Plaintiff leave to file a second amended complaint, thereby affording him the opportunity to cure, if possible, the defects identified in this order. Should Plaintiff choose to file an amended complaint, that complaint must comply with the federal rules governing pleadings. Rather than reciting a sprawling narrative peppered with archaic legalese, the complaint should clearly and concisely identify each claim, the particular defendant or defendants against whom the claim is being asserted, and the specific factual bases underlying each claim.[2]

Accordingly,

**IT IS ORDERED** that Defendants' motions to dismiss (Docs. 40, 42) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (Doc. 18) is dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's claim for mail fraud is dismissed with prejudice.

---

[2] To assist litigants in crafting short and plain statements explaining why they are entitled to relief, the Federal Rules of Civil Procedure include an Appendix of Forms, which provides examples of clear and concise pleading.

1      **IT IS FURTHER ORDERED** that Plaintiff shall have 15 days from the date of this Order in which to file a second amended complaint, if he so chooses.  The amended complaint must comply with federal pleading rules as explained in this order.

**IT IS FURTHER ORDERED** that the scheduling conference currently set for October 21, 2014, is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to terminate this case without further order of the Court if no amended complaint is filed.

Dated this 6th day of October, 2014.

Douglas L. Rayes
United States District Judge