**WRIGHT, FINLAY & ZAK, LLP**
Kim R. Lepore, Esq., Arizona Bar No. 019130
Bradford E. Klein, Esq., Arizona Bar No. 027720
18444 N. 25th Ave., Suite 420
Phoenix, AZ 85020
Telephone: 602-845-8898
Fax: 949-608-9142
klepore@wrightlegal.net

Attorneys for Defendants Select Portfolio Servicing, Inc. and The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>Plaintiff,<br><br>vs.<br><br>Recontrust Company, N.A., Select Portfolio Servicing, Inc., The Bank Of New York Mellon, Corporation, fka The Bank of New York, Bank of America, N.A. successor of Countrywide Home Loans, Inc., Real Time Resolutions, Inc., DOES 1-100, in his/her individual and official capacity,<br><br>Defendants. | Case No.: 2:13-cv-02155-DLR<br><br>**DEFENDANTS SELECT PORTFOLIO SERVICING AND THE BANK OF NEW YORK MELLON, AS TRUSTEE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>*[Filed concurrently with Request for Judicial Notice]* |

Plaintiff has failed to pay his home mortgage loan for several years and filed this lawsuit two weeks before the foreclosure sale to stop the sale of his house. His argument to avoid the sale is that none of the Defendants have standing to foreclose because none of the Defendants are the "holder in due course" of the note and Deed of Trust. Plaintiff

wants his million dollar house free and clear of a mortgage loan. However, the public record clearly show that Defendant Bank of New York Mellon, as Trustee, is the current beneficiary of the Deed of Trust with the power to foreclose, and that the sale is justified. This Court should dismiss this action with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

Plaintiff has completely failed to amend his complaint to resurrect the causes of action that this Court previously dismissed (Doc. 93). Plaintiff merely asserts the same causes of action in a 65-page brief format with over **580** pages of exhibits, including a 279-page Pooling and Servicing Agreement and a 35-page "Offer into Evidence". See, Doc. 96 at page 145, Doc. 96-1 and Doc. 96-2, and Doc. 96-3 at pages 42-82, respectively. However, Plaintiff fails to assert any additional facts to support his claims.

The Second Amended Complaint ("SAC") is again nothing more than a misrepresentation of the law and conclusory statements. Plaintiff cites to inapplicable case law in an attempt to convince this Court to relieve Plaintiff of his duty to pay back his loan while allowing him to essentially keep the amount loaned to him that was used to pay for a million dollar property. Plaintiff's jaded view can be best summed up with his statement that "**Extending credit (not giving value) and demanding to be repaid by government issued money is USURY under the law of equity**." (Doc. 96 at ¶160.)

With that said, the underlying facts of this case are quite simple. Plaintiff took out a loan secured by a Deed of Trust. Plaintiff eventually defaulted on his loan and foreclosure proceedings commenced. Plaintiff fails to show any violations of any law by

Defendants. Plaintiff's whole SAC is based upon his mistaken beliefs that Defendants cannot foreclose on the property because the loan was securitized, the note and Deed of Trust were split, Defendants are not the "holders in due course" of the note and MERS did not have authority to assign the Deed of Trust to Defendant. All of these arguments fail as a matter of Arizona law. Accordingly, Plaintiff's SAC should be dismissed without leave to amend.

**II. STATEMENT OF FACTS**

On or about December 12, 2006, Plaintiff borrowed $681,750.00 ("Loan") from First Magnus Financial Corporation to refinance an existing loan against the real property ("Property"). A Note and Deed of Trust evidence and secure the Loan. *See* Deed of Trust attached to the Request for Judicial Notice ("RJN"), concurrently filed and incorporated herein, as Exhibit 1. By signing the Deed of Trust, Plaintiff agreed that Mortgage Electronic Registration Systems, Inc. ("MERS"), and the successors and assigns of MERS, would serve as beneficiary for Lender and Lender's successors and assigns.

In 2009, Plaintiff received a Chapter 7 bankruptcy discharge. (Doc. 96 at ¶24.)

On or about August 24, 2011, MERS, as nominee for Lender, assigned its beneficial interest under the Deed of Trust to Defendant The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7 ("BNYM"). *See* Corporation Assignment of Deed of Trust Arizona attached to the RJN as Exhibit 2. Also on or about August 24, 2011, BNYM appointed ReconTrust Company, N.A. ("ReconTrust") as the successor trustee under the Deed of Trust. *See*

Substitution of Trustee, attached to the RJN as Exhibit 3. Subsequently, the servicing rights of the Loan were transferred to SPS. (Doc. 96 at ¶ 13.) On or about August 2, 2013, due to Plaintiff's default on the Loan, ReconTrust noticed the Property for a non-judicial trustee's sale scheduled to take place on November 8, 2013. *See* Notice of Trustee's Sale Arizona, attached to the RJN as Exhibit 4. The sale has not occurred.

## III. LEGAL STANDARD.

A complaint may be dismissed as a matter of law under FRCP Rule 12(b)(6) for (a) lack of a cognizable legal theory or (b) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984). "[F]actual allegations must be enough to raise a right to relief above the speculative level" and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" must be alleged. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). Although all well-pled facts in the complaint are deemed true in ruling on a motion to dismiss, conclusory allegations are disregarded. *McCarthy v. Mayo*, (9th Cir. 1987) 827 F.2d 1310, 1316. In *Ashcroft v. Iqbal*, the United States Supreme Court admonished that the FRCP "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 565 U.S. 662, 677 (2009). The court does not have to accept alleged facts as true, when they contradict matters subject to judicial notice. *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956). "[J]udicial notice may be taken of a fact to show that a Complaint does not state a cause of action." *Id. at* 70; *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).

**IV. ARGUMENT.**

**A. <u>Plaintiff's First Cause of Action for "Standing" Fails.</u>**

Plaintiff claims that Defendants do not have standing to foreclose because they are debt collectors and not lenders/creditors/beneficiaries. However, as in his FAC, Plaintiff fails to allege any facts in his SAC showing that Defendants are debt collectors or that they attempted to collect a debt within the meaning of the FDCPA. Plaintiff merely claims that Defendants "unveiled" themselves as debt collectors by recording a SOT and NOTS after Plaintiff received a bankruptcy discharge. However, a bankruptcy discharge does not extinguish the security interest created under the DOT that Plaintiff admits he signed. (Doc. 96 at ¶128.)

As a general rule, liens pass through bankruptcy unaffected; while bankruptcy discharge extinguishes *in personam* claims against debtor, it generally has no effect on *in rem* claims against debtor's property. *In re Deutchman*, 228 B.R. 829, Bankr. L. Rep. (CCH) ¶77741, 82 A.F.T.R.2d 98-5220 (D. Md. 1998), judgment aff'd, 192 F.3d 457, 34 Bankr. Ct. Dec. (CRR) 1302, Bankr. L. Rep. (CCH) ¶77993, 99-2 U.S. Tax Cas. (CCH) ¶50852, 84 A.F.T.R.2d 99-6314 (4th Cir. 1999). "[T]he creditor's lien stays with the real property until the foreclosure. That is what was bargained for by the mortgagor and the mortgagee." *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992). Here, while Plaintiff's Bankruptcy discharged Plaintiff's personal liability for the debt owed under the Loan, it did not discharge the BNYM Trust's security interest in the Property or BNYM as trustee's right to foreclose pursuant to the power of sale clause in the DOT.

Plaintiff also argues nonsense regarding constitutional and prejudicial standing and the UCC in an attempt to show that Defendants are not the "holder in due course" or the "authorized agent of the holder in due course." Arizona Courts have universally rejected any form of the "holder of the note" theory. Defendants have no obligation in Arizona to prove that they are the "owner of the Note and Deed of Trust." *See Hogan v. Washington Mutual Bank, N.A.*, 230 Ariz. 584, 277 P.3d 781, 782 (Ariz.2012) (en banc); *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp.2d 1184, 1187 (D. Ariz. 2009).

In *Hogan v. Washington Mutual Bank, N.A.*, 230 Ariz. 584, 277 P.3d 781, 782 (Ariz.2012) (en banc), as amended, the Arizona Supreme Court recently considered "whether a trustee may foreclose on a deed of trust without the beneficiary first having to show ownership of the note that the deed secures...." The Arizona Supreme Court observed that "[w]hen parties execute a deed of trust and the debtor thereafter defaults, A.R.S. § 33–807 empowers the trustee to sell the real property securing the underlying note through a non-judicial sale...." *Id*. at 782–83. The Arizona Supreme Court opined that there was no statutory requirement "that before a trustee may exercise that power of sale, the beneficiary must show possession of, or otherwise document its right to enforce, the underlying note...." *Id*. at 783. **The Arizona Supreme Court concluded that "Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or show the note before the trustee may commence a non-judicial foreclosure**." *Id*. at 782.

Arizona Courts have also consistently held that the UCC does not govern liens on real property. *See Rodney v. Ariz. Bank*, 172 Ariz. 221, 224–25, 836 P.2d 434, 437–38 (App.1992). Further, the trust deed statutes do not require compliance with the UCC before a trustee commences a non-judicial foreclosure. *See In re Krohn*, 203 Ariz. 205, 208 ¶ 8, 52 P.3d 774, 777 (2002). Therefore, Plaintiff cannot use the UCC to challenge Defendants' right to non-judicially foreclose on the DOT.

Finally, Plaintiff claims that Defendants have no legal right to enforce the DOT because they are not named on either the note or the DOT and because the Assignment of Deed of Trust from MERS to BNYM as trustee was not valid. Plaintiff's first reason as to why the assignment is not valid is because there was "possible signature fraud or forgery" associated with the execution of the assignment. (Doc. 96 at ¶53.) However, Plaintiff has absolutely no standing to challenge a valid assignment of interest between two third parties. *In re Mortgage Electronic Registration Systems (MERS) Litigation*, CV 10-1547-PHX-JAT, 2012 WL 932625, at *3 (D. Ariz. 2012) ("Plaintiffs, as third-party borrowers, are uninvolved and unaffected by the alleged Assignments, and do not possess standing to assert a claim based on such.")

The assignment in question here was not only permitted under the terms of the Deed of Trust, but it has absolutely no effect on Plaintiff's title to the property. Under Arizona law, by signing a deed of trust, a grantor agrees to the deed's terms and is put on notice of the deed's contents. *Cervantes v. Countrywide Home Loans, Inc*. 656 F.3d 1034, 1042 (9th Cir. 2011) (*citing Kenly v. Miracle Props*., 412 F. Supp. 1072, 1075 (D. Ariz. 1976)). In signing the Deed of Trust in this case, Plaintiff agreed that Mortgage

Electronic Registration Systems, Inc. ("MERS"), named as beneficiary, would act as the "nominee for Lender and Lender's successors and assigns." As evidenced by the validly recorded Corporation Assignment of Deed of Trust Arizona, MERS assigned all beneficial interest to BNYM as trustee.

Plaintiff's second reason for believing that the assignment was not valid is because the note and DOT were split, thus nullifying Defendants' security interest in the DOT. Specifically, Plaintiff argues that because MERS was never part of the note, the note was never transferred along with the DOT. (Doc. 96 at ¶55.) Courts in this Circuit have consistently rejected this "bifurcation" theory for years. *See Cervantes*, 656 F.3d at 1044 ("[T]he notes and deeds are not irreparably split: the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders.").

**B. <u>Plaintiff's Second Cause of Action for "Tort and Deceptive Consumer Practices with Respect to Foreclosure" Fails.</u>**

Defendant cannot determine what is being alleged in this cause of action. Plaintiff basically regurgitates his First Cause of Action for Standing as a separate cause of action. However, Plaintiff fails to identify what provision of Arizona law is allegedly being violated, the requisite elements of such a violation and the factual basis supporting those elements. Plaintiff just restates the same complaints regarding the validity of the Assignment and holder in due course arguments. To the extent Plaintiff is attempting to claim a violation of Arizona Administrative Code R20-4-1521, Plaintiff does not have standing to do so. Moreover, Plaintiff is using this Code section as another attempt to

make Defendants prove that they have a security interest, which the judicially noticeable documents prove in favor of Defendants.

### C. Plaintiff's Third Cause of Action For FDCPA & FCRA Fails.

"As a threshold matter, the FDCPA applies only to a debt collector who engages in practices prohibited by the Act in an attempt to collect a consumer debt." *Mansour v. Cal-Western Reconveyance Corp*., 618 F.Supp.2d 1178, 1182 (D.Ariz. 2009); *accord Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1093 (C.D. Cal. 2006). Case law is well settled that "mortgagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA." *Mansour*, 618 F. Supp. 2d at 1182; *accord Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("[T]he activity of foreclosing on [real] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA"); *Perry v. Stewart Title*, 756 F.2d 1197, 1208 (5th Cir. 1985) (holding FDCPA inapplicable because assignee of loan was not "debt collector").

Here, a majority of this cause of action is directed at other defendants, and not at SPS or BNYM as trustee. The only allegation regarding SPS is that SPS recorded a Notice of Trustee's Sale and failed to respond to Plaintiff's unsolicited notices sent to SPS including a "PROOF OF CLAIM", "NOTICE TO SUE," and a "demand and default." (Doc. 96 at ¶88-90.) Plaintiff fails to allege facts showing that SPS did anything other than engage in the activity of foreclosing on real property, which is not the collection of debt within the meaning of the FDCPA. The only allegation against BNYM as trustee is that it is liable under A.R.S. § 33-420 for recording a false and misleading

document, presumably referring to the Notice of Trustee's Sale. However, Plaintiff has failed to prove that the Notice of Trustee's Sale was false, misleading or groundless. The Assignment of Deed of Trust attached to Defendants' RJN shows that BNYM as trustee was the beneficiary at the time the Notice of Trustee's Sale was recorded and therefore, the document was not false, misleading or groundless.

Finally, Plaintiff's sole allegation concerning FCRA is against Real Time Resolutions, not these moving Defendants. Therefore, Plaintiff has once again failed to allege any facts showing that Defendants are debt collectors or that they attempted to collect a debt within the meaning of the FDCPA.

**D. Plaintiff's Fourth Cause of Action for Security Violation Fails.**

Plaintiff once again asserts a cause of action for security violation against BNYM as trustee, but fails to identify the specific violation or any legal basis or factual support for the claim. This cause of action is premised around an alleged violation of the terms of a Pooling and Servicing Agreement ("PSA"), a contract to which Plaintiff is not a party. Specifically, Plaintiff alleges that the Note and Deed of Trust were not transferred until after the closing date of the PSA. Plaintiff does not have standing to challenge the PSA.

The Arizona District Court has recent held that it is well established that mortgagees generally cannot cite violations of PSAs, or defects in the securitization process, to support a wrongful foreclosure claim because mortgagees are not parties to the agreements and have no standing to claim noncompliance with the agreements. *Famili v. Wells Fargo* Bank NA, 2013 WL 6731135 Not Reported in F.Supp.2d (2013). Additionally, Courts in the Ninth Circuit have found that the power of sale is not nullified

when a loan is securitized. *Rivac v. Ndex West LLC*, 2013 WL 6662762, Not Reported in F.Supp.2d (2013); *Mullins v. Wells Fargo Bank, N.A.*, 2013 WL 5299181 at *13 (E.D.Cal. Sept. 18, 2013) (courts repeatedly reject claims that a foreclosing entity lacks standing as a result of securitization of the loan).

Plaintiff also alleges that the REMIC is liable under REMIC regulations for tax code violations for transferring the subject Note and DOT after the closing date of the PSA. Again, Plaintiff does not have standing to sue Defendant for tax code violations or violations of a PSA. Even if Plaintiff could challenge the PSA, Plaintiff has not and cannot show that the Loan was transferred into the PSA after the closing date. Plaintiff basis this allegation on the facts that the PSA closing date was March 30, 2007 and the Assignment of Deed of Trust was recorded in 2011. Assignments are not required to be recorded at all in Arizona and therefore, a failure to record an Assignment at the time of the actual transfer of beneficial interest does not prove that the assignment or transfer did not occur. Moreover, the terms of the PSA itself state that an assignment was <u>not required</u> to be delivered prior to the PSA closing date in this case. The PSA expressly states that, for each loan that is "not a MERS" loan, a duly executed assignment has to be delivered prior to the closing date. (See, Doc 96-1 at page 61 (a) and 62, ¶ (c)(iii)). The DOT at issue is a MERS loan by its very terms. Therefore, a formal written assignment was not required prior to the closing date.

Next, Plaintiff asserts that the Loan is discharged because it was paid through credit default swap insurance, FDIC, Freddy [sic] Mac, Fannie Mae insurances or other third parties. However, Plaintiff provides no evidence to support this conclusory

allegation and Plaintiff has not alleged that BNYM as trustee has received any money on the Loan.

Finally, Plaintiff alleges that SPS violated the UCC and ARS by assigning a different loan number to the Loan, and presumably by writing different loan numbers on the recorded DOT. This is laughable. There is no evidence that SPS had access to, had knowledge of or added numbers to the DOT before it was recorded, five years before SPS began servicing the loan. Further, Plaintiff has not identified any law prohibiting a lender from assigning a transferred loan a new loan number.

**E. <u>Plaintiff's Fifth Cause of Action for Anticipatory Repudiation (Tender Rules) and Tenth Cause of Action to Quiet Title Fail.</u>**

Under Arizona law, an action to quiet title is statutory, but also includes equitable considerations. *Lavidas v. Smith*, 195 Ariz. 250, 987 P.2d 212, 218 (Ariz.App.1999). It is well-settled in Arizona that a party cannot quiet title pursuant to A.R.S. § 12-1101 **<u>until the party has paid off the loan, or tendered the balance due under the loan</u>**. *Farrell v. West*, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941). As such, quiet title is not an available remedy available if a loan balance remains outstanding. *Id.* As the *Farrell* Court concluded, "[i]n an action to quiet title, the party invoking the court's jurisdiction is required to do equity and, if it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless he pays off such mortgage lien, though it be barred by limitation." *Id. ; See also, Frazer v. Millennium Bank, N.A.* Case No. 2:10- 01509-JWS-PHX, 2010 U.S. Dist. LEXIS 118258 at *11-12 (D. Ariz. October 29, 2010) ("Until Ms. Frazer pays off the loan, the trustee or

the successor trustee as named by the beneficiary, holds title in trust. 'Thus quiet title is not a remedy available to the trustor until the debt is paid or tendered.'").

Plaintiff's tenth cause of action to quiet title also fails because it is predicated upon his fatal argument that Defendants are not the "true holder-in-due-course through unbroken chain of title." (Doc. 96 at ¶196.) The chain of title in this case is clear and is unbroken. The documents attached to Defendants' RJN clearly show that Defendant BNYM as trustee is the current beneficiary pursuant to a valid assignment from MERS, the original beneficiary of the DOT. Further, SPS is the servicer of the loan for BNYM as trustee. Therefore, Defendants have a valid security interest in the Property and Plaintiff is not entitled to clear the DOT from title.

In the fifth cause of action for Anticipatory Repudiation, Plaintiff claims that he sent SPS "offers" to pay the debt. However, Plaintiff fails to allege that he actually gave lawful money to Defendants to pay the balance due in full. Plaintiff also fails to show that Defendants unequivocally refused to release the DOT upon receipt of payment in full, which is all that is required of Defendants upon payoff. Moreover, Plaintiff insisted upon presentment of the original Note, which is not required under the terms of the DOT.

**F. <u>Plaintiff's Sixth Cause of Action for Contractual Fraud is Barred.</u>**

Plaintiff's sixth cause of action against Defendants is for Contractual Fraud – Void "Ultra Vires" Contracts. Plaintiff appears to allege that the original lender, First Magnus, did not provide consideration in exchange for Plaintiff executing the Note and DOT and therefore, the loan is void *ab initio*. (Doc. 96 at ¶¶148-149.) Specifically, Plaintiff states

that "lending of credit does not constitute value," and "the lender must prove that he gave the borrower lawful money such as coins or currently." (Doc. 96 at ¶149.)

This cause of action involves the loan origination; however, Plaintiff has not and cannot allege that the moving Defendants were involved in the origination of the subject loan. Even if the moving Defendants were involved in the loan origination, these fraud causes of action are barred by the applicable statute of limitations. Plaintiff's claim for Contractual Fraud is subject to a three year statute of limitations. Ariz.Rev.Stat. § 12–543(3). In this case, Plaintiff admits that he executed the loan documents in 2006. (Doc. 96 at ¶ 21.) Therefore, the limitations periods for Plaintiff's fraud-related causes of action ran five (5) years ago.

Additionally, if a complaint includes allegations of fraud, it "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This cause of action does not contain <u>any</u> allegations against Defendants, <u>only</u> against First Magnus. Therefore, Plaintiff fails to allege any circumstances involving Defendants that would constitute fraud. Furthermore, Plaintiff simply cannot allege that he did not receive any consideration for executing the loan documents. Plaintiff received consideration in the form of funds that paid off his prior mortgage on the Property for his benefit.[1]

---

[1] Plaintiff obtained title to the Property via a Warranty Deed recorded on 7/26/04. See, RJN Exhibit 5. On the same day, two Deeds of Trust ("2004 DOTs") executed by Plaintiff were recorded, apparently to finance the purchase of the Property. RJN Exhibits 6 and 7. On 5/25/05, a new Deed of Trust ("2005 DOT") stamped with the word "Refinance" was recorded. RJN Exhibit 8. Within the next six weeks, the 2004 DOTs were released because the funds from 2005 DOT refinanced and paid off the first two loans. RJN Exhibits 9 and 10. The subject Deed of Trust was recorded on December 18,

Plaintiff's sixth cause of action should be dismissed as to the moving Defendants *without* leave to amend.

**G. Plaintiff's Seventh Cause of Action for Usury Fails.**

Plaintiff states no legal basis for his "usury" claim, leaving Defendants to speculate about what provision of Arizona law Plaintiff contends Defendants violated. Plaintiff also fails to allege the requisite elements of a usury claim or any facts that would sustain such a claim against Defendants. Instead, Plaintiff cites to the U.S. Constitution which states that "no state" shall "coin money, emit bills of credit, make any Thing but gold and silver coin a Tender in Payments of Debts…." (Doc. 96 at ¶154.) Plaintiff fails to allege, however, how Defendants are "states" or how this Article relates to Defendants. Plaintiff then concludes that "[**e]xtending credit (not giving value) and demanding to be repaid by government issued money is USURY under the law of equity**." [Emphasis in original.] (Doc. 96 at ¶160.) Plaintiff fails to identify the "law of equity" to which he refers.

**H. Plaintiff's Eighth Cause of Action for TILA Violation Fails.**

Plaintiff's TILA claim against SPS, which is not asserted against BNYM as trustee, appears to be yet another challenge to Defendants' standing to foreclose on the Property. Plaintiff claims that SPS's name is not part of the Note or DOT and is "pretending" to be a servicer for BNYM as trustee under a fraudulent assignment. (Doc. 96 at ¶168.) Plaintiff also claims that SPS is not a "covered person" under TILA, to

---

2006, and the 2005 DOT was released 15 days later. RJN Exhibits 1 and 11. Again, the

which disclosure requirements apply, because SPS is not the owner of the loan. SPS admits that it is not the owner of the loan; it is only the servicer of the loan on behalf of the beneficiary of the Deed of Trust. Therefore, as Plaintiff points out, the disclosure requirements of TILA do not apply to SPS and this cause of action fails. Because Plaintiff has not identified which sections of TILA SPS allegedly violated and has not stated any facts as to how SPS alleged violated those sections, this cause of action must be dismissed.

**I. Plaintiff's Ninth Cause of Action For RICO Fails.**

Plaintiff claims that Defendants conspired to steal his house from him by "recording fraudulent documents." To state a RICO claim, the plaintiff must allege (1) the existence of an "enterprise" and (2) a "pattern of racketeering activity" that (3) caused injury to Plaintiff's business or property. 18 U.S.C. § 1962; *U.S. v. Turkette*, 452 U.S. 576, 582 (1981). "The Ninth Circuit has held that allegations of predicate acts under RICO must comply with Rule 9(b)'s specificity requirements." *U.S. Concord, Inc. v. Harris Graphics Corp*., 757 F.Supp. 1053, 1061 (N.D.Cal.1991) (*citing Schreiber Distributing Co. v. ServWell Furniture Co*., 806 F.2d 1393, 1400-01 (9th Cir.1986). Therefore, when a RICO Plaintiff alleges fraud as the predicate offense, such as in this case, the plaintiff must allege the time, place and manner of each act of fraud, as well as the role of each defendant in the fraud. *See Odom v. Microsoft Corp*., 486 F.3d 541, 553-54 (9th Cir. 2007).

---

funds from the subject DOT apparently paid off the 2005 DOT.

Here, Plaintiff fails to allege the necessary who, what, when, where, and why. Simply lumping defendants together with blanket allegations that "collectively Defendants coerced and conspired against Plaintiff" will not suffice. The only action alleged by Plaintiff is the recording of an assignment and a Notice of Sale. This does not constitute a pattern of conduct. In fact, the only mention of a pattern is BANA and ReconTrust recording two Trustee Sale notices. (Doc. 96 at ¶190.) Plaintiff also fails to allege that Defendants are involved in an enterprise or association-in-fact. In fact, Plaintiff has not alleged <u>any</u> connection at all between SPS and either BANA or ReconTrust. Further, to the extent that Plaintiff again asserts mail fraud, this Court has already dismissed that claim with prejudice.

Plaintiff's RICO claim fails to factually allege an enterprise or association-in-fact, and also fails to establish a pattern of racketeering activity. As such, Plaintiff's cause of action for RICO should be dismissed with prejudice.

**J. <u>Plaintiff's Eleventh Cause of Action for Declaratory and Injunctive Relief Fails as to Moving Defendants.</u>**

In his eleventh cause of action, Plaintiff seeks a declaration that the Corporation Assignment, SOT and NOTS are "executed in fraud in the offices of ReconTrust, full subsidiary of BANA." (Doc. 96 at ¶205.) First, declaratory judgments are remedies for underlying causes of action, and are not separate causes of action. Second, although this cause of action is asserted against SPS and BNYM as trustee, it appears to only seek a declaration as to ReconTrust and BANA. Regardless, this

cause of action is not proper and should be dismissed.

**IV. CONCLUSION.**

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Second Amended Complaint **with prejudice** as to the moving Defendants pursuant to FRCP Rule 12(b)(6).

**RESPECTFULLY SUBMITTED** this 20th day of November, 2014.

**WRIGHT, FINLAY & ZAK, LLP**

By: /s/ Kim R. Lepore
Kim R. Lepore, Esq.
Attorneys for Defendants
SPS and BNYM as trustee

The foregoing was electronically filed this 20th day of November, 2014.

COPIES of the foregoing mailed the 21st day of November, 2014, to:

Ivaylo Tsvetanov Dodev
6312 S. 161st Way
Gilbert, AZ 85298
Plaintiff in pro se

Sean K. McElenney. Esq.
Coree E. Neumeyer, Esq.
Eric M. Moores, Esq.
Two N. Central Ave., Suite 2200
Phoenix, AZ 85004-4406
Attorneys for ReconTrust and Bank of America

/s/ Kim Lepore