BRYAN CAVE LLP (No. 00145700)
Sean K. McElenney (No. 016987)
Coree E. Neumeyer, (No. 025787)
Eric M. Moores (No. 028280)
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000
(602) 364-7070 fax
skmcelenney@bryancave.com
coree.neumeyer@bryancave.com
moorese@bryancave.com

Attorneys for Defendants ReconTrust Co. N.A.
and Bank of America, N.A.

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>                    Plaintiff,<br><br>        v.<br><br>ReconTrust Company, N.A.; Select Portfolio Servicing, Inc.; The Bank of New York Mellon, Corporation, FKA The Bank of New York; Bank of America, N.A., successor of Countrywide Home Loans, Inc.; Real Time Resolutions, Inc.; and Does 1-100, in his/her individual and official capacity,<br><br>                    Defendants. | No. 2:13-CV-02155-DLR<br><br>**DEFENDANTS RECONTRUST COMPANY, N.A. AND BANK OF AMERICA, N.A.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>(Hon. Douglas L. Rayes) |

Like Plaintiff Ivaylo Tsvetanov Dodev's ("Dodev's") previous complaints, his Second Amended Complaint ("SAC") fails to plead any facts that would entitle him to the relief he seeks, and the SAC relies largely on legal theories that cannot succeed no matter how well-pled. Therefore, Defendants ReconTrust Company, N.A. ("Recontrust") and Bank of America, N.A. ("BANA") (collectively, "Defendants") move the Court to enter an order dismissing this action with prejudice because it fails to state a claim on which relief may be granted. Defendants further request that the Court not permit Dodev to amend his complaint yet a third time because any effort to do so would be futile. *Bonin v.*

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1   *Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("[f]utility of amendment can, by itself, justify

2   the denial of a motion for leave to amend").

3   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

4   **I.    BACKGROUND**

5       On December 12, 2006, Dodev borrowed $681,750.00 ("Loan") from non-party

6   First Magnus Financial Corporation ("First Magnus"), as evidenced by a Deed of Trust

7   securing the loan and recorded against real property at 23410 South 161st Way in Gilbert,

8   Arizona ("Property"). [Ex. A][1] Under the Deed of Trust, Dodev agreed that Mortgage

9   Electronic Registration Systems, Inc. ("MERS") would act as beneficiary in a nominee

10  capacity for First Magnus and its successors and assigns. [<u>Id.</u>] The Deed of Trust did not

11  name a Trustee. [<u>Id.</u>]

12      In August 2011, MERS recorded a Corporation Assignment Deed of Trust

13  Arizona ("Assignment"), conveying "all beneficial interest" under the Deed of Trust to

14  Defendant Bank of New York Mellon ("BONY"). [Complaint, ¶ 27; Ex. B][2] That same

15  day, BONY recorded a Substitution of Trustee Arizona ("Substitution") appointing

16  ReconTrust as the successor trustee. [Complaint, ¶ 33; Ex. C][3] Dodev does not dispute

17  that he defaulted on the loan. On August 2, 2013, ReconTrust recorded a Notice of

18  Trustee's Sale ("Sale Notice"), setting a sale date of November 8, 2013. [Ex. D][4]

19      On October 23, 2013, Dodev filed his Complaint in this Court [Doc. 1]. On

20

---

21      [1]  The Court may consider the Deed of Trust without converting this motion to
    dismiss into a motion for summary judgment because it is a matter of public record
22  properly subject to judicial notice. <u>See</u> <u>Coto Settlement v. Eisenberg</u>, 593 F.3d 1031, 1038
    (9th Cir. 2010) ("On a motion to dismiss, we may consider materials incorporated into the
23  complaint or matters of public record.").

24      [2]  The Court may consider the Assignment because it is a matter of public record
    properly subject to judicial notice. <u>See</u> <u>Coto</u>, 593 F.3d at 1038.
25

26      [3]  The Court may consider the Substitution because it is a matter of public record
    properly subject to judicial notice. <u>See</u> <u>id.</u>

27      [4] The Court may consider the Sale Notice because it is a matter of public record
    properly subject to judicial notice. <u>See</u> <u>id.</u>
28

768768.3

November 19, 2013, Dodev filed his First Amended Complaint ("FAC") [Doc. 18]. On December 2, 2013, Dodev moved for injunctive relief to prevent the Trustee's Sale [Doc. 25], which had been postponed as a result of this litigation. This Court denied Dodev's request for injunctive relief on January 7, 2014 [Doc. 55]. Dodev subsequently filed for bankruptcy protection, and this matter was stayed as a result of the automatic bankruptcy stay on April 22, 2014 [Doc. 72]. On August 27, 2014, the Court lifted the stay and subsequently reinstated Defendants' Motion to Dismiss, which had remained pending during the stay [Doc. 80]. The Court issued its Order on October 7, 2014 ("Order") [Doc. 93], granting the Motion to Dismiss in full while permitting Dodev the opportunity to amend his complaint. On October 23, 2014, Dodev filed his SAC [Doc. 96].

## II.    LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (reversing denial of motion to dismiss). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A plaintiff cannot meet his burden simply by contending that he "might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. It is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." Id. at 1950.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

### III.    ARGUMENT

In its Order, the Court noted that the FAC was a "sprawling Complaint [that] ramble[d] narratively and fail[ed] to clearly and concisely state which causes of action [were] being alleged against which Defendant." [Order, at 3] The Order noted the FAC was "nearly incomprehensible" and violated Fed. R. Civ. P. 8(a)'s provision that a complaint contain a "short and plain statement" regarding the grounds for relief, among other things. [Id.] Unfortunately, Dodev failed to consider these critiques in drafting his SAC. Instead of drafting a clearer, more concise complaint, the SAC is nearly double the length of the FAC and contains additional causes of action. Specifically, it consists of 66 pages, eleven causes of action, and includes nearly 600 pages of exhibits [Doc. 96]. Like the FAC, it cites to archaic legalese and, in fact, includes discussions of outdated legal concepts that are largely irrelevant to the claims at issue.

While the SAC includes numerous causes of action and several legal arguments, it fails to state a single valid claim for relief. Nowhere in its rambling text does the SAC refute that Dodev defaulted on the Loan or explain why he is legally entitled to not only a free home—which he has already occupied, rent-free, for several years—but also the return of a substantial portion of the payments he made on the Loan. [SAC, ¶ 212] Not only has Dodev failed to plead any actionable claim, but his underlying factual and legal allegations cannot form the basis of any viable cause of action against the Defendants. Therefore, the Court should dismiss the SAC with prejudice and without leave to amend.

### A.    Dodev's "Standing" Challenge Fails To State Any Claim For Relief Against Defendants, And The First Cause Of Action Should Be Dismissed.

The SAC alleges no defendant has "standing" to foreclose or exercise an interest in the property. Dodev brings this claim against all of the named defendants, including Recontrust and BANA. Not only does BANA not claim to have a current interest in the Loan, but no Arizona law requires a party to have standing in order to hold a trustee's sale. Despite the SAC's reliance on various provisions of the Uniform Commercial Code ("UCC"), it is inapplicable under these circumstances. Further, Dodev's remaining

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

arguments are contradicted by Arizona law. Thus, the first cause of action fails to state a valid claim for relief, and it should be dismissed.

### 1. BANA Does Not Have A Current Interest In The Loan And Does Not Seek To Foreclose On The Property.

As an initial matter, BANA has no current interest in the Loan, and Plaintiff does not make such an allegation. It does not claim to have a current beneficial interest in the Deed of Trust and does not now seek to foreclose. The Sale Notice does not list BANA as the beneficiary—rather, it names defendant Bank of New York Mellon as beneficiary—or reference it as having any other interest in the Loan. [Ex. D] Because it does not seek to foreclose or claim any current interest in the Loan, BANA should be dismissed from the first cause of action.

### 2. The UCC Does Not Apply To Deeds of Trust.

Further, this cause of action still fails for several reasons. First, the SAC relies on various provisions of the Uniform Commercial Code ("UCC"). [SAC, ¶¶ 43-52] Arizona's trust deed statutes do not require compliance with the UCC before a trustee commences a non-judicial foreclosure. Hogan v. Washington Mutual Bank, N.A., 227 Ariz. 561, 579-580, 277 P.3d 781, 782-783 (2012). Rather, a trustee has standing to hold a non-judicial trustee's sale by virtue of its status as a trustee. A.R.S. § 33-807(A).

The Arizona Supreme Court expressly recognizes a distinction between a judicial action to foreclose based on a promissory note and a non-judicial foreclosure pursuant to the power of sale in a deed of trust. See Hogan, 277 P.3d at 782-783 (disregarding the UCC's requirements because "the trustees here did not seek to collect on the underlying notes; instead, they noticed these sales pursuant to the trust deeds"; recognizing that "the note and the deed of trust are nonetheless distinct instruments that serve different purposes"). In Hogan, the Arizona Supreme Court held the negotiable instrument law of the UCC did not apply to trustee sales. Id. And because no Defendant seeks to enforce the note here, the UCC is irrelevant and the SAC's UCC-based arguments fail. See also Patton v. First Fed. Savings & Loan Assoc. of Phoenix, 118 Ariz. 473, 476, 578 P.2d 152, 155

768768.3

(1978); <u>Diessner v. Mortgage Electronic Registration System</u>, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009).

### 3.    Dodev's "Holder of the Note" Argument Fails.

The SAC also suggests that a defendant is required to produce the original note to prove "standing" to foreclose. [SAC, ¶ 44] However, that legal argument has been rejected in Arizona and does not provide the basis for a claim. <u>Hogan</u>, 277 P.3d at 782-783 ("Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure.").

### 4.    Dodev's Arguments Regarding The Assignment Of The Deed Of Trust Also Fail.

Dodev also challenges the assignment of the security interest in the Note and Deed of Trust. However, he has no interest in the Assignment and has no standing to challenge it. <u>In re Mortgage Electronic Registration Systems (MERS) Litigation</u>, 2012 WL 932625, at *3 (D. Ariz. 2012) ("Plaintiffs, as third-party borrowers are uninvolved and unaffected by the alleged Assignments, and do not possess standing to assert a claim based on such."). The Assignment was not only permitted under the terms of the Deed of Trust, but it had absolutely no effect on Dodev's title to the Property. Under Arizona law, by signing a deed of trust, a grantor agrees to the deed's terms and is put on notice of the deed's contents. <u>Cervantes v. Countrywide Home Loans, Inc.</u>, 656 F.3d 1034, 1042 (9th Cir. 2011) (<u>citing</u> <u>Kenly v. Miracle Props.</u>, 412 F. Supp. 1072, 1075 (D. Ariz. 1976)). By signing the Deed of Trust, Dodev agreed that MERS, named as beneficiary, would act as the "nominee for Lender and Lender's successors and assigns." [Ex. A, at 1] MERS subsequently made a valid assignment of its beneficial interest, and Dodev can plead no facts establishing standing to assert otherwise.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**B.    The Second Cause Of Action, for "Tort And Deceptive Consumer Practices With Respect To Foreclosure," Fails To State Any Valid Claim For Relief.**

The SAC's second cause of action alleges "Tort and Deceptive Consumer Practices with Respect to Foreclosure." [SAC, ¶¶ 61-76] However, this does not appear to be a valid cause of action in Arizona. Also, it relies on several of the UCC arguments referenced above, which do not apply under these circumstances.

Further, the SAC cites to various Arizona statutes and regulations that are inapplicable. [Id. at ¶ 68] Specifically, Dodev cites to Arizona Administrative Code R20-4-1521 and A.R.S. § 33-811(C). The former requires collection agencies to conduct certain investigations. However, neither Recontrust or BANA are "collection agencies" as defined by A.R.S. § 32-1001(A)(2), and that regulation is completely irrelevant here. Also, Dodev does not have standing to enforce that regulation. Further, it is unclear how § 33-811(C) supports this cause of action, as it provides that a trustor waives all defenses and objections to a trustee's sale where an injunction is not granted on the day prior to a trustee's sale. Similarly, 15 U.S.C. § 1692i(a) is completely irrelevant to this claim. Notably, neither these nor any other authority cited in the SAC establish that "tort and deceptive consumer practices with respect to foreclosure" is a recognized cause of action under Arizona law.

Finally, Dodev claims Recontrust is no longer in business and informed him it is no longer "his trustee." [SAC, ¶ 76] This is simply untrue. Regardless, a claim for "tort and deceptive consumer practices with respect to foreclosure" does not appear to be a valid cause of action in Arizona, and the second cause of action should be dismissed.

**C.    Dodev's FDCPA And FCRA Claims Fail As To Defendants, And The Third Cause Of Action Should Be Dismissed.**

Dodev's claim under the Fair Debt Collection Practices Act (the "FDCPA) is deficient. "[T]he FDCPA applies only to a debt collector who engages in practices prohibited by the Act in an attempt to collect a consumer debt." Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). "Mortgagees and their

7

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1  beneficiaries, including mortgage servicing companies, are **not** debt collectors subject to

2  the FDCPA." Id. (emphasis added); Hulse v. Owen Fed. Bank, FSB, 195 F. Supp. 2d

3  1188, 1204 (D. Or. 2002) ("[T]he activity of foreclosing on [real] property pursuant to a

4  deed of trust is not the collection of a debt within the meaning of the FDCPA."); Perry v.

5  Stewart Title, 756 F.2d 1197, 1208 (5th Cir. 1985) (holding FDCPA inapplicable because

6  assignee of loan was not "debt collector"). While Dodev devotes several paragraphs to

7  his argument that BANA is a "debt collector" under the FDCPA, the fact is that several

8  courts have already weighed in on the issue and decided that the FDCPA does not apply

9  to mortgagees like BANA. Dodev does not allege BANA's actions related to any purpose

10  other than the subject mortgage. Further, Recontrust is merely a trustee of the trust deed;

11  Dodev has not alleged it has attempted to collect a debt from him. Accordingly, neither

12  BANA nor ReconTrust is a "debt collector" within the meaning of the FDCPA, and

13  Dodev cannot plead an actionable claim under the statute. Thus, this Court should

14  dismiss Dodev's FDCPA claim against BANA and Recontrust.

15      Further, the SAC alleges improper efforts to enforce the lien after conclusion of

16  Dodev's bankruptcy proceeding. However, even assuming the loan was discharged

17  through the bankruptcy proceedings referenced in the SAC, the law still entitles the trust

18  deed beneficiary to foreclose on its security interest. Such a discharge does not prevent

19  creditors from enforcing a valid lien that existed at the time of the bankruptcy filing. See

20  Long v. Bullard, 117 U.S. 617 (1886); 11 U.S.C. § 522(c)(2). Accordingly, BANA was

21  legally able to proceed with efforts to foreclose on the security interest during the time it

22  serviced the Loan. Further, Recontrust is merely a trustee of the trust deed; it has not

23  attempted to collect any debt from Dodev.

24      Finally, the SAC does not allege any violation of the Fair Credit Reporting Act

25  ("FCRA") as to BANA or Recontrust under the third cause of action, despite referring to it

26  in the heading for this claim. [SAC, at 23] The third cause of action fails to state a claim

27  under the FDCPA or the FCRA and should be dismissed with prejudice.

28

768768.3

1

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**D.    The SAC Fails To State A Claim For "Security Violation," And The Fourth Cause Of Action Should Be Dismissed.**

2    The SAC's fourth cause of action alleges "Security Violation" related to the

3    securitization of the loan. [SAC, at 31] However, it is not at all clear what sort of claim

4    this refers to or what remedy Dodev seeks. The SAC again relies on the UCC, which, as

5    established above, is inapplicable here and cannot support this cause of action.

6    It appears Dodev intends to rely on the securitization of the mortgage to support a

7    "Security Violation." However, he was not a party to that transaction or the Pooling and

8    Servicing Agreement ("PSA") related to that process. As a result, Dodev is not entitled to

9    enforce the PSA's terms. Robinson v. BAC Home Loans Servicing, LP, No. CV11-1920-

10    PHX-JAT, 2012 WL 1520125, at *4 (D. Ariz. May 1, 2012) ("Plaintiffs are not parties to

11    the Pooling and Servicing Agreement, nor are they third party beneficiaries of that

12    Agreement. They therefore cannot bring a claim based on the Pooling and Servicing

13    Agreement."). Also, even assuming any terms of the PSA were violated, Dodev could not

14    have suffered damages. The transfer of the Loan between third parties did not affect

15    Dodev's obligation to repay the Loan or risk foreclosure upon breach, both of which were

16    created by the Note and Deed of Trust.

17    Similarly, the SAC alleges Defendants violated Arizona UCC provisions by

18    "assigning different loan numbers while pretending to use the Notes and the DOT'S [sic]

19    Plaintiff signed with First Magnus where the loan number is clearly printed on the face of

20    the security." [SAC, ¶ 133] Again, the UCC does not apply to the Note or Deed of Trust,

21    and A.R.S. § 47-3115(C) is inapplicable. Further, the SAC fails to provide legal authority

22    supporting its position that subsequent holders of a note or deed of trust are not entitled to

23    assign their own internal number to a loan. [*See* SAC, ¶ 133] In fact, those numbers had

24    no material impact on Dodev's obligation to repay the Loan. Thus, even if the UCC

25    applied—though it did not—an "alteration," as defined by A.R.S. § 47-3407(A), did not

26    occur.

27    Dodev's fourth cause of action fails to state a valid claim for "Security Violation,"

28    and it should be dismissed with prejudice.

9

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**E.    The SAC's Fifth Cause Of Action Fails To State A Valid Claim For Relief.**

The SAC's fifth cause of action alleges a claim for "anticipatory repudiation." [SAC, 37] However, this claim is based entirely on the UCC, which, as established above, does not apply to mortgage loans. [*See* § III.A.2 above] In addition, the claim is deficient because it fails to identify a specific legal basis for the claim or to allege any damages. Finally, Dodev claims his efforts to pay the balance of the Loan have resulted in its total discharge. However, BANA has no current interest in the Loan.

Because the fifth cause of action relies entirely on the UCC, which does not apply to mortgage loans, this claim should be dismissed.

**F.    The SAC's Sixth Cause Of Action Fails To State A Valid Claim For Relief.**

The SAC's sixth cause of action alleges a claim for "contractual fraud – void 'ultra vires' contracts." [SAC, 40] As an initial matter, the SAC states this claim is brought "against all defendants claiming enforcement rights based on the notes and DOT's Plaintiff has signed with First Magnus." [Id.] However, this is insufficient to put Defendants on notice of which is specifically alleged of wrongdoing. Moreover, neither BANA nor Recontrust was the original Lender, and thus neither could have acted "ultra vires" with respect to the origination of the Loan.

Further, this claim is barred by the statute of limitations. A breach of contract claim is subject to a six-year limitations period. A.R.S. § 12-548(A). Dodev obtained the mortgage in December 2006, which is well beyond the limitations period. [Ex. A] Thus, this claim is time-barred.

Finally, it appears Dodev argues that a valid contract was not created when he obtained the Loan because he did not receive cash: "To give lawful consideration, the lender must prove that he gave the borrower lawful money such as coins or currency." [SAC, ¶ 149] However, Dodev fails to mention that, while he did not receive funds, he received an amount sufficient to purchase the Property. Regardless, this Court has rejected this "vapor money" theory many times. See, e.g, De Leon v. Recontrust Co., CV 10-8132-

PCT-JAT, 2010 WL 4739954 (D. Ariz. Nov. 16, 2010) ("Courts in this Circuit have rejected . . . 'vapor money' theories"); <u>Vollmer v. Present</u>, No. CV 10-1182-PHX-MHM, 2011 WL 11415, at *6 (D. Ariz. Jan. 4, 2011) ("Plaintiffs' vapor-money claim is not plausible, and therefore is dismissed with prejudice."); <u>Owens v. Recontrust Co., N.A.</u>, No. CV 10–2696–PHX–JAT, 2011 WL 3684473, at *4 (D. Ariz. Aug. 23, 2011) (rejecting "vapor money" theory as a viable legal theory); <u>Nichols v. Bosc</u>o, CV 10-1872-PHX-FJM, 2010 WL 3909205 (D. Ariz. Oct. 1, 2010) ("the so-called "vapor money" theory routinely has been discredited, and therefore also offers no likelihood of success"). Dodev's "vapor money" claim has no merit, and he cannot state a claim that the underlying debt has been discharged on the theory that he did not receive cash when he obtained the Loan.

Not only is this cause of action time barred, it fails to specify which Defendant is accused of wrongdoing. Further, neither BANA nor Recontrust were involved in the origination of the Loan. Finally, Dodev's "vapor money" theory has been rejected on multiple occasions. As a result, this cause of action should be dismissed with respect to BANA and Recontrust.

### G.    Dodev's Usury Claim Fails As A Matter Of Law.

The SAC's seventh cause of action—for usury—names BANA as a defendant. [SAC, 45] As an initial matter, BANA was not the original Lender and, thus, did not offer Dodev a usurious interest rate. Thus, this claim should be dismissed as to BANA.

Regardless, the SAC fails to state a claim for usury. In fact, it does not argue Dodev was directly charged a usurious interest rate. Rather, after discussing the legality of states' ability to charter banks and the constitutionality of banks extending credit to consumers, Dodev claims he received a usurious interest rate due to the risk the Lender incurred in relation to "Federal Reserve Notes." [<u>See</u>, <u>e.g.</u> SAC, ¶¶ 154-155, 163-164] Thus, Dodev's usury claim is effectively based on the level of risk the Lender incurred— which had no effect on him—rather than the interest rate he was charged.

The general purpose of usury statutes are to limit permissible interest rates.

11

1    <u>Browne v. Nowlin</u>, 117 Ariz. 73, 78, 570 P.2d 1246, 1251 (1977). In Arizona, interest on

2    a loan is set at the rate of ten percent per year "unless a different rate is contracted for in

3    writing, in which event any rate of interest may be agreed to." A.R.S. § 44-1201(A); <u>S &</u>

4    <u>N Equip. Co. v. Casa Grande Cotton Finan. Co.</u>, 97 F.3d 337, 341 (9th Cir. 1996).

5        The SAC clearly does not establish a viable usury claim. First, the SAC fails to

6    allege what the actual interest rate is on the Note, an essential element of a claim for

7    usury. Moreover, Dodev contracted in writing to pay interest on the unpaid principal at a

8    rate which was adjusted annually, but would never exceed 9.95%. [SAC, Ex. J, § 2(D)]

9    Thus, the mortgage transaction was not usurious because it was both contracted for in

10   writing and the interest rate—while variable—would not exceed the permissible rate

11   under Arizona law.

12       This claim also appears to incorporate the "vapor money" theory discussed above

13   (i.e. that the Lender did not lend any actual money, only credit). As discussed in § III.F

14   above, this theory has been rejected by this Court on multiple occasions.

15       The SAC offers no legal authority to support the definition of usury it alleges and

16   relies on. [SAC, ¶ 160] Further, BANA was not involved in the origination of the Loan

17   and did not offer Dodev any interest rate, let alone a usurious one. Thus, the seventh cause

18   of action should be dismissed as to Defendants.

19   **H.    The SAC Fails To State A Viable Claim For Violations of TILA.**

20       In its eighth cause of action, the SAC alleges BANA violated the Truth in Lending

21   Act ("TILA"). However, despite Dodev's claim that BANA has attempted to foreclose

22   without the proper authority, the fact is BANA is not the Lender or current loan servicer,

23   and it is not attempting to enforce the Note or foreclose on the Property. Further, Dodev

24   again cites to the inapplicable and irrelevant UCC to support his claim. As discussed

25   above, the UCC is not relevant to mortgage loans.

26       Further, to the extent the SAC relies on TILA, the claim is barred by the statute of

27   limitations. Any action under TILA must be brought within one year from the date of the

28   occurrence of the alleged violation. 15 U.S.C. § 1640(e). The limitations period in §

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

768768.3

1640(e) generally runs from the date of consummation of the transaction. The SAC includes a letter from BAC Home Loans Servicing to Dodev, which informs him the servicing of the Loan would be transferred to BANA on July 1, 2011. Thus, at a minimum, Dodev was aware BANA asserted an interest in the Loan at that time, which is more than one year prior to October 2013, when Dodev filed his initial Complaint. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (affirming district court's dismissal of plaintiffs' TILA damages claim as time-barred). Further equitable tolling of the statute of limitations is not appropriate because there is no indication that Dodev exercised due diligence and attempted to obtain the necessary information, but was unable to do so. See Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (per curiam) (declining to toll TILA's statute of limitations when "nothing prevented [the mortgagor] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements").

Further, the SAC fails to allege a TILA violation as to BANA. To the extent this claim alleges the Assignment was concealed, recorded documents suggest otherwise. Further, this claim appears to rely on the allegation that the separation of the note and deed of trust invalidates a security interest, a theory known as "bifurcation." [SAC, ¶ 175] However, this Court has repeatedly rejected "bifurcation" arguments. See Buchna v. Bank of America, N.A., No. 2:10-cv-00418-MHM, at *7 (D. Ariz. Oct. 25, 2010); Ciardi v. Lending Co., Inc., No. CV 10–0275–PHX–JAT, at *3 (D. Ariz. May 24, 2010). Further, even if the Note and Deed of Trust have been separated, such bifurcation "only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders." See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011). But here, the Deed of Trust expressly states that MERS is acting "as a nominee for Lender and Lender's successors and assigns" and, in that capacity, may "take any action required of Lender." [Ex. A, at 3] The SAC does not present any evidence refuting this agency relationship. Thus, the bifurcation argument is meritless.

13

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1  The SAC's TILA claim against BANA fails for several reasons. Not only is it

2  time-barred, but BANA has no interest in the Loan and is not seeking to foreclose. Finally,

3  Dodev's "bifurcation" theory is meritless. Thus, the eighth cause of action should be

4  dismissed with prejudice.

5  ## I.    The SAC Fails To State A Viable Claim For RICO Violations.

6  The SAC's ninth cause of action—for alleged RICO violations—also fails. The

7  SAC states in conclusory fashion that Defendants "coerced and conspired against

8  Plaintiff to deprive him of property without due process of law." [SAC at 182] However,

9  the SAC merely cites the fact that Defendants sent mail regarding the loan or noticed

10  trustee's sales, actions that do not fall into any category of "racketeering activity." These

11  allegations are insufficient to allege a viable RICO claim.

12  In a RICO fraud action, "[t]o avoid dismissal for inadequacy under [Fed. R. Civ.

13  P.] 9(b), [the] SAC would need to 'state the time, place, and specific content of the false

14  representations as well as the identities of the parties to the misrepresentation.'" Edwards

15  v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004). "Rule 9(b) does not allow a

16  SAC merely to lump multiple defendants together but require[s] plaintiffs to differentiate

17  their allegations and inform each defendant separately of the allegations surrounding his

18  alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir.

19  2007) (quotations omitted).

20  Dodev alleges BANA and Recontrust "executed a fraudulent assignment of the

21  Note and the Deed of Trust." [SAC, ¶ 189] However, BANA did not record the

22  Assignment; rather, MERS assigned the Deed of Trust to defendant BONY. [Ex. B] He

23  also claims Recontrust "wantonly and maliciously recorded two Trustee Sale notices,"

24  though he provides nothing to suggest this constituted illegal or racketeering activity [Id. ¶

25  190] These general allegations do not sufficiently establish racketeering activity; rather,

26  they are lawfully recorded documents Defendants had a right to record in accordance with

27  the terms of the Deed of Trust. Further, Dodev fails to establish how BANA and

28  Recontrust conspired to deprive him of his property. Absent specific allegations sufficient

14

1    to satisfy the requirements of Rule 9(b), Dodev has failed to establish a RICO claim. Thus,

2    the ninth cause of action should be dismissed with prejudice.

3        **J.    The SAC Fails To State A Quiet Title Claim.**

4            To quiet title, a plaintiff must allege, in a verified complaint, that he possesses title

5    to the subject property, that a defendant claims an interest adverse to his interest, and that

6    it would be inequitable to let the defendant's interest stand. A.R.S. § 12-1102; Lavidas v.

7    Smith, 195 Ariz. 250, 256, 987 P.2d 212, 218 (Ct. App. 1999). Further, "in an action to

8    quiet title, the party invoking the court's jurisdiction is required to do equity and, if it

9    appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the

10   court will not quiet the title until and unless he pays off such mortgage lien." Farrell v.

11   West, 114 P.2d 910, 911 (Ariz. 1941). However, Dodev has not pled that he has paid off

12   the Loan; thus, he is not entitled to quiet title.

13           As previously mentioned, BANA does not claim an interest in the Loan.

14   Accordingly, it is not asserting any interest in the Property and there is no basis upon

15   which Dodev may seek to quiet title against BANA. Further, Recontrust is the current

16   trustee under the Deed of Trust, and Dodev has provided no valid support for his empty

17   assertion that it lacks authority to notice and conduct a Trustee's Sale.

18           To the extent Dodev may rely on the bankruptcy proceeding to support this claim,

19   it still fails. Although the Loan may have been discharged through the bankruptcy

20   proceedings, the trust deed beneficiary is still entitled to foreclose on the security interest.

21   The discharge does not prevent creditors from post-discharge enforcement of a valid lien

22   that existed at the time of the bankruptcy filing. See Long v. Bullard, 117 U.S. 617

23   (1886); 11 U.S.C. § 522(c)(2). Accordingly, defendant BONY, the current beneficiary of

24   the Deed of Trust, and Recontrust, as successor trustee of the trust deed, may proceed to

25   enforce the lien to the extent permitted under relevant state law. For these reasons,

26   Recontrust is legally entitled to notice a trustee's sale on the property.

27           The SAC also alleges no defendant is a "true holder-in-due-course" of the Note

28   and, therefore, none has a right to enforce it. As discussed above, the "show me the note"

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

theory has been rejected in Arizona. <u>Hogan</u>, 277 P.3d at 782, 783 ("Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure"). Additionally, Arizona's trust deed statutes do not require compliance with the UCC before a trustee commences a nonjudicial foreclosure. <u>Id.</u>

Dodev has not satisfied the unpaid balance remaining on his Loan, and he has provided no valid support for his request to quiet title in the Property, which would result in an incredible windfall for him in the form of a free home. Dodev's quiet title claim fails, and the tenth cause of action should be dismissed.

**K.    Dodev Is Not Entitled To Any Declaratory Or Injunctive Relief.**

The SAC also requests declaratory and injunctive relief based on allegedly fraudulent documents related to the Assignment. [SAC, ¶ 205] However, the SAC fails to satisfy the heightened pleading standards required to establish a fraud claim. Specifically, Dodev bases this claim on unsupported allegation that documents signed by Carmelia Boone are fraudulent. However, the SAC does not establish how or why those documents are fraudulent or why he is entitled to relief.

Whether or not Carmelia Boone had the proper authority to execute the documents at issue, any alleged misrepresentation in the recorded documents was not material to Dodev. <u>Sitton v. Deutsche Bank Nat'l Trust Co.</u>, 233 Ariz. 215, 221, 311 P.3d 237, 243-44 (Ct. App. 2013). To state a claim under § 33-420, "the misrepresentation must be material to the owner or beneficial title holder." <u>Id.</u>; A.R.S. § 33-420(A), (C), (E). But the documents did not affect Dodev's obligation to repay the Loan or risk foreclosure upon breach, both of which were created by the Note and Deed of Trust. Thus, Dodev's liability under those instruments was not affected by any assignment of the Deed of Trust or subsequent substitution of the trustee. <u>See</u> <u>Sitton</u>, 233 Ariz. at 221, 311 P.3d at 243. While the validity of the recorded documents may be material to assignees or purported assignees of the deed of trust, the validity of the recorded documents was immaterial to

BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

1  Dodev. <u>Id.</u> Thus, Dodev is not entitled to declaratory or in injunctive relief, and his

2  eleventh cause of action should be dismissed.

3  <center>**Relief Requested**</center>

4    For the foregoing reasons, Recontrust and BANA respectfully request that the

5  Court enter an Order dismissing the Second Amended Complaint as against each of them,

6  as well as dismissing this action in its entirety, with prejudice.

7    DATED this 25th day of November, 2014.

8

9         BRYAN CAVE LLP

10

11       By  /s/ Eric M. Moores

12        Sean K. McElenney
      Coree E. Neumeyer

13        Eric M. Moores
      Two North Central Avenue, Suite 2200

14        Phoenix, AZ  85004-4406
      Telephone: (602) 364-7000

15        Attorneys for Defendants ReconTrust

16        Co. N.A. and Bank of America, N.A.,

17  ORIGINAL of the foregoing electronically
filed with the Court this 25th day of November, 2014.

18

19  COPY of the foregoing mailed
this 25th day of November, 2014:

20

21  Ivaylo Tsvetanov Dodev
6312 S. 161st Way

22  Gilbert, AZ 85298

23

24  /s/ Donna McGinnis

25

26

27

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

768768.3

## CERTIFICATION OF CONFERRAL

Pursuant to this Court's Order, dated October 23, 2013 (Doc. 5), undersigned counsel certifies that he has attempted to meet and confer with Plaintiff to determine whether an amendment could cure the deficient SAC, but Plaintiff failed to respond to counsel. Counsel sent Plaintiff a meet and confer letter via email, FedEx Overnight Delivery, and USPS First Class Mail, but received no response.

By /s/ Eric M. Moores
Eric M. Moores

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA  85004-4406
(602) 364-7000

768768.3