Kim R. Lepore (SBN 019130)
klepore@wrightlegal.net
Jamin S. Neil (SBN 026655)
jneil@wrightlegal.net
**WRIGHT, FINLAY & ZAK, LLP**
18444 N. 25th Ave., Suite 420
Phoenix, Arizona 85023
Telephone: (602) 842-3368
Facsimile: (949) 608-9142

Attorneys for *Defendants*
Select Portfolio Servicing, Inc. and The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>  Plaintiff,<br><br>vs.<br><br>Recontrust Company, N.A., Select Portfolio Servicing, Inc., The Bank Of New York Mellon, Corporation, fka The Bank of New York, Bank of America, N.A. successor of Countrywide Home Loans, Inc., Real Time Resolutions, Inc., DOES 1-100, in his/her individual and official capacity,<br><br>  Defendants. | Case No. 2:13-cv-02155-DLR<br><br>**DEFENDANTS SELECT PORTFOLIO SERVICING AND THE BANK OF NEW YORK MELLON, AS TRUSTEE'S REPLY TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

*Defendants* Select Portfolio Servicing, Inc. and The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7 (collectively "Defendants"), by and through counsel undersigned, hereby submits this Reply in support of its Motion to Dismiss *Plaintiff* Ivaylo Tsvetanov Dodev's Second Amended Complaint

("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"). Defendants also submit this Reply in opposition to Plaintiff's Response in Opposition to Defendants Motion to Dismiss Plaintiff's Second Amended Complaint ("Response").

Instead of attempting to salvage his deficient Complaint, Plaintiff's Response further mischaracterizes, misinterprets and/or completely ignores binding case law and injects additional irrelevant conclusory allegations which results in a confusing 19 page document. In short, the Response in no way cures the procedural and substantive pleading deficiencies replete throughout the Complaint.

Accordingly, this Court should dismiss Plaintiff's Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Reply is supported by the following Memorandum of Points and Authorities, the record in this action, any oral argument of counsel and upon such other and further evidence as this Court might deem proper.

**RESPECTFULLY SUBMITTED** this 7th day of January 2015.

**WRIGHT, FINLAY & ZAK, LLP**

/s/ *Kim R. Lepore*
KIM R. LEPORE, ESQ.
Attorneys for *Defendants* Select Portfolio Servicing, Inc. and The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. ARGUMENT

**A. This Court Addressed the Meet and Confer Requirement.**

During the December 5, 2014 status conference hearing, this Court addressed Plaintiff's concerns related to his repeated meritless allegations that counsel undersigned has failed to meet and confer. Accordingly, this issue is moot and Plaintiff's arguments are otherwise irrelevant.

B.   **Defendants' Request for Judicial Notice Is Valid.**

This Court, in its discretion, may consider material outside the complaint that is properly the subject of judicial notice.[1] Under Rule 201 of the Federal Rules of Evidence, "matters of public record," are the proper subject of judicial notice.[2] It is well established that this Court may take judicial notice of documents recorded with the County Recorder including Deeds of Trust, Assignments, Substitutions of Trustee and Notices of Trustee Sale.[3] Accordingly, this Court may take judicial notice of all of the documents referenced in Defendants' Request as all documents were recorded with the Maricopa County Recorder's Office.

As Plaintiff's objection to Defendants' Request for Judicial Notice is completely without merit, it must be overruled.

C.   **The "Standing" Challenge is Meritless.**

First, the Response asserts that the Deed of Trust was rendered null and void by Defendants' alleged violations of the UCC. Although not at all clear, it appears Plaintiff is again asserting that Defendants have not proven their ability to enforce the Note. As discussed in the Motion, Defendants are not required to prove enforcement of the Note.

"When parties execute a deed of trust and the debtor thereafter defaults, A.R.S. § 33-807 empowers the trustee to sell the real property securing the underlying note through a non-judicial sale...."[4] There is no statutory requirement "that before a trustee may exercise that power of sale, the beneficiary must show possession of, or otherwise document its right to enforce, the underlying note...."[5] "Arizona's non-judicial foreclosure statutes do not require

---

[1] See *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir.1991).
[2] See *Quiroz v. Countrywide Bank, N.A.*, 2009 WL 3849909, at *1 n. 1 (C.D.Cal. Nov. 16, 2009) (taking judicial notice of a properly recorded trustee's sale). See also *Coit v. Biltmore Bank*, No. CV-10-0382-PHX-GMS, 2010 WL 2036563, at *1 (D. Ariz. May 19, 2010).
[3] See *Garrison v. CitiMortgage Inc.*, No. CV-11-1392-PHX-FJM, 2011 WL 4702958, at *1 (D. Ariz. Oct. 6, 2011); *Osuna v. Bank of Am.*, No. CV-11-1147-PHX-GMS, 2011 WL 6182120, at *2 (D. Ariz. Dec. 13, 2011); *Elwess v. Old Republic Nat. Title Ins. Co.*, No. CV12-1956-PHX DGC, 2013 WL 526521, at *2 (D. Ariz. Feb. 12, 2013).
[4] *Hogan v. Washington Mutual Bank, N.A.*, 230 Ariz. 584, 277 P.3d 781, 782-783 (Ariz.2012) (en banc).
[5] *Id.* at 783.

-3-
REPLY TO MOTION TO DISMISS

the beneficiary to prove its authority or show the note before the trustee may commence a non-judicial foreclosure."[6]

Here, as the assigned beneficiary under the Deed of Trust, Defendants were authorized to initiate foreclosure proceedings of the Property.[7] Arizona Courts and the foreclosure statutes do not require more.

Second, Plaintiff's assertion that the UCC must be considered when determining standing to foreclose is outdated and wrong. Arizona Courts have consistently held that the UCC does not govern liens on real property.[8] Further, the trust deed statutes do not require compliance with the UCC before a trustee commences a non-judicial foreclosure.[9] Therefore, Plaintiff cannot use the UCC to challenge Defendants' right to non-judicially foreclose on the Deed of Trust.

Finally, Plaintiff's unlawful bifurcation of the Note assertion was well-settled by the Ninth Circuit Court of Appeals several years ago in *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011). The Response completely ignores the precedent established in *Cervantes* by citing to *In re Veal*, 450 B.R. 897 (B.A.P. 9th Cir. 2011) and other decisions by courts outside this circuit. *In re Veal* concerned a bankruptcy Debtor's challenge to a creditor's Proof of Claim and has no bearing on the instant case. Moreover, this Court is not required to follow holdings of the United States Bankruptcy Appellate Panel or the other non-Ninth Circuit cases cited by Plaintiff.[10]

In sum, Plaintiff's "Standing" cause of action must be dismissed.

/././

/././

/././

---

[6] *Id.* at 782.
[7] *See* RJN, **Exhibit 2**.
[8] *See Rodney v. Ariz. Bank*, 172 Ariz. 221, 224–25, 836 P.2d 434, 437–38 (App.1992).
[9] *See In re Krohn*, 203 Ariz. 205, 208 ¶ 8, 52 P.3d 774, 777 (2002).
[10] *See Bank of Maui v. Estate Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir. 1990) (holding that Bankruptcy Appellate Panel decisions cannot bind district courts themselves); *United States v. Ajugwo*, 82 F.3d 925, 928 (9th Cir. 1996).

D.  **Plaintiff Cannot Establish Any Tort Claims.**

It is entirely unclear what claim Plaintiff is attempting to assert in his Second Cause of Action. The Complaint and Response appear to regurgitate the "standing" challenges in Plaintiff's First Cause of Action. As discussed above, these claims are without merit.

To the extent Plaintiff is asserting a tort-based claim, he fails to identify the individual claim under which he will proceed and, also, fails to allege any of the elements to establish that claim. Accordingly, Plaintiff's "Tort" claim must be dismissed.

E.  **The FDCPA Is Inapplicable to Defendants.**

In his Response, Plaintiff attempts to create his own exceptions to the overarching rule that "the FDCPA applies only to a debt collector who engages in practices prohibited by the Act in an attempt to collect a consumer debt."[11] As stated in the Motion, "mortgagees and their beneficiaries, including mortgage servicing companies, <u>are not debt collectors</u> subject to the FDCPA."[12] Moreover, 'the activity of foreclosing on [real] property pursuant to a deed of trust is not collection of debt within the meaning of the FDCPA."[13]

Accordingly, as a matter of law, Defendants are not "debt collectors" within the meaning of the FDCPA and, therefore, cannot be liable for an alleged violation of same. Further, even if Defendants could be defined as "debt collectors" within the meaning of the statute, Plaintiff does not allege that Defendants took action other than attempting to foreclose on the Property.[14] Accordingly, Plaintiff fails to state a claim for violation of the FDCPA.

Plaintiff does not assert that these moving Defendants violated the FCRA. As such, the Court should dismiss this claim as well.

/./././

/././/

---

[11] *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D.Ariz. 2009); accord *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1093 (C.D. Cal. 2006).
[12] [Emphasis added.] *Mansour* at 1182; *Perry v. Stewart Title*, 756 F.2d 1197, 1208 (5th Cir. 1985) (holding FDCPA inapplicable because assignee of loan was not "debt collector").
[13] *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).
[14] See Complaint, *generally*.

-5-

REPLY TO MOTION TO DISMISS

### F. Plaintiff Lacks Standing to Allege Security Violations.

In his Response, Plaintiff attempts to salvage his security violations claim by citing to *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079, 160 Cal. Rptr. 3d 449 (2013).[15] *Glaski* is a **California** Court of Appeals decision and is not controlling on this Court. Moreover, even if Plaintiff had standing to challenge the assignments of the Loan, the terms of the PSA itself state that an assignment was <u>not required</u> to be delivered prior to the PSA closing date in this case. The PSA expressly states that, for each loan that is "not a MERS" loan, a duly executed assignment has to be delivered prior to the closing date.[16] The Deed of Trust at issue **is** a MERS loan by its very terms. Therefore, a formal written assignment was not required prior to the closing date.

### G. Anticipatory Repudiation Is Not Sufficiently Alleged.

"[A]nticipatory repudiation is nothing more than a species of contract breach in which the offending party states 'that he will not render the promised performance when the time fixed for it in the contract arrives.'"[17]

In this case, Plaintiff fails to allege any facts establishing anticipatory repudiation by Defendants. Neither the Complaint nor the Response indicate that Defendants took any action signifying that they were unwilling to perform under the Deed of Trust. Accordingly, Plaintiff's claim for anticipatory repudiation must fail.

### H. The Fraud Claim Fails Rule 9.

The Response fails to provide any synthesis of fact and law to rebut the Motion. As discussed in the Motion, the Complaint does not allege that Defendants were involved in the origination of the Loan and altogether fails to meet the standards set forth in Rule 9(b) of the Federal Rules of Civil Procedure for pleading fraud. Specifically, the Complaint fails to plead the particular circumstances constituting the alleged fraud.

Moreover, Plaintiff's claim for Contractual Fraud is subject to a three year statute of limitations.[18] In this case, Plaintiff admits that he executed the loan documents in 2006.[19]

---

[15] *See* Response p. 12, line 18.
[16] *See*, Doc 96-1 at page 61, ¶ (a) and 62, ¶ (c)(iii).
[17] *United California Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 279-80, 681 P.2d 390, 431-32 (Ct. App. 1983) citing *Diamos v. Hirsch*, 91 Ariz. 304, 307, 372 P.2d 76, 78 (1962).

Therefore, the limitations periods for Plaintiff's fraud-related causes of action ran five (5) years ago. Accordingly, Plaintiff's claim for fraud must be dismissed.

### I. No Facts or Law Support a Usury Violation.

Neither the Complaint nor the Response state a legal basis for Plaintiff's "usury" claim. Indeed, the Response cites only to the book *Modern Money Mechanism* for some indecipherable proposition. Moreover, the Response, much like the Complaint, contains no factual allegations **specific to Defendants**. Instead, the Response and Complaint state that "banks are charging usuries 200% interest."[20] Since the Complaint fails to allege any of the requisite elements of a usury claim or any facts that would sustain such a claim against Defendants, this claim must be dismissed.

### J. The TILA Claim Is Moot.

The Response appears to clarify Plaintiff's TILA claim by stating that Plaintiff seeks to "establish only one fact: that [Select Portfolio Servicing, Inc. "SPS"] is not a 'covered person' under TILA" and, therefore, "is not the owner of the [L]oan." It is undisputed that SPS is not the owner of the Loan, but rather, the authorized loan servicer. Because this cause of action is moot, it must be dismissed.[21]

### K. The RICO Claim Is Insufficiently Plead.

In their Motion, Defendants submitted that Plaintiff's RICO claim must fail because no particular allegations concerning the necessary who, what, when, where, and why were alleged. Instead of supplying specific facts necessary to establish Plaintiff's RICO claim, the Response asserts that undefined alleged attempts by Defendants to "steal Plaintiff's house" somehow pass FRCP Rule 9(b)'s specificity requirement.[22]

As discussed in the Motion, Plaintiff's attempt to lump Defendants together with blanket allegations that "collectively Defendants coerced and conspired against Plaintiff" will

---

[18] Ariz.Rev.Stat. § 12–543(3).
[19] *See* Doc. 96 at ¶ 21.
[20] See Complaint ¶ 163 and Response p. 15, line 16.
[21] See *Cook v. Ellison*, 178 F.3d 1299 (9th Cir. 1999).
[22] See Response p. 17, line 10.

not suffice. Again, the only action alleged by Plaintiff is the recording of an assignment and a Notice of Sale. This does not constitute a pattern of conduct or an association-in-fact.

Because Plaintiff's RICO claim fails to factually allege an enterprise or association-in-fact, and fails to establish a pattern of racketeering activity, it must be dismissed with prejudice.

### L. The Quiet Title Claim Lacks Essential Elements.

As discussed in the Motion, it is well-settled in Arizona that a party cannot quiet title pursuant to A.R.S. § 12-1101 until the party has **paid off** the loan, or **tendered the balance due** under the loan.[23] As such, quiet title is not an available remedy if a loan balance remains outstanding.[24] Plaintiff's sole response to this necessary element of a quiet title claim is that "his business partners offered to pay the entire amount due…"[25] According to Plaintiff, a mere indication that a third party is willing to pay off the debt is sufficient to establish this primary element of a quiet title claim.

Unfortunately, Plaintiff's Response cites no case law in support of this proposition and, since the Complaint fails to allege that the Loan was paid off or the balance tendered, Plaintiff's quiet title claim must be dismissed.

### M. Declaratory and Injunctive Relief Are Remedies.

Plaintiff's final cause of action is a remedy and not a separate cause of action. Because all of Plaintiff's causes of action fail to state a claim upon which relief can be granted, the Court should dismiss this "cause of action" for Declaratory and Injunctive Relief as well.

## II. CONCLUSION

Based on the foregoing and the reasons set forth in the Motion, Defendants respectfully request that this Court dismiss Plaintiff's entire Complaint **with prejudice** because allowing leave to amend would be futile.

/././

/././

---

[23] *Farrell v. West*, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941).
[24] *Id.*
[25] *See* Response p. 14, line 15.

1  **RESPECTFULLY SUBMITTED** this 7th day of January, 2015.

2                              **WRIGHT, FINLAY & ZAK, LLP**

3

4                              /s/ *Kim R. Lepore*
                               KIM R. LEPORE, ESQ.
5                              Attorneys for *Defendants* Select Portfolio
                               Servicing, Inc. and The Bank of New York
6                              Mellon fka The Bank of New York as Trustee
                               for the Certificateholders of CWALT, Inc.,
7                              Alternative Loan Trust 2007-OA7, Mortgage
                               Pass-Through Certificates, Series 2007-OA7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Reply to Motion to Dismiss** was served on January 7, 2015. Service was accomplished by the method and to the following as indicated:

**PLAINTIFF**
**(Via U.S. Mail)**
Ivaylo Tsvetanov Dodev
6312 S. 161st Way
Gilbert, AZ 85298
Plaintiff *In Propia Persona*

**RECONTRUST AND BANK OF AMERICA'S COUNSEL**
**(Via ECF Notification)**
Sean K. McElenney, Esq.
Coree E. Neumeyer, Esq.
Eric M. Moores, Esq.
Bryan Cave, LLP
Two N. Central Ave., Suite 2200
Phoenix, AZ 85004-4406

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 7, 2015                               /s/ *Steven E. Bennett*

-10-