BRYAN CAVE LLP (No. 00145700)
Sean K. McElenney (No. 016987)
Coree E. Neumeyer, (No. 025787)
Eric M. Moores (No. 028280)
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000
(602) 364-7070 fax
skmcelenney@bryancave.com
coree.neumeyer@bryancave.com
moorese@bryancave.com

Attorneys for Defendants ReconTrust Co. N.A.
and Bank of America, N.A.

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ReconTrust Company, N.A.; Select Portfolio Servicing, Inc.; The Bank of New York Mellon, Corporation, FKA The Bank of New York; Bank of America, N.A., successor of Countrywide Home Loans, Inc.; Real Time Resolutions, Inc.; and Does 1-100, in his/her individual and official capacity,<br><br>　　　　Defendants. | No. 2:13-CV-02155-DLR<br><br>**DEFENDANTS RECONTRUST COMPANY, N.A. AND BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>(Hon. Douglas L. Rayes) |

Dodev's Response in Opposition to Defendants' Motion to Dismiss Second Amended Complaint [Doc. 117] ("Response") fails to salvage his deficient SAC. It continues to cite the same baseless legal contentions and ignores controlling case law. The Response repeats several baseless arguments this Court has rejected countless times. As discussed below, the SAC fails to meet the requirements of Rule 12(b)(6), and each of Dodev's claims should be dismissed with prejudice and without leave to amend.

. . . .

773326.4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      ARGUMENT.

While Dodev's SAC includes eleven purported causes of action, not a single one establishes a valid claim for relief. Dodev does not dispute that he defaulted on his Loan. He is not now entitled to any relief from efforts made to enforce a security interest he lawfully agreed to at the time he obtained his mortgage.

Dodev's SAC originally included eleven causes of action. However, on January 9, 2015, he voluntarily withdrew claims Eight (Usury) and Nine (TILA Violations). [Doc. 116]. This Reply addresses the remaining claims.

### A.      The Exhibits Submitted With The Motion Are Properly Subject To Judicial Notice.

Dodev objects to the documents Defendants attached to their Motion as Exhibits A-D. Defendants obtained these documents from the Maricopa County Recorder's Office website, and they are public records. Matters of public record are properly subject to judicial notice. See <u>Coto Settlement v. Eisenberg</u>, 593 F.3d 1031, 1038 (9th Cir. 2010) ("On a motion to dismiss, we may consider . . . matters of public record."). As codefendants Select Portfolio Servicing and the Bank of New York Mellon ("Codefendants'") point out in their Reply in support of their Motion to Dismiss (Doc. 115) ("Codefendants' Reply"), case law interpreting Fed. R. Evid. 201 has concluded that matters of public record are proper for judicial notice, as are documents recorded with the County Recorder. [Codefendants' Reply, at 3]

In his Response, Dodev challenges these exhibits claiming that the SAC "has established an unrebutted record." [Response, at 7] Defendants are not certain what is meant by this, however, the SAC's exhibits include the Deed of Trust and Corporation Assignment of Deed of Trust—two of the four exhibits to which he objects in the Response. [<u>See</u> SAC, Exhibits E & H] Regardless, Dodev provides nothing to support his contention that the recorded documents included as exhibits to the Motion are not proper for judicial notice. Thus, his objection to these documents fails.

773326.4

### B.     Dodev's "Standing" Argument Is Meritless.

Dodev's Response fails to present any argument rebutting the clear law in this jurisdiction that no defendant is required to prove to him it has "standing" to foreclose. Further, he has provided nothing to support his claim that the Assignment was allegedly invalid or fraudulent. Dodev's first cause of action should be dismissed with prejudice.

#### 1.     The First Cause of Action Should Be Dismissed as to BANA.

Dodev admits in his Response that his "standing" claim does not apply to BANA, as it does not claim to hold any beneficial interest in the Loan. [Response, at 7] Thus, the first cause of action should be dismissed as to BANA.

#### 2.     The UCC Does not Apply to Trustee Sales.

Dodev again cites the UCC in support of his "standing" arguments. [Id. at 8] Despite the fact that Hogan expressly concluded that the negotiable instrument law of the UCC does not apply to trustee sales, Dodev twists the Arizona Supreme Court's opinion to state something it clearly does not. Specifically, he argues that case concluded that "a deed of trust may only be enforced by, or on behalf of, a party entitled to enforce the obligation that a mortgage secures." [Response, at 8] Conveniently, Dodev ignores that opinion to the extent it concludes that Arizona does not require a beneficiary to "show possession of, or otherwise document its right to enforce, the underlying note." Hogan, 277 P.3d at 783. Dodev then goes on to admit that a trustee may hold a non-judicial foreclosure sale due to its status as trustee, but again incorrectly cites to the UCC regarding the Note. [Response, at 8-9] The fact is that Hogan concluded that non-judicial foreclosure sales are brought pursuant to trust deeds, not the underlying promissory notes. 277 P.3d at 782-83. Thus, Dodev again misapplies the UCC while arguing the Note was not properly transferred. Recontrust noticed the trustee's sale pursuant to the Deed of Trust, and no party is required to prove "standing" before proceeding with a non-judicial foreclosure.

773326.4

### 3. Arizona Law Does not Require Trustees to Prove "Standing."

Standing is not an issue in a non-judicial setting. Further, A.R.S. § 33-807(A) is clear: a trustee has standing to hold a trustee's sale by virtue of its status as trustee. Further, Hogan concludes that A.R.S. § 33–809(C) "requires only that, after recording notice of the trustee's sale under § 33–808, the trustee must send the trustor notice of the default, signed by the beneficiary or his agent, setting forth the unpaid principal balance." 277 P.3d at 783. Dodev does not allege Recontrust failed to send him notice of default, and Dodev cites no valid legal authority establishing Recontrust failed to satisfy its statutory obligations prior to recording a Notice of Trustee's Sale.

### 4. Dodev Was not Affected by the Assignment of the Deed of Trust.

As pointed out in the Motion, Dodev has no standing to challenge the Assignment. [Motion, at 6] Ignoring this Court's binding case law, Dodev argues he is entitled to challenge an assignment made between third parties, even though it had no material effect on his rights under the Loan. [Response, at 9] While he claims the "Assignment damages Plaintiff by allowing Defendants to attempt to unlawfully commence Trustee Sale [sic][,]" the attempt to commence a trustee's sale did not result from the Assignment. [Id. at 10] Rather, it resulted from Dodev defaulting on the Loan.

Dodev also fails to rebut that the Assignment was expressly permitted under the terms of the Deed of Trust or the Note. Dodev provides no evidence that the Assignment was invalid. Regardless, he has no right to challenge it, as it was made between third parties and had no material effect on his rights and obligations under the Loan.

### 5. Dodev Has Presented Nothing to Support his Allegation That the Assignment Was Invalid.

Dodev contends that the Assignment was invalid because it was forged or robosigned by Carmelia Boone. [Response, at 10] However, he provides no support for his empty assertions, except for another document she signed "with divergent signature." [Id.] But robosigning and forgery are species of fraud that must be pleaded as such.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

4

773326.4

Dodev pleads nothing to suggest that Ms. Boone was not authorized to sign on behalf of the assignor, nor does he point to any law (there is none) requiring a person who signs a document assigning a lien interest in property to prove to the borrower or trustor her authority to do so. Further, Dodev has submitted nothing to support his unfounded assertion that the signatures were made by separate people or that Ms. Boone herself did not sign both submitted documents. Nothing in the SAC "allows the court to draw the reasonable inference" that Dodev's speculation on this matter is correct. Iqbal, 129 S. Ct. at 1949. For that reason, courts have regularly rejected similarly vague claims. See Cercedes v. U.S. Bankcorp, 2011 WL 2711071 *5 (C.D. Cal 2011) (finding that mere allegations of "robo-signing" fail to satisfy Rule 9(b) and Twombley); Bain v. Metro. Mortgage Group Inc., 2010 WL 891585, at *1, *6 (W.D. Wash. Mar. 11, 2010) (dismissing complaint where loan servicer employees were appointed as assistant secretaries and vice presidents of MERS to execute documents necessary to foreclose; holding that loan servicer "openly and lawfully allow[ed] its employees to sign on behalf of [MERS], pursuant to contract—which is the essence of ordinary agency action everywhere. There is simply nothing deceptive about using an agent to execute a document, and this practice is commonplace in deed of trust actions"); Phillips v. Wells Fargo Bank N.A., 2009 WL 3756698, at *4 (S.D. Cal. Nov. 6, 2009) (dismissing complaint and rejecting allegation that "assignment was signed by an unauthorized party, because [individual] was not and is not a Vice President of MERS" as entirely unsupported by factual allegations) (internal quotation and citation omitted).

Regardless of whether Ms. Boone signed both documents submitted by Dodev, MERS does not contest her actions, and therefore ratifies them. See Brown v. Bank of America N.A., 2011 WL 2633150, at *1 (D. Nev. July 5, 2011) ("Plaintiff argues that the employees who signed various documents might not have had authority to do so . . . but the fact that Defendants desire to proceed with foreclosure is proof of ratification of these employees' actions."). Therefore, Dodev's legal theories regarding signatory authority have no merit.

773326.4

### 6. Dodev's Claim That MERS Did Not Have a Beneficial Interest in the Loan Fails.

Dodev also cites to groundless arguments he made in the SAC regarding the validity of MERS and its interest in the Loan. [Response, at 10] The legality of the MERS System and of assignments by MERS is an established fact in this state and in this judicial circuit, and it is frivolous for Dodev to challenge a MERS assignment or its authority. E.g., Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034 (9th Cir. 2011); Sitton v. Deutsche Bank Nat'l Trust Co., 233 Ariz. 215, 311 P.3d 237 (Ct. App. 2013).

Dodev's Response clarifies that his "standing" argument does not apply to BANA. Further, he provides no valid legal authority requiring any defendant, let alone BANA or Recontrust, to prove to him it has "standing" to foreclose on a loan he does not dispute he defaulted on. The first cause of action should be dismissed with prejudice.

### C. Dodev Cannot Establish Any Tort Claim Against BANA Or Recontrust.

The Response fails to provide any authority that rebuts Defendants' argument that there is not a recognized cause of action in Arizona for "Tort and Deceptive Consumer Practices with Respect to Foreclosure." Because Dodev has failed to establish the elements for any valid cause of action under Arizona law, his second cause of action should be dismissed.

### D. The FDCPA And FCRA Claims Fail As To Defendants.

In his Response, Dodev attempts to establish an exception to the settled law in this District, which is that the FDCPA does not apply to "[m]ortgagees and their beneficiaries, including mortgage servicing companies. . . ." Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). Dodev fails to identify any exceptions to this rule that apply to Defendants. First, Dodev argues that Defendants are "debt collectors" because the debt was in default at the time of acquisition. Dodev alleges he received a February 2011 letter stating that servicing would transfer from BAC Home Loans Servicing, LP ("BACHLS") to BANA in July 2011, i.e., after Dodev alleges he

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

773326.4

defaulted. [SAC, ¶ 80; SAC, Ex. K] However, in July 2011, BACHLS merged with and into BANA, which is how BANA took over the servicing of the Loan. The FDCPA specifically excludes from the term "debt collector" an entity operating on behalf of another "related by common ownership or affiliated by corporate control." 15 USC § 803(6)(B). Because BANA began servicing the Loan as a result of its merger with BACHLS, it is not a "debt collector" subject to the FDCPA.

Further, Dodev offers no support for his claim that simply because BANA included language identifying itself as a debt collector in correspondence, it thereafter became a debt collector as a matter of law. Whether the FDCPA applies, or does not, is not determined by how one defines itself in a letter, as Dodev suggests here. The terms of the FDCPA control.

Even though Recontrust was merely a trustee and Dodev does not allege it ever actually attempted to collect a debt from him, he attempts to shoehorn the trustee into the definition of a "debt collector" by citing to various non-binding opinions from other jurisdictions. However, Dodev ignores that this Court has held repeatedly that "the activity of foreclosing on [real] property pursuant to a deed of trust is not collection of debt within the meaning of the FDCPA." Albritton v. Tiffany And Bosco, P.A., No. CV 12-924-TUC-HCE, 2013 WL 3153848, at *5 (D. Ariz. June 19, 2013) (citing Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)). This Court has made clear that a non-judicial foreclosure does not constitute the collection of a debt, and a foreclosure trustee is not subject to the FDCPA. Zinni v. Jackson White, P.C., No. CV 11-02143-PHX-FJM, 2012 WL 869008, at *2 (D. Ariz. Mar. 14, 2012) ("Because a foreclosure trustee is not a debt collector and a non-judicial foreclosure is not the collection of a debt, plaintiffs' FDCPA claim must be dismissed.").

Further, Dodev attempts to apply the "acquired after default" exception to Recontrust, stating it became trustee after default. The language relied upon by Dodev, which states the term "debt collector . . . includes any non-originating debt holder that acquired a debt in default or has treated the debt as if it were in default at the time of

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

7

acquisition," is unavailing. [See SAC, at 12] Recontrust was not a "debt holder," nor did it "acquire the debt." It was merely the trustee. Thus, Dodev's attempts to classify Recontrust as a debt collector fail.

Dodev also attempts to qualify Recontrust into the definition of a "debt collector" by citing to a provision in the FDCPA related to "security enforcers when they threaten non-judicial action to dispossess property without right or intention to take that property." [SAC, ¶ 91] This language is contained in 15 USC § 1692f(6), which relates to prohibited acts. It does not define the term "debt collector," but rather enumerates one of a number of unfair practices under the Act. A "debt collector" is defined in § 1692a(6), and it does not include trustees who have not actually taken any action to collect a debt. Thus, Recontrust is not a "debt collector" subject to the FDCPA, and Dodev's FDCPA claim against Recontrust should be dismissed.

Further, Dodev makes no attempt to establish a claim under the FCRA. The third cause of action should be dismissed with prejudice.

### E. Dodev Cannot Establish A Claim For "Security Violation."

In his Response, Dodev fails again to establish that the purported cause of action is a recognized claim that entitles him to relief, nor does he establish the elements of the alleged claim. Rather, he cites to cases from other jurisdictions regarding the Pooling and Servicing Agreement ("PSA"). But as established in the Motion, this Court has concluded that plaintiffs are not entitled to rely on the PSA to support a claim for relief. [Motion, at 9] Thus, Dodev's fourth cause of action fails to state a claim for relief.

### F. Dodev's "Anticipatory Repudiation" Claim Fails.

Dodev's fifth cause of action relies on the UCC to state a claim. However, as established in the Motion, the UCC does not apply to any aspect of the Loan. [Motion, at 10] Further, BANA has no current interest in the Loan, and Recontrust is merely the foreclosure trustee. Regardless, Dodev has not alleged that either BANA or Recontrust ever signified to him that they would not perform under the Deed of Trust, and Dodev

cannot establish an "anticipatory repudiation" claim. Thus, the fifth cause of action should be dismissed with prejudice.

### G. Dodev's "Contractual Fraud – Void 'Ultra Vires' Contracts" Claim Fails to State Any Claim For Relief.

The Response fails to rebut the Motion's arguments that this claim fails to specifically allege wrongdoing against BANA or Recontrust and that it is time-barred. While he alleges lack of consideration and "table-funded loan," he has not established a valid claim for relief. Thus, the sixth cause of action fails to state any claim for relief.

### H. The Response Fails To Save Dodev's RICO Claim.

The Response fails to save Dodev's RICO claim, as it provides no specific facts establishing which parties are accused of wrongdoing. Further, it fails to explain how BANA or Recontrust specifically committed illegal or racketeering activity or conspired to deprive him of his Property. [Motion, at 14] The SAC fails to satisfy Rule 9(b) or establish the elements of a RICO claim. The ninth cause of action should be dismissed.

### I. The SAC Fails To State A Quiet Title Claim.

The Response fails to substantively challenge that Dodev is subject to the "tender rule" or that he has somehow satisfied it. Despite his contentions, nothing requires BANA or Recontrust to provide Dodev with information regarding the unpaid balance in order to invoke the tender rule or defend against a quiet title claim. Finally, as has been explained repeatedly, the UCC does not apply to the Loan. Thus, Dodev's claim that "Defendants did not rebut or provide any law that will counterbalance the lawfully executed *tender*" is irrelevant. [Response, at 16] Dodev does not dispute he defaulted on his Loan; in fact, he uses it as a primary argument in his FDCPA claim. [SAC ¶¶ 80; Response, at 12] He is not now entitled to a free home clear of any and all liens. Regardless, neither BANA nor Recontrust claim an interest in the Property, and Dodev is not entitled to a quiet title judgment against them.

773326.4

**J.      Dodev Is Not Entitled To Any Declaratory Or Injunctive Relief.**

Dodev's final cause of action is actually a remedy, not a separate and distinct cause of action. Regardless, he has not stated any valid claim for relief, nor has he established that he is entitled to declaratory or injunctive relief. As established in the Motion, Dodev was not negatively affected by the Assignment. Specifically, it was not the Assignment that triggered subsequent efforts to foreclose on the Property; rather, foreclosure activities began because Dodev defaulted on the Loan. This invalid "cause of action" should be dismissed with prejudice.

### Relief Requested

For the foregoing reasons, Recontrust and BANA respectfully request that the Court enter an Order dismissing the Second Amended Complaint as against each of them, as well as dismissing this action in its entirety, with prejudice.

DATED this 23rd day of January, 2015.

BRYAN CAVE LLP

By  s/ Eric M. Moores
Sean K. McElenney
Coree E. Neumeyer
Eric M. Moores
Two North Central Avenue, Suite 2200
Phoenix, AZ  85004-4406
Telephone: (602) 364-7000

Attorneys for Defendants ReconTrust Co. N.A. and Bank of America, N.A.,

773326.4

ORIGINAL of the foregoing electronically
filed with the Court this 23rd day of January, 2015.

COPY of the foregoing mailed
this 23rd day of January, 2015:

Honorable Douglas Rayes
United States District Court
Sandra Day O'Connor U.S. Courthouse, Ste. 622
401 West Washington Street, SPC 80
Phoenix, Arizona 85003

Ivaylo Tsvetanov Dodev
6312 S. 161st Way
Gilbert, AZ 85298


s/ Nicole Daley

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

773326.4