Ivaylo Tsvetanov Dodev,

c/o 6312 South 161st Way
Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Facsimile
dodev@hotmail.com

*Pro Se*

**FILE ON DEMAND
FOR THE RECORD**



FILED ___ LODGED
RECEIVED ___ COPY

MAY 0 4 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Ivaylo Tsvetanov Dodev,** | **Case No.  CV-13-02155-PHX-DLR** |
| **Plaintiff,** | |
| **v.** | **VERIFIED ACTION-AT-LAW FOR QUIET TITLE** |
| **RECONTRUST COMPANY, N.A., SELECT PORTFOLIO SERVICING, INC., THE BANK OF NEW YORK MELLON,  CORPORATION, FKA THE BANK OF NEW YORK, ~~BANK OF AMERICA, N.A. successor of COUNTRYWIDE HOME LOANS, INC., REAL TIME RESOLUTIONS, INC.,~~ DOES 1-100,** *in his/her individual and official capacity* | **THIRD AMENDED COMPLAINT AS ORDERED (DOC. 121)** <br><br> **A TRIAL BY JURY DEMANDED** |
| **Defendants.** | **(HON. DOUGLAS L. RAYES)** |

Here comes Claimant, Ivaylo Tsvetanov Dodev, *pro se[1]*, ("Plaintiff"), Citizen of

---

[1] "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient... which we hold to less stringent standards than formal pleadings drafted by lawyers." Fortney v. U.S., C.A.9 (Nev.) 1995, 59 F.3d 117. "The United States Supreme Court, in Haines v Kerner 404 U.S. 519 (1972) stated that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form, and that a minimal amount of evidence is

Arizona, with his Third Amended Complaint.

# I
# INTRODUCTION

1. This Third Amended Complaint is filed pursuant to Court's Order, Doc. 121. In lieu of striking and amending specific passages, Plaintiff hereby strikes the entire Second Amended Complaint and brings the following verified factual complaint, specifically pleading "appropriate facts [in order] to clarify the legal theory underpinning his quiet title claim as it relates to BNY, SPS, and Recon." (Doc. 121 at 13[1])

2. Plaintiff, brings this verified action against defendants ReconTrust Company, N.A. ("Recon"), Select Portfolio Servicing, Inc. ("SPS"), The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7 ("BNY"), Doe 1 through Doe 100, and alleges the following:

# II
# JURISDICTION AND VENUE

3. The jurisdiction of this Court is pursuant to 28 U.S.C. 1331 (Federal Question), 28 USC 1367 (Pendent State Claims), 18 USC § 1341, 31 USC § 3729(a), certain Arizona Revised Statutes ("ARS"), and the Bill of Rights in particular Amendment I, V, VII and XIV.

4. Venue is pursuant to 28 U.S.C. 1391(b)(2), (c) and (d). Venue lies in the

necessary to support contention of lack of good faith."

[1] All documents and Exhibits referenced herein, throughout the complaint, are incorporated and made a part hereof under Fed. R. Civ. P. 10(c).

District of Arizona as the claims arose from acts of the Defendants perpetrated therein.

### III
### PARTIES

5. Ivaylo Tsvetanov Dodev is the Plaintiffs at this Verified Action-At-Law. Plaintiff is the legal titleholder and has *beneficiary* and *possessory* interest of the subject private estate located at 6312 South 161st Way, Gilbert, Arizona, Maricopa County. See Warranty Deed Recorded in the Office of the Maricopa County Recorder's Office on June 26, 2004, under recording No.: 20040852027. (Doc. 96 at Ex. A, B, C and D).

6. Defendant BNY Mellon, with primary place of business: The Bank of New York Mellon, One Wall Street, New York, New York, is a purported beneficiary of Plaintiff's Mortgage as a trustee of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7.

7. Defendants SPS, with primary place of business: 3815 South West Temple, Salt Lake City, Utah, is a purported servicer of Plaintiff's mortgage.

8. Defendant Recon, with primary place of business: 7105 Corporate Drive, Plano, Texas, **was** a purported Trustee under Plaintiff's Deed of Trust when this action was commenced. The company now appears to have fully shut down.

9. DOE 1 –DOE 100 are unknown type of entities. The defendants herein named as all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the private land described in this Action adverse to plaintiff's title, or any cloud on plaintiff's title thereto (hereinafter referred to as "the unknown defendants") .

# IV
## GENERAL FACTUAL CLAIMS

10.   Plaintiff is the sole owner of the private landed estate, commonly known as 6312 S 161st Way, Gilbert, AZ 82598 (the "estate").

11.   The basis of Plaintiff's title is a Deed from Justin C. Franks and Daidria (Howe) Franks, who were Successors of All Original Land Patent Rights, Title, and Interest held by the Santa Fe Pacific Railroad Company granting the above-described interest in the subject private land in Allodium to Ivaylo T. Dodev and Nikolina T. Dodev, dated July 16, 2004, by Warranty Deed recorded as Document No.: 20040852027 as recorded in Maricopa County Recorder's Office ("Land Record") and a Land Patent[1] No.: 505230 as recorded in the Official Record of the United States Department of the Interior, Bureau of Land Management.

12.   Plaintiff has possessed the above-described private land for nine years and four months as of the *commencemen*t of this Action-At-Law.

13.   On December 12, 2006, Plaintiff signed an Adjustable Rate Note (The Promissory Note or "Note") and a Deed of Trust ("DOT") purported to be a mortgage with First Magnus Financial Corporation ("First Magnus"), recorded in the Land

---

[1] State v. Crawford, 475 P.2d 515 (Ariz. App. 1970) *"A patent is prima facie valid, and if its validity can be attacked at all, the burden of proof is upon the defendant"*; State v. Crawford, 441 P.2d 586, 590 (Ariz. App. 1968) *"A patent to land is the highest evidence of title and may not be collaterally attacked"*; Dredge v. Husite Company, 369 P.2d 676,682 (1962) *"A patent is the act of legally instituted tribunal, done within its jurisdiction, and passes the title. Such a patent is a final judgment as well as a conveyance and is conclusive upon a collateral attack"*. Absent some facial invalidity, the patents are presumed valid. Murray v. State, 596 P.2d 805, 816 (1979). The government retains no power to nullify a patent except through a direct court proceeding. United States v. Reimann, 504 F.2d 135 (1974); See also: *Green v. Barker*, 66 N.W. 1032, 1034 (1896)

Record under instrument No.: 20061646998 (Doc. 96 at Ex. E). The Trust Deed lacks proper assignment of Trustee ("Trustee" is "BLANK" in the document) and lists MERS as beneficiary and nominee for lender and First Magnus as "lender".

14.    On January 2nd, 2007, Plaintiff signed a Home Equity Credit Line Agreement ("HELOC") and Deed of Trust with Assignment of Rents with First Magnus as "Beneficiary", Instrument No.: 20070033621 as recorded in the Land Record (Doc. 96 at Ex. F).

15.    When duly challenged, under Arizona statutes of limitation, the purported beneficiary under the HELOC, Real Time Resolutions, Inc. recorded Release and Reconveyance of Deed of Trust, Instrument No.: 20140819873 as recorded in the Land Record, on December 12, 2014 (Doc. 111).

16.    On August 24, 2011 Mortgage Electronic Registration Systems, Inc. ("MERS") recorded an assignment that conveyed all beneficial interest in the DOT (not the Note) to BNY, instrument No.: 20110706279 as recorded in the Land Record (Doc. 96 at Ex. H). That same day BNY recorded Substitution of Trustee, previously nonexistent on the DOT Plaintiff has singed, appointing Recon as trustee. (Doc. 96 at ¶ 33; Doc. 104 at Ex. 3; Doc. 107 at Ex. C.)

17.    That same day, August 21, 2011 Recon recorded a Notice of Trustee Sale ("NTS") under the auspices of Bank of America N.A. ("BANA"), purported servicer (not a party under this verified action), instrument No.: 20110706281 as recorded in the Land Record.

18.    On March 19, 2013, Recon recorded Cancelation of Notice of Sale

("CNS"), instrument No.: 20130250732 as recorded in the Land Record (Doc. 96 at Ex N). The CNS was a result of Appellant's cooperation with Arizona attorney Richard Clark, State and Federal Agencies and years of collaboration with Arizona Attorney General Tom Horne that culminated into this Action.

19.    Upon the recordation of CNS, Plaintiff received monetary compensation for damages (Doc. 96 at Ex. O) from BANA—purported servicer at the time—that did not have clear title to his estate and was unable to carry on with the foreclosure – self evidence of broken chain of title.

20.    On August 2, 2013, Recon recorded another NTS, instrument No.: 20110706281 as recorded in the Land Record, using the same Trustee Sale ("TS") number, #11-0075989, under which previous recordation of NTS and CNS were issued (Doc. 104 at Ex. 4).

21.    Recon, a full subsidiary of BANA in violation of Trust Law, *closed* its Trusteeship Business for good on April 1, 2014 (Doc. 117 at Ex. B, C, D and E).

22.    As of April 1, 2014 Plaintiff **does not have a trustee** under the DOT.

23.    Prior to the economic downturn of 2008-2009 Plaintiff was successfully operating several business in Arizona, *some* of which are Pro Shade International LLC, Designed Stone LLC, Designed Iron, LLC, DBA Green Home Arizona Trade Name and so on. He was featured in CNBC for building the first "green home" in Arizona and his wrought iron entry doors were considered of the highest quality by homeowner and general contractors.

24.    After exhausting his financial reserves and being unable serve his

financial obligation he filed for bankruptcy protection and on January 5, 2009, Plaintiff received bankruptcy discharged of his personal obligation to the aforementioned Notes under Section 727, of Title 11 of U.S.C. in Chapter 7 bankruptcy proceeding Case No. 2-09-bk-00043-CGC.

25.     After his discharge he *zealously* searched for the right party to whom payment is due under the DOT and Note according to Arizona law to no avail. As a result Plaintiff has not made a mortgage payment since mid-2008 and was served with **NOTICE OF INTENT TO ACCELERATE** on or about December 19, 2008 (Exhibit A). The six years statute of limitation on the debt and action under DOT, under Arizona law, has now passed.

26.     Plaintiff is the sole American managing member of Pro Shade International LLC[1] ("ProShade"), partnering with foreign nationals, who at the same time are the owners of the biggest shading company in Europe, doing business in 4 continents. Although licensed, bonded and insured the company has not operated since the "great" recession of 2008-09. In year 2012, upon detecting positive economical signs, Plaintiff and his European counterparts decided to renew business operation under ProShade. Aware of his long-standing mortgage hurdle they offered to pay his loan obligation with company funds so he could go back to full time management.

27.     As a result, on or about January of 2013 Plaintiff offered to pay the total balance due to all parties who might possibly have interest in his estate, starting with First Magnus and ending with SPS. (Doc. 96 at Ex. V.)

---

[1] www.proshadeint.com

28.    As a result thereof and due to the ongoing litigation Plaintiff has not been able to attend to his businesses; deprived from unrealized income in the million dollar range per month - based on former records.

29.    The seven years of dispute have altered Plaintiff's personal and family life as he has been brought to minimalistic existence.  As a result he has marginalized from all social events, lost affection and suffered depression.

30.    Once a professional athlete, training for the Olympics, now Plaintiff is under the supervision of dozen of Medical Doctors[1] and his health has gravely deteriorated. He has lost part of his left sight and left hearing and recently went under the cares of a Neurologist and Neurocytologist, as he was driving around trying to find his house for hours, the subject estate he has been living in since 2004, and had a hard time focusing, seeing distorted objects and being unable to spell simple words.

31.    After years of seeking legal help, thousands of pages of correspondence with various parties claiming interest in his estate and good faith attempt to settle this matter in *private* (Doc. 96 at Ex. X), Plaintiff commenced this Verified Action to Quiet the Title on his estate, promulgated directly by the office of Attorney General of Arizona. (Exhibit B.)

## V
## FIRST CAUSE OF ACTION
## QUIET TITLE BASED ON TENDER RULE
### (Against All Defendants)

32.    Plaintiff reaffirms and realleges the general factual allegations and count

[1] Listed under his Initial Disclosures

specific claims above as set forth more fully herein below.

33.    At the turn of 2013 Plaintiff tendered[1] a payment for the full amount due under ARS § 47-3603 and the American Law of Presentment.

34.    At the time of his Good-Faith Offer to Pay was executed Plaintiff was not aware of the ARS § 47-3603 or the case law submitted herein.

35.    As evidenced, under this action, he submitted his Offer to multiple parties because he did not have information and belief of who is the party entitled to payment under his mortgage, besides an assignment recorded on the Public Record. Under Arizona Law, ARS §47-3203(B), "…Public filing or recording of a document does not of itself constitute notice of a defense, claim in recoupment or claim to the instrument."

36.    First he submitted a Good-Faith Offer to pay the balance due to First Magnus as they are the only party listed under the DOT and the Note but the mail came back to him as *undeliverable*.

37.    On January 14, 2013, by Certified Mail No.: 23110770000047322126, 23110770000047322096,      23110770000047322140,      23110770000047322102, 23110770000047322157,   23110770000047322119   and   23110770000047322133, Plaintiff made a Good-Faith Offer to Pay the Entire Amount Due, to all Defendants, amidst other parties as it was utterly unclear who was claiming interest in his estate,

---

[1] Gastelo v. Chavarria, 393 P. 2d 905 - Ariz: Supreme Court 1964 (This tender was an unconditional **offer to pay** the full balance due immediately in cash. It was refused because of Mrs. Gastelo's mistaken belief  ... The record here shows that the requirements of an actual **tender**, as described in Somerton State Bank v. Maxey, 22 Ariz. 365, 197 P. 892, 14 A.L.R. 1117 **were met**.)

with the only reasonable request to surrender the instrument upon a full payment made, assuring that no other party will claim an interest in his estate in the future.

38.    On January 31, 2013, by Certified Mail No.: 23110770000047323628, 23110770000047323635,    23110770000047323642,    23110770000047323659, 23110770000047323666 and 23110770000047323673, Plaintiff presented his original Notice of Default and Opportunity to Cure with another Good-Faith Offer to Pay the Entire Amount Due, this time requesting an itemized and verified payoff statement, and to know where (street address or a third party ESCROW company) to meet in order to complete his part of the obligation to the original contracted transaction. This communication was also rejected and under Arizona law (see below) caused any part of the alleged loan that was reinstated by the subject Notice of Default and Opportunity to Cure to be completely and totally <u>discharged</u>,

39.    Again. The same happened through certified mail on February 19, 2013, and March 5, 2013 when his Good-Faith Offer to Pay was neither accepted nor rejected. (Doc. 96 at Ex. V)

40.    The only party claiming interest in Plaintiff's estate was SPS, while all other parties (some of which Defendants under this verified-action) replied by stating that they are not a party claiming any interest in the estate in controversy or did not reply at all.

41.    Upon enquire with a follow-up phone call to his Good-Faith Offer to Pay, Plaintiff was furnished with a payoff quote of his obligation from SPS (Exhibit C). He responded with another, 4th and final, Good-Faith Offer to Pay with same

reasonable requests as to where and when to meet in order for him to complete his part of the obligation to the original contracted transaction.

42.     His Good-Faith Offer to Pay the Entire Amount Due on his mortgage was rejected *four times* and under Arizona law, ARS §47-3603(B) "[I]f tender[1] of payment of an obligation to pay an instrument is made to a person entitle to enforce the instrument and the tender is refused, there is discharge[2], ... (C) If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged ..."

43.     Plaintiff's situation closely resembles <u>Kammert Bros. Enter., Inc. v. Tanque Verde Plaza Co</u>., 428 P. 2d 678 - Ariz: Supreme Court 1967   where "Damiano. Kammert [seller under the contract] was informed that the buyer had located parties ready to take over the contract and pay all sums due to date, or pay the entire amount then due on the contract." <u>See</u> below:

> *The contract here was still in existence and binding on both parties, the buyer having the right to perform at any time during the extension period, and the seller still having a duty to perform. The seller had no right to reject Tanque Verde's offers to meet the contract terms. Its rejection was unequivocal. Kammert stated in the telephone*

---

[1] The term "tender" as used in the books, denotes a legal offer, one which one party is under obligation to make and the other bound to accept.  See <u>Duluth v. Knowlton</u>, 42 Minn. 229; <u>Patnote vs. Sanders</u>, 41 Vt. 66. A tender is an unconditional offer by a debtor or obligor to pay another, in current coin of the realm, a sum not less in amount than that due on a specified debt or obligation. <u>Somerton State Bank v. Maxey</u>, 22 Ariz. 365, 197 P. 892, 14 A.L.R. 1117; <u>Walker v. Houston</u>, 215 Cal. 742, 12 P.2d 952, 87 A.L.R. 937; <u>Equitable Life Assur. Soc. of United States v. Boothe</u>, 160 Or. 679, 86 P.2d 960.

[2] "As applied to demands, claims, rights of action, encumbrances, etc., to discharge the debt or claim is to extinguish it, to annul its obligatory force to satisfy it."  Black's Law Dictionary, Fourth Edition, page 549.

*conversations that "* * * I am positive that we wouldn't go under $400,000" and later, "Well there, I don't think there's a chance in ten thousand of us taking it," all in reference to buyer's **offer to pay** under the original contract. Therefore, we think that there was ample evidence to support the jury's finding that during the extension period <u>the buyer or someone in its behalf offered to pay the seller the full amount of principal and interest then due on the contract</u>, which offer was rejected by the defendant-seller.*

*We must next consider whether the buyer was required to make a formal tender of the amounts due on the contract in order to recover damages for breach of the contract. Kammert Brothers here had positively refused Tanque Verde's offer to perform its duties under the contract. Therefore tender of the purchase price by the buyer was excused, since **an actual tender is unnecessary where it is clear that the other party will not accept it, rendering the act useless**. <u>Lee v. Nichols</u>, 81 Ariz. 106, 301 P.2d 1022 (1956); <u>Schmitt v. Sapp</u>, 71 Ariz. 48, 223 P.2d 403 (1950). It was sufficient that the buyer was ready, willing, and offered to perform. <u>Lee v. Nichols</u>, supra. It was clearly established that such was the case here.*

44.     (Therefore tender of the purchase price by the buyer was excused, since an actual tender is unnecessary where it is clear that the other party will not accept it, rendering the act useless); <u>Stauffer v. Benson</u>, 850 NW 2d 759 - Neb: Supreme Court 2014. (Stated another way, tender is excused where a party indicates it will not be accepted because the law does not require the nonbreaching party to do a futile or useless act); <u>United Cal. Bank v. PRUDENTIAL INS. CO., ETC</u>, 681 P. 2d 390 - Ariz: Court of Appeals, 1st Div., Dept. A 1983.

## VI
## <u>SECOND CAUSE OF ACTION</u>
## <u>QUIET TITLE BASED ON ARIZONA STATUTES OF LIMITATIONS</u>
### (Against All Defendants)

45.     Plaintiff reaffirms and realleges the general factual allegations and count specific claims above as set forth more fully herein below.

46.     Plaintiff alleges that all Defendants and Unknown Defendants are barred from soliciting payments under the Note and DOT or initiate foreclosure, as they are barred by the statutes of limitation. See ARS §47-3118 and §12-548 (providing for six-years limitation period on collection of debt under a contract).

47.     ARS § 12-548 provides: "an action for debt where indebtedness is evidenced by or founded upon a contract in writing executed within the state shall be commenced and prosecuted within six years after the cause of action accrues." ARS § 33-816 makes clear that this statute applies to deeds of trust: "The trustee's sale of trust property under a trust deed shall be made, or any action to foreclose a trust deed as provided by law for the foreclosure of mortgages on real property shall be commenced, within the period prescribed by law for the commencement of an action on the contract secured by the trust." In re Weaver, BAP No. AZ-05-1052-BMoS (B.A.P. 9th Cir. Mar. 17, 2006)

48.     No Defendant provided any arguments to rebut the statutes of limitation, under the SAC (Doc. 96 at ¶200), nor did the Court address the issue under its Order (Doc. 121), answering the Complaint, making them relevant to this amended action.

49.     Plaintiff *was* served with **NOTICE OF INTENT TO ACCELERATE** on or about December 19, 2008 (See Ex. A) and the six year statute of limitation on the debt has now passed.

50.     The statute of limitations runs as to future installments from the date the creditor exercises the acceleration clause, Navy Federal Credit Union v. Jones, 930 P.2d 1007, 187 Ariz. 493, 495  (Ct. App. 1996) ("See Dos Cabezas Corp. (action for future

installments accrues when their due date accelerated); <u>Central Home Trust</u> (statute commences on installments not yet due when holder exercises right to accelerate); <u>Wall v. Citizens & Southern Bank of Houston County</u>, 247 Ga. 216, 274 S.E.2d 486, 487 (1981) (statute runs from date of acceleration rather than date of last installment); <u>Templeton</u> (action for unmatured installments accrues when creditor takes advantage of acceleration clause)" <u>Navy v. Jones</u> at 495).

51.    The original NTS, <u>See above</u> ¶ 17, which was cancelled <u>Id.</u> ¶ 18, and the subsequent attempt of NTS, <u>Id.</u> ¶ 20, which utilized this same cancelled NTS number, did not come to fruition and became void before the statutes of limitation expired because they were not successfully completed. Seeing as such, any further attempt by another party to commence Sale is time-barred. <u>Deutsche Bank Trust Company Americas v. Beauvais,</u> No. 3D14-575 (Fla. Dist. Ct. App. Dec. 17, 2014).

52.    Moreover, *Plaintiff's trustee is no longer in business* (<u>See</u> Doc. 117 at Ex. B, C, D and E.) Any subsequent attempt to substitute trustee and/or institute a TS will commence a new action under a new Trustee which is time barred by the statutes.

53.    Further, the court should take <u>notice and action</u> against defendant Recon as they are in violation of ARS §§33-813 and 33-818. Recon did not record notice of cancelation of sale or their resignation as required by law " [i]f the sale is not held or is not properly postponed pursuant to this chapter, the trustee shall record a cancellation of the notice of sale. The cancellation of the notice of sale shall be recorded in the office of the county recorder in which the notice of sale was recorded" – ARS § 33-813(F) and "[n]otice of resignation of trustee" –ARS § 33-818.

## VII
## CONCLUSION

54.     Plaintiff is ignorant of the true names and capacities of defendants sued herein, Unknown Defendants inclusive, and therefore sue these defendants by such fictitious names.

55.     Plaintiff is informed and believes and thereupon alleges that each of the Defendants and Unknown Defendant claim or might claim an interest in the estate adverse to Plaintiff herein. However, the claim of said Defendants is without any right whatsoever, and said Defendants have no legal or equitable right, claim, or interest in said estate after the lawfully executed *tender* and are *barred* by the statutes of limitation from asserting *any* future claims against Plaintiff estate.

56.     Plaintiff therefore seeks a declaration that the title to the subject estate is vested in Plaintiff alone and that the Defendants herein, and each of them, be declared to have no estate, right, title or interest in the subject estate and that said known and unknown defendants and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject estate adverse to plaintiff herein.

57.     Further Plaintiff moves this Court to issue an Order to expunge the lien of controversy and all documents clouding the title to his estate from Maricopa County Recorder's Office.

## VIII
## EXHIBITS TO COMPLAINT

58.     Plaintiff has filed in this matter a separate document entitled "Exhibits to

Complaint". The exhibits filed hereto are incorporated herein and made a part hereof by way of reference as "Exhibit A-Z".

## IX
## JUDICIAL NOTICE

59.    Plaintiff moves this court to take Judicial Notice, under FRE, Article II, Rule 201 (D), of all Exhibits and pleading filed prior this Third Amended Complaint, incorporated herein and made hereof a part of this Action and FRE 801, 802, 1001 and 1002. Moreover, the Bill of Rights in particular Amendment I, V, VII and XIV and ARS § 47-3602 "[a]n instrument is paid to the extent payment is made by or on behalf of a party obliged to pay the instrument and to a person entitled to enforce the instrument" as incorporated under Steinberger v. McVey ex rel., Appl. WL333575, p. 13, 2014, seeing the Plaintiff has never alleged unwillingness to pay his obligation under the mortgage and reinstate herein his willingness to pay any amount due, under Arizona law, if this Court rules, with final non-appealable order that *tender rule* and *statutes of limitation* have no bearing on his mortgage.

## X
## PRAY FOR RELIEF

60.    **WHEREFORE**, Plaintiff prays this Court will enter judgment against Defendants and Unknown Defendants, and each of them, as follows:

    a.  For an order compelling said defendant, and each of them, to transfer or release legal title and alleged encumbrances thereon and possession of the subject estate to Plaintiff herein;

    b.  For a declaration and determination that Plaintiff is the rightful holder of

title to the estate in controversy and that defendant herein, and each of them, be declared to have no estate, right, title or interest in said estate;

c.  For a judgment forever enjoining said defendants, and each of them, from claiming any estate, right, title or interest in the subject estate;

d.  For actual damages;

e.  For compensatory damages;

f.  For statutory damages;

g.  For punitive damages;

h.  For equitable relief, including restitution;

i.  For declaratory relief;

j.  For costs of suit herein incurred;

k.  For such other and further relief as is just, proper and equitable.

Respectfully submitted this 4th day of May, 2015

**Ivaylo Tsvetanov Dodev**, *Pro Se* Plaintiff
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**

1

2                                  **VERIFICATION**

3          I, the undersigned, attest and declare that:

4    **I am the Plaintiff in the foregoing document entitled, VERIFIED ACTION-AT-**

5    **LAW, THIRD AMENDED COMPLAINT.**

6          I have read and know the contents thereof and certify that the matters stated

7    therein are facts of my own knowledge, except as to those matters, which are therein

8    stated upon my information or belief, and as to those matters - I believe them to be

9    correct.

10         I declare under the penalty of perjury of the Laws of Arizona that the foregoing

11   is correct and complete to the best of my knowledge, information, and belief, and that

12   this verification is executed in Phoenix, Arizona and is dated this 4th day of the 5th

13   month, in the year two thousand and fifteen.

14

15

16

17         **Ivaylo Tsvetanov Dodev**, Plaintiff
           **6312 South 161st Way, Gilbert, Arizona**
18         **(480) 457-8888 Phone**

19

20

21

22

23

24

25

26

27

28

1
2                           **CERTIFICATE OF SERVICE**
3          **ORIGINAL** and **ONE COPY of this Verified-Action-at-Law, Third**
4  **Amended Complaint and** are hand-delivered to The United States District Court, for
5  The District of Arizona on this 4th day of May, 2015 by Ivaylo Tsvetanov Dodev.
6          I HEREBY CERTIFY that the following parties through their counsel of record
7  are registered as ECF Filers and that they will be served by the CM/ECF system:
8  RECONTRUST, NA, SELECT PORTFOLIO SERVING, NA, AND BANK OF NEW
9  YORK MELLON.
10
11
12  _____
13  **Ivaylo Tsvetanov Dodev, Plaintiff**
    **6312 South 161st Way, Gilbert, Arizona**
14  **(480) 457-8888 Phone**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBITS TO COMPLAINT

## Filed hereto and incorporated herein

## Under this Verified-Action-at-Law

## 2:13-CV-02155-DLR

# Contents

**EXHIBIT "A"**        **Notice of Intent to Accelerate**

**EXHIBIT "B"**        **Arizona Attorney General Tom Horn letter**

**EXHIBIT "C"**        **Payoff Quote furnished by SPS**

Exhibit A



**Countrywide** HC
HOME LOANS
PO Box 9048
Temecula, CA 92589-9048

*Send Payments To:*
PO Box 10219
Van Nuys, CA  91410-0219

*Send Correspondence to:*
PO Box 5170, MS SV314B
Simi Valley, CA 93065



2213737841

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Ivaylo T Dodev
6312 S 161ST WAY
GILBERT, AZ 85298-8455

20061217-7
BLQNSENV

1128-v6



**Countrywide**
HOME LOANS

P.O. Box 260599
Plano, TX 75026-0599

Business Address:
7105 Corporate Drive
Plano, TX 75024-4100

December 17, 2008

Send Payments to:
P.O. Box 10219
Van Nuys, CA  91410-0219

Ivaylo T Dodev
6312 S 161ST WAY
GILBERT, AZ 85298-8455

Account No.: 147338494
Property Address:
23410 South 161st Way
Gilbert, AZ 85297

Dear Ivaylo T Dodev:

## NOTICE OF INTENT TO ACCELERATE

Countrywide Home Loans Servicing LP (hereinafter "Countrywide") services the home loan described above on behalf of the holder of the promissory note (the "Noteholder"). The loan is in serious default because the required payments have not been made. The total amount now required to reinstate the loan as of the date of this letter is as follows:

| | | |
|---|---|---|
| Monthly Charges: | 11/01/2008 | $5,867.24 |
| Late Charges: | 11/01/2008 | $130.91 |
| Other Charges: | Total Late Charges: | $0.00 |
| | Uncollected Costs: | $0.00 |
| | Partial Payment Balance: | ($0.00) |
| | **TOTAL DUE:** | $5,998.15 |

You have the right to cure the default. To cure the default, on or before January 16, 2009, Countrywide must receive the amount of $5,998.15 plus any additional regular monthly payment or payments, late charges, fees and charges, which become due on or before January 16, 2009.

The default will not be considered cured unless Countrywide receives "good funds" in the amount $5,998.15 on or before January 16, 2009. If any check (or other payment) is returned to us for insufficient funds or for any other reason, "good funds" will not have been received and the default will not have been cured. No extension of time to cure will be granted due to a returned payment. Countrywide reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to foreclosure since the default would not have been cured.

If the default is not cured on or before January 16, 2009, the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property. If your property is foreclosed upon, the Noteholder may pursue a deficiency judgment against you to collect the balance of your loan, if permitted by law.

You may, if required by law or your loan documents, have the right to cure the default after the acceleration of the mortgage payments and prior to the foreclosure sale of your property if all amounts past due are paid within the time permitted by law. However, Countrywide and the Noteholder shall be entitled to collect all fees and costs incurred by Countrywide and the Noteholder in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law. Further, you may have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure.

Your loan is in default. Pursuant to your loan documents, Countrywide may, enter upon and conduct an inspection of your property. The purposes of such an inspection are to (i) observe the physical condition of your property, (ii) verify that the property is occupied and/or (iii) determine the identity of the occupant. If you do not cure the default prior to the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken. **The costs of the above-described inspections and property preservation efforts will be charged to your account as provided in your security instrument and as permitted by law.**

If you are unable to cure the default on or before January 16, 2009, Countrywide wants you to be aware of various options that may be available to you through Countrywide to prevent a foreclosure sale of your property. For example:

Please write your account number on all checks and correspondence.
We may charge you a fee for any payment returned or rejected by your financial institution, subject to applicable law.

Account Number: **147338494-7**

BLQNSENV 8644 08/28/2008

- Make your check payable to Countrywide Home Loans
- Write your account number on your check or money order
- Write in any additional amounts you are including (If total is more than $5000, please send certified check)
- Don't attach your check to the payment coupon
- Don't include correspondence
- Don't send cash

Ivaylo T Dodev
23410 South 161st Way

Balance Due for charges listed above: $5,998.15 as of December 17, 2008.

Please update e-mail information on the reverse side of this coupon.

| Additional Principal |
|---|
| Additional Escrow |
| Other |
| Check Total |

BLQNSENV

**Countrywide**
PO BOX 10219
Van Nuys, CA  91410-0219



147338494700000599815000599815

- **Repayment Plan:** It is possible that you may be eligible for some form of payment assistance through Countrywide. Our basic plan requires that Countrywide receive, up front, at least ½ of the amount necessary to bring the account current, and that the balance of the overdue amount be paid, along with the regular monthly payment, over a defined period of time. Other repayment plans also are available.

- **Loan Modification:** Or, it is possible that the regular monthly payments can be lowered through a modification of the loan by reducing the interest rate and then adding the delinquent payments to the current loan balance. This foreclosure alternative, however, is limited to certain loan types.

- **Sale of Your Property:** Or, if you are willing to sell your home in order to avoid foreclosure, it is possible that the sale of your home can be approved through Countrywide even if your home is worth less than what is owed on it.

- **Deed-in-Lieu:** Or, if your property is free from other liens or encumbrances, and if the default is due to a serious financial hardship which is beyond your control, you may be eligible to deed your property directly to the Noteholder and avoid the foreclosure sale.

If you are interested in discussing any of these foreclosure alternatives with Countrywide, you must contact us immediately. If you request assistance, Countrywide will need to evaluate whether that assistance will be extended to you. In the meantime, Countrywide will pursue all of its rights and remedies under the loan documents and as permitted by law, unless it agrees otherwise in writing. Failure to bring your loan current or to enter into a written agreement by January 16, 2009 as outlined above will result in the acceleration of your debt.

Additionally, the U.S. Department of Housing and Urban Development (HUD) funds free or very low cost housing counseling across the nation. Housing counselors can help you understand the law and your options. They can also help you to organize your finances and represent you in negotiations with your lender if you need this assistance. You may find a HUD-approved housing counselor near you by calling 1-800-569-4287. For the hearing impaired, HUD Counseling Agency (TDD) numbers are available at 1-800-877-8339.

Time is of the essence. Should you have any questions concerning this notice, please contact Loan Counseling Center immediately at 1-877-327-9225. Our office hours are between 8:15 AM and 5:15 PM (Central Time).

Sincerely,

Loan Counseling Center

---

**E-mail use:** Providing your e-mail address below will allow us to send you information on your account.
Account Number: 147338494
Ivaylo T Dodev E-mail address

**How we post your payments:** All accepted payments of principal and interest will be applied to the longest outstanding installment due, unless otherwise expressly prohibited or limited by law. If you submit an amount in addition to your scheduled monthly amount, we will apply your payments as follows: (i) to outstanding monthly payments of principal and interest, (ii) escrow deficiencies, (iii) late charges and other amounts you owe in connection with your loan and (iv) to reduce the outstanding principal balance of your loan. Please specify if you want an additional amount applied to future payments rather than principal reduction.

**Postdated checks:** Countrywide's policy is to not accept postdated checks, unless specifically agreed to by a loan counselor or technician.

**Exhibit B**

Page 10



McGill    62000

**OFFICE OF THE ATTORNEY GENERAL**
STATE OF ARIZONA
PUBLIC ADVOCACY AND CIVIL RIGHTS DIVISION
1275 WEST WASHINGTON
PHOENIX, ARIZONA 85007-2926

U.S POSTAGE ≫ PITNEY BOWES

ZIP 85007
02 1W         $ 000.46⁰
0001375307 SEP 18 2013

Ivaylo Dodev
6312 South 161ˢᵗ Way
Gilbert, AZ 85297



<table>
<tr><td>TOM HORNE<br>ATTORNEY GENERAL</td><td>OFFICE OF THE ARIZONA ATTORNEY GENERAL<br>PUBLIC ADVOCACY & CIVIL RIGHTS DIVISION<br>CONSUMER PROTECTION & ADVOCACY SECTION</td><td>CONSUMER INFORMATION &<br>COMPLAINTS<br>(602) 542-5763<br>(IN-STATE ONLY) (800) 352-8431</td></tr>
</table>

September 17, 2013

Ivaylo Dodev
6312 South 161st Way
Gilbert, AZ 85297

Re:    CIC 11-18162 / Bank of America & Select Portfolio Services, Inc.

Dear Mr. Dodev:

The Consumer Protection and Advocacy Section of the Arizona Attorney General's office asked Bank of America to respond to the allegations in a complaint you sent our office. Over the past two years we have provided you with responses from Bank of America addressing the concerns raised in your complaint.

If you are still not satisfied with explanations from the Bank, we advise that you contact a private attorney. Below are some resources you may find helpful in locating legal counsel.

- Maricopa County Bar Lawyer Referral Service at www.lawyerfinder.org or 602 / 257-4434; and
- Community Legal Services, Inc. at 602 / 258-3434.

You may also consider filing an action on your own in Justice Court.

Regrettably, the Attorney General's office is prohibited by law from representing individual consumers. However, your complaint will remain on file to assist this office in identifying and tracking possible patterns of fraudulent conduct that could warrant future action under Arizona's consumer statutes.

We are also herewith returning the key which you forwarded to the Attorney General's Office with your correspondence of August 26, 2013.

We appreciate your willingness to bring your concerns to our attention and assist us in protecting all Arizona consumers. We thank you for your continued cooperation with the Attorney General's Office for the State of Arizona.

Sincerely,

CONSUMER INFORMATION AND COMPLAINTS

CPA / Q1

- STATEMENT OF BREACH OR NON PERFORMANCE AND ELECTION TO SELL UNDER DEED OF TRUST ARIZONA (Fraud and Void Ab Initio; SPS, Inc. failed to establish ownership of the alleged debt, with a bona fide contract, between them and the owner of the property)

Mr. Tom Horne,

As an Attorney General of the State of Arizona, holding the general power of an attorney to protect and represent all citizens, I, Ivaylo Dodev, in good faith, am surrendering to you the key to my house, in order that you investigate and adjudicate true ownership of my estate, located at 6312 South 161st Way, Gilbert, Arizona, according to law.

KEY:

At Arm's Length,

Ivaylo Dodev
In Good Faith

8/26/2013
DATE

Page 4 of 4

Page 12

**Exhibit C**



**SPS** | SELECT *Portfolio* SERVICING, *inc.*

**PAYOFF STATEMENT**
Date: March 01, 2013
Requested By:

    Account Number:  0014052088
    Payment Due Date: November 01, 2008

    Michael Kruger
    SPS
    (801) 269-4499

**This Statement expires on:**
**March 10, 2013**

Customer Name/Property Address:
    Ivaylo T Dodev

    6312 S 161st Way
    Gilbert, AZ 85298--8455

### THE FOLLOWING AMOUNTS ARE SUBJECT TO FINAL VERIFICATION BASED ON THE RECEIPT OF FUNDS

**ITEMIZATION**

| | | |
|---|---|---|
| Unpaid Principal Balance | $ | 721,199.48 |
| Interest Calculated to March 10, 2013 | $ | 127,121.42 |
| Escrow/Impound Advance Balance | $ | 11,926.34 |
| Loan Level Advance Balance | $ | 780.00 |
| Estimated Legal Fees and Costs through March 10, 2013 | $ | 1,877.14 |

| | | |
|---|---|---|
| **Total Amounts Due Under your Note and Mortgage** | **$** | **862,904.38** |
| Per Diem (Daily Interest) | $ | 67.62 |
| **TOTAL AMOUNT DUE** | **$** | **862,904.38** |

XP111