1  Kim R. Lepore (SBN 019130)
   klepore@wrightlegal.net
2  Jamin S. Neil (SBN 026655)
   jneil@wrightlegal.net
3  **WRIGHT, FINLAY & ZAK, LLP**
   18444 N. 25ᵗʰ Ave., Suite 420
4  Phoenix, Arizona 85023
   Telephone: (602) 842-3368
5  Facsimile: (949) 845-8898

6  Attorneys for *Defendants*
   Select Portfolio Servicing, Inc. and The Bank
7  of New York Mellon fka The Bank of New
   York as Trustee for the Certificateholders of
8  CWALT, Inc., Alternative Loan Trust 2007-
   OA7, Mortgage Pass-Through Certificates,
9  Series 2007-OA7

10              **UNITED STATES DISTRICT COURT**

11            **FOR THE DISTRICT OF ARIZONA**

12  Ivaylo Tsvetanov Dodev,                    Case No. 2:13-cv-02155-DLR

13          Plaintiff,                         **DEFENDANTS SELECT
                                               PORTFOLIO SERVICING AND THE
14      vs.                                    BANK OF NEW YORK MELLON,
                                               AS TRUSTEE'S MOTION TO
15  Recontrust Company, N.A., Select          DISMISS PLAINTIFF'S THIRD
    Portfolio Servicing, Inc., The Bank Of    AMENDED COMPLAINT
16  New York Mellon, Corporation, fka The     PURSUANT TO FED. R. CIV. P.
    Bank of New York, DOES 1-100, in          12(b)(6)
17  his/her individual and official capacity,

18          Defendants.

19

20          Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"),

21  *Defendants* Select Portfolio Servicing, Inc. ("SPS") and The Bank of New York Mellon fka

22  The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative

23  Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, *erroneously*

24  *sued as* The Bank of new York Mellon, Corporation, fka The Bank of New York,

25  ("BNYM"), by and through counsel undersigned, hereby respectfully request that this Court

26  dismiss *Plaintiff* Ivaylo Tsvetanov Dodev's ("Plaintiff") Third Amended Complaint ("TAC")

27  for failure to state a claim upon which relief can be granted. Specifically, Plaintiff's claim to

28  quiet title, based on the "Tender Rule" and "Arizona Statutes of Limitations," fails as a

**MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1  matter of law since Plaintiff has not provided payment of the total amount due under the

2  subject loan nor has the applicable statute of limitations expired. This motion is supported by

3  the following Memorandum of Points and Authorities, and the entire record in this matter.

4  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

5  **I.      FACTUAL BACKGROUND.**

6  On or about December 12, 2006, Plaintiff obtained a loan for $681,750.00 from First

7  Magnus Financial Corporation (the "<u>Loan</u>"). The Loan was secured by a Deed of Trust

8  ("<u>Deed of Trust</u>") recorded against the real property located at 6312 South 161st Way,

9  Gilbert, AZ (the "<u>Property</u>"). *See* Deed of Trust attached as Exhibit 1 to the Request for

10  Judicial Notice filed at Docket No. 104 ("<u>Dkt. No. 104</u>") and incorporated herein.

11  On or about January 5, 2009, Plaintiff filed a Chapter 7 Bankruptcy Petition in the

12  United States Bankruptcy Court, District of Arizona. *See* Voluntary Bankruptcy Petition,

13  attached as Exhibit 2 to Dkt. No. 104. On or about January 20, 2009, Plaintiff filed his

14  Bankruptcy schedules, which listed the debt secured by the Deed of Trust as a secured claim.

15  *See* Bankruptcy Schedules as Exhibit 3 to Dkt. No. 104. On or about April 25, 2009, the

16  Bankruptcy Court discharged Plaintiff. *See* Discharge of Debtor as Exhibit 4 to Dkt. No. 104.

17  The Deed of Trust was assigned to BNYM, as evidenced by the Corporate

18  Assignment of Deed of Trust recorded on August 24, 2011. *See* Corporation Assignment of

19  Deed of Trust Arizona as Exhibit 5 to Dkt. No. 104. Also on August 24, 2011, a Substitution

20  of Trustee was recorded naming Recontrust Company, N.A. as the trustee under the Deed of

21  Trust. *See* Substitution of Trustee as Exhibit 6 to Dkt. No. 104. On or about August 2, 2013,

22  due to Plaintiff's default on the Loan, a Notice of Trustee's Sale was recorded against the

23  Property, scheduling the Trustee's Sale for November 8, 2013. *See* Notice of Trustee's Sale

24  Arizona as Exhibit 7 to Dkt. No. 104.

25  **III.   PROCEDURAL SUMMARY**

26  On October 23, 2013, Plaintiff commenced the instant action by filing a Complaint.

27  *See* Dkt. No. 1.

28  On November 19, 2013, Plaintiff filed a First Amended Complaint which was

1    subsequently dismissed. *See* Dkt. No. 93.

2         On October 23, 2014, Plaintiff filed a Second Amended Complaint which was

3    dismissed with prejudice except for the Quiet Title claim (dismissed without prejudice). *See*

4    Dkt. No. 121.

5         On May 4, 2015, Plaintiff filed his Third Amended Complaint seeking to quiet title to

6    the Property based on the "Tender Rule" and "Arizona Statutes of Limitations." *See* Dkt. No.

7    122.

8                              IV.    **ARGUMENT.**

9    **A.    Legal Standard.**

10        The standard to be applied to a motion to dismiss for failure to state a claim upon

11   which relief can be granted pursuant to FRCP Rule 12(b)(6) is well-established: a complaint

12   may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support

13   of its claim which would entitle it to relief. *Conley v. Gibson* 355 U.S. 41, 45-46 (1957); see

14   also *Gillespie v. Civiletti*, (9th Cir. 1980) 629 F.2d 637, 640; *De La Cruz v. Tormey*, (9th Cir.

15   1978) 582 F.2d 45, 48, <u>cert. denied</u>, 441 U.S. 965 (1979).   Additionally, although a plaintiff

16   needs to provide only a 'short and plain statement of the claim,' [pursuant to *FRCP* Rule 8]...

17   where the claims in a Complaint are insufficiently supported by factual allegation, the claims

18   may be disposed of by summary dismissal. *Balistreri v. Pacifica Police Department*, (9th Cir.

19   1988) 855 F.2d 1421, 1424; *Stinson v. Home Insurance Co.,* (N.D. CA 1988) 690 F.Supp.

20   882, 886; *Dack v. Shanman*, (S.D.N.Y. 1964) 227 F.Supp. 26, 30 (dismissing complaint

21   where count was so sketchy as to be unintelligible).    Although all well-pled facts in the

22   complaint are deemed true in ruling on a motion to dismiss, conclusory allegations are

23   disregarded. *McCarthy v. Mayo*, (9th Cir. 1987) 827 F.2d 1310, 1316.  A complaint may be

24   dismissed as a matter of law under FRCP Rule 12(b)(6) for (a) lack of a cognizable legal

25   theory or (b) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter*

26   *Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984); *see* generally *Balistreri v. Pacifica*

27   *Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). In terms of the latter, "factual

28   allegations must be enough to raise a right to relief above the speculative level" and "more

1    than labels and conclusions, and a formulaic recitation of the elements of a cause of action"

2    must be alleged. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal

3    citations omitted). **Courts should dismiss any claim "that fails to plead sufficiently all**

4    **required elements of a cause of action."** *Student Loan Mktg. Ass'n*, 181 F.R.D 629, 639. A

5    plaintiff cannot avoid this bar by clothing legal conclusions in the guise of facts to take

6    advantage of the liberality with which courts otherwise view pleadings. *Western Mining*

7    *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

8          Thus, the liberality with which courts view pleadings cannot salvage a conclusive

9    claim unsubstantiated by transparent fact. *Id.* at 624. In fact, while Courts consider facts in

10   the complaint as true on a motion to dismiss, they do no "assume the truth of legal

11   conclusions merely because they are in the form of factual allegations." *Id.* In *Ashcroft v.*

12   *Iqbal*, the United States Supreme Court admonished that the FRCP "demand[s] more than an

13   unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 565 U.S.

14   662, 677 (2009). The Court made clear that **"threadbare recitals of a cause of action's**

15   **elements supported by conclusory statements" are insufficient to overcome a motion to**

16   **dismiss.** *Id.* at 678.

17         Finally, the court does not have to accept alleged facts as true, when they contradict

18   matters subject to judicial notice. *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,* 245

19   F.2d 67, 70 (9th Cir. 1956). Moreover, "judicial notice may be taken of a fact to show that a

20   Complaint does not state a cause of action." *Id.* at 70; *Estate of Blue v. County of Los*

21   *Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).

22         In this case, Plaintiff's quiet title claim fails as a matter of law since Plaintiff has not

23   provided payment of the total amount due under the subject loan nor has the applicable

24   statute of limitations expired. Accordingly, Plaintiff's claim must be dismissed with

25   prejudice.

26   **B.     Plaintiff's Quiet Title Claim Based on the "Tender Rule" Fails.**

27         To quiet title, the plaintiff must allege, in a verified complaint, that he possesses title

28   to the subject property, that the defendant claims an interest adverse to his, and that it would

be inequitable to let the defendant's interest stand. A.R.S. § 12-1102; *Lavidas v. Smith*, 195 Ariz. 250, 256, 987 P.2d 212, 218 (Ct. App. 1999). Further, "in an action to quiet title, the party invoking the court's jurisdiction is required to do equity and, if it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless he pays off such mortgage lien." *Farrell v. West*, 114 P.2d 910, 911 (Ariz. 1941).

        *1.     Plaintiff Failed to Pay the Loan Balance.*

In this case, Plaintiff cannot bring a quiet title action because he has not paid off the Loan. Indeed, throughout the TAC, Plaintiff alleges that he made "Good-Faith **Offer[s]**" to pay the balance due under the Loan, but nowhere does Plaintiff allege that funds were sent. Moreover, Plaintiff's interpretation of the "Tender Rule" is misguided and in no way supports **his** position that a mere offer to pay constitutes payment.

Plaintiff's TAC alleges that he "tendered a payment for the full amount due." *See* TAC ¶ 33. However, Plaintiff then clarifies his use of the term "tendered" by citing to the Arizona Supreme Court case of *Gastelo v. Chavarria*, 96 Ariz. 209, 210, 393 P.2d 905, 905 (1964), which, according to Plaintiff, concludes that a mere offer to pay constitutes a tender. *See* TAC ¶ 33, footnote 1. Plaintiff's reliance on *Gastelo* to support his definition of "tendered" is completely without merit. Although the decision is brief, the Court in *Gastelo* affirmed the trial judge's decision that an actual tender of cash was made, rather than a mere **offer** to make a tender, and therefore the tenderor's demand for specific performance of the purchase contract was granted.

Aside from the obvious glaring factual dissimilarities between *Gastelo* and the instant case, *Gastelo* does not support Plaintiff's Claim that a mere **offer** to make payment constitutes an actual tender of the funds. On this basis alone, Plaintiff's quiet title claim must fail.

        *2.     It Is Inequitable to Quiet Title In Favor of Plaintiff.*

As Plaintiff has not demonstrated he made payment in full of the Loan to justify quieting title to the Property, he likewise cannot demonstrate that quieting title in his favor

1  would be equitable. Indeed, just the opposite is true, SPS and BNYM's predecessors in

2  interest loaned Plaintiff money secured by the Property and Plaintiff has not repaid same.

3  Any equitable considerations lie heavily in favor of SPS and BNYM. As such, Plaintiff's

4  claim for quiet title must be dismissed with prejudice.

5  **C.    Plaintiff's Quiet Title Claim Based on the "Statute of Limitations" Fails.**

6          Plaintiff's claim for quiet title, based on the expiration of the applicable statute of

7  limitations, is equally without merit because Plaintiff does not allege and cannot demonstrate

8  that the Loan was accelerated more than six years prior to filing the instant action. For this

9  reason, as discussed more thoroughly below, Plaintiff's Complaint must be dismissed.

10         In Arizona, the relevant statute is A.R.S. § 33-816, which provides that:

11             The trustee's sale of trust property under a trust deed shall be made, or any
              action to foreclose a trust deed as provided by law for the foreclosure of
12            mortgages on real property shall be commenced, within the period
              prescribed by law for the commencement of an action on the contract
13            secured by the trust deed.

14         The time period for commencement of an action on a contract is codified in A.R.S. §

15  12-548(A) which states, in pertinent part:

16             An action for debt shall be commenced and prosecuted within six years
              after the cause of action accrues, and not afterward, if the indebtedness is
17            evidenced by or founded on either of the following:

18             1.      A contract in writing that is executed in this state.

19         Accordingly, the operative statute of limitations for either foreclosure under the Deed

20  of Trust or suit on the Loan is 6 years. Further, "[w]hen an installment contract contains an

21  optional acceleration clause, though, an action as to future installments does not accrue until

22  the holder exercises the option to accelerate." *Baseline Fin. Services v. Madison*, 229 Ariz.

23  543, 544, 278 P.3d 321, 322 (Ct. App. 2012) citing *Navy Fed. Credit Union v. Jones*, 187

24  Ariz. 493, 496, 930 P.2d 1007, 1010 (Ct. App. 1996).

25         Here, because the Deed of Trust requires monthly installment payments beginning on

26  December 12, 2006 and ending January 1, 2037, and contains a clause authorizing the lender,

27  at its **option**, to require immediate payment in full of all sums secured by the Deed of Trust

28  (Paragraph 22), the statute of limitations begins running at acceleration of the Loan.

**MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1    In support of his assertion that the statute of limitations began running on December

2    19, 2008, Plaintiff attaches a "Notice of Intent to Accelerate." (*See* Dkt. No. 122 Ex A). This

3    Notice **does not** provide that the amounts due under the Loan were accelerated. Indeed, the

4    Notice merely states that **if** the default under the Loan is not cured, "the mortgage payments

5    **will be** accelerated…and foreclosure proceedings will be initiated at that time." (*See* Dkt. No.

6    122 Ex A) (emphasis added). Since Plaintiff admits that the first foreclosure sale was not

7    scheduled until August 21, 2011 (*see* Dkt. No. 122, ¶ 17), it necessarily follows that the

8    amounts due under the Loan were not accelerated until that time, and Plaintiff had not

9    alleged that the Loan was accelerated at any other time. Accordingly, as six years from

10   August 21, 2011 is August 21, 2017, the statute of limitations on BNYM's right of

11   foreclosure or suit on the loan has not yet expired.

12   Finally, assuming *arguendo*, that the statute of limitations had expired, such expiration

13   is not a basis to quiet title as BNYM's lien does not expire at this time and in fact would

14   remain on the Property until approximately January 1, 2047 (final maturity date on the Loan

15   plus 10 years). *See* A.R.S. § 33-714.

16   As such, Plaintiff's claim for quiet title based on expiration of the statute of

17   limitations fails as a matter of law and should be dismissed.

18   ## V.    CONCLUSION.

19   Based on the foregoing, Plaintiff's Third Amended Complaint must be dismissed as it

20   fails to state a claim upon which relief can be granted. Namely, Plaintiff's quiet title claim

21   fails as a matter of law since Plaintiff has not provided payment of the total amount due

22   under the Loan nor has the applicable statute of limitations expired.

23   /././

24   /././

25   /././

26   /././

27   /././

28   /././

**MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1    **WHEREFORE**, for all of the foregoing reasons, SPS and BNYN respectfully request

2  this Court dismiss Plaintiff's Third Amended Complaint with prejudice and award SPS and

3  BNYM their attorneys' fees and costs incurred herein and for such other and further relief as

4  this Court deems just and proper.

5    **RESPECTFULLY SUBMITTED** this 21st day of May 2015.

6                                                    **WRIGHT, FINLAY & ZAK, LLP**

7

8                                                    /s/ *Kim R. Lepore*
                                                     KIM R. LEPORE
9                                                    Attorneys for *Defendants* Select Portfolio
                                                     Servicing, Inc. and The Bank of New York
                                                     Mellon fka The Bank of New York as Trustee
10                                                   for the Certificateholders of CWALT, Inc.,
                                                     Alternative Loan Trust 2007-OA7, Mortgage
11                                                   Pass-Through Certificates, Series 2007-OA7

12  The foregoing was electronically
    filed this 21st day of May 2015.
13
    COPIES of the foregoing were mailed
14  this 21st day of May 2015 to:

15  Ivaylo Tsvetanov Dodev
    6312 S/ 161st Way
16  Gilbert, AZ 85298
    Plaintiff *in propria persona*
17
    Sean K. McElenney. Esq.
18  Coree E. Neumeyer, Esq.
    Eric M. Moores, Esq.
19  Bryan Case LLP
    2 North Central Avenue, Suite 2200
20  Phoenix, Arizona 85004-4406
    Attorneys for ReconTrust
21

22  /s/ *Steven E. Bennett*
    STEVEN E. BENNETT
23

24

25

26

27

28

**MOTION TO DISMISS THIRD AMENDED COMPLAINT**