BRYAN CAVE LLP (No. 00145700)
Sean K. McElenney (No. 016987)
Coree E. Neumeyer, (No. 025787)
Eric M. Moores (No. 028280)
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000
(602) 364-7070 fax
skmcelenney@bryancave.com
coree.neumeyer@bryancave.com
moorese@bryancave.com

*Attorneys for Defendant ReconTrust Co. N.A.*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>   Plaintiff,<br><br>v.<br><br>ReconTrust Company, N.A.; Select Portfolio Servicing, Inc.; The Bank of New York Mellon, Corporation, FKA The Bank of New York; Bank of America, N.A., successor of Countrywide Home Loans, Inc.; Real Time Resolutions, Inc.; and Does 1-100, in his/her individual and official capacity,<br><br>   Defendants. | No. 2:13-CV-02155-DLR<br><br>**DEFENDANT RECONTRUST COMPANY, N.A.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>(Hon. Douglas L. Rayes) |

   Like the three prior complaints plaintiff Ivaylo Tsvetanov Dodev ("Dodev") has filed, his Third Amended Complaint ("TAC") fails to state any valid claim for relief against defendant ReconTrust Company, N.A. ("Recontrust" or "Defendant"). The TAC fails to make any allegation that would entitle him to any relief from Recontrust. Therefore, Recontrust moves the Court to enter an order dismissing it from this action, with prejudice, because the TAC fails to state a claim on which relief may be granted. Recontrust also asks that the Court not permit Dodev to amend his complaint a fourth time because any effort to do so would be futile. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("[f]utility of amendment can, by itself, justify the denial of a motion for leave to

amend"). Finally, Recontrust asks that it be awarded its fees and costs incurred in defending Dodev's four frivolous complaints pursuant to A.R.S. § 12-341.01, 12-349, and 33-807(E), as well as the loan documents.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BACKGROUND

On December 12, 2006, Dodev borrowed $681,750.00 ("Loan") from non-party First Magnus Financial Corporation ("First Magnus"), as evidenced by a Deed of Trust securing the loan and recorded against real property at 23410 South 161st Way in Gilbert, Arizona ("Property"). [Ex. A][1] Under the Deed of Trust, Dodev agreed that Mortgage Electronic Registration Systems, Inc. ("MERS") would act as beneficiary in a nominee capacity for First Magnus and its successors and assigns. [Id.] The Deed of Trust did not name a Trustee. [Id.]

In August 2011, MERS recorded a Corporation Assignment Deed of Trust Arizona ("Assignment"), conveying "all beneficial interest" under the Deed of Trust to Defendant Bank of New York Mellon ("BONY"). [Complaint, ¶ 27; Ex. B][2] That same day, BONY recorded a Substitution of Trustee Arizona ("Substitution") appointing ReconTrust as the successor trustee. [Complaint, ¶ 33; Ex. C][3] Dodev does not dispute that he defaulted on the loan. On August 2, 2013, Recontrust recorded a Notice of Trustee's Sale ("Sale Notice"), setting a sale date of November 8, 2013. [Ex. D][4]

---

[1] The Court may consider the Deed of Trust without converting this motion to dismiss into a motion for summary judgment because it is a matter of public record properly subject to judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) ("On a motion to dismiss, we may consider materials incorporated into the complaint or matters of public record.").

[2] The Court may consider the Assignment because it is a matter of public record properly subject to judicial notice. See Coto, 593 F.3d at 1038.

[3] The Court may consider the Substitution because it is a matter of public record properly subject to judicial notice. See id.

[4] The Court may consider the Sale Notice because it is a matter of public record properly subject to judicial notice. See id.

779639.2

On October 23, 2013, Dodev filed his Complaint in this Court [Doc. 1]. On November 19, 2013, Dodev filed his First Amended Complaint ("FAC") [Doc. 18]. On December 2, 2013, Dodev moved for injunctive relief to prevent the Trustee's Sale [Doc. 25], which had been postponed as a result of this litigation. This Court denied Dodev's request for injunctive relief on January 7, 2014 [Doc. 55]. Dodev subsequently filed for bankruptcy protection, and this matter was stayed as a result of the automatic bankruptcy stay which this Court confirmed in its Order entered on April 22, 2014 [Doc. 72]. On August 27, 2014, the Bankruptcy Court lifted the stay and, as a consequence, Defendants' Motion to Dismiss, which had remained pending during the stay, was reinstated [Doc. 80]. On October 7, 2014, this Court issued its Order granting the Motion to Dismiss in full while permitting Dodev the opportunity to amend his complaint ("FAC Dismissal Order") [Doc. 93]. On October 23, 2014, Dodev filed his Second Amended Complaint ("SAC") [Doc. 96]. On April 13, 2015, this Court entered an Order granting the Motion to Dismiss Recontrust and Bank of America, N.A. ("BANA") filed ("SAC Dismissal Order") [Doc. 121]. In the SAC Dismissal Order, the Court dismissed all but one of the nine counts, with prejudice, and dismissed the remaining claim—Count X (Quiet Title)—with prejudice as to BANA, noting that BANA had no interest in the property. As to the remaining defendants, including Recontrust, the Court dismissed Count X without prejudice and granted Dodev the opportunity to amend his claim. Dodev filed the TAC on May 4, 2015.

## II.   LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (reversing denial of motion to dismiss). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A plaintiff cannot meet his burden simply by contending that he "might later establish some 'set of [undisclosed] facts' to

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

779639.2

support recovery." Id. at 561. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. It is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." Id. at 1950.

### III.  ARGUMENT

The SAC Dismissal Order dismissed all but one of Dodev's claims with prejudice. The remaining claim—for Quiet Title—was dismissed with prejudice as to BANA because, as the Court noted, BANA claimed no interest in the Property. Like his prior complaints, Dodev does not refute that he defaulted on the Loan—in fact, he admits he "has not made a mortgage payment since mid-2008"—nor does he explain why he is legally entitled to a free home, which he already has occupied, rent-free, for seven years. [TAC, ¶ 25]

In his TAC, Dodev has split his quiet title claim into two separate causes of action: (1) "Quiet Title Based on Tender Rule;" and (2) "Quiet Title Based on Arizona Statutes of Limitations." However, neither are valid causes of action under Arizona law and, as such, they do not support two separate quiet title claims; nor would they support one cause of action. Further, they rely on inapplicable legal support. Dodev is not entitled to an order quieting title in his name, and the TAC should be dismissed, with prejudice and without leave to amend. Regardless, Recontrust is simply the trustee and, pursuant to Arizona law, it is entitled to be dismissed from this action because the TAC does not plead that Recontrust breached its duties under Arizona law or its obligations under the Deed of Trust.

4

779639.2

1  The time has come to end Dodev's serial filing of complaints and to end his seven-
2  year ploy to live in the property for free. The Court should dismiss the TAC as to
3  Recontrust with prejudice and without leave to amend.

**A.  Recontrust Is Entitled To Be Dismissed Pursuant To A.R.S. § 33-807(E).**

Arizona law provides that the court should dismiss claims against a trustee under a deed of trust unless the plaintiff has alleged that the trustee breached its obligations as a trustee under the deed of trust or Arizona statutes related to deeds of trust:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter [Title 33, chapter 6.1] or under the deed of trust. Any order of the court entered against the beneficiary is binding on the trustee with respect to any actions that the trustee is authorized to take by the trust deed or this chapter. <u>If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney's fees from the person joining the trustee</u>.

A.R.S. § 33-807(E)(emphasis added). The District of Arizona has held that this statute applies if the trustee establishes three elements:

> First, that the trustee has been named as a defendant in the claim. Second, that the claim relates to the authority of the trustee to act, given to the trustee either by the trust deed or Arizona statutes regulating trust deeds. Third, the claims do not allege that the trustee breached any of his or her obligations that arise under the either deed of trust or the statutory chapter of the Arizona Revised Statutes that regulated deeds of trust.

Puzz v. Chase Home Finance, LLC, 763 F. Supp. 2d 1116, 1125 (D. Ariz. 2011); see also Huff v. Mason, 2013 4507920 at *5 (Ariz. App. Aug. 22, 2013)(citing Puzz with approval).

All three elements required for dismissal of Recontrust under Section 33-807(E) are present here. First, Dodev has clearly named Recontrust as a defendant in this action. Second, Dodev's claim relates to Recontrust's authority to conduct a trustee's sale, as he seeks an order declaring that no defendant has "legal or equitable right, claim, or interest in said estate," as well as injunctive relief prohibiting any defendant from "asserting any estate, right, title or interest" in the Property. [TAC, ¶¶ 55-56] Third, Dodev's claims do not properly allege that Recontrust breached its obligations under the deed of trust or

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

Arizona's deed of trust law. While Dodev asks the Court to "take notice and action against defendant Recon," his allegation that Recontrust did not properly record a notice of cancellation of sale or resignation is not an allegation in support of his quiet title claim. [TAC, ¶ 53] These allegations are irrelevant to whether title should be quieted in his name.

Dodev alleges Recontrust violated § 33-813 because it did not record a cancellation of sale. However, he does not allege the sale has been cancelled, nor does he dispute that the sale has been properly postponed pending this litigation. Dodev has not established that a cancellation was required here. Further, Dodev quotes language from § 33-818, which he claims Recontrust has also violated. However, that section does not require Recontrust to record a resignation. Rather, it simply includes a resignation of trustee in a list of recordings that it establishes impart notice on all from the time of their recording. § 33-818. It does not require a resignation, and Recontrust has not violated § 33-818. Further, Dodev does not allege a trustee's sale has occurred, and he has not alleged he has been damaged by the allegations against Recontrust.

Dodev has not alleged that Recontrust violated Arizona's deed of trust statutes, and Recontrust is entitled to be dismissed from this action pursuant to § 33-807(E) and Puzz.

**B.    Count One Fails To State A Quiet Title Claim As Dodev Has Not Satisfied The Outstanding Balance.**

To quiet title, a plaintiff must allege, in a verified complaint, that he possesses title to the subject property, that a defendant claims an interest adverse to his interest, and that it would be inequitable to let the defendant's interest stand. A.R.S. § 12-1102; Lavidas v. Smith, 195 Ariz. 250, 256, 987 P.2d 212, 218 (Ct. App. 1999). Further, "in an action to quiet title, the party invoking the court's jurisdiction is required to do equity and, if it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless he pays off such mortgage lien." Farrell v. West, 114 P.2d 910, 911 (Ariz. 1941).

6

779639.2

However, Dodev has not pled that he has paid off the Loan; thus, he is not entitled to quiet title. In its SAC Dismissal Order, this Court granted Dodev the opportunity to amend the SAC's quiet title claim, noting that Dodev "might be attempting to pursue a quiet title claim based on his offers to pay the total balance due." [Order, at 12] However, the TAC does not allege Dodev has actually paid the outstanding balance on his Loan. Rather, he claims he "tendered a payment for the full amount due" when he mailed offers to pay the outstanding balance on the Loan. [TAC, ¶¶ 37-39] To support his claim that these offers amounted to a "tender" of the amount owed, Dodev cites to Arizona UCC law regarding a "Good-Faith Offer to Pay." [Id. at ¶ 42] However, this Court has already addressed this argument, correctly concluding that the "UCC does not apply to liens on real property, such as deeds of trust." [Order, at 5-6] Like the SAC, Dodev relies exclusively on the UCC—A.R.S. § 47-3603(B)—to support his claim that he satisfied the tender rule by simply offering to pay the outstanding balance. Because the UCC is inapplicable, Dodev's offers to pay the outstanding balance do not satisfy the requirement that he actually tender the amount owed on the Loan in order to quiet title.

### C.  Count Two Fails To State A Quiet Title Claim Based Upon the Statute of Limitations.

Dodev's second quiet title claim argues that no defendant can enforce the Deed of Trust or Note because the statute of limitations has expired. Dodev cites to A.R.S. § 12-548, which imposes a six-year limitations period to collect a debt based upon a written contract. [TAC, ¶ 47] While not clearly stated in Count Two, Dodev appears to base this argument on a Notice of Intent to Accelerate he received in December 2008. [TAC, ¶ 25] The TAC states that the "statute of limitations runs as to future installments from the date the creditor exercises the acceleration clause[.]" [TAC, ¶ 50 (citing Navy Federal Credit Union v. Jones, 187 Ariz. 493, 496, 930 P.2d 1007, 1010 (Ct. App. 1996))] However, Dodev does not allege a creditor has exercised the acceleration clause. Instead he provides a Notice of Intent to Accelerate ("Notice"), which does not state that the amounts due under the Loan were accelerated. [TAC, Ex. A] Rather, that Notice states that if the

7

default is not cured, "the mortgage payments **will be accelerated** . . . and foreclosure proceedings will be initiated at that time." [Id. (emphasis added)] The Notice did not accelerate the future installments. Regardless, the case law cited in the TAC relates to the UCC. As discussed above, the UCC is inapplicable here.

Further, even if the statute of limitations has expired—though it has not in this case—to quiet title, Dodev still must satisfy the tender rule. Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941) ("If it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet title until and unless he pays off such mortgage lien, **though it be barred by limitation**." (emphasis added)); Provident Mut. Building-Loan Ass'n v. Schwertner, 15 Ariz. 517, 140 P. 495 (1914) (where a property owner brings suit to remove a cloud on his property caused by an unsatisfied mortgage securing a debt barred by the statute of limitations, he is required to pay off the debt first).

As discussed above, Dodev has not satisfied the unpaid balance remaining on his Loan, and he has provided no valid support for his request to quiet title in the Property, which would result in an incredible windfall for him in the form of a free home. Dodev's quiet title claims fail.

## IV. REQUEST FOR ATTORNEYS' FEES

Recontrust seeks recovery of its fees and legal expenses incurred in connection with defending this action—including Dodev's four complaints—pursuant to, among other things, A.R.S. §§ 12-341.01, 12-349, and 33-807(E), as well as the loan documents. This action arises out of Dodev's challenge under the contracts evidencing the Loan, including the Note and Deed of Trust. Further, both the Note and the Deed of Trust contain an attorneys' fee provision, which this Court should enforce. *See First Fed. Sav. & Loan Ass'n of Phoenix v. Ram*, 135 Ariz. 178, 181, 659 P.2d 1323, 1326 (Ct. App. 1982) (awarding prevailing party attorneys' fees in accordance with the terms of the deed of trust and note); *Dalton v. McLaughlin,* 130 Ariz. 270, 635 P.2d 863 (Ct. App. 1981) (contracts for the payment of attorneys' fees should be enforced in accordance with the terms of the

8

779639.2

contract.); *Heritage Heights Home Owners Ass'n v. Esser,* 115 Ariz. 330, 565 P.2d 207 (Ct. App. 1977).

Recontrust asks that it be awarded its fees and costs incurred in defending Dodev's four frivolous complaints. Dodev pursues this action without substantial justification and primarily for delay or harassment in proceedings before this Court, thereby justifying reasonable attorneys' fees and expense pursuant to A.R.S. § 12-349.

## Relief Requested

For the foregoing reasons, Recontrust respectfully requests that the Court enter an Order dismissing it from the Third Amended Complaint, as well as dismissing this action in its entirety, with prejudice. Recontrust also respectfully requests that it be awarded its fees and costs incurred in defending Dodev's four frivolous complaints.

DATED this 28th day of May, 2015.

BRYAN CAVE LLP

By /s/ Eric M. Moores
Sean K. McElenney
Coree E. Neumeyer
Eric M. Moores
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000

*Attorneys for Defendants ReconTrust Co. N.A. and Bank of America, N.A.*

ORIGINAL of the foregoing electronically
filed with the Court this 28th day of May, 2015.

COPY of the foregoing mailed
this 28th day of May, 2015:

Ivaylo Tsvetanov Dodev
6312 S. 161st Way
Gilbert, AZ 85298

/s/ Kimberly Hayes

9

779639.2

## CERTIFICATION OF CONFERRAL

Pursuant to this Court's Order, dated October 23, 2013 (Doc. 5), undersigned counsel certifies that he has met and conferred with Plaintiff to determine whether an amendment could cure the deficient TAC. Specifically, undersigned counsel and Plaintiff discussed the issues raised in this Motion during phone calls on May 21, 27, and 28, 2015. Additionally, undersigned counsel provided Plaintiff with a summary of these arguments in emails sent May 25 and May 27, 2015. Plaintiff declined to amend or dismiss the TAC unless conditions unrelated to the claims in the TAC were met.

By /s/ Eric M. Moores
Eric M. Moores

779639.2