Kim R. Lepore (SBN 019130)
klepore@wrightlegal.net
Jamin S. Neil (SBN 026655)
jneil@wrightlegal.net
**WRIGHT, FINLAY & ZAK, LLP**
18444 N. 25th Ave., Suite 420
Phoenix, Arizona 85023
Telephone: (602) 842-3368
Facsimile: (949) 845-8898

Attorneys for *Defendants*
Select Portfolio Servicing, Inc. and The Bank
of New York Mellon fka The Bank of New
York as Trustee for the Certificateholders of
CWALT, Inc., Alternative Loan Trust 2007-
OA7, Mortgage Pass-Through Certificates,
Series 2007-OA7

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev, | Case No. 2:13-cv-02155-DLR |
| Plaintiff, | **DEFENDANTS SELECT PORTFOLIO SERVICING AND THE BANK OF NEW YORK MELLON, AS TRUSTEE'S** *AMENDED* **MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| vs. | |
| Recontrust Company, N.A., Select Portfolio Servicing, Inc., The Bank Of New York Mellon, Corporation, fka The Bank of New York, DOES 1-100, in his/her individual and official capacity, | |
| Defendants. | |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), *Defendants* Select Portfolio Servicing, Inc. ("SPS") and The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, *erroneously sued as* The Bank of New York Mellon, Corporation, fka The Bank of New York, ("BNYM"), by and through counsel undersigned, hereby respectfully request that this Court dismiss *Plaintiff* Ivaylo Tsvetanov Dodev's ("Plaintiff") Third Amended Complaint ("TAC") for failure to state a claim upon which relief can be granted. Specifically, Plaintiff's claim to quiet title, based on the "Tender Rule" and "Arizona Statutes of Limitations," fails as a

1  matter of law since Plaintiff has not provided payment of the total amount due under the
2  subject loan nor has the applicable statute of limitations expired. This motion is supported by
3  the following Memorandum of Points and Authorities, and the entire record in this matter.

4  ### CERTIFICATE OF CONFERRAL

5          Pursuant to this Court's Order dated October 23, 2013 (Doc. 5), undersigned counsel
6  certifies that she has, on this date, conferred with Plaintiff by telephone regarding perceived
7  defects in the Third Amended Complaint.  The parties were unable to agree upon an
8  amendment to Plaintiff's cause of action to quiet titled based upon the tender rule. Plaintiff
9  did agree to amend his complaint to remove the quiet title cause of action based upon the
10 statute of limitations only.  However, Plaintiff did not want to give up any of his procedural
11 rights regarding his Motion to Strike and therefore, Plaintiff ultimately decided not to amend
12 his complaint.

13         Further, undersigned counsel apologizes to the Court for failing to meet and confer
14 with Plaintiff prior to filing the Motion to Dismiss Third Amended Complaint on May 21,
15 2015. Undersigned counsel did not believe that the Order from October of 2013 applied to its
16 Motion to Dismiss the Third Amended Complaint. Undersigned counsel has now conferred
17 with Plaintiff and, as such, files this Amended Motion to Dismiss.

18 ### MEMORANDUM OF POINTS AND AUTHORITIES

19 ### I.      FACTUAL BACKGROUND.

20         On or about December 12, 2006, Plaintiff obtained a loan for $681,750.00 from First
21 Magnus Financial Corporation (the "Loan").  The Loan was secured by a Deed of Trust
22 ("Deed of Trust") recorded against the real property located at 6312 South 161st Way,
23 Gilbert, AZ (the "Property"). *See* Deed of Trust attached as Exhibit 1 to the Request for
24 Judicial Notice filed at Docket No. 104 ("Dkt. No. 104") and incorporated herein.

25         On or about January 5, 2009, Plaintiff filed a Chapter 7 Bankruptcy Petition in the
26 United States Bankruptcy Court, District of Arizona. *See* Voluntary Bankruptcy Petition,
27 attached as Exhibit 2 to Dkt. No. 104.  On or about January 20, 2009, Plaintiff filed his
28 Bankruptcy schedules, which listed the debt secured by the Deed of Trust as a secured claim.

1    *See* Bankruptcy Schedules as Exhibit 3 to Dkt. No. 104.  On or about April 25, 2009, the

2    Bankruptcy Court discharged Plaintiff. *See* Discharge of Debtor as Exhibit 4 to Dkt. No. 104.

3        The Deed of Trust was assigned to BNYM, as evidenced by the Corporate

4    Assignment of Deed of Trust recorded on August 24, 2011. *See* Corporation Assignment of

5    Deed of Trust Arizona as Exhibit 5 to Dkt. No. 104.  Also on August 24, 2011, a Substitution

6    of Trustee was recorded naming Recontrust Company, N.A. as the trustee under the Deed of

7    Trust.  *See* Substitution of Trustee as Exhibit 6 to Dkt. No. 104.  On or about August 2, 2013,

8    due to Plaintiff's default on the Loan, a Notice of Trustee's Sale was recorded against the

9    Property, scheduling the Trustee's Sale for November 8, 2013. *See* Notice of Trustee's Sale

10   Arizona as Exhibit 7 to Dkt. No. 104.

11                          **III.    PROCEDURAL SUMMARY**

12       On October 23, 2013, Plaintiff commenced the instant action by filing a Complaint.

13   *See* Dkt. No. 1.

14       On November 19, 2013, Plaintiff filed a First Amended Complaint which was

15   subsequently dismissed. *See* Dkt. No. 93.

16       On October 23, 2014, Plaintiff filed a Second Amended Complaint which was

17   dismissed with prejudice except for the Quiet Title claim (dismissed without prejudice). *See*

18   Dkt. No. 121.

19       On May 4, 2015, Plaintiff filed his Third Amended Complaint seeking to quiet title to

20   the Property based on the "Tender Rule" and "Arizona Statutes of Limitations." *See* Dkt. No.

21   122.

22                          **IV.    ARGUMENT.**

23   **A.    Legal Standard.**

24       The standard to be applied to a motion to dismiss for failure to state a claim upon

25   which relief can be granted pursuant to FRCP Rule 12(b)(6) is well-established:  a complaint

26   may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support

27   of its claim which would entitle it to relief. *Conley v. Gibson* 355 U.S. 41, 45-46 (1957); see

28   also *Gillespie v. Civiletti*, (9th Cir. 1980) 629 F.2d 637, 640; *De La Cruz v. Tormey*, (9th Cir.

1978) 582 F.2d 45, 48, <u>cert. denied</u>, 441 U.S. 965 (1979).  Additionally, although a plaintiff needs to provide only a 'short and plain statement of the claim,' [pursuant to *FRCP* Rule 8]... where the claims in a Complaint are insufficiently supported by factual allegation, the claims may be disposed of by summary dismissal. *Balistreri v. Pacifica Police Department*, (9th Cir. 1988) 855 F.2d 1421, 1424; *Stinson v. Home Insurance Co.,* (N.D. CA 1988) 690 F.Supp. 882, 886; *Dack v. Shanman*, (S.D.N.Y. 1964) 227 F.Supp. 26, 30 (dismissing complaint where count was so sketchy as to be unintelligible).    Although all well-pled facts in the complaint are deemed true in ruling on a motion to dismiss, conclusory allegations are disregarded. *McCarthy v. Mayo*, (9th Cir. 1987) 827 F.2d 1310, 1316.  A complaint may be dismissed as a matter of law under FRCP Rule 12(b)(6) for (a) lack of a cognizable legal theory or (b) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984); *see* generally *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). In terms of the latter, "factual allegations must be enough to raise a right to relief above the speculative level" and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" must be alleged. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  **Courts should dismiss any claim "that fails to plead sufficiently all required elements of a cause of action**." *Student Loan Mktg. Ass'n*, 181 F.R.D 629, 639.  A plaintiff cannot avoid this bar by clothing legal conclusions in the guise of facts to take advantage of the liberality with which courts otherwise view pleadings. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Thus, the liberality with which courts view pleadings cannot salvage a conclusive claim unsubstantiated by transparent fact. *Id.* at 624.  In fact, while Courts consider facts in the complaint as true on a motion to dismiss, they do no "assume the truth of legal conclusions merely because they are in the form of factual allegations." *Id.*  In *Ashcroft v. Iqbal*, the United States Supreme Court admonished that the FRCP "demand[s] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 565 U.S. 662, 677 (2009). The Court made clear that **"threadbare recitals of a cause of action's**

1  **elements supported by conclusory statements" are insufficient to overcome a motion to**

2  **dismiss.** *Id*. at 678.

3      Finally, the court does not have to accept alleged facts as true, when they contradict

4  matters subject to judicial notice. *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,* 245

5  F.2d 67, 70 (9th Cir. 1956).  Moreover, "judicial notice may be taken of a fact to show that a

6  Complaint does not state a cause of action." *Id. at* 70; *Estate of Blue v. County of Los*

7  *Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).

8      In this case, Plaintiff's quiet title claim fails as a matter of law since Plaintiff has not

9  provided payment of the total amount due under the subject loan nor has the applicable

10  statute of limitations expired.  Accordingly, Plaintiff's claim must be dismissed with

11  prejudice.

12  **B.    Plaintiff's Quiet Title Claim Based on the "Tender Rule" Fails.**

13      To quiet title, the plaintiff must allege, in a verified complaint, that he possesses title

14  to the subject property, that the defendant claims an interest adverse to his, and that it would

15  be inequitable to let the defendant's interest stand. A.R.S. § 12-1102; *Lavidas v. Smith*, 195

16  Ariz. 250, 256, 987 P.2d 212, 218 (Ct. App. 1999). Further, "in an action to quiet title, the

17  party invoking the court's jurisdiction is required to do equity and, if it appears there is an

18  unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the

19  title until and unless he pays off such mortgage lien." *Farrell v. West*, 114 P.2d 910, 911

20  (Ariz. 1941).

21      *1.    Plaintiff Failed to Pay the Loan Balance.*

22      In this case, Plaintiff cannot bring a quiet title action because he has not paid off the

23  Loan. Indeed, throughout the TAC, Plaintiff alleges that he made "Good-Faith **Offer[s]**" to

24  pay the balance due under the Loan, but nowhere does Plaintiff allege that funds were sent.

25  Moreover, Plaintiff's interpretation of the "Tender Rule" is misguided and in no way

26  supports **his** position that a mere offer to pay constitutes payment.

27      Plaintiff's TAC alleges that he "tendered a payment for the full amount due." *See*

28  TAC ¶ 33. However, Plaintiff then clarifies his use of the term "tendered" by citing to the

1  Arizona Supreme Court case of *Gastelo v. Chavarria*, 96 Ariz. 209, 210, 393 P.2d 905, 905
2  (1964), which, according to Plaintiff, concludes that a mere offer to pay constitutes a tender.
3  *See* TAC ¶ 33, footnote 1. Plaintiff's reliance on *Gastelo* to support his definition of
4  "tendered" is completely without merit. Although the decision is brief, the Court in *Gastelo*
5  affirmed the trial judge's decision that an actual tender of cash was made, rather than a mere
6  **offer** to make a tender, and therefore the tenderor's demand for specific performance of the
7  purchase contract was granted.

8      Aside from the obvious glaring factual dissimilarities between *Gastelo* and the instant
9  case, *Gastelo* does not support Plaintiff's Claim that a mere **offer** to make payment
10  constitutes an actual tender of the funds. On this basis alone, Plaintiff's quiet title claim must
11  fail.

12          2.    *It Is Inequitable to Quiet Title In Favor of Plaintiff.*

13      As Plaintiff has not demonstrated he made payment in full of the Loan to justify
14  quieting title to the Property, he likewise cannot demonstrate that quieting title in his favor
15  would be equitable. Indeed, just the opposite is true, SPS and BNYM's predecessors in
16  interest loaned Plaintiff money secured by the Property and Plaintiff has not repaid same.
17  Any equitable considerations lie heavily in favor of SPS and BNYM. As such, Plaintiff's
18  claim for quiet title must be dismissed with prejudice.

19  **C.    Plaintiff's Quiet Title Claim Based on the "Statute of Limitations" Fails.**

20      Plaintiff's claim for quiet title, based on the expiration of the applicable statute of
21  limitations, is equally without merit because Plaintiff does not allege and cannot demonstrate
22  that the Loan was accelerated more than six years prior to filing the instant action. For this
23  reason, as discussed more thoroughly below, Plaintiff's Complaint must be dismissed.

24      In Arizona, the relevant statute is A.R.S. § 33-816, which provides that:

25          The trustee's sale of trust property under a trust deed shall be made, or any
26          action to foreclose a trust deed as provided by law for the foreclosure of
            mortgages on real property shall be commenced, within the period
27          prescribed by law for the commencement of an action on the contract
            secured by the trust deed.

28  The time period for commencement of an action on a contract is codified in A.R.S. §

12-548(A) which states, in pertinent part:

> An action for debt shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward, if the indebtedness is evidenced by or founded on either of the following:

>    1.    A contract in writing that is executed in this state.

Accordingly, the operative statute of limitations for either foreclosure under the Deed of Trust or suit on the Loan is 6 years. Further, "[w]hen an installment contract contains an optional acceleration clause, though, an action as to future installments does not accrue until the holder exercises the option to accelerate." *Baseline Fin. Services v. Madison*, 229 Ariz. 543, 544, 278 P.3d 321, 322 (Ct. App. 2012) citing *Navy Fed. Credit Union v. Jones*, 187 Ariz. 493, 496, 930 P.2d 1007, 1010 (Ct. App. 1996).

Here, because the Deed of Trust requires monthly installment payments beginning on December 12, 2006 and ending January 1, 2037, and contains a clause authorizing the lender, at its **option**, to require immediate payment in full of all sums secured by the Deed of Trust (Paragraph 22), the statute of limitations begins running at acceleration of the Loan.

In support of his assertion that the statute of limitations began running on December 19, 2008, Plaintiff attaches a "Notice of Intent to Accelerate." (*See* Dkt. No. 122 Ex A). This Notice **does not** provide that the amounts due under the Loan were accelerated. Indeed, the Notice merely states that **if** the default under the Loan is not cured, "the mortgage payments **will be** accelerated…and foreclosure proceedings will be initiated at that time." (*See* Dkt. No. 122 Ex A) (emphasis added). Since Plaintiff admits that the first foreclosure sale was not scheduled until August 21, 2011 (*see* Dkt. No. 122, ¶ 17), it necessarily follows that the amounts due under the Loan were not accelerated until that time, and Plaintiff had not alleged that the Loan was accelerated at any other time. Accordingly, as six years from August 21, 2011 is August 21, 2017, the statute of limitations on BNYM's right of foreclosure or suit on the loan has not yet expired.

Finally, assuming *arguendo*, that the statute of limitations had expired, such expiration is not a basis to quiet title as BNYM's lien does not expire at this time and in fact would

**AMENDED MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1 │ remain on the Property until approximately January 1, 2047 (final maturity date on the Loan

2 │ plus 10 years). *See* A.R.S. § 33-714.

3 │         As such, Plaintiff's claim for quiet title based on expiration of the statute of limitations

4 │ fails as a matter of law and should be dismissed.

5 │ **V.    <u>CONCLUSION.</u>**

6 │         Based on the foregoing, Plaintiff's Third Amended Complaint must be dismissed as it

7 │ fails to state a claim upon which relief can be granted. Namely, Plaintiff's quiet title claim

8 │ fails as a matter of law since Plaintiff has not provided payment of the total amount due

9 │ under the Loan nor has the applicable statute of limitations expired.

10 │         **WHEREFORE**, for all of the foregoing reasons, SPS and BNYN respectfully request

11 │ this Court dismiss Plaintiff's Third Amended Complaint with prejudice and award SPS and

12 │ BNYM their attorneys' fees and costs incurred herein and for such other and further relief as

13 │ this Court deems just and proper.

14 │         **RESPECTFULLY SUBMITTED** this 1st day of June, 2015.

15 │                          **WRIGHT, FINLAY & ZAK, LLP**

16 │

17 │                          /s/ *Kim R. Lepore*
   │                          KIM R. LEPORE
18 │                          Attorneys for *Defendants* Select Portfolio
   │                          Servicing, Inc. and The Bank of New York
19 │                          Mellon fka The Bank of New York as Trustee
   │                          for the Certificateholders of CWALT, Inc.,
20 │                          Alternative Loan Trust 2007-OA7, Mortgage
   │                          Pass-Through Certificates, Series 2007-OA7

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

**AMENDED MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1 The foregoing was electronically
filed this $\underline{1}^{st}$ day of June, 2015.

2 COPIES of the foregoing were mailed
this $\underline{1}^{st}$ day of June, 2015 to:

3

4 Ivaylo Tsvetanov Dodev
6312 S/ 161st Way
Gilbert, AZ 85298

5 Plaintiff *in propria persona*

6 Sean K. McElenney. Esq.
Coree E. Neumeyer, Esq.

7 Eric M. Moores, Esq.
Bryan Case LLP

8 2 North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406

9 Attorneys for ReconTrust

10

11 */s/ Steve Bennett*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 2:13-cv-02155-DLR
**AMENDED MOTION TO DISMISS THIRD AMENDED COMPLAINT**