Ivaylo Tsvetanov Dodev,

c/o 6312 South 161st Way
  Gilbert, Arizona
  (480) 457-8888 Phone
  (480) 457-8887 Facsimile
  dodev@hotmail.com

*Pro Se*

FILE ON DEMAND
FOR THE RECORD

```
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

     JUN 22 2015

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Ivaylo Tsvetanov Dodev,**<br><br>                  **Plaintiff,**<br><br>v.<br><br>**ReconTrust Company, NA, et all.,**<br><br>                  **Defendants.** | Case No. CV-13-02155-PHX-DLR<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS SELECT PORTFOLIO SERVICING AND THE BANK OF NEW YORK MELLON, AS TRUSTEE'S *AMENDED* MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>(Hon. Douglas L. Rayes) |

Here comes Claimant, Ivaylo Tsvetanov Dodev ("Plaintiff"), *pro se*, with his response in opposition to the above captioned motion (Doc. 129), (the "Motion"), submitted for the above captioned defendants (the "Defendants"), signed by counsel Kim R. Lepore, ("Counsel").

### MEMORANDUM OF POINTS AND AUTHORITIES

#### I.   INTRODUCTION

Counsel's 8-page Motion, mostly comprised of a 5-page boilerplate introduction, fails to refute the well plead causes of action in Plaintiff's *factual* Third Amended

1 | Page of Plaintiff Response to Motion to Dismiss filed by SPS and BNY Mellon

Complaint, Doc. 122, ("TAC"). Being unable to rebut Plaintiff's *tender* claim, Counsel brings an affirmative defense: "Plaintiff has not provided *payment* of the total amount due" - regurgitated on page 2, 5, 6 and 8 of the Motion. Plaintiff commenced this Verified Action-at-Law for quiet title based on tender, not on payment. Under Arizona Law there is a clear distinction between a payment and a tender: (It is well-settled in Arizona that a party cannot quiet title pursuant to A.R.S. § 12-1101 until the party has paid off the loan, **or tendered** the balance due under the loan. Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941))[1]; (Arizona law does not allow a homeowner to quiet title…until the debt on the home is paid or **offered to be paid**. Wolfson v. Bank of America, NA, No. 1 CA-CV 12-0691 ¶6 (Ariz. Ct. App. Mar. 11, 2014).

Plaintiff made a good-faith offer to pay the entire balance due (TAC ¶¶ 35-39); followed by default notice with another offer to pay; followed by an opportunity to cure the default with yet another offer to pay, followed by yet another; fourth offer to pay (Doc. 96 at Ex. V)[2], prior to commencing this action. Rejection of an offer to pay by a party entitled to a payment extinguishes the lien and discharges the obligor from the obligation because the law does not require a futile or useless act (TAC ¶¶ 42, 44). See United Cal. Bank v. Prudential Ins. Co., Etc, 681 P. 2d 390 - Ariz: Court of Appeals, 1st Div., Dept. A 1983. Adopted from the region of north.

Bringing 'Payment' as a defense in a 12(b)(6) motion is an affirmative action under the Federal Rule of Civil Procedure ("FRCP"). FRCP 8(b)(1)(A) requires a party

---

[1] Adopted from Counsel's Motion to Dismiss Plaintiff's SAC (Doc. 103, at 12) - evidence of the fact that Counsel differentiates between a payment and a tender.
[2] All documents referenced herein are incorporated hereto.

2 | Page of Plaintiff Response to Motion to Dismiss filed by SPS and BNY Mellon

responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." Rule 8(c)(1) states that a defendant "must affirmatively state any avoidance or affirmative defense," and provides a list of nineteen affirmative defenses. The defendant[1] bears the burden of proof on an affirmative defense. See Kanne v. Conn. Gen. Life Ins. Co., 867 F.2d 489, 492 n.4 (9th Cir. 1988). Each affirmative defense must be supported by factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Such a defense must be proven by a *preponderance of credible evidence*. (In a civil action, the burden of proof is by the preponderance of the evidence[2], and the defendant has the burden of proving an affirmative defense.) See Weekly, 181 Ariz. at 166 n. 5, 888 P.2d at 1353 n. 5; Pfeil v. Smith, 1995.

Having concluded that *Payment* is an affirmative defense, similar to the accrual of statutes of limitations, we next turn to how Arizona courts resolve genuine, material factual disputes involving affirmative defenses. In general, such disputes are questions of fact for the jury which cannot be decided through administrative ruling on motion to dismiss. See Walk v. Ring, 202 Ariz. 310, 316, ¶ 23, 44 P.3d 990, 996 (2002) (stating that "determinations of the time when discovery occurs and a cause of action accrues `are usually and necessarily questions of fact for the jury'" (quoting Doe v. Roe, 191 Ariz. 313, 323, ¶ 32, 955 P.2d 951, 961 (1998))); accord Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am., 182 Ariz. 586, 591, 898 P.2d 964, 969 (1995) (holding that the trial court correctly let the jury decide when discovery of a contract injury occurred).

---

[1] Jones v. Taber, 648 F.2d 1201, 1203 (9th Cir. 1981).
[2] Martin v. Weaver, 666 F.2d 1013, 1019 (6th Cir. 1981).

3 | Page of Plaintiff Response to Motion to Dismiss filed by SPS and BNY Mellon

Moreover, Defendants' <u>Motion failed to provide a preponderance of evidence that the loan was not accelerated,</u> besides the mere bare-bone conclusory statement by Counsel: "Plaintiff's claim for quiet title, based on the expiration of the applicable statute of limitations, is equally without merit because Plaintiff does not alleges and cannot demonstrate that the Loan was accelerated" (Motion at 6). Therefore, for the reasons stated herein above, as discussed thoroughly below—clad in relevant Arizona Law, case law and material factual evidences—Plaintiff respectfully request that Defendants' Motion be summarily denied.

## II.   LEGAL ARGUMENT

Judicial prudency favors resolving cases on their merits, based on admissible facts submitted into evidence, governed by the law and the venue of the Action, rather than through technical challenges to the pleadings. When deciding a 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations of the complaint and draw all inferences in favor of the pleader. See <u>City of Los Angeles v. Preferred Communications, Inc.</u>, 476 U.S. 488, 493 (1986); <u>Mills v. Polar Molecular Corp.</u>, 12 F.3d 1170, 1174 (2d Cir.1993). The complaint is deemed to include any written instrument attached to it as an <u>exhibit</u> or any statement or <u>documents incorporated in it by reference</u>. <u>Cortec Indus., Inc. v. Sum Holdings L.P.</u>, 949 F.2d 42, 47 (2d Cir.1991). The Court also ought to consider matters of which <u>judicial notice is given</u>. <u>Leonard T. v. Israel Discount Bank of New York</u>, 199 F.3d 99, 107 (2d Cir.1999). The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed "[u]nless it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u> (1957), 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2LEd 2d 80; <u>Seymour v. Union News Company</u>, 7 Cir., 1954, 217 F.2d 168;

It is *"only the extraordinary case in which dismissal is proper"* for failure to state a claim. <u>United States v. City of Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981). A court may dismiss a complaint as a matter of law only if the complaint: (1) lacks a cognizable legal theory; or (2) fails to contain sufficient facts to support a cognizable legal claim. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984). When ruling on a motion to dismiss, the court must assume that the complaint's factual allegations are true and should construe all inferences from them in the non-moving party's favor. <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002); <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

### III.     CONTRA-ARGUMENTS

**A.     Plaintiff has Sufficiently Plead Tender**

As aforementioned, Counsel ignored that Plaintiff asserted arguments under *tender* (TAC ¶¶ 32-44) and drifted into never alleged, *Payment*[1] defenses. (Motion at 2, 5, 6 and 8.) The term "tender" as used in the books, denotes a <u>legal offer</u>, one which one party is under obligation to make and the other bound to accept. See <u>Duluth v. Knowlton</u>, 42 Minn. 229; <u>Patnote vs. Sanders</u>, 41 Vt. 66. A tender is an unconditional <u>offer</u> by a debtor or obligor to pay another, in current coin of the realm, a sum not less in amount than that due on a specified debt or obligation. <u>Somerton State Bank v.</u>

---

[1] Affirmative defense, See FRCP 8(c)

Maxey, 22 Ariz. 365, 197 P. 892, 14 A.L.R. 1117; Walker v. Houston, 215 Cal. 742, 12 P.2d 952, 87 A.L.R. 937; Equitable Life Assur. Soc. of United States v. Boothe, 160 Or. 679, 86 P.2d 960.

Plaintiff submitted his Good-Faith-Offer(s) to pay the total balance due on his loan to seven or more parties (TAC ¶¶ 36, 37). It is preposterous to suggest that that you have to send funds with your good faith offer to pay, "[b]ut nowhere does Plaintiff allege that funds were sent" (Motion at 5). Through this allegation, Counsel implies that Plaintiff had to send $6,034,000,000 (six million thirty-four hundred thousand), his offer of ≈ $862,000 x 7 [the number of recipients of his good faith offer to pay], in order for his offer to be valid. (TAC ¶¶ 27, 34-39.)

In his offers to pay, Plaintiff requested in plain text that the parties name any ESCROW company or a place of business where he can bring the funds in order to complete his obligation under the loan. None of the recipients of his good-faith offer to pay, including the Defendants under this verified action, were willing to accept the offered funds. Arizona case law unequivocally supports the rule of tender, which excuses the offering party from having to pay actual funds upon rejection of an offer to pay (TAC ¶¶ 43, 44). (A breach of contract giving rise to a claim for damages and also excusing the necessity for the non-breaching party to tender performance.) Kammert Bros. Enter., Inc. v. Tanque Verde Plaza Co., 428 P. 2d 678 - Ariz: Supreme Court 1967; (Therefore tender of the purchase price by the buyer was excused, since an actual tender is unnecessary where it is clear that the other party will not accept it, rendering the act useless.) Lee v. Nichols, 81 Ariz. 106, 301 P.2d 1022 (1956.) Schmitt v. Sapp,

71 Ariz. 48, 223 P.2d 403 (1950); (It was sufficient that the buyer was ready, willing, and offered to perform.) Lee v. Nichols, supra; (Stated another way, tender is excused where a party indicates it will not be accepted because the law does not require the nonbreaching party to do a futile or useless act) United Cal. Bank v. Prudential Ins. Co., Etc, 681 P. 2d 390 - Ariz: Court of Appeals, 1st Div., Dept. A 1983; (objection to a tender should be made at the time of the tender, and silence is construed as a waiver of any objection.) Mariposa Dev. Co. v. Stoddard, 147 Ariz. 561, 565, 711 P.2d 1234, 1238 (App.1985).

The TAC clearly established that such was the case here and Defendants have brought no defense but a false assertion that in the Gastelo[1] case [on of the several Arizona cases used in the TAC] "an actual tender of cash[2] was made, rather than a mere offer to make a tender" (Motion at 6), *contradictory* to how the Supreme Court of Arizona decision reads: "[t]here is a conflict in the testimony as to whether the cash was actually shown to Mrs. Gastelo." (Same footnote.)

To further our understanding of tender we must look at the Arizona Revised Statutes ("ARS") (When determining the meaning of a statute, we first look to the plain language of the statute as the most reliable indicator of its meaning) Nordstrom, Inc. v. Maricopa County, 207 Ariz. 553, 556, ¶ 10, 88 P.3d 1165, 1168 (App.2004)[3]. As plead

---

[1] Gastelo v. Chavarria, 393 P. 2d 905 - Ariz: Supreme Court
[2] Cash under the case tendered is $150 (one hundred and fifty dollars)
[3] "Our goal in interpreting statutes is to determine and apply the legislature's intent." Morgan v. Carillon Invs., Inc., 207 Ariz. 547, 549, ¶ 7, 88 P.3d 1159, 1161 (App.2004). "To assist in determining the legislative intent, we may also consider the statute's context, language, subject matter, historical background, effects and consequences, spirit and purpose." Garden Lakes Cmty. Ass'n, Inc. v. Madigan, 204

in Plaintiff's complaint (TAC ¶ 42), under ARS § 47-3603(B) "[I]f tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge[1]."

*Out of an abundance of caution*, Plaintiff gives notice to this Court that ARS § 47 is a viable law which can be considered under the Loan. The Arizona Court of Appeals had confirmed feasibility of title 47: "Under ARS § 47-3602, 'an instrument is paid to the extent payment is made by or on behalf of a party obliged to pay the instrument and to a person entitled to enforce the instrument.'" Steinberger v. McVey, 318 P. 3d 419 - Ariz: Court of Appeals, 1st Div. 2014. (TAC ¶ 59). The Supreme Court of Arizona, which plainly stated that "The trust deed statutes do not require compliance with the UCC before a trustee commences a non-judicial foreclosure" Hogan v. Washington Mut. Bank, NA[2], 277 P. 3d 781 - Ariz: Supreme Court 2012, never nullified the compliance with ARS § 47 in regard to other remedy, under Arizona law, but specifically addressed non-judicial foreclosure under the DOT.

Offers to pay and tender under ARS § 47 are not meant to operate under the Deed of Trust ("DOT") but under the Loan itself. When a valid tender is rejected the Loan is satisfied in full and this subsequently has an effect on the DOT; as an operation of law, the satisfaction of the obligation functions to terminate the lien.

---

Ariz. 238, 241, ¶ 14, 62 P.3d 983, 986 (App. 2003). We must strive to give effect to each word of the statute. Guzman v. Guzman, 175 Ariz. 183, 187, 854 P.2d 1169, 1173 (App. 1993).

[1] "As applied to demands, claims, rights of action, encumbrances, etc., to discharge the debt or claim is to extinguish it, to annul its obligatory force to satisfy it." Black's Law Dictionary, Fourth Edition, page 549.

[1] The case has been grossly misapplied by counsels under this action.

8 | Page of Plaintiff Response to Motion to Dismiss filed by SPS and BNY Mellon

ARS § 47-3603 reads: "the effect of **tender** is governed by principles of **law applicable to tender** of payment under a simple contract." Arizona Law does not provide a clear definition of tender law; it simply alludes to 'law applicable to tender.' Tender - <u>Black's Law Dictionary</u>, 4th Edition, page 1637 "The offer of performance, <u>not performance itself</u>, and when unjustifiably refused, places other party in default and permits party making tender to exercise remedies for breach of contract". (<u>Walker v. Houston,</u> 215 Cal. 742, 12 P.2d 952, 953, 87 A.L.R. 937.)

Our sister courts from the ninth circuit have elaborated on the law of tender: "A **tender** of the amount of a debt, though refused, extinguishes the lien of a pledgee, and will entitle the pledgor to recover the property pledged." <u>Loughborough v. McNevin,</u> 74 Cal 250 [14 P. 369, 15 P. 773]; 5 Am.St.Rep. 435; "The principle governing the subject is that **tender** is equivalent to **payment** as to all things which are incidental and accessorial to the debt. The creditor, by refusing to accept, does not forfeit his right to the thing tendered, but he does lose all collateral benefits or securities. The instantaneous effect is to discharge any collateral lien, as a pledge of goods or right of distress." <u>Tiffany v. St. John,</u> 65 N.Y. 318; 22 Am.Rep. 612: "A tender of the proper amount due, even if rejected, extinguishes the lien and preclude foreclosure." <u>Kleckner v. Bank of America</u> (1950) 97 Cal. App.2d 30, 33 [217 P.2d 28]; <u>Lichty v. Whitney</u> (1974) 80Cal. App.2d 696, 701 [182 P.2d 582].

Even though Arizona does not have a clear statute an offer to pay as Oregon: "**An offer in writing to pay** a particular sum of money or to deliver a written instrument or specific personal property is, **if not accepted, equivalent to the actual**

**production and tender of the money**, instrument or property" (OS 81.010 Effect of unaccepted offer in writing to pay), the ARS are clear that "the effect of **tender** is governed by principles of **law applicable to tender.**"[1] As such, the applicable law, as elaborated through legal literature, statutes and court rulings of Arizona's courts and sister jurisdictions[2], would hold that the failure of Defendants to accept Plaintiff's offer to pay served to satisfy the obligation in full and subsequently extinguish the lien.

Moreover, the case laws submitted herein and under the TAC affirm that an offer of tender refused or ignored, according to operations of law, puts the nonperforming party in default and gives the performing party the right and remedy to demand a discharge of the debt, and requires the lender to reconvey title due to his default and silence in response to an offer. Additionally, requiring of actual payment is a futile act. "Under these circumstances, requiring Best to actually tender the $75,000.00 payment would, in essence, require Best to perform a futile act, because Cortez has already expressed her intention not to accept the payment." Best v. Cortez, 2013, (citing Nelson v. Cannon, 616 P. 2d 56 - Ariz: Court of Appeals, 1st Div., Dept. A 1980.)

**B.  Plaintiff has Sufficiently Plead Arizona Statutes of Limitation**

In this present case, there is no dispute that "the operative state of limitation for either foreclosure under the DOT or suit on the Loan is 6 years" (Motion at 6). See De Anza Land & Leisure Corp. v. Raineri, 137 Ariz. 262, 11 669 P.2d 1339 (App. 1983) (holding that foreclosure was also barred by statute of limitation).

---

[1] A.R.S. § 47-3603
[2] This action is brought in Arizona district court, making relevant other district court's interpretations of offer and tender.

Counsel errs by stating that "Plaintiff does not allege and cannot demonstrate that the Loan was accelerated more than six years prior to filing the instant action" (Motion at 6) (see TAC ¶¶ 46, 49, 50) and selectively quotes the Notice of Intent to Accelerate ("the Notice") in an attempt to derail this Court into thinking that acceleration did not occur. The Notice states in relevant part that "if the default is not cured <u>on or before January 16, 2009</u>, the mortgage payments **will be** accelerated" and again "failure to bring your loan current or to enter into a written agreement by January 16, 2009…**will result** in the acceleration of your debt" (TAC Ex A). In the plain language of the Notice, because the default was not cured by the given date, the acceleration took place "at that time".

The Notice derived from Covenant 22 under the DOT in which the Lender is required to give the Borrower notice of default and inform him that if not cured by a certain date it "**may** result in acceleration". The Notice Plaintiff was furnished with, however, is unambiguous and states that failure to comply "**will** result in acceleration". As such, Plaintiff contends the Court should construe this to mean that the acceleration took place on January 16, 2009.

Furthermore, "On or about January 5, 2009, Plaintiff filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, District of Arizona. See Voluntary Bankruptcy Petition, See Bankruptcy Schedules as Exhibit 3 to Dkt. No. 104, attached as Exhibit 2 to Dkt. No. 104. On or about January 20, 2009, Plaintiff filed his Bankruptcy schedules, which listed the debt secured by the Deed of Trust as a secured claim." (Motion at 2-3.) (TAC ¶¶ 23, 24.)

On or about January 23, 2009 Countrywide Home Loans Servicing ("Secured Creditor") filed a Motion for Relief from the Automatic Stay ("Relief Motion"), (Doc 15 under said proceeding), (Exhibit A) and Supplemental Declaration of Marita Graulich, (Doc 16 under said proceeding), (Exhibit B). Plaintiff contends that filing of the Motion and an itemized accounting of unpaid balances with a <u>total amount due</u> in the Declaration commenced the statute of limitation, if it was not yet commenced as of the date on the Notice.

In its discussion on ascertaining "how one can effectively invoke an acceleration clause," the W. Va. Supreme Court of Appeals in <u>Sport Mart, Inc. v. Knell</u>, No. 11-0048 (W. Va. Nov. 28, 2011) noted that "many other jurisdictions have ruled on the issue. The consensus among these courts is that the one invoking the acceleration clause must take an affirmative step to apprise the defaulting party that the debt is due now[1]." (One can affirmatively invoke the acceleration clause and put the defaulting party on notice by filing suit against the defaulting party. <u>United Ben. Life Ins. Co. v. Holman,</u> 177 Neb. 682, 130 N.W.2d 593 (1964). In the context of a demand note, making a demand for payment or sending a **written notice** is an affirmative step that will put the defaulting party on notice. <u>Clark v. Trumble, 44 Mass.</u> App. Ct. 438, 692 N.E.2d 74 (1998); <u>Central Home Trust. Co. of Elizabeth v. Lippincott,</u> 392 So.2d 931 (Fla. App., 1980). <u>Id</u>.)

---

[1] <u>Clark v. Trumble,</u> 44 Mass. App. Ct. 438, 692 N.E.2d 74 (1998); <u>Morris v. Granger,</u> 675 S.W.2d 15, 17 (Mo.Ct. App. 1984); <u>Central Home Trust. Co. of Elizabeth v. Lippincott,</u> 392 So.2d 931 (Ha. App., 1980); <u>Moresi v. Far West Services, Inc.,</u> 291 F.Supp. 586, (D.Hawaii 1968); <u>United Ben. Life Ins. Co. v. Holman,</u> 177 Neb. 682, 130 N.W.2d 593 (1964); <u>Boulukos v. Chresafes,</u> 20 Misc. 2d 673, 187 N.Y.S.2d 141 (Sup 1959); <u>Kleiman v. Kolker,</u> 189 Md. 647, 57 A.2d 297 (1948).

12 | Page of Plaintiff Response to Motion to Dismiss filed by SPS and BNY Mellon

The <u>Sport Mart, Inc. v. Knell</u> court noted that in <u>Bamett v. Hitching Post Lodge, Inc.</u>, 101 Ariz. 488, 421 P.2d 507 (1966) "the Supreme Court of Arizona found, inter alia, that an acceleration clause was invoked when the non-defaulting party took the affirmative step of filing a proof of claim against the defaulting party" seeing as "a proof of claim is a way for a creditor to put essential parties on notice that the debtor/defaulting party owed the creditor money and that the creditor wants to be paid" ("notice that their debt obligation was now due") <u>Id</u>.

As the case was a Chapter 7 non-asset, liquidation bankruptcy, no proof of claim was filed. Instead, through the Relief Motion and Supplemental Declaration, Plaintiff was put on notice that, due to the delinquency, "secured creditor has elected to initiate foreclosure proceedings" (Doc 15 at 4 and Doc 16 at 4, Under Exhibits A and B) and that "with respect to Secured Creditor's Trust Deed, the following is due and owing:," followed by an itemized accounting of unpaid balance plus delinquencies, **totaling $731,148.94** (Doc 16 at 3, Under Exhibit B). The Relieve Motion and Declaration were an affirmative step with the Declaration notarized and signed under perjury. Plaintiff contends, as stated herein above, that the Relief Motion clearly states that a debt is immediately due and owing, the amount of the debt, and that the creditor has elected to foreclose, is an action that can only be commenced after an option to accelerate takes place [as a matter of law].

As such, there are two possible dates on which the statute of limitation may have started running, January 16, 2009 as duly noted on the Notice (TAC, Ex A) or by or on January 23, 2009 when the "secured creditor has elected to initiate foreclosure