proceedings" (Doc 15 at 4 and Doc 16 at 4, Under Exhibits A and B), and the six year statute of limitation has now elapsed as a matter of law.

In the aforementioned Relief Motion, the secured creditor gives notice to the court that "[t]here is currently a second Trust Deed upon the Property in favor of and/or serviced by COUNTRYWIDE HOME LOANS, securing a Promissory Note in an unknown original amount" (Doc 15 at 2, Ex A). This Court should take notice that said loan is now paid and the deed is reconveyed (TAC ¶¶ 14, 15) and the only other loan through which *any* creditor might have an interest adverse to Plaintiff's interest in the estate, subject to this quiet title action, is precluded from enforcement by the statute of limitation.

Additionally, Counsel makes a conclusion of law that even if the statute of limitation had expired, "such expiration is not a basis to quite title as BNYM's lien does not expire at this time" but at the final maturity date plus 10 years, citing ARS § 33-714 - without supportive case law (Motion at 7). Contrarily, the Arizona Court of Appeals, Division Two has reviewed the issue before and found that ARS § 33-714 does not contradict the statute of limitation <u>Mariposa Enterprises, Inc. v. Lawyers Title Of Arizona</u>, No. CV-00-147, (Ariz. Ct. App. Jul. 24, 2007).

The court noted that "[s]ection 33-714 by its terms sets forth an outer limit for the expiration of mortgage liens. Interpreting it to extend the statute of limitations on a mortgage foreclosure would cause it to conflict with § 12-548 and the six-year limitation as interpreted in <u>De Anza</u>. **But § 33-714 states that it does not apply to a mortgage lien otherwise satisfied or discharged**, indicating that the legislature did not

intend to extend the period for foreclosure. Even if the language of the statute might be susceptible to Trust 7214's interpretation, See Stein, 214 Ariz. 200, ¶8, 150 P.3d at 775, the legislative history supports the conclusion that the legislature did not intend to extend the time for foreclosure when it enacted § 33-714." Id. ¶21, 22.

As such, ARS § 33-714 did not change the rule that the statute of limitations in § 12-548 applies both to foreclosure actions and actions on the underlying debt. Because BNYM did not carry on with the foreclosure, although unrestricted by this action (Doc. 55), they can no longer appoint a trustee under the DOT, file notice to foreclose or otherwise initiate foreclosure action as they are bared by the six years statute of limitation. Accordingly, quieting title in favor of Plaintiff would be equitable and just.

## IV.  CONCLUSION

Plaintiff has elaborated the legal principle under the law of tender on which this quite title action is based and pled material facts showing that there was a tender, rejection, and discharge of the lien, in addition to providing evidence that acceleration took place in January 2009. The court should take notice that Defendants, while pleading immaterial[1] to this action defense[2], did not rebut Plaintiff's offers to pay the entire balance due and failed to provide factual evidence that the acceleration did not take place in January of 2009. As such, Plaintiff's TAC is sufficient to survive Defendants' 12(b)(6) motion.

---

[1] "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F. 2d 1524 - Court of Appeals, 9th Circuit 1993
[2] Affirmative defense

Plaintiff contends that he has satisfied the requirements under Arizona's quite title statute (Motion at 5-6). The failure of Defendants to accept Plaintiff's offers to pay is equivalent to a tender of the obligation. Furthermore, Plaintiff has alleged that he holds an interest and title in the subject estate (TAC ¶5, 10-13). Under the DOT, the trustee holds legal title until the loan balance is paid [tendered], ARS § 33-801. Seeing as the full balance has been tendered and the statute of limitation has elapsed, Defendants no longer hold legal title or have the legal right to seek remedy of foreclosure and quite title is both equitable and in the interest of judicial efficiency in order to prevent future legal actions against Defendants.

Further, it appears that there is a genuine, material factual disputes involving affirmative defenses, such as *payment* and demurral to the *statute of limitation*, in general, such disputes are questions of fact for the jury which cannot be decided through administrative ruling on motion to dismiss[1].

**WHEREFORE,** Plaintiff respectfully requests that this Court overrule and summarily deny the Motion and proceed to trial by jury, in an efficient judiciary, conserving resources of all parties.

Respectfully submitted on this 22th day of June, 2015.

*[signature]*

**Ivaylo Tsvetanov Dodev**, Plaintiff in *Pro Se*

---

[1] See Walk v. Ring, 202 Ariz.

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY of the foregoing** are hand-delivered to The United States District Court, for The District of Arizona on this 22st day of June, 2015 by Ivaylo Tsvetanov Dodev.

I HEREBY CERTIFY that the following parties through their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system: RECONTRUST, NA, SELECT PORTFOLIO SERVING, NA, AND BANK OF NEW YORK MELLON.

*/s/ Ivaylo Dodev*

**Ivaylo Tsvetanov Dodev, Plaintiff**
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

**Exhibit A**

1  Jeremy T. Bergstrom, Esq.
   Arizona Bar No. 19399
2  MILES, BAUER, BERGSTROM & WINTERS, LLP
   2200 Paseo Verde Pkwy., Suite 250
3  Henderson, NV 89052
   (702) 369-5960 / FAX (702) 369-4955
4  File No. 09-90232

5  Attorneys for Secured Creditor,
   COUNTRYWIDE HOME LOANS SERVICING, L.P.
6

7                UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF ARIZONA
8
   In re:                                  Chapter 7
9
   IVAYLO TSVETANOV DODEV AND              Case No.: 2:09-BK-00043-CGC
10 NIKOLINA MARKUZOV DODEV AKA
   NIKOLINA TODOROVA MARKUZOV
11 DODEV,
              Debtor(s).
12
   COUNTRYWIDE HOME LOANS
13 SERVICING, L.P.,
              Movant,
14
                  vs.
15
   IVAYLO TSVETANOV DODEV AND
16 NIKOLINA MARKUZOV DODEV AKA
   NIKOLINA TODOROVA MARKUZOV
17 DODEV, Debtor; ROBERT A. MACKENZIE,
   Trustee,
18            Respondents.

19
              **MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
20
       COUNTRYWIDE HOME LOANS SERVICING, L.P., its assignees and/or successor in
21
   interest ("Secured Creditor" herein), moves this Court for an Order terminating the Automatic
22
   Stay so that Secured Creditor (and its Trustee) may commence and continue all acts necessary to
23
   foreclose under the Deed of Trust secured by Debtor's property, generally described as 23410
24
   South 161st Way, Gilbert, AZ 85297 ("Property" herein).

                                            1

1 | There is currently a second Trust Deed upon the Property in favor of and/or serviced by
2 | COUNTRYWIDE HOME LOANS, securing a Promissory Note in an unknown original amount.
3 | The present unpaid principal balance of said Note is $120,486.87 as listed on Schedule D-
4 | Creditors Holding Secured Claims of the Debtor's Schedules. Attached hereto as Exhibit "A" is
5 | a copy of Schedule D-Creditors Holding Secured Claims of the Debtor's Schedules. Secured
6 | Creditor will seek leave of Court to specify the amount of delinquency thereon at the time of
7 | Hearing.
8 | In the event Secured Creditor obtains title to the property at its foreclosure sale, Secured
9 | Creditor will incur substantial fees and costs in reselling the Property. Based on past experience
10 | of the Secured Creditor, the additional cost is a minimum of eight to ten percent. This cost is
11 | primarily commission fees on resale, and title and closing costs. Further, it is typical to incur
12 | further expense for putting the property in marketable condition.
13 | Secured Creditor alleges the value of the Property to be approximately $350,000.00 based
14 | upon Schedule A-Real Property of the Debtor's Schedules. Attached hereto as Exhibit "B" is a
15 | copy of Schedule A-Real Property of the Debtor's Schedules. Secured Creditor requests that the
16 | Court take Judicial Notice, pursuant to Federal Rules of Evidence Rule 201, of the attached
17 | Exhibit as to the issue of value of the subject Property.
18 | Secured Creditor alleges that there appears to be no equity with respect to the subject
19 | Property, that Secured Creditor is not adequately protected, that the Property is not necessary for
20 | an effective reorganization, and that cause exists, in that Secured Creditor is not receiving its
21 | regular monthly payments, and/or that it would be unfair and inequitable to delay Secured
22 | Creditor in the foreclosure of Secured Creditor's interest in the subject Property. 11 U.S.C.
23 | Section 362(d).
24 |

1  Secured Creditor is also entitled to attorney's fees and costs under the Note and Deed of
2  Trust securing Secured Creditor's claim, or alternatively under 11 U.S.C. 506(b) and such other
3  relief as the Court deems just and proper.
4
5  **MEMORANDUM OF POINTS AND AUTHORITIES**
6  **STATEMENT OF FACTS**
7  I
8  This Secured Creditor is the servicer and/or beneficiary of a Promissory Note dated
9  December 12, 2006, in the principal amount of $681,750.00, which is secured by the above-
10 referenced Deed of Trust. The original beneficiary under the subject Trust Deed is MERS, Inc.,
11 its successors and assigns, AS NOMINEE for lender, FIRST MAGNUS FINANCIAL
12 CORPORATION, AN ARIZONA CORPORATION. True and correct copies of the Note and
13 Deed of Trust are attached hereto as Exhibits "C" and "D." MERS, INC. is a registry that
14 contains multiple members and that register millions of mortgage backed loans.
15 COUNTRYWIDE HOME LOANS SERVICING, L.P., is a member of MERS, INC. A true and
16 correct copy of the MERS, INC. confirmation of COUNTRYWIDE HOME LOANS
17 SERVICING, L.P., as a member is attached hereto as Exhibit "E." Per the MERS guidelines,
18 any member of MERS may transfer either the servicing rights or the beneficial interest on any
19 MERS loan provided the assignment flows from one MERS member to another MERS member.
20 In the case at bar, COUNTRYWIDE HOME LOANS SERVICING, L.P., was assigned the
21 servicing rights of this MERS loan and, as such, has standing to bring the instant motion for stay
22 relief. Copies of said Note and Deed of Trust are attached hereto as Exhibits "C" and "D" and
23 by this reference incorporated herein.
24

3

1    On or about January 5, 2009, Debtor commenced the current Chapter 7 Bankruptcy
2  proceeding in this Court.
3    The Debtor's total arrearages are broken down on the Supplemental Declaration by the
4  Secured Creditor on file herein.
5    Secured Creditor has elected to initiate foreclosure proceedings on the subject property
6  with respect to the subject Trust Deed. However, Secured Creditor is precluded from proceeding
7  to publish the necessary notices and commencing said foreclosure action during the pendency of
8  this Bankruptcy.

## SECURED CREDITOR IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(d)(2)

### II

11 U.S.C. Section 362(d) provides:

" (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

   (2) with respect to a stay of an act against property under subsection (a) of this section, if-

       (A) the debtor does not have an equity in such property; and

       (B) such property is not necessary to an effective reorganization…"

Subsection (2) of 11 U.S. C. Section 362(d) allows the court to grant relief from the automatic stay if the debtor does not have equity in the subject property and if the subject property is not necessary to an effective reorganization. In In re San Clemente Estates, 5 B.R. 605 (S.D. Cal. 1980), the court stated that:

4

1  "Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary
2  to the reorganization, <u>even where</u> the debtor can provide adequate protection under Section 362(d)(1)." (Emphasis added.)
3

4  <u>Id</u>. 5 B.R. at 610.

5  <u>In re Mikole Developers, Inc.</u>, 14 B.R. 524 (1981), involved a claim for relief under 11

6  U.S.C. Section 362(d)(2). The court stated that in determining whether equity exists in the

7  subject property, all encumbrances are totaled, whether or not all the lienholders have joined in

8  the request for relief from stay. <u>Id</u>. at 525. The Ninth Circuit has concurred in this view in

9  <u>Stewart v. Gurley</u>, 745 F.2d 1194 (9th Cir. 1984); see also <u>In re Mellor</u>, 734 F.2d 1396 (9th Cir.

10  1984). An appropriate cost of sale factor should also be added to determine if the debtor has any

11  equity in the property. <u>La Jolla Mortgage Fund v. Rancho El Cajon Associates</u>, 18 B.R. 283, 289

12  (Bankr. S.D. CA 1982).

13  In the present case, the Debtor has little or no equity in the Property, as evidenced by the

14  approximate market value compared to the total liens against the Property, principally that of

15  Secured Creditor herein.

### THE DEBTOR HAS THE BURDEN OF SHOWING THAT THE PROPERTY IS NECESSARY TO AN EFFECTIVE REORGANIZATION, AND ABSENT SUCH A SHOWING RELIEF FROM STAY SHOULD BE GRANTED

### III

20  A creditor is entitled to relief from the automatic stay under Section 362(d)(2) unless the

21  debtor has met the burden of establishing that the property is "necessary to an effective

22  reorganization." Section 362(g)(1) and (2) of the Bankruptcy Code, see <u>In re Roselli</u>, 10 B.R.

23  665 (Bankr. PA 1981).

24

5

"Effective" reorganization means that there must exist a reasonable possibility of such a successful reorganization or rehabilitation. In re Vieland, 41 B.R. 134, 142 (Bankr. Ohio 1984). Since this is a Chapter 7 case, there clearly can be no effective reorganization. Therefore, relief from stay should be granted.

WHEREFORE, Secured Creditor prays judgment as follows:

(1) For an Order granting relief from Automatic Stay, permitting Secured Creditor to move ahead with Foreclosure proceedings under Secured Creditor's Trust Deed, and to sell the subject Property at a Trustee's Sale under the items of said Trust Deed including necessary action to obtain possession of the Property.

(2) For an Order waiving the 10-day stay provided by Bankruptcy Rule 4001(a)(3).

(3) For an Order binding and effective despite any conversion of this bankruptcy case.

(4) For such other relief as this Court deems appropriate.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated: January 23, 2009    By: /s/ Jeremy T. Bergstrom, Esq.
                               Jeremy T. Bergstrom, Esq.
                               Attorney for Secured Creditor

09-90232/azmrs.dot/slw

6

# Exhibit A

B6D (Official Form 6D) (12/07)

In re   **Ivaylo Tsvetanov Dodev,**
        **Nikolina Markuzov Dodev**
                                                                          Case No.  **2:09-bk-00043-CGC**
                                        Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxx8065<br><br>Aurora Loan Services<br>P.O. Box 1706<br>Scottsbluff, NE 69363-1706 | | W | First Mortgage<br><br>Real property located at 19420 E. Hunt Hwy, Queen Creek, AZ<br><br>Value $ 400,000.00 | | | | 544,908.90 | 144,908.90 |
| Account No. xxxxxxxxxx7799<br><br>Bank of America<br>P.O. Box 26078<br>Greensboro, NC 27420 | | W | Third Mortgage<br><br>Real property located at 19420 E. Hunt Hwy, Queen Creek, AZ<br><br>Value $ 400,000.00 | | | | 130,835.67 | 130,835.67 |
| Account No. xxxxx8494<br><br>Countrywide Home Loans<br>P.O. Box 10219<br>Van Nuys, CA 91410-0219 | | H | First Mortgage<br><br>Residence located at 6312 S. 161st Way, Gilbert AZ<br><br>Value $ 350,000.00 | | | | 721,199.48 | 371,199.48 |
| Account No. xxxxx6005<br><br>Countrywide Home Loans<br>P.O. Box 10229<br>Van Nuys, CA 91410-0029 | | H | Second Mortgage<br><br>Residence located at 6312 S. 161st Way, Gilbert AZ<br><br>Value $ 350,000.00 | | | | 120,486.87 | 120,486.87 |
| **1** continuation sheets attached | | | | | Subtotal (Total of this page) | | 1,517,430.92 | 767,430.92 |

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                                         Best Case Bankruptcy