Ivaylo Tsvetanov Dodev,

c/o  6312 South 161st Way
     Gilbert, Arizona
     (480) 457-8888 Phone
     (480) 457-8887 Facsimile
     dodev@hotmail.com

*Pro Se*

FILE ON DEMAND
FOR THE RECORD

FILED ____ LODGED
RECEIVED ____ COPY

JUL 0 6 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>Plaintiff,<br><br>v.<br><br>ReconTrust Company, NA, et all.,<br><br>Defendants. | Case No.  CV-13-02155-PHX-DLR<br><br>**PLAINTIFF'S NOTICE TO THE COURT THAT ALL DEFENDANTS FAILED TO COMPLY WITH FORMAL DISCOVERY AS ORDERED (Doc. 123)**<br><br>(Hon. Douglas L Rayes) |

COMES NOW Ivaylo Tsvetanov Dodev ("Plaintiff"), who hereby gives notice to this Court that all Defendants in the above captioned case (collectively "Defendants") failed to comply with the required formal discovery, as Ordered (Doc. 123) and commenced by Plaintiff on the 30th day of May, 2015 (Doc. 135).

## I.   FACTUAL BACKGROUND

1.   On May 5th 2015, this Court entered an Oder setting the Rule 16 Scheduled Conference (Doc. 123). The said Order permitted and required commencement of discovery.

2. On the 30th day of May, 2015, Plaintiff commenced initial discovery by serving Defendants with Request for Discovery, Admission and Production of Documents ("Discovery Request") via U.S.P.S. Certified Mail No.: 70142120000092635721 and 70142120000092635714[1].

3. Defendants failed to respond to the Discovery Request and thus failed to follow the Federal Rules of Civil Procedure ("FRCP"), in particular Rule 33(b)(2), 32(b)(2)(A), and 36(a)(3), generously allowing up to 30-days to respond to Discovery.

4. None of the Defendants are a party to the Deeds of Trust and Promissory Notes (the "Loan(s)") Plaintiff signed. (Doc. 122 ¶ 13.)

5. Plaintiff spent years searching for the right party entitled to a payment under his obligation before he sent Good-Faith Offers to Pay the entire balance due to multiple parties (Doc. 122 ¶¶ 27, 37-39), (Doc. 137 at 6), (Doc. 138 at 7).

6. There is not a single document, under this proceeding, or any other court proceedings that Plaintiff has initiated in search for the right party entitled to a payment under his obligation, that would entitle Defendants to a payment. Particularly, there is no affirmation of the challenged-under-Arizona-Law 'recordation and assignment', there is no Affidavits, Declarations, Pooling and Servicing Agreements or Power of Attorneys that might show any possible connection between Plaintiff's Loan [subject of this action] and Defendants.

7. Plaintiff has asserted that Under Arizona Law, ARS §47-3203(B),

---

[1] If any such claim, statement, or other document is sent by United States registered mail, such registration shall be prima facie evidence that the claim, statement, or other document was delivered to the agency, office, or officer to which addressed, and the date of registration shall be deemed the postmark date. Public Law 85-866, Section 89,(a)(1)

"…Public filing or recording of a document does not of itself constitute notice of a defense, claim in recoupment or claim to the instrument." (Doc. 122 ¶ 35.)

8. This Court has concurred that "there is no requirement in Arizona that assignments be recorded. *See In Re Vasquez*, 228 Ariz. 357, 359 ¶¶ 3–7, 266 P.3d 1053, 1055 (2011)" (Doc. 128 at 7.) Attesting to the fact in ARS §47-3203(B) that simple recordation of purported document can never be a ground for recoupment.

9. As of today, July the 6th 2015, there is no preponderance of evidence or any evidence, as a matter of fact, showing that Defendants are entitled to any claim against Plaintiff's estate.

10. Besides the fact that Plaintiff has tendered his obligation towards the Defendants and any other possible party that might have a claim against his estate and that Defendants are bared by the Arizona Statutes of Limitations (Doc(s) 137, 138), in his complaint (Doc. 122), "Plaintiff has never alleged unwillingness to pay his obligation under the mortgage and reinstates herein his willingness to pay any amount due, under Arizona law, if this Court rules, with final non-appealable order that *tender rule* and *statutes of limitation* have no bearing on his mortgage" (Doc. ¶ 59). For the aforementioned reason, he needs to be sure that Defendants will prove on the record with preponderance of evidence that they are a party to his loan.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

## II. PRAY FOR RELIEF

1. Plaintiff alleges that Defendants' wanton evasion of the Discovery Request by concealment of material information pertaining to this action is a constructive fraud[1] on the court and respectfully asks this Court to intervene by:

   a. Ordering Plaintiff to file a Discovery Request Motion on the docket, and,

   b. Compelling Defendants to comply with said Motion.

**WHEREFORE,** Plaintiff respectfully requests that this Court take notice of the stated herein above facts and grant Plaintiff requested relief.

Respectfully submitted on this 6th day of July, 2015.

*[signature]*

**Ivaylo Tsvetanov Dodev**, Plaintiff in *Pro Se*

---

[1] Thompson v. Houston, 135 P.2d 834; 17 Wash 457
Constructive fraud comprises all acts, omissions, and concealments involving a breach of legal or equitable duty, trust, or confidence which resulted in damage to another.  Re Arbuckle's Estate, 220 P.2d 950
Fraud is defined as deceit, deception, artifice, or trickery operating prejudicially on the rights of another, and so intended, by inducing him to part with property or surrender some legal right. Also, anything calculated to deceive another to his prejudice and accomplishing the purpose, whether it be an act, a word, silence, the suppression of the truth or other device contrary to the plain rules of common honesty.  23 Am J2d, Fraud, Section 2
Anything calculated to deceive another to his prejudice and accomplishing the purpose, whether it be an act, a word, silence, the suppression of the truth, or other device contrary to the plain rules of common honesty.  23 Am J2d, Fraud, Section 2

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY of the foregoing** are hand-delivered to The United States District Court, for The District of Arizona on this 6th day of July, 2015 by Ivaylo Tsvetanov Dodev.

I HEREBY CERTIFY that the following parties through their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system: RECONTRUST, NA, SELECT PORTFOLIO SERVING, NA, AND BANK OF NEW YORK MELLON.

*/s/ Ivaylo Dodev*

**Ivaylo Tsvetanov Dodev, Plaintiff**
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone