Ivaylo Tsvetanov Dodev,

c/o 6312 South 161st Way
Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Facsimile
dodev@hotmail.com

*Pro Se*

FILE ON DEMAND
FOR THE RECORD

```
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

     JUL 0 6 2015

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Ivaylo Tsvetanov Dodev,**  **Plaintiff,** v. **ReconTrust Company, NA, et all.,**  **Defendants.** | Case No. CV-13-02155-PHX-DLR  **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT RECONTRUST CO., N.A.'S MOTION TO EXTEND DISCOVERY RESPONSE DEADLINE (Doc. 139)**  (Hon. Douglas L. Rayes) |

Here comes Claimant, Ivaylo Tsvetanov Dodev ("Plaintiff"), *pro se*, with his response in opposition to the above captioned motion (Doc. 139) (the "Motion"), submitted for the above captioned defendant (the "Defendant"), signed by counsel Eric M. Moores ("Counsel").

### I.   FACTUAL BACKGROUND

Defendant has moved this Court with frivolous requests for extension of time to file their due-responses since the commencement of this action, intermittently followed by additional requests for extension on top of the extension already procured. Plaintiff is unaware of any good cause for requesting endless extensions besides the mere phrase "good cause", adherently used by Counsel.

1 | Page of Plaintiffs' Response in Opposition to Recontrust's Motion for Extension of Time

Once again, BRYAN CAVE LLP (No. 00145700), Sean K. McElenney (No. 016987), Coree E. Neumeyer, (No. 025787) and Eric M. Moores (No. 028280), all licensed to practice law, failed to follow the Federal Rules of Civil Procedure ("FRCP"), in particular Rule 33(b)(2), 32(b)(2)(A), and 36(a)(3) (Doc. 138 at 15), generously allowing up to 30-days to response to Plaintiff's Request for Discovery – as this Court has ordered (Doc. 123).

Once again, Defendant failed to comply with this Court's Order "no more extensions … the parties must communicate with each other" per Telephonic Status Conference held on December 5, 2014 (Doc. 109).

Once again, Counsel approached this Court with unclean hands [Motion] as Plaintiff has alleged in Doc. 138, failing to disclose the true nature of his client [imposter trustee], while blaming Plaintiff for his unwillingness to follow this Court's Orders and FRCP. (Undersigned counsel spoke with Plaintiff regarding this request, but Plaintiff was unwilling to agree to the extension.) (Motion at 2.)

Plaintiff has informed this Court of Counsel's relentless requests for extensions and his habit of filing his motions [for extension of time] in the 11th-hour before his responses are due (Telephonic Discovery Dispute Hearing held on June 4, 2015). During the hearing, Plaintiff noted to the Court that Counsel will either email him the night before his response is due or call him with request to stipulate to an extension. His allegation that the "undersigned counsel spoke to Plaintiff regarding this request" are half true, as he spoke to Plaintiff after he defaulted and after Plaintiff gave notice to this court that [Doc. 138] Defendant "has not responded to Plaintiff's Request for Discovery

[Interrogatories, Admissions and Productions of Documents], as served on May 30th 2015" (Doc. 135). During a 40 minute conversation, in the late afternoon of July 1, 2015, Plaintiff informed Counsel that his request is not even placed in the 11th-hour but in the AM hours, as he had already noted to the Court (Doc. 138 at 15) that Counsel did not follow FRCP and cannot contradict himself for his behalf by stipulating to an extension.

Moreover, Counsel has the boldness to suggest that the court might not even have to follow this Court's orders, as stated herein above, or FRCP, because "two motions to dismiss, which are not yet fully briefed, remain outstanding and, if granted, would result in the dismissal of all claims in Plaintiff's Third Amended Complaint ("TAC")." (Motion at 2.) This is yet another confirmation that through his Motion to Dismiss the TAC "Counsel approached this Court with unclean hands, wantonly colluding with Defendant in a malicious intent to steal real property, while <u>evading his duty to disclose to this Court material information pertaining to this action</u>." (Doc. 138 at 4.)

## II. PRAY FOR RELIEF

For the reasons stated herein above, Plaintiff asks this Court to deny Counsel's Motion, as attorneys are not above Court's Orders or FRCP and should not be graced by endless extensions just because they are not willing to follow the law, and no other particular reason or good cause.

Further, Plaintiff respectfully requests that this Court issues an order which will allow Plaintiff to file a Discovery Request on the docket and compel all Defendants to respond, as it appears that there are material, factual disputes that will require

discovery, admission and production of documents in order to ascertain the true nature of the Defendant and their relationship to the Plaintiff Estate, subject of this verified-action-at-law.

**WHEREFORE,** Plaintiff respectfully requests that this Court deny the Motion and order Plaintiff to file a Discovery Request on the docket.

Respectfully submitted on this 6th day of July, 2015.

_____
**Ivaylo Tsvetanov Dodev**, Plaintiff in *Pro Se*

4 | Page of Plaintiffs' Response in Opposition to Recontrust's Motion for Extension of Time

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY of the foregoing** are hand-delivered to The United States District Court, for The District of Arizona on this 6th day of July, 2015 by Ivaylo Tsvetanov Dodev.

I HEREBY CERTIFY that the following parties through their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system: RECONTRUST, NA, SELECT PORTFOLIO SERVING, NA, AND BANK OF NEW YORK MELLON.

*/s/ Ivaylo Dodev*

**Ivaylo Tsvetanov Dodev, Plaintiff**
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone