Ivaylo Tsvetanov Dodev,

c/o  6312 South 161st Way
     Gilbert, Arizona
     (480) 457-8888 Phone
     (480) 457-8887 Facsimile
     dodev@hotmail.com

*Pro Se*

___ FILED        ___ LODGED
___ RECEIVED     ___ COPY

JUL 1 0 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Ivaylo Tsvetanov Dodev,** | Case No. CV-13-02155-PHX-DLR |
| **Plaintiff,** | **MOTION TO SANCTION BRYAN CAVE LLP, SEAN K. MCELENNEY, COREE E. NEUMEYER AND ERIC M. MOORES** |
| v. | |
| **ReconTrust Company, NA, et all.,** | |
| **Defendants.** | (Hon. Douglas L Rayes) |

**COMES NOW,** Ivaylo Tsvetanov Dodev, claimant in *pro se*, ("Plaintiff"), and moves this Court pursuant to Fed. R. of Civ. P. 11(b), (c) and Rule 42 of Arizona Rules of Professional Conduct to sanction Bryan Cave LLP (No. 00145700), Sean K. McElenney (No. 016987), Coree E. Neumeyer (No. 025787) and Eric M. Moores (No. 028280) (collectively "Counsel"), representing ReconTrust N.A. ("Defendant") under the above captioned case.

In support thereof, Plaintiff alleges: improper conduct; misrepresentation of Defendant; withholding of facts pertaining to this action; and nonfactual contentions

1 | P a g e   o f   P l a i n t i f f ' s   M o t i o n   t o   S a n c t i o n   C o u n s e l   B r y a n   C a v e ,   L L P

unwarranted by any evidence in wanton act to dispossess Plaintiff from his estate - and for the reasons set forth below, respectfully requests this Court to grant his motion.

1. Plaintiff commenced this verified-action-at-law on October 23, 2013.

2. On October 23, 2014 Plaintiff gave notice to this Court, Counsel and Defendant that ReconTrust N.A. has closed their trusteeship business (Doc. 96 ¶¶ 36, 75,76).

3. This was followed by exhibits "B", "C", "D" and "E" filed on January 9, 2015 (Doc. 117) showing that Defendant's trustee company has been *closed* for business, as shown through Texas tax and entity records, Exhibit "B" and "C" respectively, and California entity records, Exhibit "D". Along with Defendant's own admission that ReconTrust was *"closing operations and is no longer his Trustee,"* Exhibit "E", all exhibits are filed under Doc. 117 and are incorporated herein by this reference.

4. Plaintiff noted to this Court, Defendant and Counsel again on May 4, 2015 with his Third Amended Complaint ("TAC") that ReconTrust is in *violation of Arizona Law* (Doc. 122 ¶¶ 21, 53).

5. Over an extensive phone conversation, held on May 27, 2015, between Counsel Moores and Plaintiff, a stipulated option to dismiss Defendant from the above captioned action was discussed, based on their willingness to "come clean" by recording their resignation and Cancelation of Notice of Trustee Sale ("CNTS").

6. During said conversation, Plaintiff clarified that recordation of resignation and CNTS is not a matter of discretion but a matter of law, pointing Counsel to the Arizona Revised Statutes ("ARS"), and forewarned that contending that Defendant are Plaintiff's Trustee under the Deed of Trust ("DOT"), while the public record and their own admission clearly refute such an unsupported claim, construes wanton collusion to steal private property under color of law.

7. Plaintiff expounded on the said ARS requirement for recording of CNTS with his Response to Counsel's Motion to Dismiss his TAC (Doc. 138 at 13-14), incorporated herein by this reference.

8. Plaintiff alleges that Counsel was fully briefed that his client is not in the trusteeship business anymore and had agreed to ask Defendant if they are willing to file their resignation of trustee and CNTS [to come clean], as required by law, in order to be dismissed from this action.

9. During a telephonic conferral on May 28, 2015, Counsel Moores informed Plaintiff that his client is not willing to act accordingly and will file a Motion to Dismiss [Doc. 127] instead. In response thereof, Plaintiff alluded to Counsel that he will file a Motion to Sanction for aiding and abetting ReconTrust in impersonating trustee, clouding the title on his estate, misrepresentation, withholding facts pertaining to this action and nonfactual contentions unwarranted by any evidence, as factually alleged in Doc 138, incorporated herein, in its entirety, by this reference.

10. Disregarding the public record and Defendant's own admission that they are not Plaintiff's trustee, and without providing *any factual contentions* against the aforementioned, Counsel filed their Motion to Dismiss the TAC alleging that "Recontrust is simply the trustee and, pursuant to Arizona law, it is entitled to be dismissed from this action" (Doc. 127 at 4).

11. Therefore, Plaintiff alleges that although duly forewarned and self-aware that Defendant is not the current Trustee under the DOT [as a matter of law] Counsel continues to file sham legal motions, in wanton violation of Fed. R. of Civ. P. ("FRCP") 11(b), hence committing fraud on the court by deliberate concealment[1] of preclusive to this action information.

**MEMORANDUM OF POINTS AND AUTHORITIES**

FRCP 11(c) provides that a court "may" impose sanctions based on a party's motion, but specifies that the imposition of sanctions is "subject to the condition" that the movant comply with the safe harbor provisions listed in subdivision 11(c)(2). On

---

[1] Thompson v. Houston, 135 P.2d 834; 17 Wash 457
Constructive fraud comprises all acts, omissions, and concealments involving a breach of legal or equitable duty, trust, or confidence which resulted in damage to another. Re Arbuckle's Estate, 220 P.2d 950
Fraud is defined as deceit, deception, artifice, or trickery operating prejudicially on the rights of another, and so intended, by inducing him to part with property or surrender some legal right. Also, anything calculated to deceive another to his prejudice and accomplishing the purpose, whether it be an act, a word, silence, the suppression of the truth or other device contrary to the plain rules of common honesty. 23 Am J2d, Fraud, Section 2
Anything calculated to deceive another to his prejudice and accomplishing the purpose, whether it be an act, a word, silence, the suppression of the truth, or other device contrary to the plain rules of common honesty. 23 Am J2d, Fraud, Section 2

May 30, 2015, Plaintiff served Counsel with notice, under the safe harbor provision[1], Exhibit A, with request to **"record a Notice of Resignation of Trustee and Notice of Cancelation of Trustee Sale within 21 days upon receipt of this lawful notification."** Counsel did not act on the good-faith notice [safe harbor]; he neither recorded CNTS nor corrected his nonfactual contentions as filed without reasonable inquiry under the circumstances (Doc. 127), with intend to prejudice Plaintiff and defraud him from his estate.

Even if Counsel corrects the record and withdraws their sham motion [Doc. 127] due to this request to sanction, they are not protected from sanctions based on a filing that they made before a *possible* withdrawal. *Bader v. Itel Corp. (In re Itel Sec. Litig.)*, 791 F.2d 672, 675 (9th Cir.1986) (observing that case law provides "absolutely no hint ... that a lawyer may escape sanctions for misconduct simply by withdrawing from a case before opposing counsel applies for sanctions"). The signing requirement in Rule 11 makes clear that any attorney who, at any time, certified to the court that a pleading complies with Rule 11 is subject to the rule, even if the attorney later withdraws from the case.[2]

In *Huettig & Schromm, Inc. v. Landscape Contractors Council of Northern California,* 790 F.2d 1421, 1426 (9th Cir.1986), the 9th Circuit set forth the framework of Rule 11:

> Under the provisions of Rule 11, when an attorney signs a pleading, he is certifying that he has read it and that to the best of his

---

[1] *See Radcliffe v. Rainbow Const. Co.,* 254 F.3d 772, 788-89 (9th Cir.2001)
[2] Fed.R.Civ.P. 11(b) provides

knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for an improper purpose. Rule 11 further provides that if the pleading is signed by the attorney in violation of the rule, the court shall impose ... an appropriate sanction.

Plaintiff alleges that although Counsel was exposed to a preponderance of evidence that Defendant is not the current trustee under the DOT, they wantonly filed their motion to dismiss the TAC (Doc. 127) with improper purpose, to derail this Court form the facts alleged under Plaintiff's Complaint. Their motion is not warranted by existing law and lacks *any* good faith arguments to support their fraudulent claim that "Recon is simply the trustee" and Counsel [collectively] are to be sanction by this Court for fraud on the court.

**WHEREFORE**, for the reasons stated herein, Plaintiff respectfully requests that this Court grants his Motion.

Respectfully submitted on this 8st day of July, 2015.

_/s/ Ivaylo Dodev_
**Ivaylo Tsvetanov Dodev**, Plaintiff in *Pro Se*

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY,** are mailed via U.S. First Class Mail to The United States District Court for the District of Arizona this 8th day of July, 2015, at - 9:00 AM. I certify that the following parties through their attorneys of record are registered as ECF Filers and that they will be served by the CM/ECF system: RECONTRUST, NA, SELECT PORTFOLIO SERVING, INC. and THE BANK OF NEW YORK MELLON.

*/s/ Ivaylo Dodev*
_____
Ivaylo Tsvetanov Dodev, Plaintiff
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax

# Exhibit A

U.S. Certified Mail: 7014 2120 0000 9263 5714

Ivaylo Dodev
c/o 6312 South 161st Way
   Gilbert Arizona

May 30th, 2015

**TO:**
Sean K. McElenney, Coree E. Neumeyer, Eric M. Moores, AND Bryan Cave, LLP
Bryan Cave, LLP
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004
Attorneys for Defendants ReconTrust Company N.A.,

   Re: No. CV-13-02155-PHX-DLR
   Defendants: ReconTrust Company, NA., et al.

To Defendants through Counsel, Counsel and their Legal Firm
**Notice to the Principal is Notice to the Agent**
**Notice to the Agent is Notice to the Principal**

This is a good faith lawful notification, construed compliance with Federal Rules of Civil Procedure 11(c)2 and may be used in a court of law.

As you are duly aware that, I, Ivaylo Dodev, plaintiff in the above captioned case, have alleged in my Second and Third Amendment Complaint that ReconTrust is breaking the law by not recording their Notice of Resignation and Cancelation of Trustee Sale after their resignation, by operation of law, as they are not in the trusteeship business anymore. Over an extensive phone conversation, held on May 27, 2015, between Mr. Moores and myself, we discussed the possibility of ReconTrust "coming clean" by recording their resignation and cancelation of trustee sale, as they are not in business, upon which would be dismissed from the above captioned action. During our conferral on May 28, 2015, Mr. Moores informed me that his client is not willing to act accordingly and they will file a Motion to Dismiss. In response thereof I informed Mr. Moores that I will file a Motion to Sanction for aiding and abetting ReconTrust in impersonating trustee, clouding the title on my estate, among other lawful claims under state and federal law.

During the aforementioned conversations I asked Mr. Moores to provide me with his client's place of business so I can personally verify that they are the trustee under my deed of trust. Mr. Moores was not able to provide me with their address, website or a phone number, alleging that he does not have this information. On my question under what authority and under what license ReconTrust operate as a trustee in Arizona, Mr. Moores provided no answer, alleging he does not have this information.

**Please record a Notice of Resignation of Trustee and Notice of Cancelation of Trustee Sale within 21 days upon receipt of this lawful notification. Time is of the essence.**

If you need to further discuss this matter please call me at: (480) 457-8888

Regards,

*[signature]*

Ivaylo Dodev

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that ORIGINAL of the foregoing lawful notice is served upon Sean K. McElenney, Coree E. Neumeyer, Eric M. Moores, AND Bryan Cave, LLP via USPS , registered mail, on this 30th day of May, 2015.
ReconTrust Company, NA is served by and through their attorneys of record: Sean K. McElenney, Coree E. Neumeyer, Eric M. Moores, AND Bryan Cave, LLP, as they do not have a legal place of business.

                                                  **Ivaylo Tsvetanov Dodev, Plaintiff**
                                                  **(480) 457-8888 Phone**



# USPS Tracking™

**Tracking Number:** 70142120000092635721

**On Time**
**Expected Delivery Day: Monday, June 1, 2015**

## Product & Tracking Information

**Postal Product:** First-Class Mail®
**Features:** Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| June 1, 2015, 11:39 am | Delivered | PHOENIX, AZ 85023 |
| June 1, 2015, 7:44 am | Sorting Complete | PHOENIX, AZ 85027 |
| June 1, 2015, 4:40 am | Arrived at Unit | PHOENIX, AZ 85027 |
| May 31, 2015, 4:26 pm | Departed USPS Origin Facility | PHOENIX, AZ 85043 |
| May 31, 2015, 12:54 am | Arrived at USPS Origin Facility | PHOENIX, AZ 85043 |
| May 30, 2015, 1:29 pm | Departed Post Office | GILBERT, AZ 85296 |
| May 30, 2015, 11:53 am | Acceptance | GILBERT, AZ 85296 |

**Tracking Number:** 70142120000092635714

**On Time**
**Expected Delivery Day: Monday, June 1, 2015**

## Product & Tracking Information

**Postal Product:** First-Class Mail®
**Features:** Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| June 1, 2015, 9:01 am | Delivered | PHOENIX, AZ 85004 |

U.S. Postal Service™ CERTIFIED MAIL® RECEIPT
Domestic Mail Only

| | |
|---|---|
| Postage | $2.45 |
| Certified Fee | $3.30 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $5.75 |

Postmark: MAY 30 2015, GILBERT VISTA STATION, AZ 85296

PS Form 3800, July 2014

| | | |
|---|---|---|
| June 1, 2015, 7:21 am | Arrived at Unit | PHOENIX, AZ 85034 |
| May 31, 2015, 5:24 pm | Departed USPS Origin Facility | PHOENIX, AZ 85043 |
| May 31, 2015, 12:54 am | Arrived at USPS Origin Facility | PHOENIX, AZ 85043 |
| May 30, 2015, 1:29 pm | Departed Post Office | GILBERT, AZ 85296 |
| May 30, 2015, 11:53 am | Acceptance | GILBERT, AZ 85296 |

## Track Another Package

**Tracking (or receipt) number**

[                                    ]    Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS.com ›



**HELPFUL LINKS**
Contact Us
Site Index
FAQs

**ON ABOUT.USPS.COM**
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

**OTHER USPS SITES**
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

**LEGAL INFORMATION**
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2015 USPS. All Rights Reserved.

Search or Enter a Tracking Number