BRYAN CAVE LLP (No. 00145700)
Sean K. McElenney (No. 016987)
Coree E. Neumeyer, (No. 025787)
Eric M. Moores (No. 028280)
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000
(602) 364-7070 fax
skmcelenney@bryancave.com
coree.neumeyer@bryancave.com
moorese@bryancave.com

*Attorneys for Defendant ReconTrust Co. N.A.*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ReconTrust Company, N.A.; Select Portfolio Servicing, Inc.; The Bank of New York Mellon, Corporation, FKA The Bank of New York; Bank of America, N.A., successor of Countrywide Home Loans, Inc.; Real Time Resolutions, Inc.; and Does 1-100, in his/her individual and official capacity,<br><br>　　　　Defendants. | No. 2:13-CV-02155-DLR<br><br>**DEFENDANT RECONTRUST COMPANY, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>(Hon. Douglas L. Rayes) |

    Dodev's Response in Opposition to Defendant Recontrust Company, N.A.'s Motion to Dismiss Plaintiff's Third Amended Complaint [Doc. 138] ("Response") fails to salvage his deficient TAC. While Dodev might believe that his conditional written offers to pay off the outstanding balance relieved him of his obligation to actually satisfy the debt, those offers do not entitle him to quiet title in his name. Similarly, the statute of limitations for written contracts, and thereby to conduct a trustee's sale[1]—which has not expired—does not support his claims. Dodev is not entitled to quiet title under these circumstances, and the TAC fails to state any valid claim for relief.

---
[1] See, A.R.S. § 12-548 and A.R.S. § 33-816.

783001.2

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   ARGUMENT.

Arizona courts require plaintiffs to satisfy the outstanding balance on their loans before they are entitled to quiet title. Dodev does not dispute that he has not paid the outstanding debt; rather, he claims he is entitled to a quiet title judgment because he effectively "tendered" it when he offered to pay it. However, Dodev provides no Arizona authority to support his claim to quiet title under these circumstances. Even if the tender rule applies to quiet title claims, Dodev's offers to pay the unpaid balance did not satisfy its requirements. Further, the subject statutes of limitations have not expired, nor do they entitle Dodev to the relief he requests.

Dodev borrowed money to purchase the Property and agreed to the terms of the Deed of Trust, which provided that the beneficiary could foreclose should Dodev fail to repay the Loan. Nowhere in the TAC does he provide any reason—legal or otherwise—for the Court to effectively cancel the security interest created by the Deed of Trust—which would bar the current beneficiary from recovering any of the outstanding balance—and award Dodev the Property free and clear of any liens. He simply is not entitled to such an incredible windfall.

"A plaintiff pursuing a quiet title action must allege he holds title to the property; he cannot seek to quiet title solely based on the alleged weaknesses of his adversary's title." Steinberger v. McVey ex rel. Cnty. of Maricopa, 234 Ariz. 125, 140, 318 P.3d 419, 434 (Ct. App. 2014) (citing Allison v. State, 101 Ariz. 418, 421, 420 P.2d 289, 292 (1966)). As in Steinberger, Dodev does not possess legal title to the property because, "under the deed of trust, the trustee holds legal title until the loan balance is paid." Id. Dodev's statute of limitations claim is based on an alleged weakness of Dodev's adversaries' title. Thus, he is not entitled to judgment on Count Two. While Count One is based on his offer to pay the outstanding balance, these offers failed to satisfy the outstanding balance. Dodev is not entitled to a quiet title judgment.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

2

783001.2

### A. Dodev Is Not Entitled To Quiet Title Because He Has Not Paid Or Tendered The Outstanding Balance On The Loan.

Dodev has provided no legal support for his claim that he is entitled to quiet title to the Property where he has not satisfied the outstanding balance and merely offered to pay it. As the Arizona Supreme Court held in Provident Mutual Building–Loan Ass'n v. Schwertner, 15 Ariz. 517, 140 P. 495 (1914), when a property owner brings suit to remove a cloud on his title caused by an unsatisfied mortgage, he first must pay off the debt. Id. at 15 Ariz. at 519, 140 P. at 495, 496. The court reasoned that "equity will not grant relief, except upon condition that the debtor pay or tender payment of the debt secured." Id. at 519, 140 P. at 496.

In 2014, the Arizona Court of Appeals observed that it was bound by Schwertner in its ruling in Manicom v. CitiMortgage, Inc., 236 Ariz. 153, 336 P.3d 1274 (Ct. App. 2014). In Manicom, the plaintiffs brought a quiet title action after purchasing real property without knowledge it was encumbered by a deed of trust executed by the prior owners. The Court of Appeals wrote, "[t]hus, since our early statehood, we have followed the rule that 'the statutory action to quiet title cannot be sustained as against a mortgage debt confessedly unpaid.'" 336 P.3d at 1282 (quoting Schwertner, 140 P. at 496). Further, the Manicom court concluded that it did not have the authority to make an exception to that rule: "[I]t is the role of our supreme court, not this court, to limit or modify the principle announced in Schwertner. . . ." 336 P.3d at 1282-83. In March 2015, this Court cited both Schwertner and Manicom in rejecting the plaintiffs' application for a preliminary injunction preventing a foreclosure sale in Ortiz v. Trinity Financial Svcs., LLC, No. CV-15-00001-TUC-CKJ, --- F. Supp. 3d ---, 2015 WL 1668598 (D. Ariz. Mar. 26, 2015). Because the plaintiffs failed to pay the outstanding balance on their mortgage, Ortiz concluded they could not show a likelihood of success on the merits of their claims. Id. at *6.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

783001.2

### 1. Dodev's "Offers" Do Not Satisfy The Tender Rule.

Dodev admits he has not paid the outstanding balance on his Loan. [Response, at 6] Instead, he claims he satisfied the Schwertner requirement by "tendering" payment when he sent letters to various parties offering to pay the outstanding balance ("Offers"). [Id. at 7; Complaint (Doc. 1-2), Ex. H] As Dodev notes in his Response, a tender "is an unconditional offer by a debtor or obligor to pay another, in current coin of the realm, a sum not less in amount than that due on a specified debt or obligation." [Id., at 7] "[T]he act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." Somerton State Bank v. Maxey, 22 Ariz. 365, 369, 197 P. 892, 894 (1921).

However, Dodev's Offers included several conditions, such that more than "only acceptance" was required to complete the transaction. [Complaint (Doc. 1-2), Ex. H] In fact, the offers themselves state they were made "with the reasonable **condition** of your Presentment to the undersigned, of an itemized and Verified PAYOFF STATEMENT, including any and all [amounts] actually due and payable on a future date set certain." [Id. (emphasis added)] Dodev also requested "the actual street address wherein [he] can bring the total amount of cash due, to exchange for my *original* Trust Deed or Mortgage and Promissory Note in order to lawfully complete and finalize this transaction." [Id.] Thus, Dodev conditioned his payment on the addressee providing him with a payoff statement, a location to bring the payoff funds, as well as the original deed of trust and note. Clearly, the Offers required more than "only acceptance" to complete the transaction. Additionally, Dodev's request for an "itemized and Verified PAYOFF STATEMENT" shows he did not even know how much was required to satisfy the unpaid balance. Thus, more than "only acceptance" was required to accept the Offers.

Further, no addressee was required to produce the original note and deed of trust, despite Dodev's request in his Offers. In Somerton, the borrower offered to pay off the outstanding balance of his debt in exchange for the original notes. The Arizona Supreme Court rejected the borrower's argument that he had "tendered" payment where he

4

783001.2

conditioned his offer on the payee bank producing the original notes. 22 Ariz. 369-370, 197 P. at 893-894. The Court held that no tender occurred because the condition amounted to an attempt to take advantage of the lender's ability to immediately produce the notes. Id. However, the lender "would not be obliged to produce the notes until such tender had actually been made." Id. at 370. Thus, the Court concluded "[a]ll that [the borrower] did amounted to nothing more than an offer to make a tender. . . ." Similarly, Dodev's offers do not constitute tender, but mere offers to make a tender.

Finally, Dodev incorrectly claims that the Arizona Supreme Court stated in Farrell that the tender rule is satisfied by a mere offer to pay. [Response, at 7] Instead of actually citing to Farrell, he quotes language from Wolfson v. Bank of Am., N.A., No. 1 CA-CV 12-0691, 2014 WL 931423 (Ariz. Ct. App. Mar. 11, 2014), an unpublished Arizona Court of Appeals decision. While Wolfson includes the phrase "offer to pay" and cites to Farrell, the fact is that Farrell actually includes no such language. Rather, it states "the court will not quiet the title until and unless he pays off such mortgage lien. . . ." 57 Ariz. at 491, 114 P.2d at 911. In any event, Wolfson goes on to clarify the rule when it concludes the plaintiff is not entitled to quiet title: "Wolfson must pay or tender payment of the amount owed under the note to maintain an action to quiet title." 2014 WL 931423, at *3. Wolfson does not stand for the proposition that Dodev's mere offer satisfied the tender requirement for a quiet title claim. Indeed, the tender rule "requires more than a mere offer to pay." Cagle v. Carlson, 146 Ariz. 292, 295, 705 P.2d 1343, 1346 (Ct. App. 1985) (citing Somerton, 22 Ariz. at 369, 197 P. 892).

Dodev has provided nothing to support his claim that his Offers to pay satisfy the tender rule. In fact, Arizona courts require more than a mere offer that includes various conditions prior to payment. Because Dodev has not actually paid off the unpaid balance of the Loan or satisfied the tender rule, he is not entitled to quiet title.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

783001.2

## 2. The Statute Of Limitations Does Not Excuse The Requirement That Dodev Satisfy The Unpaid Balance.

Even assuming, solely for the sake of argument, that the statute of limitations applied in this case, Dodev would not be entitled to the equitable relief he seeks because he has not satisfied the unpaid balance. Schwertner dealt with the issue of quiet title where the plaintiff argued the statute of limitations barred the mortagee's ability to collect the underlying debt. 15 Ariz. at 518, 140 P. at 495. Even where the statute of limitations applied, it "does not extinguish or satisfy the debt; it only prevents a recovery when properly invoked by the debtor. It is a shield and not a sword." Id. at 15 Ariz. at 518, 140 P. at 496. The Arizona Supreme Court concluded that, under such circumstances, "only the remedy has been lost, and, . . . the wiping out of the remedy does not extinguish the debt. The obligation still exists." Id. As discussed below, the statute of limitations has not expired in this case. Even if it had, Dodev would not be entitled to quiet title.

### B. The Statute Of Limitations Has Not Expired.

A.R.S. § 12-548 provides that an action for debt shall be commenced and prosecuted within six years after the cause of action accrues where the indebtedness is evidenced by a written contract. Arizona courts have held that § 12-548 applies to foreclosure actions as well as to actions on the underlying debt. See De Anza Land & Leisure Corp. v. Raineri, 137 Ariz. 262, 266, 669 P.2d 1339, 1343 (Ct. App. 1983). Thus, § 12-548 may be applied to bar a trustee's sale. See also A.R.S. § 33-816 (Trustee's sale shall be made "within the period prescribed by law of the commencement of an action of the contract secured by the deed of trust").

A statute of limitations does not begin to run until a cause of action accrues. "A cause of action accrues whenever one person may sue another. In the case of a promissory note, the cause of action accrues and the statute of limitations begins to run when the debt becomes due." Cheatham v. Sahuaro Collection Serv., Inc., 118 Ariz. 452, 454, 577 P.3d 738, 740 (App. 1978). The debt is due on an unmatured promissory note with an optional acceleration clause "on the due date of each matured but unpaid installment and, as to

6

783001.2

unmatured future installments, … on the date the creditor exercises the optional acceleration clause." Navy Fed. Credit Union v. Jones, 187 Ariz. 493, 494, 930 P.2d 1007, 1008 (App. 1996). The six-year statute of limitations began to run on each separate missed payment on the due date of each. See Navy Fed. Credit Union, 187 Ariz. at 494, 930 P.2d at 1008. However, Dodev received a discharge of his personal obligation on the note as a result of his bankruptcy proceeding. 11 U.S.C. § 727. Thus, the Loan is now a non-recourse loan and the only available remedy is foreclosure under the Deed of Trust.

Dodev alleges the statute of limitations has expired based on a Notice of Intent to Accelerate. To exercise an option to accelerate, the payee of a promissory note must (1) present the note for payment and demand payment and (2) affirmatively exercise the option. Frei v. Hamilton, 123 Ariz. 544, 546, 601 P.2d 307, 309 (App. 1979). "No notice of the election itself is necessary." Id. The Deed of Trust provides that if Dodev failed to cure the default after delivery of the notice required by paragraph 22, then the "Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand…." [Motion to Dismiss (Doc. 127), Ex. A, ¶ 22] Thus, by contract, the parties agreed to waive the presentment and demand requirement. However, the Deed of Trust states that the Lender may request "immediate payment in full of all sums secured by this Security Instrument." [Id.] Dodev does not allege any party requested the entire balance secured by the Deed of Trust. In fact, the Notice of Intent to Accelerate only requested the past due amount. [TAC, Ex. A]

In Schaeffer v. Chapman, 176 Ariz. 326, 327, 861 P.2d 611, 612 (1993), a lender seeking to foreclose served a Notice of Trustee's Sale and Statement of Breach or Non-Performance on the borrower. The Statement of Breach specifically stated: "the Beneficiary has elected to consider all of the principal and interest and any other sums secured by the Deed of Trust immediately due and payable…." Id. While Schaeffer did not involve a statute of limitations issue, the Court considered the Notice of Trustee's Sale as having accelerated the loan. Id. Unlike the letter Dodev cites as evidence of acceleration, the Statement of Breach in Schaeffer contained an affirmative statement that

7

783001.2

the lender was exercising the option of acceleration by recording a Notice of Trustee's Sale. Id.

In Ortiz, --- F. Supp. 3d ---, 2015 WL 1668598, the Court addressed the issue of whether § 12-548 barred a lender from pursuing a trustee's sale. In Ortiz, the Court accepted the lender's assertion that it exercised the optional acceleration clause when it recorded a Notice of Trustee's Sale and a Statement of Breach or Non-Performance. Id. The lender had a trustee's sale noticed on October 8, 2014, but the last payment made by the borrowers on the loan had been prior to March 2007. Id. at *2-3. The lender asserted that the mortgage loan provided for monthly installment payments, with the balance due on or before September 2026, and that it had attached to the recorded Notice of Trustee's Sale a Statement of Breach or Non-Performance dated October 8, 2014. Id. at *3. The lender asserted that it had exercised the optional acceleration clause on that October 2014 date. Id. The Court, without deciding, accepted the lender's assertion as to when it exercised the acceleration clause and, on that basis, found that the lender's time to foreclose had not expired. Id.

Based on Schaeffer and Ortiz, the Court should hold that a recorded Notice of Trustee's Sale accelerates the loan and begins the statute of limitations. Here, Recontrust recorded a Notice of Trustee's Sale on August 24, 2011 ("2011 Notice"), and later recorded a Cancellation of Notice of Sale on March 19, 2013. Through this cancellation, the acceleration was effectively revoked. See W. Portland Dev. Co. v. Ward Cook, Inc., 246 Or. 67, 424 P.2d 212, 213-14 (Or. 1967) (holding that a notice of revocation of the acceleration, executed and recorded by the lender, was sufficient to revoke acceleration where debtor had not acted in reliance thereon). On August 2, 2013, Recontrust recorded a subsequent Notice of Trustee's Sale ("2013 Notice"). Based on Schaeffer and Ortiz, the statute of limitations began running on August 2, 2013 when Recontrust recorded the 2013 Notice. Thus, the limitations period has not expired.

Arizona courts have found that a lender may affirmatively exercise its option to accelerate by filing a lawsuit for the entire debt. See Frei, 123 Ariz. at 546, 601 P.2d at

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

8

783001.2

309. However, Dodev does not allege that any defendant ever filed a suit against him to foreclose or collect on the underlying note.

While Dodev claims the Notice of Intent to Accelerate started the limitations period, that letter did not inform Dodev the Loan had been accelerated, nor did it request payment of the full amount secured by the Deed of Trust. [TAC, Ex. A] Likewise, Dodev provides no valid support for his claim that the Motion for Relief started the limitations period.[2]

Rather, the limitations period began when Recontrust recorded the 2013 Notice. Unless the 2013 Notice is revoked by a recorded cancellation, the statute of limitations will not expire until 2019.

### C. Recontrust Should Be Dismissed From This Action.

Dodev claims Recontrust is not entitled to be dismissed pursuant to § 33-807 because he has alleged it violated Arizona's trust deed statutes. In support, Dodev alleges Recontrust is not his current trustee. [Response, at 4] However, this position also supports dismissing Recontrust. The TAC alleges Dodev is entitled to quiet title because (1) he "tendered" payment of the outstanding debt, and (2) no party may foreclose due to the statute of limitations. However, neither is grounded in allegations of wrongdoing by Recontrust. While the TAC makes various allegations against Recontrust, it does not include a claim for relief based on those allegations. Dodev alleges Recontrust is not currently his trustee, which would mean it has no interest in the Loan or the Property.

While Dodev makes various allegations in support of his claim that Recontrust has violated Arizona's deed of trust statutes, he has not cited any specific section. He claims Recontrust failed to "mediate disputes between lender and borrower" and suggests Recontrust should have accepted the payment offered in his Offers to pay. [Response, at

---

[2] Recontrust hereby joins the arguments regarding the Motion for Relief raised in Defendants Select Portfolio Servicing and The Bank of New York Mellon, as Trustee's Reply in Support of Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 142), § D (pp. 7-8).

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

783001.2

7] However, he does not cite to such a requirement in the trust deed statutes, nor was any found. Further, Dodev claims Recontrust has violated § 33-810(B), which describes the steps a trustee must take to postpone a trustee's sale. It does not, however, require those steps to be taken. Id. ("person conducting the sale may postpone or continue the sale from time to time").

No trustee's sale has occurred. Thus, any claims Dodev may have regarding proper notice of that sale are not yet ripe. Regardless, neither of this quiet title claims are based on purported violations of the trust deed statutes. Thus, Recontrust should be dismissed from this action with prejudice.

## Relief Requested

For the foregoing reasons, Recontrust respectfully requests that the Court enter an Order dismissing the Third Amended Complaint with prejudice and awarding it its reasonable attorneys' fees and costs.

DATED this 4th day of August, 2015.

BRYAN CAVE LLP

By s/ Eric M. Moores
Sean K. McElenney
Coree E. Neumeyer
Eric M. Moores
Two North Central Avenue, Suite 2200
Phoenix, AZ  85004-4406
Telephone: (602) 364-7000

*Attorneys for Defendants ReconTrust Co. N.A. and Bank of America, N.A,*

783001.2

ORIGINAL of the foregoing electronically
filed with the Court this 4th day of August, 2015.

COPY of the foregoing mailed
this 5th day of August, 2015:

Honorable Douglas Rayes
United States District Court
Sandra Day O'Connor U.S. Courthouse, Ste. 622
401 West Washington Street, SPC 80
Phoenix, Arizona 85003

Ivaylo Tsvetanov Dodev
6312 S. 161st Way
Gilbert, AZ 85298

 s/ Nicole Daley

783001.2