# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev, | No. CV-13-02155-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| ReconTrust Company NA, et al., | |
| Defendants. | |

Before the Court are Defendant ReconTrust Company, N.A.'s ("ReconTrust") motion to dismiss, (Docs. 127), Defendants Select Portfolio Servicing, Inc. ("SPS") and The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7's ("BNY") amended motion to dismiss, (Doc. 129), and Plaintiff Ivaylo Dodev's oral motion to strike ReconTrust's reply in support of its motion to dismiss, (Doc. 148). The Court has considered the motions, the responses, (Docs. 136, 138), SPS and BNY's reply, (Doc. 142), and the parties' presentations at oral argument, (*see* Doc. 147). For the following reasons, Dodev's oral motion to strike is granted and Defendants' motions to dismiss are granted.

# BACKGROUND[1]

## I. Factual Background

In December 2006, Dodev borrowed $681,750.00 (the "Loan") from non-party First Magnus Financial Corporation ("First Magnus"), which was secured by a Deed of Trust ("DOT") recorded against real property in Gilbert, Arizona (the "Property"). (Doc. 122 at ¶ 13; Doc. 104 at Ex. 1.)[2] The DOT named Mortgage Electronic Registration Systems, Inc. ("MERS")[3] as the nominal beneficiary acting on behalf of First Magnus and its successors and assigns. (*Id.*) The DOT did not name a Trustee. (*Id.*)

Dodev defaulted on the Loan in November 2008. (Doc. 122 at ¶ 25, Ex. A.) In December 2008, Dodev received a Notice of Intent to Accelerate from Countrywide Home Loans, his former loan servicer. (*Id.* at ¶ 49, Ex. A.) After experiencing financial difficulties, Dodev filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of Arizona in January 2009. (Doc. 122 at ¶¶ 23–24; Doc. 41 at Ex. 2.) Dodev's bankruptcy schedules listed the Loan as a secured claim. (Doc. 41 at Ex. 3.) The Bankruptcy Court discharged Dodev in April 2009, extinguishing his personal liability for the Loan. (Doc. 41 at Ex. 4.) As the Court explained in its order dismissing Dodev's Second Amended Complaint, (Doc. 121 at 8–9), the security interest in the Property created by the DOT passed through bankruptcy unaffected. *See Johnson v.*

---

[1] On a motion to dismiss, the well-pled factual allegations in the complaint are taken as true. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Accordingly, for purposes of this order, the relevant factual background is taken from Dodev's Third Amended Complaint, as well as any documents properly subject to judicial notice.

[2] SPS and BNY incorporate their previous requests for judicial notice, (Docs. 41, 104), into their current motion to dismiss. The Court may consider the cited materials without converting these motions into motions for summary judgment because they are matters of public record properly subject to judicial notice. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[3] "MERS is a private corporation that administers a national electronic registry to track the transfer of ownership interests and servicing rights in mortgage loans. Members assign their interests to MERS, and MERS becomes the mortgagee of record. When one member transfers an interest to another member, MERS privately tracks the assignment but remains the mortgagee of record, thereby allowing members to sell their interests without having to record the transactions in the public record." *Sitton v. Deutsche Bank Nat'l Trust. Co.*, 223 Ariz. 215, 216 n.1, ¶ 3, 311 P.3d 237, 238 n.1 (Ct. App. 2013).

*Home State Bank*, 501 U.S. 78, 79 (1991).

In August 2011, MERS recorded an assignment that conveyed all beneficial interest in the DOT to BNY. (Doc. 104 at Ex. 2.) That same day, BNY recorded a substitution of trustee appointing ReconTrust as the successor trustee. (*Id.* at Ex. 3.)

In 2012, upon detecting positive economic trends, Dodev's business partners offered to pay Dodev's outstanding mortgage debt. (Doc. 122 at ¶ 26.) Accordingly, Dodev sought out the party entitled to payment. (*Id.* at ¶ 25.) In January and February of 2013, Dodev sent letters entitled "Notice of Default and Opportunity to Cure with New Good-Faith Offer to Pay the Total Amount Due" ("Good-Faith Letters") to various parties, including BNY, SPS, and ReconTrust. (Doc. 122 at ¶¶ 27, 36–39; Doc. 96-4 at 3–29.) In the Good-Faith Letters, Dodev expressed his willingness to pay the total amount due on the Loan, contingent upon provision of "admissible evidence that would prove that all Trust Deed and Promissory Note transfers from the original lender to the last purchaser were lawfully endorsed as required by law, rendering the last purchaser as the 'holder in due course,' and not merely a 'holder,' and thus has lawful standing to foreclose." (*See* Doc. 96-4 at 22–23.) The Good-Faith Letters also demanded a street address at which Dodev could personally deliver the payoff amount in cash in "exchange for [his] original Trust Deed or Mortgage and Promissory Note . . . ." (*Id.* at 23.)

The only party that asserted a right to receive payments on the Loan was SPS, his current loan servicer. (Doc. 122 at ¶ 40.) In March 2013, SPS sent Dodev a payoff statement that itemized the unpaid Loan balance. (*Id.* at Ex. C.) The payoff statement listed the total amount due as $862,904.38, reflecting $721,199.48 in unpaid principal and $141,704.90 in interest and fees. (*Id.*) Dodev responded with another letter that included the same conditions as the letters sent in January and February. (Doc. 122 at ¶ 41; Doc. 96-4 at 31–33.) Dodev alleges that his various offers were rejected. (Doc. 122 at ¶ 42.)

Dodev acknowledged at oral argument that he did not pay SPS in response to the payoff statement it provided. On August 2, 2013, ReconTrust recorded a notice of

trustee's sale, setting a sale date of November 8, 2013. (Doc. 104 at Ex. 4.) As a result of this litigation, the sale has not occurred.

## II. Procedural History

Dodev filed his original complaint in October 2013, (Doc. 1), and later filed an amended complaint, (Doc. 18). In December 2013, Dodev moved to preliminarily enjoin the trustee's sale. (Doc. 25.) The Court denied Dodev's motion after finding that he had failed to show a likelihood of success on the merits. (Doc. 55.) Specifically, the Court found that Dodev's complaint largely was premised on "his misconception that the discharge of his personal debts through Chapter 7 proceedings extinguished the security interest in the real property created through the Deed of Trust," that his challenge to the Trustee's authority "appears to be the 'show me the note' theory that has long been repudiated by both this Court and the Arizona Supreme Court," and that, as pled, "none of the parties are debt collectors attempting to collect consumer debt, to which the FDCPA applies." (*Id.*)

In April 2014, after the parties filed and briefed motions to dismiss, the Court received notice that Dodev filed a Chapter 11 Bankruptcy petition. (Doc. 71.) Consequently, the Court stayed the matter. (Doc. 72.) In August 2014, the Court lifted the stay and reinstated the motions to dismiss, (Docs. 80, 85), and in October 2014, the Court granted the motions to dismiss, (Doc. 93). Later that month, Dodev filed his Second Amended Complaint, (Doc. 96), which all defendants moved to dismiss. In April 2015, the Court dismissed all of Dodev's claims with prejudice, except for his claim to quiet title against BNY, SPS, and ReconTrust. (Doc. 121.) The Court granted Dodev leave to file a third amended complaint to clarify the basis of his quiet title action. (*Id.*)

Thereafter, Dodev filed his Third Amended Complaint, which alleges that he tendered payment by sending the Good-Faith Letters. (Doc. 122.) He also alleges that the defendants are barred from foreclosing on the Property because the applicable statute of limitations has run. (*Id.*) All defendants have moved to dismiss.

**LEGAL STANDARD**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid dismissal, the complaint must plead sufficient facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

**DISCUSSION**

**I. Dodev's Oral Motion to Strike**

During oral argument, Dodev moved to strike ReconTrust's reply in support of its motion to dismiss because it was not timely filed. ReconTrust acknowledged that its reply was untimely. The Court grants Dodev's oral motion to strike, (Doc. 148), and will not consider ReconTrust's reply in ruling on the pending motions to dismiss.

**II. Quiet Title**

Dodev brings an action to quiet title to the Property. To quiet title, a plaintiff must allege that he has an interest in real property that is adverse to another person claiming an interest in the same property. A.R.S. § 12-1102. Although statutory, an action to quiet title includes equitable considerations. *Lavidas v. Smith*, 195 Ariz. 250, 987 P.2d 212, 218 (Ct. App. 1999). A plaintiff seeking to quiet title must allege that it would be inequitable to let the defendant's interest stand. To that end, "the party invoking the court's jurisdiction is required to do equity and, if it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless he pays off such mortgage lien." *Farrell v. West*, 57 Ariz. 490, 491, 114 P.2d

1  910, 911 (1941).

2  Dodev alleges that he has an interest in the Property that is adverse and superior to
3  the interests of BNY, SPS, and ReconTrust, and that equity requires the Court to quiet
4  title in his favor because he tendered the balance due on the Loan by sending the Good-
5  Faith Letters.

> Tender is an offer to perform a contract, or to pay money, coupled with a present ability to do the act. It imports, not merely the readiness and the ability to pay or perform at the time and place mentioned in the contract, but also *the actual production of the thing to be paid or delivered over*, and an offer of it to the person to whom the tender is to be made; and *the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction*.

*Somerton State Bank v. Maxey*, 22 Ariz. 365, 369, 197 P. 892, 894 (1921) (internal quotation and citation omitted) (emphasis added). The Good-Faith Letters do not qualify as valid tender for two reasons. First, tender requires an actual delivery of money. Although Dodev expressed his willingness to pay, it is undisputed that he did not pay money to SPS or any other party to satisfy the outstanding balance on the Loan. Second, proper tender must be unconditional, "such that it needs only acceptance by the one to whom it is made to complete the transaction." *Id.*; *see also Pleasant v. Ariz. Storage & Distrib. Co.*, 34 Ariz. 68, 78, 267 P. 794, 798 (1928) ("The general rule of law, of course, is that a tender, in order to be valid, must be unconditional."). The Good-Faith Letters, however, conditioned payment on compliance with several demands, including production of the original note and DOT, and admissible evidence that certain formalities were observed in the various transfers of the instruments governing the Loan. Therefore, the Good-Faith Letters do not amount to proper legal tender. *See Somerton*, 22 Ariz. at 370, 197 P. at 894 ("All that appellee did amounted to nothing more than an offer to make a tender, or a statement that he would make a tender if appellant would produce the notes, which, of course, is a very different thing from an actual tender conditioned upon production of the notes.").

Dodev also alleges that equity requires the Court to quiet title in his favor because

the defendants are barred from enforcing the DOT by the applicable statute of limitations. Pursuant to A.R.S. § 33-816,

> The trustee's sale of trust property under a trust deed shall be made, or any action to foreclose a trust deed as provided by law for the foreclosure of mortgages on real property shall be commenced, within the period prescribed by law for the commencement of an action on the contract secured by the trust deed.

An action for debt based on a contract must be commenced within six years after the cause of action accrues. A.R.S. § 12-548(A). "When an installment contract contains an optional acceleration clause . . . an action as to future installments does not accrue until the holder exercises the option to accelerate." *Baseline Fin. Servs. v. Madison*, 229 Ariz. 543, 544 ¶ 7, 278 P.3d 321, 322 (Ct. App. 2012). Dodev took out the Loan in December 2006 and was required to make monthly installment payments until January 2037. (*See* Doc. 104 at Ex. 1.) Thus, the six-year statute of limitations began to run upon acceleration of the Loan.

Dodev alleges that he received a Notice of Intent to Accelerate in December 2008. (Doc. 122 at Ex. A.) The Notice, however, did not accelerate the Loan. Rather, it notified Dodev that he was delinquent on his monthly payments and informed him that "[i]f the default is not cured on or before January 16, 2009, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time." (*Id.*) ReconTrust noticed the trustee's sale in August 2011, indicating that the Loan was accelerated at that time. Accordingly, the six-year statute of limitations has not run.[4]

Although Dodev has alleged that he has an interest in the Property that is adverse to BNY, SPS, and ReconTrust, he has not alleged that he has paid the outstanding balance, nor has he shown that enforcement of the DOT is barred by the applicable

---

[4] Moreover, assuming that the statute of limitations began to run in December 2008 or January 2009, ReconTrust noticed the trustee's sale well within the limitations period. Dodev has not explained why he can run out the clock by tying up completion of the trustee's sale through years of litigation.

- 7 -

statute of limitations. It would, therefore, be inequitable for the Court to quiet title in his favor because there is indisputably an outstanding balance owed.

### III. Actions Against the Trustee

ReconTrust argues, additionally, that it must be dismissed from this action pursuant to A.R.S. § 33-807(E), which provides:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding on the trustee with respect to any actions that the trustee is authorized to take by the trust deed or this chapter. If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney's fees from the person joining the trustee.

This statute is implicated when three conditions are met: (1) the trustee has been named as a defendant; (2) the claim relates to the authority of the trustee act under the deed of trust or Arizona law; and (3) the claim does not allege that the trustee breached any of his or her obligations under the deed of trust or Arizona law. *Puzz v. Chase Home Fin., LLC*, 763 F. Supp. 2d 1116, 1125 (D. Ariz. 2011).

All three elements are satisfied here. Dodev names ReconTrust as a defendant in this action, his claim relates to ReconTrust's authority to conduct the trustee's sale, but it does not allege that ReconTrust breached its obligations under the deed of trust or Arizona law. Indeed, the Court granted Dodev leave to amend his complaint as to the quiet title claim, only.

Despite the limited scope of Dodev's leave to amend, he alleges that ReconTrust violated A.R.S. §§ 33-813 and -818 by failing to record a notice of cancellation of trustee's sale or a resignation. (Doc. 122 at ¶ 53.) Section 33-813(F) provides:

> If the trust deed is paid in full or if the sale is not held or is not properly postponed pursuant to this chapter, the trustee shall record a cancellation of the notice of sale. The cancellation of the notice of sale shall be recorded in the office of the county recorder in which the notice of sale was recorded.

Here, the DOT has not been paid in full. Although the sale has not been held, it has been

- 8 -

1  postponed as a result of this litigation and Dodev's recent bankruptcy petition. Dodev
2  has not alleged that this postponement is improper. Accordingly, he has not adequately
3  alleged a violation of A.R.S. § 33-813. Nor does A.R.S. § 33-818 impose an obligation
4  on a trustee to record a notice of resignation. Instead, that section merely includes a
5  notice of resignation among a list of other documents that, if recorded, impart notice on
6  all persons. A.R.S. § 33-818. ReconTrust, therefore, is entitled to be dismissed from this
7  pursuant to A.R.S. § 33-807(E).

**IV. Attorneys' Fees**

Defendants have requested attorneys' fees incurred in this litigation. These requests are denied without prejudice. If they so choose, Defendants may move for attorneys' fees in a manner that complies with LRCiv 54.2.

**CONCLUSION**

For the foregoing reasons, Dodev has not alleged facts that would permit this Court to quiet title in his favor. The Court has given Dodev ample opportunity to amend his complaint. It is apparent that further amendment would be futile. Accordingly,

**IT IS ORDERED** that Dodev's oral motion to strike, (Doc. 148), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss, (Docs. 127, 129), are **GRANTED**.

**IT IS FURTHER ORDERED** that Dodev's Third Amended Complaint, (Doc. 122), is **DISMISSED** with prejudice. The Clerk of the Court is directed to terminate this case.

Dated this 21st day of August, 2015.

Douglas L. Rayes
United States District Judge