Ivaylo Tsvetanov Dodev,

c/o 6312 South 161st Way
    Gilbert, Arizona
    (480) 457-8888 Phone
    (480) 457-8887 Facsimile
    dodev@hotmail.com

*Pro Se*

FILED ___ LODGED
___ RECEIVED ___ COPY

SEP 21 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Ivaylo Tsvetanov Dodev,** | **Case No.  CV-13-02155-PHX-DLR** |
| **Plaintiff,** | **MOTION FOR A NEW (DUE PROCESS) TRIAL AND/OR RELIEF FROM AN ORDER [DOC. 149]** |
| **v.** | |
| **ReconTrust Company, NA, et all.,** | *Contemporaneously filed with Affidavit of Supporting Facts* |
| **Defendants.** | **ORAL ARGUMENTS REQUESTED** |
| | **(Hon. Douglas L Rayes)** |

   **COMES NOW,** Ivaylo Tsvetanov Dodev, Citizen of Arizona, claimant in *pro se,* ("Plaintiff"), under the above captioned case and moves this Court pursuant to Fed. R. of Civ. P. ("FRCP") 59(a)(1)(B), 59(a)(2) and 59(b) for a [new] trial by jury as secured by the Bill of Rights, Amendment V and VII[1], as JUDICIALLY NOTICED

---

[1] "The right of trial by jury in civil cases, guaranteed by the 7th Amendment" Walker v. Sauvinet, 92 U. S. 90

under the Third Amended Complaint (the "TAC") ¶ 59, or, in the alternative relief from an Order (Doc. 149) under FRCP 60(b)(2)(3)(6).

To be eligible for relief under FRCP 60(b)(2), the moving party must show: "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; and (6) any other reason that justifies relief." All of the three grounds for relief cited herein above are factually alleged herein bellow, warranting relief from the judgment and proceeding to Trial by Jury.

Rule 4(a)(4) of the Fed. R. of App. P. ("FRAP") states: "If a party timely files in the district court any of the following motions[1] under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Therefore, the time to file an appeal is now tolled by this motion, filed in good faith in an attempt to save judicial resources.

As set forth below, Plaintiff alleges in this motion (the "Motion"): (I) abuse of discretion by the Court; (II) misrepresentation (fraud) by defendants' counsel, and; (III) newly discovered evidence, and in support thereof provides the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Abuse of Discretion by the Court

---

[1] FRAP(a)(4) (iv) to alter or amend the judgment under Rule 59; (v) for a new trial under Rule 59; or (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

**(a) This Court abused its discretion by granting the motions to dismiss in the presence of genuine, material factual disputes**

Under his TAC Plaintiff seeks to quite title on his estate under the tender rule and the applicable statute of limitation on contracts in writing (Doc. 122)[1]. All defendants argued payments in their responses, (Docs. 136, 138), and replies (Doc. 142), leaving the properly executed tender unrebutted. Bringing 'Payment' as a defense in a 12(b)(6) motion is an affirmative action under the Federal Rule of Civil Procedure ("FRCP"). FRCP 8(b)(1)(A). (Docs 137 at 2-3, 138 at 3.)

Having concluded that Payment is an affirmative defense, similar to the accrual of statutes of limitations, we next turn to how Arizona courts resolve genuine, material factual disputes involving affirmative defenses. In general, **such disputes are questions of fact for the jury which cannot be decided through administrative ruling on motion to dismiss**. See Walk v. Ring, 202 Ariz. 310, 316, ¶ 23, 44 P.3d 990, 996 (2002) (stating that "determinations of the time when discovery occurs and a cause of action accrues `are usually and necessarily questions of fact for the jury'" (quoting Doe v. Roe, 191 Ariz. 313, 323, ¶32, 955 P.2d 951, 961 (1998))); accord Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am., 182 Ariz. 586, 591, 898 P.2d 964, 969 (1995) (holding that the trial court correctly let the jury decide when discovery of a contract injury occurred). (Docs 137 at 3, 138 at 3-4.)

Plaintiff has requested a Trial by Jury and this Court took it upon itself to make a determination on administrative motions, ruling that "Dodev has not alleged facts that

---

[1] All documents reference herein are incorporated hereto by this reference.

would permit this Court to quiet title in his favor." (Doc. 149 at 9.) This Court jurisdiction is bound by conclusions of law, not of facts, and it therefore erred by dismissing the TAC without proper discovery and Trial by Jury.

**(b) This Court ignored the majority of case law and rules governing tender**
**(1) Tender v. Payment**

Under Arizona Law there is a clear distinction between a payment and a tender: (It is well-settled in Arizona that a party cannot quiet title pursuant to A.R.S. § 12-1101 until the party has paid off the loan, **or tendered** the balance due under the loan. <u>Farrell v. West</u>, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941))[1]; (Arizona law does not allow a homeowner to quiet title…until the debt on the home is paid or **offered to be paid**. <u>Wolfson v. Bank of America, NA</u>, No. 1 CA-CV 12-0691 ¶6 (Ariz. Ct. App. Mar. 11, 2014). (Docs 137 at 2, 138 at 2.) If payment was an equivalent to tender as this Court suggests (Doc. 149 at 8) the presiding case law was going to be redundant - reading payment or payment.

This Court illicitly substituted the rules of tender by the rules of payment; something Plaintiff never claimed prior to the oral hearing on motion to dismiss held on August 7, 2015 (the "Hearing"), incorporated herein by this reference, when he <u>corrected the record</u> by noticing the Court that payment was sent to one of the parties who claimed interest in his estate. Ground for successful action to quiet the title on his estate according to Doc. 142 at 3, filed by Defendant Select Portfolio Servicing, Inc.

---

[1] Adopted from Counsel's Motion to Dismiss Plaintiff's SAC (Doc. 103, at 12) - evidence of the fact that Counsel differentiates between a payment and a tender.

("SPS"):  "Had Plaintiff actually paid any one of the alleged seven parties, his quiet title claim as to the remaining six parties would have succeeded under ARS § 12-1101 (assuming the remaining parties continued to assert an interest in the Property)." His testimony, although under an oath, was entirely ignored during the issuing of the Order dismissing this action.

Irrespective of Plaintiff's lawful, supportive of his tender claim, elucidation of the tender rule in relation to many Arizona presiding cases and Arizona Revised Statutes ("ARS"), (Docs 137 at 5-10 and 138 at 7-14), this Court ruled that tender is a payment; "tender requires an actual delivery of money" (Doc. 149 at 6). Contrary to ARS, legal tender rule and Arizona case law, this Court expected Plaintiff to perform (to pay) not to offer to perform (tender). Differing from Black's Law Dictionary, 4th Edition, page 1637 definition of tender: "The offer of performance, not performance itself, and when unjustifiably refused, places other party in default and permits party making tender to exercise remedies for breach of contract".  (Walker v. Houston, 215 Cal. 742, 12 P.2d  952, 953, 87 A.L.R. 937.)

The Court's ruling is based selectively only on one [part of a] case, Somerton State Bank v. Maxey, 22 Ariz. 365, 369, 197 P. 892, 894 (1921); a case prior to the acceptance of the Uniform Commercial Code ("UCC") by all 50 states of the union and the securitization era, unleashed upon us by the repealing of Glass Steagall Act in 1999. In 1921[Somerton case] there was no legal tender in America but gold and silver coins of the realm, blessed times when you knew your lender (banker) and received consideration for the promissory note you execute, held by said lender till paid in full in

most instances. Things have changed nowadays when borrowers receive credits for loans, based on securitization of their good credit, future earnings, and "loan" documents signed with the "lender". These types of mortgages are called NTM'S by Sheila Bair (Former FDIC chairperson) in her book <u>Bull by the Horns</u> (Doc. 96 ¶ 210).

Needless to say, expecting to show up to the banker's desk with gold and silver coins is not the tender rule of this judiciary age and courts have rightfully ruled (that common law remedies are altered by superseding congressional and legislative acts) as in <u>Williams v. Homestake Mortg. Co.,</u> 968 F.2d 1137, 1140 (11th Cir.1992) (citing 17A Am.Jur.2d *Contracts* § 590, at 600-01 (1991)) among other rulings.

ARS § 47-3603 reads: "the effect of **tender** is governed by principles of **law applicable to tender** of payment under a simple contract." Our sister courts from the ninth circuit have elaborated on the rule of tender: "A tender of the amount of a debt, though refused, extinguishes the lien of a pledgee, and will entitle the pledgor to recover the property pledged." <u>Loughborough v. McNevin,</u> 74 Cal 250 [14 P. 369, 15 P. 773]; 5 Am.St.Rep. 435; "The principle governing the subject is that **tender** <u>is</u> <u>equivalent to **payment**</u> as to all things which are incidental and accessorial to the debt. The creditor, by refusing to accept, does not forfeit his right to the thing tendered, but he does lose all collateral benefits or securities. The instantaneous effect is to discharge any collateral lien, as a pledge of goods or right of distress." <u>Tiffany v. St. John,</u> 65 N.Y. 318; 22 Am.Rep. 612: "A tender of the proper amount due, even if rejected, extinguishes the lien and preclude foreclosure." <u>Kleckner v. Bank of America</u> (1950)

97 Cal. App.2d 30, 33 [217 P.2d 28]; <u>Lichty v. Whitney</u> (1974) 80Cal. App.2d 696, 701 [182 P.2d 582].

Even though Arizona does not have a clear statute like Oregon (Oregon Statute 81.010: Effect of unaccepted offer in writing to pay or deliver. "**An offer in writing to pay** a particular sum of money or to deliver a written instrument or specific personal property is, **if not accepted, equivalent to the actual production and tender of the money**, instrument or property"), Arizona legislators have made it clear that **"the effect of tender is governed by principles of law applicable to tender."**[1]

Regardless of how well structured Plaintiff's arguments are, this Court never considered them; in most instances its Orders are comprised of arguments from Defendant's motions in opposition. In this instance, this Court's Order (Doc. 149 at 8) is a copy of ReconTrust, Inc.'s ("Recon") Motion to Dismiss, where Defendant alleges that they are entitled to a dismissal from this action as being the trustee. (Doc. 127 at 5.) HOWEVER, this Court chooses to ignore entirely the fact that Recon are not the Trustee under Plaintiff's Deed. As a matter of law, Recon cannot be a trustee as they are neither a National Associating ("NA") nor person who is licensed under the Arizona BAR, state Bank, real estate agent or any other requirements under ARS § 33-803 for a trustee. Thus Recon in nothing more than **imposter trustee** and Counsel <u>committed fraud on the record</u> by insisting that they are Plaintiff's trustee. (Doc. 138 at 5.)

---

[1] A.R.S. § 47-3603

Moreover, this Court ignored all <u>Judicial Notices</u>, the public record, and exhibits showing that Recon is not in the trusteeship business, including their own admission of the fact as submitted on the record: (1) On October 23, 2014 Plaintiff gave notice to this Court, Counsel and Defendant that ReconTrust N.A. has closed their trusteeship business (Doc. 96 ¶¶ 36, 75,76); (2) This was followed by exhibits "B", "C", "D" and "E" filed on January 9, 2015 (Doc. 117) showing that Defendant's trustee company has been <u>closed</u> for business, as shown through Texas tax and entity records, Exhibit "B" and "C" respectively, and California entity records, Exhibit "D", along with Defendant's own admission that ReconTrust was <u>"closing operations and is no longer his Trustee,"</u> Exhibit "E". All exhibits are filed under Doc. 117 and are incorporated herein by this reference; and (3) Plaintiff noted to this Court, Defendant and Counsel again on May 4, 2015 with his Third Amended Complaint ("TAC") that <u>ReconTrust is in violation of Arizona Law</u> (Doc. 122 ¶¶ 21, 53).

Furthermore, Plaintiff filed Motion to Sanction Bryan Cave LLP, Sean K. McElenney, Coree E. Neumeyer and Eric M. Moores, (Doc. 143), alleging collusion between Bryan Cave LLP and Recon, fraud on the court and violation of State Law that this Court denied. Hereby, Plaintiff alleges that it should be nearly impossible, under the aforementioned, for this Court to make an inadvertent mistake and oversee the facts unequivocally establishing that Recon is not a trustee, leading to the question –is this Court biased?

In every Order dismissing Plaintiff's Complaint, in a condescending manner this Court lectures Plaintiff about claims he never asserted. This Order is not an exception,

on page 2 [and 4] it reads: "As the Court explained in its order dismissing Dodev's Second Amended Complaint, (Doc. 121 at 8–9), the security interest in the Property created by the DOT passed through bankruptcy unaffected." This verbiage is adopted from Defendant's motions to dismiss, although irrelevant in respect to the tender rule and applicable statute of limitation on secured debt, as raised by Plaintiff. Neither in the TAC or the Second Amended Complaint "(SAC") had he used his bankruptcy discharge as any claim against the Defendants. Even though the SAC made it explicit that he is not asserting any claims based on his obligation on the underlying loans being discharged in bankruptcy (Doc. 96 ¶ 2), this Court continues to regurgitate never asserted arguments, leaving the main causes of action not properly addressed.

### (2) Misinterpretation of Plaintiff's Good-Faith Offers to Pay

This Court addressed Plaintiff's Good-Faith Offers to Pay as some mere "Good-Faith Letters." (Doc. 149 at 4.)  Plaintiff tendered a payment for the full amount due under ARS § 47-3603 and the American Law of Presentment. (Doc. 122 ¶ 33.) He approached all possible parties [seven], having colorable interest in his estate, not by mere letters but by lawful notifications: NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT, NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPLE, delivered by USPS certified mail, (Doc. 96 at Ex. V).

Under Arizona Law, Plaintiff is not required to make a payment to any party unless they are a Holder in Due Course ("HDC"), ARS §47-3305(C). As well documented and verified, Plaintiff was NOT certain who the party entitled to a payment under his Loan was, (Doc. 122 ¶¶ 35-39). He had retained an attorney to assist

him in finding the right party to no avail, (Doc. 122 ¶ 18). The public record shows [still today] that Bank of America ("BANA") is the only party entitled to a payment (Under MERS Min #), (Doc. 117, Ex F). During the hearing Plaintiff noted this Court that payment for the full amount was sent to BANA or RECON and consequently was lost by them during the alleged transfer of the loan.  Contrary to this Court Order, (Doc. 121 at 13), directing Plaintiff "to clarify the legal theory underpinning his quiet title claim as it relates to BNY, SPS, and Recon," the record shows that only BANA and The Bank of New York Mellon ("BNY") have any colorable claim against the estate in controversy. BNY, just as MERS within its database, does not recognize SPS as servicer, (Doc. 96, Ex. W). SPS has no evidence of servicing rights, but through mere recordation of Notice of Trustee Sale in the office of Maricopa County Recorder, Instrument #20130709557. Plaintiff has explained to this Court that "…Public filing or recording of a document does not of itself constitute notice of a defense, claim in recoupment or claim to the instrument," ARS §47-3203(B). (Doc. 122 ¶ 35). Moreover, he has given Judicial Notice to this Court and all parties of FRE 801, 802, 1001 and 1002, (Doc. 122 ¶ 59), which precludes this Court from adhering to Defendants barrage of hearsay. None of the Defendants provided any authenticated documents or verification of debt under this action, no material fact witnesses, affidavits or exhibits in order to demonstrate [any] lawful relationship to BNY or to Plaintiff's loan.

Dismissing the fact that most of the above arguments were raised during the Hearing, this Court regurgitated Recon's contentions raised in their Reply (Doc. 142), which was <u>allegedly dismissed</u> (Doc. 149 at 5). In particular "The Good-Faith Letters,

however, conditioned payment on compliance with several demands." (Doc. 149 at 6.) No other Defendant raised condition as a defense to Plaintiff's Offers but Recon and only in their Reply, which this Court seemingly dismissed, (Doc. 142 at 3-5). Plaintiff Offers to Pay have no demands but a place where parties can meet to exchange the funds. The Offer to Pay reads:

> Again, I also sincerely believe that I have a right to see court admissible evidence that would prove that all Trust Deed and Promissory Note transfers from the original lender to the last purchaser were lawfully endorsed as required by law, rendering the last purchaser as the "holder in due course," and not merely a "holder," and thus has lawful standing to foreclose. (Doc. 96-4 at 22)

This is not a condition for payment but rather a **"sincere belief"** derived from Arizona law, as stated herein above, that precludes parties from making a payment to any party that is not a HDC, ARS §47-3305(C). No conscionable man would ever give close to $900,000 to an unrelated party to his loan documents, especially after being advised by an attorney that is unsure who the right party entitled to a payment is; giving rise to Plaintiff Good-Faith Offers to Pay being submitted to seven different parties. (Doc. 122 ¶¶ 36-39.)  Further, Arizona Law is clear on the matter of surrendering the security instrument upon payment: "Upon demand of the person to whom presentment is made [SPS furnishing plaintiff with a payoff statement], the person making presentment must Exhibit the instrument" ARS §47-3501(B)(2)(a).

Therefore the "conditions" Plaintiff had against all seven parties to whom Good-Faith Offers to Pay were sent, remained within-Arizona-law and they were not condition but his "[sincere belief] that [he has] a right to see court admissible

evidence". If SPS or any other party interpreted Plaintiff "sincere belief" as conditions they were given ten days to raise their objections. "Again, I am also requesting that this material information be presented to me within a reasonable **ten (10) days** as **TIME IS OF THE ESSENCE**. (Doc. 96-4 at 23.) (Objection to a tender should be made at the time of the tender, and **silence is construed as a waiver of any objection**.) Mariposa Dev. Co. v. Stoddard, 147 Ariz. 561, 565, 711 P.2d 1234, 1238 (App.1985). (Doc. 137 at 7.)

### (c) This Court ignored the presiding case law on statute of limitation

In this present case, there is no dispute that "the operative statute of limitation for either foreclosure under the DOT or suit on the Loan is 6 years" (Doc. 129 at 6). See De Anza Land & Leisure Corp. v. Raineri, 137 Ariz. 262, 11 669 P.2d 1339 (App. 1983) (holding that foreclosure was also barred by statute of limitation). According to Arizona law and case law foreclosure needs to commenced and end within the statute of limitation, (Docs. 137 at 14-15 and 138 18). See Stein, 214 Ariz. 200, ¶8, 150 P.3d at 775, the legislative history supports the conclusion that the legislature did not intend to extend the time for foreclosure when it enacted § 33-714." Id. ¶21, 22.

The Sport Mart, Inc. v. Knell court noted that in Bamett v. Hitching Post Lodge, Inc., 101 Ariz. 488, 421 P.2d 507 (1966) "the Supreme Court of Arizona found, inter alia, that an acceleration clause was invoked when the non-defaulting party took the affirmative step of filing a proof of claim against the defaulting party," seeing as "a proof of claim is a way for a creditor to put essential parties on notice that the

debtor/defaulting party owed the creditor money and that the creditor wants to be paid" ("notice that their debt obligation was now due") Id. (Doc. 138 at 16.)

Plaintiff was put on notice that "with respect to Secured Creditor's Trust Deed, the following is due and owing:" followed by an itemized accounting of unpaid balance plus delinquencies, **totaling $731,148.94,** (Docs 137 at 17 and 138 at 13), on January 2009. Thus the respective statute of limitation to foreclose has now elapsed. The Court did not consider Plaintiff's arguments regarding acceleration in bankruptcy, and therefore erred by ruling that "the six-year statute of limitation has not run". (Doc. 149 at 7.)

### (d) This Court ignored the newly discovered evidence presented on the Oral Hearing on the motions to dismiss

The judge opened the hearing by looking at Plaintiff and stating: "I understand that you have tendered". This action is under tender and statutes of limitation on secured debt. Although this Court understood (accept the fact) that tender was properly executed, the judge grilled Plaintiff with questions about his <u>future intent</u>: "Are you ready to pay?" The Court was trying <u>to adjudicate on what might or might not happen</u> in the future, without citing proper authority to do so on a fully briefed case.

Nor was this Court interested to find out who the party that might be entitled to a payment is, or what the payment owed is, assuming *arguendo*.  During the Hearing Plaintiff informed the Court that he will pay any amount due upon final order of the Court, reciting what Judicial Notice he already gave with his Complaint:

> ARS § 47-3602 "[a]n instrument is paid to the extent payment is
> made by or on behalf of a party obliged to pay the instrument and to

a person entitled to enforce the instrument" as incorporated under Steinberger v. McVey ex rel., Appl. WL333575, p. 13, 2014, seeing the Plaintiff has never alleged unwillingness to pay his obligation under the mortgage and reinstate herein his willingness to pay any amount due, under Arizona law, if this Court rules, with final non-appealable order that *tender rule* and *statutes of limitation* have no bearing on his mortgage. (Doc. 122 ¶ 59.)

HOWEVER, this Court abused its discretion by ruling on administrative motions, as alleged herein above at 3, without conducting proper discovery. Under Arizona Law, Id, the Jurors might rule upon discovery that no payment is due, as the balance of the loan, assuming *arguendo,* might be paid under the tender rule, by FDIC, Credit Default Swap Insurance or any other third party. See Steinberger v. McVey ex rel., Appl. WL333575, p. 13, 2014.

Regardless, in a good faith attempt to save the parties' and the Court's time and resources, Plaintiff has even reached out to SPS prior to filing his Motion and made a cash offer to settle the matter before taking it on appeal or for post-judgment adjudication. He has yet to hear back from Counsel for SPS as to whether or not the party will accept his settlement offer.

Plaintiff alleges that this Court's approach was pay, pay to any party that asks you for money, pay any amount they claim that is due and owed, or leave my court. "I know you tendered" and I am not going to review the cases on statutes of limitation you submitted on the record, just pay and if they ask for more, pay some more. Obviously, no authenticated financing is needed (as required by law), as I strike down every motion you filed for discovery; I even stayed the discovery required by Rule 16

Scheduling Conference, (Doc. 144). So, JUST PAY. Don't you worry about due process, first PAY.

The above paragraph should not be deemed offensive by this Court or Defendants, and it is not constructed as such. Although colloquial, it is an honest representation of Plaintiff's feelings, groans and sufferings endured under this Action and prior to invoking the Court's jurisdiction. The opinion of <u>all</u> BAR attorneys Plaintiff sought help and representation from, before launching himself into this "den of vipers[1]," has been consistent with the outcome, to-date, under this action as summarized by them: "we cannot win, regardless of the augments we bring forth, but I will represent you for $2,500 a month."

Well, even when Plaintiff corrected the record [during the Hearing] and said that he has sent a full payment to one of the parties, dismissed under the TAC, which was claiming secured interest in his estate, his testimony was discounted; although it was given under an oath. The only testimony considered in the Court's Order dismissing this Action was the one given by the Defendant's Counsel: **given in bad faith; fully misrepresenting; lying on record, and not under an oath** – as Plaintiff will demonstrate herein below.

Even if Plaintiff was disposed to pay, assuming *arguendo,* what was the amount due and who was the party entitled to that payment?  On July 2, 2015, The United States Bankruptcy Appellate Panel of the 9th Circuit adjudicated by entering a

---

[1] Term used to describe the court by some of the attorneys Plaintiff has counseled with.

Judgment on behalf of Plaintiff that the judgment of the Bankruptcy Court [Arizona] is DISMISSED AS MOOT, Exhibit A, attached hereto and incorporated herein. This judgment was on a Proof of Claim filed by purported servicer SPS for BNY[1] in the amount of **$1,115,140.09**. About few months later, on July 21, 2015, Tiffany and Bosco, P.A., claiming to be Plaintiff's trustee[2], sent a letter that they are retained to conduct trustee sale and that the debt owed is **$929, 484.45,** Exhibit B, attached hereto and incorporated herein.

On the Hearing, when questioned about his attorney, Plaintiff informed this Court that being unable to find the right (lawful) party of interest under his loan, his attorney rescinded his loan, Exhibit C, attached hereto and incorporated herein. Plaintiff informed the Court that as of Supreme Court's decision from January 13, 2015, **his loan is null and void** as an operation of law since the purported lenders did not take him to court in the 20 day window thereafter. The Supreme Court of the United States ("SCOTUS") unanimously held that: "A borrower exercising his right to rescind under the Act need only provide written notice to his lender within the 3-year period, not file suit within that period. Section 1635(a)'s unequivocal terms—a borrower "shall have the right to rescind . . . *by notifying the creditor . . . of his intention to do so*" (emphasis added)—leaving no doubt that rescission is effected

---

[1] **AGAIN**, BNY Mellon does not recognize SPS as servicer under Plaintiff's loan (Doc. 117, Ex. F)
[2] Contrary to what Counsels for Recon claimed under the TAC

when the borrower notifies the creditor of his intention to rescind." See <u>Jesinoski v.</u> <u>Countrywide Home Loans, Inc</u> 574 U.S. 729 F. 3d 1092 (2015).

During the Hearing the Court asked: "Who is the Servicer and who is the Trustee"? Counsel for the SPS replied that her client is the servicer, while counsel for Recon replied that "ReconTrust is the Trustee". The hearing ended by this Court asking SPS and Recon: "Did Recon received an offer to pay from Mr. Dodev?" where Counsel for Recon replied "No, your honor" and "Did SPS received offer to pay from Mr. Dodev?" where Counsel for SPS replied "No, your honor." Plaintiff ended the hearing by saying on the record "There is no hearsay in my [Plaintiff's] Complaint, all the offers to pay are filed on the record and they are served to all Defendants through USPS certified mail[1]."

## II.    Misrepresentation by Defendant's Counsel
### (a) Counsel for both Defendants lied during the hearing

Plaintiff alleges and reaffirms, herein, that Counsels for Defendants individually and collectively have misrepresented their clients and have committed fraud on the Court. Counsels alleged that the Defendants did not receive Plaintiff's Good-Faith Offers to Pay. Blatant lies as the record clearly shows that all offers were delivered to defendants via certified mail, (Doc. 96-4).

### (b) The allegations that ReconTrust is a trustee are fraud

The record holds a preponderance of evidence that Recon is not the trustee. However, Counsels for Recon, when asked who the trustee is by the judge, lied on the

---

[1] All the quotes from the record used herein are from memory

record. This happened 15 minutes after one of the counsel of Record told Plaintiff in the Court's hallways that Recon is not the trustee and tried to hand him some paperwork, See Exhibit D, Affidavit of Supporting Facts filed herein and incorporated hereto.  This is many months after Recon repeatedly told Plaintiff that they are not his trustee. (TAC ¶ 21) (Doc. 117 at Ex. B, C, D.) In fact, when anyone calls Recon's phone number, 1-800-281-8219, they will hear the following message. "You have reached ReconTrust Trustee Services automated sales line. Trustee service is no longer processing foreclosure sales on your account and no longer taking calls."

During the Hearing, held on **August 7, 2015**, the purported servicer had already appointed Tiffany and Bosco, P.A. ("Tiffany") as Plaintiff's Trustee. See Exhibit E, attached herein and incorporated herein. The public record shows that the Tiffany were appointed **on July 27, 2015**, weeks prior to the hearing. As stated herein, Counsels for Recon knew that very well, but regardless proceeded with malicious lies during the Hearing. We are just scratching the surface of the fraud, as Tiffany did not substitute Recon but were "appointed" to substitute the original trustee under Plaintiff Deed; the Substitution of Trustee, Exibit E, reads "None Stated" under original trustee, not Recon.

This Court's Order to dismiss the TAC based on Defendants motions to dismiss and the Hearing is preposterous and unlawful, as stated herein above. Counsels for Recon were lying to the Court on the Hearing and through their motions and this Court was duly informed by Plaintiff of their illicit and sham legal process by: the hearing held on June 4, 2015; Doc. 143; Doc. 137 at 15-16,  just to name a few. Irrespective of

the clearly established facts on the record, this Court erred by copying Recons motion

to dismiss in its Order, (Doc. 149 at 8), and claiming "Despite the limited scope of

Dodev's leave to amend, he alleges that ReconTrust violated A.R.S. §§ 33-813 and -

818 by failing to record a notice of cancellation of trustee's sale or a resignation. (Doc.

122 at ¶ 53.)" Once again this Court provides no authority by which it can change the

laws put on the books by the Arizona legislators clearly reading:

> The person conducting the sale may postpone or continue the sale from
> time to time or change the place of the sale to any other location
> authorized pursuant to this chapter by giving notice of the new date, time
> and place by public declaration at the time and place last appointed for
> the sale. Any new sale date shall be a fixed date within ninety calendar
> days of the date of the declaration. After a sale has been postponed or
> continued, the trustee, on request, shall make available the date and time
> of the next scheduled sale and, if the location of the sale has been
> changed, the new location of the sale until the sale has been conducted or
> canceled and providing this information shall be without obligation or
> liability for the accuracy or completeness of the information.

ARS 33-810(B) requires trustee to postpone sale by giving notice of the new

date, time and place until the sale has been held or canceled[1]. (Doc. 138 at 13.) The

laws were placed for a reason and one of them is to protect the borrowers from multiple

trustees and imposters as in the case, alleged herein; in other words, to protect from

fraud.

This Court discussion for dismissing the TAC is based primarily on the Hearing

and Defendant's Motions to Dismiss. The record is clear that Counsels for Defendants

lied to this Court during the Hearing and that their motions were mispresenting.

---

[1] See an example of lawful cancelation of notice of trustee sale under ARS at
TAC ¶ 18 (Doc. 96 at Ex N)

### III.    Conclusion

Some days ago, September 13, 2015, I was hospitalized due to health complications caused by my involvement in this action, (Doc. 122 at ¶¶ 28-30), and in fear that I will meet my Maker I asked myself if I would change my pursuit for justice if G-d gives me another chance. Life is dear to all of us but being vindicated and not called a deadbeat carries its weight in gold. Even a believer in our court system, such as I, after years of battle comes to the conclusion that it does not matter how unintelligible the opposing counsel motions are[1] and how egregious their testimony is, the courts will side with them as long as they are representing the banks.

Under fear of death we often think of things we have not done, or have not said. Plaintiff believes that all courts are under the canon law and ecclesiastical by nature and feels that a quotation of the Holy Bible would be appropriate. Public Law 97-280 declared the "Bible, as the Word of G-d"

"You are to appoint judges and officers for all your gates [in the cities] ADONAI your God is giving you, tribe by tribe; and they are to judge the people with righteous judgment. <u>You are not to distort justice or show favoritism,</u> and you are not to accept a bribe, for a gift blinds the eyes of the wise and twists the words of even the upright. Justice, only justice, you must pursue; so that you will live and inherit the land ADONAI your God is giving you." <u>Deuteronomy</u> 16: 18-20.

---

[1] Counsels for SPS clearly do not know the difference between a mortgagor and a mortgagee (Doc. 137 at 6) and (Doc. 103 at 10).

"You are not to repeat false rumors; <u>do not join hands with the wicked by offering perjured testimony</u>." <u>Exodus</u> 23: 1. "<u>A curse on anyone who interferes with justice</u> for the foreigner, orphan or widow.' <u>All the people are to say, 'Amen!</u>'" <u>Deuteronomy</u> 27: 19.

**WHEREFORE**, for the reasons stated herein, Plaintiff respectfully requests that this Court grants his Motion.

Respectfully submitted on this 21st day of September, 2015.

_____

**Ivaylo Tsvetanov Dodev**, Plaintiff in *Pro Se*

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY,** are hand delivered to The United States District Court for the District of Arizona, and filed on the record this 21th day of September, 2015. I certify that the following parties through their attorneys of record are registered as ECF Filers and that they will be served by the CM/ECF system: RECONTRUST, NA, SELECT PORTFOLIO SERVING, INC. and THE BANK OF NEW YORK MELLON.

_Ivaylo Dodev_

**Ivaylo Tsvetanov Dodev, Plaintiff**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**
**(480) 457-8887 Fax**

# Exhibit A

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

**FILED**

JUL 02 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

In re: IVAYLO TSVETANOV DODEV

Debtor

--------------------------------

IVAYLO TSVETANOV DODEV

Appellant

v.

THE BANK OF NEW YORK MELLON, as
Trustee for the Certificateholders of CWALT,
Inc., Alternative Loan Trust 2009-OA7,
Mortgage Pass-Through Certificates, SEries
2007-OA7, its assignees and/or successors by
and through it servicing agent Select Portfolio
Servicing, Inc., FKA The Bank of New York

Appellee

BAP No. AZ-15-1013-JuKiPa

Bankr. No. 14-02116
Chapter 11

July 2, 2015

---

### JUDGMENT

ON APPEAL from the United States Bankruptcy Court for Arizona - Phoenix.

THIS CAUSE came on to be heard on the record and the briefs of the parties.

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Panel that the judgment of the Bankruptcy Court is DISMISSED AS MOOT.

**FOR THE PANEL,**

Susan M Spraul
Clerk of Court
**By:** Edwina Clay, Deputy Clerk

*for 1,115,140.09*

**Date:** July 2, 2015

# Exhibit B



**TIFFANY & BOSCO**
P.A.

2525 EAST CAMELBACK ROAD
SUITE 700
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6035
FACSIMILE: (602) 255-0192

**Financial Services Department**
**(602) 255-6035**

July 21, 2015

Ivaylo T. Dodev
23410 South 161st Way
Gilbert, AZ 85297

RE:   Loan No.   :   0014052088
      Our File No.   :   14-01441
      Prop. Address   :   23410 South 161st Way
                       Gilbert, AZ 85297

This firm has been retained to conduct a non-judicial foreclosure sale (trustee's sale) pursuant to the Deed of Trust associated with the above referenced loan.

1.   The amount of the debt is $ 929,484.45 plus those charges that continue to accrue until the loan is paid, such as interest, late charges, advances, expenses and attorney's/trustee's fees. This is a good faith estimate based on information received from the loan servicer. If you require a statement of all these amounts computed through a specified date, you may request such statement through this office.

    The arrearage amount is the sum of payments that have come due on and after the date of default November 1, 2008, plus late charges, periodic adjustments to the payment amount, expenses and attorney's/trustee's fees that have been or will be further described in the Statement of Breach or Non-Performance attached to the Notice of Trustee's Sale.

2.   The creditor (current beneficiary) to whom the debt is owed is : Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates Series 2007-OA7

    The loan servicer is:   Select Portfolio Servicing, Inc.

3.   This firm will assume the debt to be valid unless you, within thirty days after receipt of this notice, dispute the validity of the debt or a portion thereof. If you notify this firm in writing within the thirty day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you. Also, upon your written request within the thirty day period, this firm will provide you with the name and address of the original creditor, if it is different from the current creditor.

This firm is not a Debt Collector as that term is defined pursuant to the Fair Debt Collection Practices Act within this jurisdiction (*see Mansour vs. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178 (D. Ariz. 2009). Should a subsequent determination be made that this firm is a Debt Collector as that term is defined within the Act, then you are notified that any information obtained will be used for the purpose of collecting a debt. Please be advised that if your personal liability for this debt has been modified or extinguished by a discharge in bankruptcy, this communication is provided solely in reference to the foreclosure on the deed of trust remaining on the property and is not an attempt to collect the discharged personal obligation. The notifications provided herein do not limit or detract from the effect of foreclosure upon the subject property.

                    TIFFANY & BOSCO, P.A.
                    Financial Services Department
                    (602)-255-6035

# Exhibit C









Naylo Dodev
c/o Orlando Sagarnaga
2942 N. 24ᵗʰ St. #109
Phoenix, AZ 85016

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**First Magnus Financial Corporation**
**603 North Wilmot Road**
**Tucson, AZ 85711**

2. Article Number
(Transfer from service label)
7008 3230 0000 0454 9735

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                              ☐ Agent
                               ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

7008 3230 0000 0454 9735

FIRS603* 857112055 1P08 33 03/11/10
FORWARD TIME EXP RTN TO SEND
:FIRST MAGNUS FINANCIAL CORP ISAOA
4909 N 44TH ST
PHOENIX AZ 85018-2708

RETURN TO SENDER

First Magnus Financial Corporation
603 North Wilmot Road
Tucson, AZ 85711

RECEIVED
MAR 12 2010


UNITED STATES POSTAGE
$0
02 1P
0002949077 M.
MAILED FROM ZIP

DATE: 2/26/2010

TO:

Bank of America
PO BOX 5170
Simi Valley, CA 93062-5170

First Magnus Financial Corporation
603 North Wilmot Road
Tucson, AZ 85711

Bank of America
PO BOX 5170
Simi Valley, CA 93065

MERS
PO BOX 2026
Flint, MI 48501-2026

Federal Title
840 East McKellips Rd., Suite 110
Mesa, AZ 85203

Re: Original Loan Number: # 6531180433, 1st mortgage,
2nd mortgage: 3020127177

AKA Loan Number 147338494, 1st mortgage
2nd mortgage: 147338494

Commonly Known Address: 23410 South 161st Way Gilbert, AZ 85297 APN: 304-77-004

Deed of Trust Record Instrument Number: 20061646998, 1st mortgage
2nd mortgage: 20070033621

Deed of Trust Recorded Date: 12/18/2006, 1st mortgage
2nd mortgage: 1/9/2007.

12

### NOTICE OF RIGHT TO CANCEL
Notice to Agent is Notice to Principal
Notice to Principal is Notice to Agent

**Parties:** Ivaylo T. Dodev/Alleged Borrower (hereinafter **"Borrower(s)"**) and Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, /Alleged Lender (hereinafter **"Lender"**).

**ATTENTION:** All above named Respondents

This communication will serve as our **NOTICE of RIGHT to CANCEL** dated April 4, 2008, Truth in Lending Act ("TILA"), 15 U.S.C. §1601 et seq; 12 C.F.R part 226 allows three (3) days to review Disclosure Documents. The referenced 'Three Day Right to Cancel' must have a trigger to being. That trigger, is when the Lender has provided the Borrower with **ALL** of the required Disclosures under TILA and that the same are true, complete, accurate and timely provided.

Being as the entire purported loan/mortgage process and Deed of Trust referenced herein and throughout was obtained by wrongful acts of fraud, fraudulent inducement, concealment, and fraudulent misrepresentation, the borrower has other recourse, right and cause of action under numerous state and federal statutes. Acts of fraud taint/void everything it touches as the United State Supreme Court has declared in <u>United States v. Throckmorton. 98 U.S. 61 (1878)</u> that: *"There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents and even judgments."*

To this date, Lender has NEVER provided Borrower with true, complete, accurate or timely documents as required. Only after such provisions have been done, can the 'three (3) day Right to Cancel' Period begin. If the required full Disclosures have not been provided, then the period in which to Cancel is extended for up to three (3) years, OR until Lender moves to foreclose. The records thus far evidence, that Borrower has requested to cancel within the stipulated three year time period, while still waiting to receive all TRUTH IN LENDING disclosures as required by Federal Law, the same of which have never been received.

A close perusal and audit of Borrower's mortgage/loan documents has revealed certain Disclosure Violation; and, that the Borrower has the remedial right and remedy under (UCC 1-201(32)(34)), inter alia, to invoke their Right of Rescission ("ROR") as further evidenced by the original NOTICE OF RIGHT TO CANCEL. You will also please find Borrower's signed and dated NOTICE to the Lender(s), Successors(s) and Beneficiary as stated on the NOTICE OF RIGHT TO CANCEL, if provided in the loan package. If such Notice was not provided, this written Notice of Communication is Provided In lieu thereof.

After Sufficient NOTICE has been given to Lender, the Lender is required by Federal Law to CANCEL any lien(s) and to CANCEL any security interest on the Borrower's property within twenty (20) days. The Lender must also return any money, interest, fee, and/or property to Borrower, as well as any money/funds given to any persons or other fiction in law/entity in connection with said transaction.

In accordance with both State and Federal law or until the Lender complies, Borrower may retain the proceeds of the transaction. If it should be 'impractical' or 'unfair' for the Borrower to return the property when gross discrepancies, fraud, or other wrongful acts are discovered; then, they may offer its "Reasonable Value".

In the event the Lender should fail or refuse to take possession of the property or return the borrower's money offer within twenty (20)days, Borrowers may then regain and acquire all rights to a clear title and reconveyance under Federal Law and Provisions of TILA.

Additionally, Borrower has the right to offer Lender a Reasonable Value; however, the penalty that a bank can face for violations TILA, State and Federal law(s) can be as much as triple damages. For example, triple the amount of the interest the bank stood to fraudulently make the following offer: Borrowers will forgive Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, any liability incurred by its wrongful actions, provided Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, rightfully forgive Borrower the full amount of mortgage/credit Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, fraudulently allege to have given. In addition, Borrowers make the one time demand of $130,000.00 for any loss, damage, and injury they have sustained; and, that Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, also immediately remove all and any negative comments on Borrower's credit report attributed to this transaction.

Any default, failures, or non-compliance on the Lender's part to perform as herein directed within twenty (20) days of receipt shall constitute this Notice of Right to Cancel as valid and fully agreed and accepted pursuant to the terms and conditions as set forth herein.

Respectfully,

_Ivaylo Dodev_

Ivaylo T. Dodev

## NOTICE OF REVOCATION OF POWER OF ATTORNEY & REVOCATION OF SIGNATURE AFFIDAVIT

Subject: **Rescission of Signatures**

To: Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, .

On or about 12/12/2006, I, Ivaylo T. Dodev living soul was coerced, deceived and defrauded by acts of non-disclosure and enticed to put our signature on forms and other documents referred to as **DEED OF TRUST/SECURITY/ NOTE/ PURCHASE AGREEMENT # 6531180433, 3020127177.**

Due to the act of NON-Disclosure, Misrepresentation and for reasons state herein and above makes any agreement **VOID.** I hereby rescind any and all signatures that I may have placed on any and all forms, documents, contracts, Power of Attorney and the like, acted upon on or about 12/12/2006, 1/2/2007 and forward to present date.

All unconscionable contracts are subject to rescission under the common law and Admiralty Law for failure to make the proper disclosure in constitute an acceptance where there is no meeting of the minds there is no contract as required by §226.23(b)(1) regarding Notice of Right to Rescind as set forth in **In re Pearl Maxwell v. Fairbanks Capital Corporation, 281 B.R. 101,(2002).** The U.C.C addresses unconscionability in §2-302. We waive and reject any and all benefits expressed or implied arising from any such signatures, all resulting contracts, agreements, appointments of trustee(s) or trust resulting from force, deceit, under threat of arms, involuntary servitude and peonage, committed against ourselves.

_Ivaylo Dodev_

Ivaylo T. Dodev

## NOTICE OF REVOCATION OF POWER OF ATTORNEY/TRUSTEE

**ATTENTION:** All Respondents listed above.

Ivaylo T. Dodev DOES HEREBY DECLARE:

That, due to the discovery of various elements of fraud, fraudulent inducement, fraudulent misrepresentation, entrapment and non disclosure resulting in the deprivation of my property by Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title,   audit and close perusal of the purported Loan, Trust of Deed, and Security Agreement. I, Ivaylo T. Dodev do hereby refuse to knowingly accept or otherwise participate in ANY part of fraud and other wrongful actions involving the purported Promissory Note/Security Instrument/Trust Deed; and, further do hereby revoke, rescind, and terminate all our signatures relating to any and all said deeds, notes, and agreements from their inception.

Furthermore, I, Ivaylo T. Dodev do hereby revoke, terminate and rescind all Powers of Attorney, in fact or otherwise, previously assigned by us, implied in law, by trust or otherwise, with or without our consent and or knowledge, as such pertains to any property, real or personal, promissory note, deed of trust and mortgage signed on the date of 12/12/2006, 1/2/2007 or otherwise, under Deed of Trust Record No. 20061646998, 20070033621; Recorded Date: 12/18/2006, 1/9/2007; APN: 304-77-004  involving said property more commonly known and identified as: 23410 South 161st Way Gilbert, AZ 85297.

_____

Ivaylo T. Dodev

<u>NOTICE OF REMOVAL</u>

## To: ALL RESPONDENTS ADDRESSED ABOVE

**TRUSTOR(s)/GRANTOR(s):** Ivaylo T. Dodevdoes hereby give reference to the Deed of Trust drawn and executed by Ivaylo T. Dodev, as Trustor(s)/Grantor(s)/Creator(s) with further given to the following described real property situated in:

> **A portion of land in the southwest quarter of section 22, township 2 south, range 6 east, gila and salt river base and meridian, maricopa county, arizona, described as follows; commencing at the soutwest corner of section 22; thence north 90 degrees 00minutes 00 seconds east, a distance of 1284.85 feet; thence north 00 degrees 00 minutes 00 seconds east, a distance of 415.04 feet; thence south 90 degrees 00 minutes 00 seconds west, a distance of 193.02 feet ot the point of beginning; thence south 90 degrees 00 minutes 00 seconds west, a distance of 367.57 feet; thence north 00 degrees 03 minutes 42 seconds east, a distance of 9.56 feet; thence north 18 degrees 49 minutes 40 seconds east, a distance of 266.94 feet; thence north 90 degrees 00 minutes 00 seconds east, a distance of 279.44 feet; thence south 00 degrees 25 minutes 50 seconds east, a distance of 262.23 feet to the point of beginning..**

**The street address or other common designation, if any, of the real property described above is purported to be: 23410 South 161st WayGilbert,AZ  85297**

**GRANTOR(s)/TRUSTOR(s):** Ivaylo T. Dodev **by actual and Constructive Notice does hereby declare:**

1) **Effective Immediately,** the undersigned Ivaylo T. Dodev. forever removes/releases/discharges all "Trustees, Successor Trustees, Substituted Trustees, Agents. Servicers, Assigns, Transfers, known and unknown, including: Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, ; and thereby removing and terminating the same from any and all duties forever barring and stopping the aforesaid from any further appointments or assignments originally granted or contained within the Deeds of Trusts concerned herein.

2) **Effective immediately,** the undersigned Ivaylo T. Dodev forever revokes/cancels/voids/rescinds any and all duties appointments or assignments originally granted by the Revocation of Power of Attorney, Authority or otherwise granting and or signatures, including, but not limited to: Bank of America, Bank of

America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , and any addresses named above; thereby removing and terminating the same from all duties and forever barring and stopping the aforesaid of any further appointment of any and all Trustees, Successor Trustees, "Substitutes" or "Beneficiary(s)".

**LET IT BE KNOWN** that all the above mentioned: Trustee, Successor Trustee(s), Beneficiary(s), Assigns, Substitutes, known or unknown in clauses 1 and 2 above are hereby directed to immediately **CEASE** and **DESIST** any further actions through said appointments/assignments granted in or from original Record No. 20061646998, 20070033621, dated 12/12/2006, 1/2/2007.  Any such continued or further action by **ANY** of the above named parties may result in legal actions against them.

**BE it Further known,** GRANTORS, TRUSTORS: Ivaylo T. Dodev does hereby declare that: Effectively immediately, all duties and benefits of "Trustee" and "Beneficiary" as set forth in the original Deed of Trust, are hereby reassigned by Quitclaim to Ivaylo T. Dodev. (Trustee(s), Ivaylo T. Dodev.

## ACTUAL AND CONSTRUCTIVE NOTICE

All trustee(s), Successor Trustee(s) and Beneficiary(s) named in the Deed of Trust as Trustor(s) dated 12/12/2006, 1/2/2007, and recorded 12/18/2006, 1/9/2007 under original Deed of Trust Instrument No. 20061646998, 20070033621 **ARE** hereby Removed/ Released/ Dismissed of all duties, expressed or implied, effective immediately.  The aforesaid trustee(s), Successor Trustee(s), and Beneficiary(s) are expressly directed to CEASE and DESIST any further duties and action of said appointment(s) and or assignment(s), including debt collection and any foreclosure actions under any number. Any continued actions of any nature against the property described above may result in legal actions being taken.

_Ivaylo Dodev_ _____

Ivaylo T. Dodev

# EXHIBIT "1"

# AFFIDAVIT

**of** Ivaylo T. Dodev
Re: ORIGINAL Note/Mortgage No. **6531180433, 3020127177**
Security Instrument dated: **12/12/2006, 1/2/2007**
Deed of Trust Record No. **20061646998, 20070033621**

State of Arizona                    )
                                    ) ss.
County of Maricopa                  )

        "Indeed, No more than such affidavit are necessary to make the prima facie case."
United States v. Kis, 658 F.2d 526 (1981)

Comes now Ivaylo T. Dodev (hereinafter "affiant") a conscious, living male, residing in the
County of Maricopa in the State of Arizona being first duly sworn/affirmed and does
depose, say, declare and affirm by affiant's signature that I am over the age of 18 years and
have first hand personal knowledge of the following statements and affirm the same are
true and correct to the best of the affiant's knowledge and belief, to wit:

1) That, affiant was induced to believe by certain officers and or employees of Bank
of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial
Corporation, MERS, Federal Title, (hereinafter "bank/lender") and further by the
bank's advertising, that said bank had money of its own to loan to affiant and
others at a certain rate of interest.

2) That, affiant took the bank up on its offer to loan affiant its money at a certain
rate of interest, and affiant did sign a promissory note/mortgage date 12/12/2006,
1/2/2007.

3) That, the bank did also induce affiant to sign a "security agreement/instrument"
dated 12/12/2006, 1/2/2007, granting the bank a secured interest and lien in and on
the personal property of affiant currently held and owned or otherwise acquired.
The bank caused affiant to believe this "security agreement/instrument" was
necessary for the bank to protect and insure its "consideration", i.e., the loaning
of its money to affiant as advertised and agreed.

20

4) That, the bank did induce affiant into signing a Deed of Trust dated 12/12/2006, 1/2/2007, assigning other undeserving third parties a lien against, a security interest in, and control over the affiant's personal property. Again, the bank led affiant to believe this Deed of Trust/Assignment was also necessary to further secure the bank's consideration against any "risk or loss" regarding loaning the affiant its money.

5) That, at no time did the bank ever disclose to affiant the fact that the funding of the note was created/obtained by and through the affiant's signature on affiant's note/mortgage, of which the bank later arbitrarily and deceitfully claimed as its own, and then either sold, traded, or collateralized the same for its own benefit and use. Affiant believes that the foregoing wrongful acts evidence the bank never put up, nor used, any money of its own to fund the note/mortgage instrument.

6) That, by and through the affiant's signing of all the aforesaid financial instruments, affiant was led to believe that a binding, lawful contract was created between the bank, its agents, assignees, and affiant.

7) That, at the time of signing all the bank's required financial instruments as instructed, affiant was very unlearned and unsophisticated in such banking and financial matter, including all the various underlying details, particulars and legal consequences pertaining to the same. To the contrary, affiant relied wholly upon the bank having 'clean hands', operating in 'good faith' and providing affiant full, complete and truthful disclosure of the entire transaction(s).

8) That, the affiant has since been involved in researching all of the above particulars regarding the bank's loan process and can reasonably conclude that the bank did not in fact operate with clean hands or in good faith, nor did the bank provide full, complete and truthful disclosure of its underlying, undisclosed intents. To the contrary, affiant has good cause to believe that a

close perusal and audit of the bank's internal accounting records provide
sufficient evidence to support the following conclusions:

a.  That the bank used acts of, but not limited to, fraudulent inducement,
    fraudulent misrepresentation and fraudulent intent in its claim to have
    loaned its money to affiant;

b.  That the bank did not fulfill its original promise and agreement to lend
    its own money; nor did not sacrifice/contribute anything of intrinsic
    value or incur any risk in the formation or outcome of the transactions.
    Therefore, did not contribute any lawful consideration;

c.  That the bank arbitrarily and discretely stole the affiant's note/mortgage,
    claimed it as its own, and converted the same to a negotiable instrument
    for the bank's sole benefit, use, and gain;

d.  That the bank further compounded its wrongful and fraudulent actions
    by inducing the affiant to sign a Deed of Trust, thereby granting
    additional third parties undeserving control, benefit, and interest in the
    affiant's personal property, all under the guise of 'necessity';

e.  That the notes/mortgage/Deed of Trust/Security Instrument between the
    bank, its agents and assignees and the affiant do not constitute a lawful
    binding contract due to the acts of misfeasance, malfeasance, and
    nonfeasance as more particularly outlined above; and that any such
    'contract' would be unconscionable and unilateral in its very nature.

f.  As affirmed above and throughout, affiant was never provided full,
    complete, and truthful disclosure regarding all financial instruments
    affiant was compelled to sign, nor fully apprise of the very nature and
    exact particulars of the bank's entire loan process. Without being fully
    and truthfully informed as to all the details of the 'loan' and the true
    'intentions' of the lender, there could not be, and was not, a 'meeting of
    the minds'. Affiant fully believes the following court decision (among

others) applies herein, to wit: *"The 'meeting of the minds' required to make a contract is not based on secret purpose or intention on the part of one of the parties, stored away in his mind and not brought to the attention of the other party, but must be based on purpose and intention which has been made known or which from all the circumstances should be known"*. McClintock v. Skelly Oil Company, 232 Mo. 1204, 114 S.W. 2d 181, 189 (1938)

g.   That, the Affiant did spend further time considering all the particulars regarding the entire loan process as outlined above, and became further perplexed.  If the bank/lender had indeed given full, complete, and truthful disclosure regarding all elements of the loan process as outlined throughout; and did in fact provide valuable, bona fide consideration and, did in fact believe the bank was creating a lawful, binding contract with the affiant/borrower, then why did not the bank's officers and representatives sign their name on the contract note?  The same applies to the Deed of Trust.  If the bank/lender knew it was not involved in any kind of fraudulent inducement, misrepresentation, and concealment, and did in fact have a bona fide, legal contract with the borrower/affiant sufficient to prevail in a foreclosure action if need be; then, why did the bank/lender feel it necessary to have a deed of trust created- wherein the bank/lender did assign complete control of the purported 'loan' over to a third party, and again never put their signature to the instrument?  In consideration of all the statements throughout this affidavit, the affiant believes it only reasonable to conclude that the bank/lender knew full and well that it was defrauding the affiant/borrower as to the true nature and elements of the entire loan process, and was not willing to further implicate and or incriminate itself by signing its name to document.  The banker/lender knew full well were based upon fraud, lies, inducement, entrapment, and unjust enrichment.

h.   That, Affiant requested on **2/26/2010** for Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title,  and its agents, assigns and trustees in good faith with clean hands to provide information regarding the origination of the loan,

funding and entitlement right to Affiant debt of Note/Mortgage and or Deed of Trust for 23410 South 161st Way Gilbert,AZ 85297; however, as of date, NO response has been received (see Exhibit "1").

i.   That, regardless of any funds secretly or covertly obtained by the bank (via affiant's note/mortgage) while said bank acts as a for-profit business with and through the United States Treasury for the purpose to access and thereby expand the credit of this affiant's individual treasury account while at all times failing to disclose the use of this affiant's negotiable paper (i.e. affiant's mortgage./note) while trading as a for profit entity on the bond and securities market though any of its interagency cohorts/institutions such as Fannie Mae, Freddie Mac, or otherwise; while also apparently failing to file IRS Form 1099OID (Original Issue Discount) on each of the herein referenced transaction and thereby send a copy of said form to affiant for his tax records.  It has been established that this affiant as well as other Americans have, out of necessity and the related remedy attaching thereto having its origin out of HJR-192, and are in fact the only substantive "source" and consumer to sponsor virtually ALL credit that issues for commercial purposes. Said credit being necessary for the Treasury to have access to a valid source of credit to monetize and thereby disburse to the Federal Reserve banks for various and sundry federal projects while accounting for all such credit/funding entered into circulation through the aforesaid Federal Reserve banks

For all the reasons set forth above and throughout this affidavit, which the affiant incorporated herein in its entity- ALL Notes/Mortgage/Deed of Trust or other instruments signed 12/12/2006, 1/2/2007 by the affiant between the bank/lender and any and all of its agents, assignees and beneficiaries have no legal force or binding effect, and the same in fact **NULL** and **VOID**.

*FURTHER AFFIANT SAYETH NAUGHT*

Ivaylo T. Dodev

24

## Certificate of Acknowledgment of Notary Public

**STATE OF ARIZONA** )
**COUNTY OF MARICOPA** )

On this 26 day of _February_ 2010, before me, _Rebecca Perez_, a notary public in and for said state, personally appeared Ivaylo T. Dodev, personally know to me or satisfactorily proved to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in their authorized capacity and that by their signature on the instruments: Notice of Revocation of Power of Attorney and Revocation of Signature Affidavit, Notice of Removal of Beneficiaries and Trustees, Notice of Cancellation of Deed of Trust, Qualified Written Request and Revocation of Signature, the person, or the entity upon behalf of which the person acted, executed the instrument.

_Rebecca Perez_                              (SEAL)
**Notary Public**

25

# ADDENDUM

ADDENDUM TO- RIGHT TO CANCEL
RE: UNCONTROVERTED MATTER OF RECORD, et. seq.
Original Loan No: 6531180433, 3020127177; APN: 304-77-004
Commonly known address as: 23410 South 161st Way Gilbert, AZ 85297
Deed of Trust Record No: 20061646998, 20070033621- Recorded Date: 12/18/2006,
1/9/2007

1) That, at no time prior to the signing of any 'loan' documents and to this date, did Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, nor any of its officers/employees fully and completely described and categorized all of the underlying particulars, details, and principles of law regarding Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, 's entire purported 'loan' process, including just exactly where the 'money' was coming from to fund the note/mortgage, how it was obtained and or created and by whom it was created, obtained and or funded.

2) That, at no time prior to the signing of any 'loan' documents and to this date, did Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, and its officers/employees ever disclose to Ivaylo T. Dodev the fact that the funding of the note/mortgage was being created and or obtained by and through Ivaylo T. Dodev's signature on Ivaylo T. Dodev's note, the same of which Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, later arbitrarily and deceitfully claimed as its own, and then either sold, bargained, traded, or collateralized the same for its own benefit and use. Ivaylo T. Dodev has good cause to believe that the foregoing wrongful acts evidence Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, never put up, nor used any money of its own to fund the note/mortgage instrument as it promised. Nor, has Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, and its officers/employers/agents and or assigns ever denied or rebutted any of the determinations set forth above.

3) That, by and through Ivaylo T. Dodev's signing of notes, mortgages, Deeds of Trust, and or security instruments, Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, led Ivaylo T. Dodev to believe that a binding, lawful contract/agreement was created between Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, ( to include its agents, assigns and beneficiaries) and Ivaylo T. Dodev.

4) That prior to, and at the time of signing all Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, 's required financial instruments as instructed, Ivaylo T. Dodev was

very unlearned and unsophisticated in such banking and financial matter, including lacking any knowledge of all the various underlying details, particulars and legal consequences pertaining to the same. To the contrary, Ivaylo T. Dodev relied wholly upon Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, having 'clean hands; operating in 'good faith', and providing Ivaylo T. Dodev with full. complete and truthful disclosures of the entire financial transaction(s).

5) That, following the aforesaid financial transactions concerning Bank of America. Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , Ivaylo T. Dodev did further study and research the above particulars regarding Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, 's loan process and can reasonably conclude that Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, **DID NOT** in fact operate with clean hands or in good faith, nor did Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, provide full, complete and truthful disclosures of its underlying, undisclosed, secret intent. To the contrary, a close perusal and audit of Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, 's internal accounting records provide sufficient evidence to support the following:

   a. That, Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, used acts of, but not limited to, fraudulent inducement, fraudulent misrepresentation, and fraudulent intent in its advertising and claim to have loaned its money to Ivaylo T. Dodev.

   b. That, Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title. did not fulfill its original promise/agreement to lend Ivaylo T. Dodev its own money; Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, did not sacrifice/contribute anything of intrinsic value or incur any risk/loss in the formation or outcome of the transaction; and Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, therefore did not sacrifice nor contribute any valuable. lawful, consideration; and thereby could not and did not suffer any loss, damage, or injury.

   c. That, Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title. arbitrarily and discretely stole Ivaylo T. Dodev'S note/mortgage, claimed it as its own, and converted the same to a negotiable instrument for Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, 's sole benefit, use, profit and or gain;

   d. That, Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title,

27

further compounded its predatory; wrongful, and fraudulent actions by inducing Ivaylo T. Dodev to sign a Deed of Trust, thereby granting additional third parties undeserving control, benefit in Ivaylo T. Dodev's personal property (i.e. their house/property) all under the guise of 'necessity';

e. That, notes/mortgage/Deed of Trust/Security Instrument created by Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , its agents, and assigns and signed only by Ivaylo T. Dodev **DO NOT** constitute a lawful binding contract/agreement due to Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, 's acts of misfeasance, malfeasance, and nonfeasance as more particularly outlined above. In addition, that any such purported 'contract/agreement would be unconscionable and is VOID.

f. As confirmed above and throughout, Ivaylo T. Dodev was never provided full, complete and truthful disclosure regarding **all** financial instruments which, Ivaylo T. Dodev was compelled to sign, nor were they fully or otherwise apprised of the **true nature** and **exact particulars** of Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, 's entire loan process. Without being fully and truthfully informed as to all the details of the purported 'loan' and the underlying disingenuous 'intention' of the lender, there could not be, and was not, a 'meeting of the minds'. The law of contracts and the courts addresses this issue repeatedly, as per this example:

> "The meeting of the minds' required to make a contract is not based on **secret purpose or intention** on the part of the parties, stored away in his mind and **not brought to the attention of the other party,** but must be based on purpose and intention which **has been made known** or which from all the circumstances should be known". McClintock v. Skelly Oil Co., 232 MoApp. 1204 (1938)

g. Ivaylo T. Dodev did spend additional time researching several particulars regarding Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, 's entire loan process as outlined above, and became further perplexed. If Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, /lender had indeed given full, complete, and truthful disclosure regarding all elements of its loan process as set forth above and throughout; and did in fact provide valuable, bona fide consideration; and, did in fact believe Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, did create a lawful binding contract with Ivaylo T. Dodev/ borrower(s); then, why did not Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, /officers/representatives/ agents/assigns not sign their name on the

28

contract/note/deed of trust?  If Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, /lender knew it was not involved in any manner of fraudulent inducement, misrepresentation, concealment, or unjust enrichment, and did in fact have a bona fide legal contract with the borrower(s) Ivaylo T. Dodev sufficient to prevail in a foreclosure action if need be; then, why did Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, /lender feel it necessary to have a deed of trust created- wherein the Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, /lender did cause complete control of the purported loan/note to be turned over to an undeserving third party, and again never put their signature on the instrument? In consideration of all the above statement and finding, it is only reasonable to conclude that Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, /lender knew full well that it had defrauded Ivaylo T. Dodev/borrower(s) from the outset as to the true nature and undisclosed rudiments of the entire loan process, and was not receptive to further implicating and or incriminating itself by signing its name to documents that Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, /lender knew were founded upon fraud, lies, unfulfilled promises, secret intentions, inducement, entrapment, and unjust enrichment.

6) To this date, Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, nor any of its agents, assigns, or beneficiaries, have provided any **bona fide** tangible evidence that ANY of them are in FACT the **bona fide** holder in due course (nor even a folder of value) and **bona fide** owner of the promissory note in question, all of which would be absolutely necessary in order to initiate ANY form of collection action or foreclosure proceeding.  **Again,** it is an **incontrovertible fact** that the original promissory note in question is, and always was, the property of Ivaylo T. Dodev, and the same **did not** knowingly or otherwise assign, transfer, or give it away for another's personal benefit and gain- all to the loss and detriment of Ivaylo T. Dodev.  Any reasonable person would conclude such an action as being ludicrous and unconscionable.  Furthermore, **it is against the law** for one to fraudulently obtain an unjust property, claim it as their own, and then further bargain, assign, or sale the same to obtain an unjust enrichment, benefit, and fain for themselves- all at a loss and detriment to the lawful, bona fide owner.

**IN CONCLUSION,** Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, nor any of its officer, representatives, agents, assigns or beneficiaries have provided any evidence in contradiction to the matters set forth above and throughout. **Accordingly,** the record shall establish that all aforesaid facts, statement, determination and related Attachment of Sworn Affidavit of borrower, Ivaylo T. Dodev (which are incorporated herein and made a part hereof in their entirety) are entirely true and correct and remain unanswered, unrebutted, and uncontroverted.

_Ivaylo Dodev_ _____

Ivaylo T. Dodev

ALL MORTGAGE(S), TRUSTEE(S), BENEFICIARY AND SUCCESSORS

## QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER, FOIA REQUEST, SIGNATURE REVOCATION, and AFFIDAVIT.

Please be advised that this letter is a "qualified written request," DEMAND, AFFIDAVIT and Amendment in compliance with RESPA and under the DEED OF TRUST/SECURITY AGREEMENT/NOTE created namely the Loan #6531180433.

Reference:  Ivaylo T. Dodev's Alleged Account Number: # 6531180433, 3020127177.


To whom it may concern,

This letter is to inquire about the accounting and servicing of this agreement and my need for understanding and clarification of various sale, transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, inception of my loan to the present date.


To this date, the information, documents I have, that you have sent, and the many conversations with your customer representatives/agents, have been unproductive and have not answered many or any questions.

It has come to my attention that your company may have been accused of engaging in one or more predatory servicing or lending and servicing schemes.  As a consumer, I am extremely troubled to know about such practices by anyone; let alone Bank of America. Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , financing company or anyone who has any interest in this matter.  I am concerned that such abuses are targeting the uneducated and uninformed/unaware consumer and disadvantaged, poor, elderly and minority Americans.

Regardless, I am most concerned.  This situation worries me that potential fraudulent and deceptive practices by unscrupulous brokers; sales and transfers of credit and or servicing rights; deceptive and fraudulent accounting tricks and practices may have also negatively affected any

credit rating, loan account and/or the debt or payments that I am currently, or may be legally obligated to.

At this time, I hereby demand absolute first hand evidence from you of the original blue ink signature of the note to verify holder in due course of this alleged debt and or security regarding account # 6531180433, 3020127177.

30

In the case, that you do not supply me with the very security it will be a positive confirmation on your part that you never really created and owned my note. I also hereby demand that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent of the actual evidence of the security I have no choice, but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you allege I owe. By debt I am referring to the principle balance you claim I owe; the calculated monthly payment and any fees claimed to be owed by you or any trust or entity you may service or sub-service for.

To independently validate this debt, I need you to conduct a complete exam, audit, review and accounting of this account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information to any credit reporting agency until you respond to each of the above mentioned requests.

I also request that you kindly conduct this investigation and audit of this account by a certified public neutral party, since its origination to validate the debt you currently claim I owe. I would like you to validate this debt so that it is accurate to the penny.

Please do not rely on previous servicers or originator records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account. I understand that potential abuses by you or previous services could have deceptively, wrongfully, unlawfully, and/ or illegally: 1) Increased the principal balance I owe; 2) decreased the proper amount applied and attributed toward principle on this account; and/ or 3) assessed, charged and/ or collected fees, expenses and miscellaneous charges I am not legally obligated to pay under this DEED OF TRUST/ SECURITY AGREEMENT/NOTE.

It is extremely urgent that you insure that I have not been victim of such predatory servicing or lending practices.

To insure this, I am authorizing a thorough review, examination, accounting and audit of account # 6531180433, 3020127177 by a neutral auditing, CPA, and predatory servicing or lending expert. This exam and audit will review this account file from the date of initial contact, application and the origination of this account to the present date written above.

31

Again this is a Qualified Written Request under the DEED OF TRUST/SECURITY AGREEMENT/ NOTE and my fiduciary will provide for me the substantial penalties and fines for non-compliance or failure to answer my questions provided in this letter within ten (10) days of its receipt.

In order to conduct the examination and audit of this loan, I need to have **full** and **immediate disclosure** including copies of all pertinent information regarding this loan. The documents, requests and answers to my questions are needed by me and others to unsure that this loan:

1. Was originated in lawful compliance with all federal and state laws, regulation including, but not limited to Title 62 of the Revised Statutes of the Fair Debt Collection Act, and other laws such as Real Estate Settlement Procedure Act 12 U.S.C. § 2601 et. seq.; that any and all sales or transfers of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with **COMPLETE** disclosure to all parties with an interest. This request requires signatures of both parties that constitute a loan. As you know, it takes two or more parties signature, meeting of the minds, and exchange of valuable consideration to create a valid contract.

That, the claimed holder in due course of the monetary instrument/title/asset/note is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments.

That, all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees, etc. where and still are properly disclosed to me.

That, each servicers and/or sub servicers of this loan and or agreement has serviced this loan and or agreement in accordance with statute, law, and the terms of agreement, monetary instrument and or title.

That this agreement and or loan account has properly been credited, debited, adjusted, amortized and charged correctly; that the principal and fees have been properly calculated and applied to this loan.

32

That any principal balance has been properly calculated, amortized and accounted for; that no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account.

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me.  I also need answers, <u>certified</u> in writing, under penalty of perjury to various servicing questions described below.

For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account number or my name,

As such, please send to me and my Notary Fiduciary at: Peter Pilat 3561 N Paseo Del Sol Mesa, AZ  85207, copies of the documents requested below as soon as possible. Please also provide copies of:

1)   Any certified or un-certified security, front and back, used for the funding of account # 6531180433, 3020127177.
2)   Any and all "Pool Agreement(s)", including account # 6531180433, 3020127177 between Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title,  and any government sponsored entity, hereinafter (GSE).
3)   Any and all "Deposit Agreement(s)" regarding any "Pool Agreement" including account# 6531180433, 3020127177, between Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title,  and any GSE.
4)   Any and all "Servicing Agreement(s)" between Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title,  and any GSE.
5)   Any and all "Custodial Agreement(s)" between, Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title,  and any GSE.
6)   Any and all "Master Purchasing Agreement" between Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , LOAN # 6531180433, 3020127177 and any GSE.
7)   **DEED OF TRUST/SECURITY AGREEMENT,** Loan #6531180433, 3020127177, 3020127177,  Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title,  and any GSE.
8)   Any and all "Commitment to Guarantee" agreement(s) between Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , Loan # 6531180433, 3020127177 and any GSE.

9)    Any and all "Commitment to Guarantee" agreement(s) between Loan #6531180433, 3020127177, Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, and any GSE.

10)    Any and all "Release of Document" agreement(s) between Loan # 6531180433, Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , and any GSE.

11)    Any and all "Master Agreement for Servicer's Principle and Interest Custodial Account" between Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, ,Loan 6531180433, 3020127177 and any GSE.

12)    Any and all "Servicers Escrow Custodial Account" between Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , Loan #6531180433, 3020127177 and any GSE.

13)    Any and all "Release of Interest" agreement(s) between Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , **Loan** #6531180433, 3020127177 and any GSE.

14)    Please send to the Purchaser a copy of any and all document(s) establishing any Grantor for this Title **and** any NOTE.

15)    All assignments, transfers, allonge, or other document evidencing a transfer, sale or assignment of this loan, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date.

16)    The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any Servicers of this account for payment of any monthly payment, other payment, late charge, fee or expense on this account.

17)    The front and back of each and every canceled check, draft, or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statements(s) including, but not limited to, appraisal fees, etc.

18)    Front and back copies of all payment receipts, checks, money, orders, drafts, automatic debits and written evidence of payments made by other or me on this account.

19)    All letters, statements and documents sent to me by your company.

20)    All letters, statement and documents sent to me by your agents, attorneys or representatives of your company.

21)    All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

22)    All account servicing records, payment payoffs, payoff calculations, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until present date.

23)    All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the date of inception of this account until present date.

24)    Who loaned the money for this loan, or was it funded by MY OWN, Ivaylo T. Dodev pass-through account known as MY Social Security Number.

Further, In order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing

and accounting of this account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below.

## ACCOUNT ACCOUNTING & SERVICING SYSTEMS

1) Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, so that these experts can decipher the data provided.
2) For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company or party that designed and sold the system.

3) For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each systems so that I and others can adequately audit this account.

## DEBITS & CREDITS

1) In a spreadsheet form or in letter form in columnar format, please detail for me each and every credit on this account and the date such credit was posted to his account, as well as the date any credit was received.
2) In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account and the date debit was posted to this account as well as the date any debit was received.
3) For each debit or credit listed, please provide me with the definition for each corresponding transaction code you utilize?
4) For each transaction code, please provide me with the master transaction code lost used by you or previous servicers.

## LATE FEES

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1) Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?
2) Has any previous servicers or sub-servicers of this loan reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?
3) Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?
4) Are late fees considered interest? Yes or No?
5) Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.
6) Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

7) If yes, please describe what expenses or charges were charged or assessed to this account?

8) Please describe for me in writing what expenses you or other undertook due to any payment I made, which was late?

9) Please describe for me in writing what damages you or others undertook due to any payment I made, which was late?

10) Please identify for me in writing the provision, paragraph, section or sentence of any note, or any agreement I signed authorized the assessment or collection of late fees?

11) Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to present date.

12) Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to the present date.

13) Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustments were made and the reason for such adjustments.

14) Has interest been charged on any late fee assessed or charged to this account? Yes or No?

15) Is interest allowed to be assessed or charged on late fees to this account? Yes or No?

16) Have any late charges been assessed to this account? Yes or No?

17) If yes, how much in total late charges have been assessed to this account from the inception of this account until present date? **PLEASE PROVIDE THE AMOUNT**.

18) Please provide me with the exact months or payment dates you or other previous servicers of this account claim I have been late with a payment from the inception of this account to the present date.

19) Have late charges been collected on this account from the inception of this account until present date? Yes or No?

20) If yes, how much in total late charges have been collected on this account from the inception of this account until present date?

● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

**Power of Attorney:** Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, **or any other entities notice here fails** by not rebutting to any part of this "Request" Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , A DIVISION OF Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , or any other entities noticed here, agrees with the granting unto Ivaylo T. Dodev ,or their agent, unlimited **Power of Attorney** and any and all full authorization in signing or endorsing  Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , **A DIVISION OF** Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , or any other entities noticed here

including any/all named SUCCESSOR, ASSIGNS, TRANSFEREE, name upon any instrument in satisfaction of the obligation(s) of this REQUEST/Agreement or any agreement arising from this agreement. Pre-emption of or to any Bankruptcy proceedings shall not discharge any obligation(s) of this agreement. Consent and agreement with this Power of Attorney by Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title. , A DIVISION OF Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS. Federal Title, , or any other entities noticed here waives any and all claims of Ivaylo T. Dodev of, and or defenses and remains in effect until satisfaction of all obligation(s) by Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , A DIVISION OF Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , or any other entities noticed here has been satisfied.

<u>Effective immediately Buyer, Purchaser, Grantor, Trustor Ivaylo T. Dodev</u> forever Revokes, Cancels, Voids, Rescinds any Power of Attorney, authority or other granted, granting by signatures, assigned or assigning to any parties, including Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , A DIVISION OF Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, or any other entity noticed here and namely Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , A DIVISION OF Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, .alleged present and any appointment made by them, including all Trustee(s), Successor Trustee(s), Beneficiary(s), any and all successors, and/or substitutes.

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

I, Ivaylo T. Dodev hereby revoke and withdraw any and all power and authority in the matter of Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , A DIVISION OF Bank of America, Bank of America, First Magnus Financial Corporation, First Magnus Financial Corporation, MERS, Federal Title, , LOAN # 6531180433, 3020127177 conferred therein. YOU ARE NO LONGER TRUSTEE(s), SUCCESSOR TRUSTEE(s) or BENEFICIARY(s). CEASE AND DESIST ALL ACTIONS OF ASSIGNMENT(s) or APPOINTMENT BY ABOVE ENTITY. CONTINUED ACTION MAY RESULT IN LEGAL ACTIONS AGAINST YOU.

Dated on the 26th day of February, 2010.

BY: _____

    Ivaylo T. Dodev, **TRUSTOR/GRANTOR**


BY: _____

    , **TRUSTOR/GRANTOR**

# Exhibit D

Filed contemporaneously as a separate document

# Exhibit E

WHEN RECORDED MAIL TO:

**Tiffany & Bosco, P.A.**
David W. Cowles
2525 E. Camelback Rd.
Ste. 700
Phoenix, AZ 85016

RECORDED

JUL 2 7 2015

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SUBSTITUTION OF TRUSTEE
14-01441 Dodev

      WHEREAS, Ivaylo T Dodev, a married man, as his sole and separate property was the original Trustor(s), **None Stated** was the original Trustee and **Mortgage Electronic Registration Systems, Inc.**, as nominee for First Magnus Financial Corporation, an Arizona Corporation, its successors and assigns was the original Beneficiary under that certain Deed of Trust dated 12/12/06 and recorded on **12/18/2006** as Instrument No. 2006-1646998 of the Official Records of **Maricopa** County, State of Arizona and described as:

<u>AS FURTHER DESCRIBED ON THE ATTACHED EXHIBIT A</u>

      WHEREAS, the undersigned present beneficiary under the said Deed of Trust hereby appoints **David W. Cowles whose address is 2525 East Camelback Road, Suite 700, Phoenix, Arizona 85016,** as Successor Trustee under said Deed of Trust, and is qualified to act as Successor Trustee per ARS Section 33-803 (A)2, as a member of the Arizona State Bar.

Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates Series 2007-OA7, by Select Portfolio Servicing, Inc., as Servicer

Select Portfolio Servicing, Inc. as Attorney In Fact

By : _Aruffa_   Alexandrea Huefner   07/22/2015

Its :     Document Control Officer

State of ___Utah___ )

County of __Salt Lake__ )

On _July 22_, 20_15_, before me, _Emily Seegmiller_, a Notary Public for said State, personally appeared _Alexandrea Huefner_ ✳ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.      ✳ Document Control Officer

EMILY SEEGMILLER
Notary Public State of Utah
My Commission Expires on:
December 4, 2018
Comm. Number: 680457

Signature _____

PAGE 2 SUBSTITUTION OF TRUSTEE
14-01441 / DODEV

## EXHIBIT A

A Portion Of Land In The Southwest Quarter Of Section 22, Township 2 South, Range 6 East, Gila And Salt River Base And Meridian, Maricopa County, Arizona, Described As Follows;

Commencing At The Southwest Corner Of Section 22;

Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 1284.85 Feet;

Thence North 00 Degrees 00 Minutes 00 Seconds East, A Distance Of 415.04 Feet;

Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 193.02 Feet To The Point Of Beginning;

Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 367.57 Feet;

Thence North 00 Degrees 03 Minutes 42 Seconds East, A Distance Of 9.56 Feet;

Thence North 18 Degrees 49 Minutes 40 Seconds East, A Distance Of 266.94 Feet;

Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 279.44 Feet;

Thence South 00 Degrees 25 Minutes 50 Seconds East, A Distance Of 262.23 Feet To The Point Of Beginning.

WHEN RECORDED MAIL TO:

**TIFFANY & BOSCO, P.A.**
2525 East Camelback Road, Suite 700
Phoenix, Arizona 85016

RECORDED

JUL 2 7 2015

Title No: 21401150

## NOTICE OF TRUSTEE'S SALE
File ID. #14-01441  Dodev

The following legally described trust property will be sold, pursuant to the power of sale under that certain trust deed recorded on 12/18/2006 as Document No. 2006-1646998 Maricopa County, AZ. **NOTICE! IF YOU BELIEVE THERE IS A DEFENSE TO THE TRUSTEE SALE OR IF YOU HAVE AN OBJECTION TO THE TRUSTEE SALE, YOU MUST FILE AN ACTION AND OBTAIN A COURT ORDER PURSUANT TO RULE 65, ARIZONA RULES OF CIVIL PROCEDURE, STOPPING THE SALE NO LATER THAN 5:00P.M. MOUNTAIN STANDARD TIME OF THE LAST BUSINESS DAY BEFORE THE SCHEDULED DATE OF THE SALE, OR YOU MAY HAVE WAIVED ANY DEFENSES OR OBJECTIONS TO THE SALE. UNLESS YOU OBTAIN AN ORDER, THE SALE WILL BE FINAL AND WILL OCCUR** at public auction on **October 26, 2015 at 10:00 A.M. at the office of David W. Cowles, 7720 North 16th Street, Suite 300, in the City of Phoenix, County of Maricopa, State of Arizona,** and the property will be sold by the Trustee to the highest bidder for cash (in the forms which are lawful tender in the United States and acceptable to the Trustee, payable in accordance with ARS 33-811). The sale shall convey all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and more fully described as:

A Portion Of Land In The Southwest Quarter Of Section 22, Township 2 South, Range 6 East, Gila And Salt River Base And Meridian, Maricopa County, Arizona, Described As Follows;

Commencing At The Southwest Corner Of Section 22;

Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 1284.85 Feet;

Thence North 00 Degrees 00 Minutes 00 Seconds East, A Distance Of 415.04 Feet;

Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 193.02 Feet To The Point Of Beginning;

Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 367.57 Feet;

Thence North 00 Degrees 03 Minutes 42 Seconds East, A Distance Of 9.56 Feet;

Thence North 18 Degrees 49 Minutes 40 Seconds East, A Distance Of 266.94 Feet;

Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 279.44 Feet;

Thence South 00 Degrees 25 Minutes 50 Seconds East, A Distance Of 262.23 Feet To The Point Of Beginning.

*Page 2 of Notice of Trustee's Sale*
*File ID: 14-01441 Dodev*

The street address/location of the real property described above is purported to be:

**23410 South 161st Way**
**Gilbert, AZ 85297**
**Tax Parcel No.: 304-77-004W 4**

The undersigned Trustee, **David W. Cowles, Attorney at Law,** disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

The beneficiary under the aforementioned Deed of Trust has accelerated the Note secured thereby and has declared the entire unpaid principal balance, as well as any and all other amounts due in connection with said Note and/or Deed of Trust, immediately due and payable.

Said sale will be made in an "as is" condition, but without covenant or warranty, expressed or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided therein, and the unpaid principal balance of the Note secured by said Deed of Trust with interest thereon as proved in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.

*(Notice of Sale continued following page ... ......)*

*Page 3 of Notice of Trustee's Sale*
*File ID: 14-01441 Dodev*

Original Principal Balance: $681,750.00

Original Trustor: Ivaylo T. Dodev, a married man, as his sole and separate property
              23410 South 161st Way, Gilbert, AZ 85297

Current Beneficiary:
    Bank of New York Mellon, f/k/a Bank of
New York, as Trustee, on behalf of the registered
holders of Alternative Loan Trust 2007-OA7,
Mortgage Pass-Through Certificates Series 2007-
OA7
Care of / Servicer
    Select Portfolio Servicing, Inc.
    3815 S.W. Temple
    Salt Lake City, UT  84115-4415

Current Trustee:
David W. Cowles
2525 East Camelback Road, Suite 700
Phoenix, Arizona 85016
(602) 255-6035

David W. Cowles, Attorney at Law
Trustee/Successor Trustee, is regulated by and
qualified per ARS Section 33-803 (A)2 as a
member of The Arizona State Bar

STATE OF ARIZONA
COUNTY OF MARICOPA

On this 27th day of July, 2015 before me, Judy Quick a Notary Public for said State, personally appeared David
W. Cowles  personally known to me be (or proved to me on the basis of satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Judy Quick Notary Public

> **JUDY QUICK**
> NOTARY PUBLIC – ARIZONA
> MARICOPA COUNTY
> My Commission Expires
> April 20, 2017

This firm is not a Debt Collector as that term is defined pursuant to the Fair Debt Collection Practices Act within this
jurisdiction (see *Mansour vs. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178 (D. Ariz. 2009)). Should a subsequent
determination be made that this firm is a Debt Collector as that term is defined within the Act, then you are notified that any
information obtained will be used for the purpose of collecting a debt. Please be advised that if your personal liability for this
debt has been modified or extinguished by a discharge in bankruptcy, this communication is provided solely in reference to the
foreclosure on the deed of trust remaining on your property and is not an attempt to collect the discharged personal obligation.
The notifications provided herein do not limit or detract from the effect of foreclosure upon the subject property.

NOTICE:  If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid.
The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.

## "EXHIBIT A"

## NOTICE OF STATEMENT OF BREACH OR NON-PERFORMANCE
### FILE NO: 14-01441 Dodev

A breach or non-performance of the Deed of Trust referred to in the attached Notice of Trustee's Sale (which Deed of Trust is dated **12/12/06** and recorded on **12/18/2006 as Instrument No. 2006-1646998 (or Book, Page) of the Official Records of Maricopa** County Recorder) or of the promissory note/contract secured thereby, or both, has occurred by reason of the following:

Failure to make the monthly payments of $2,933.62 each, from 11/01/08 and all subsequent installments

PLUS ALL ACCRUING PAYMENTS, LATE CHARGES, ADVANCES, TAXES, RENTS, PAYMENTS ONPRIOR LIENS, FEES, COSTS, INTEREST, EXPENSES, AND ANY OTHER DEFAULT THAT MAY OCCUR, ETC.

The Beneficiary under said Deed of Trust has accelerated the Note secured thereby and has declared the entire unpaid principal balance, as well as any and all other amounts due in connection with said Note/Deed of Trust, immediately due and payable. The beneficiary has elected to sell, or cause to be sold, the property described in the Notice of Trustee's Sale.

All persons whose interest in the trust property is subordinate in priority to that of the above-mentioned Deed of Trust are hereby advised that their INTEREST MAY BE TERMINATED BY THE TRUSTEE'S SALE.

Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates Series 2007-OA7

By: David W. Cowles
as Trustee and Beneficiary's Agent

# Exhibit D

Filed contemporaneously as a
separate document.

# Exhibit E

WHEN RECORDED MAIL TO:

**Tiffany & Bosco, P.A.**
David W. Cowles
2525 E. Camelback Rd.
Ste. 700
Phoenix, AZ 85016

RECORDED

JUL 27 2015

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SUBSTITUTION OF TRUSTEE
14-01441 Dodev

WHEREAS, **Ivaylo T Dodev, a married man, as his sole and separate property** was the original Trustor(s), **None Stated** was the original Trustee and **Mortgage Electronic Registration Systems, Inc., as nominee for First Magnus Financial Corporation, an Arizona Corporation, its successors and assigns** was the original Beneficiary under that certain Deed of Trust dated **12/12/06** and recorded on **12/18/2006** as Instrument No. **2006-1646998** of the Official Records of **Maricopa** County, State of Arizona and described as:

AS FURTHER DESCRIBED ON THE ATTACHED EXHIBIT A

WHEREAS, the undersigned present beneficiary under the said Deed of Trust hereby appoints **David W. Cowles** whose address is **2525 East Camelback Road, Suite 700, Phoenix, Arizona 85016**, as Successor Trustee under said Deed of Trust, and is qualified to act as Successor Trustee per ARS Section 33-803 (A)2, as a member of the Arizona State Bar.

Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates Series 2007-OA7, by Select Portfolio Servicing, Inc., as Servicer

Select Portfolio Servicing, Inc. as Attorney In Fact

By : _~signature~_     Alexandrea Huefner   07/22/2015

Its :     Document Control Officer

---

State of **Utah**                )

County of **Salt Lake**        )

On _July 22_, 20_15_, before me, _Emily Seegmiller_, a Notary Public for said State, personally appeared _Alexandrea Huefner_ ✳ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.              ✳ Document Control Officer

EMILY SEEGMILLER
Notary Public State of Utah
My Commission Expires on:
December 4, 2018
Comm. Number: 680457

Signature _~signature~_

PAGE 2 SUBSTITUTION OF TRUSTEE
14-01441 / DODEV

## EXHIBIT A

A Portion Of Land In The Southwest Quarter Of Section 22, Township 2 South, Range 6 East, Gila And Salt River Base And Meridian, Maricopa County, Arizona, Described As Follows;

Commencing At The Southwest Corner Of Section 22;

Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 1284.85 Feet;

Thence North 00 Degrees 00 Minutes 00 Seconds East, A Distance Of 415.04 Feet;

Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 193.02 Feet To The Point Of Beginning;

Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 367.57 Feet;

Thence North 00 Degrees 03 Minutes 42 Seconds East, A Distance Of 9.56 Feet;

Thence North 18 Degrees 49 Minutes 40 Seconds East, A Distance Of 266.94 Feet;

Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 279.44 Feet;

Thence South 00 Degrees 25 Minutes 50 Seconds East, A Distance Of 262.23 Feet To The Point Of Beginning.

WHEN RECORDED MAIL TO:

RECORDED

TIFFANY & BOSCO, P.A.
2525 East Camelback Road, Suite 700
Phoenix, Arizona 85016

JUL 27 2015

Title No: 21401150

## NOTICE OF TRUSTEE'S SALE
### File ID. #14-01441  Dodev

The following legally described trust property will be sold, pursuant to the power of sale under that certain trust deed recorded on 12/18/2006 as Document No. 2006-1646998 Maricopa County, AZ. **NOTICE! IF YOU BELIEVE THERE IS A DEFENSE TO THE TRUSTEE SALE OR IF YOU HAVE AN OBJECTION TO THE TRUSTEE SALE, YOU MUST FILE AN ACTION AND OBTAIN A COURT ORDER PURSUANT TO RULE 65, ARIZONA RULES OF CIVIL PROCEDURE, STOPPING THE SALE NO LATER THAN 5:00P.M. MOUNTAIN STANDARD TIME OF THE LAST BUSINESS DAY BEFORE THE SCHEDULED DATE OF THE SALE, OR YOU MAY HAVE WAIVED ANY DEFENSES OR OBJECTIONS TO THE SALE. UNLESS YOU OBTAIN AN ORDER, THE SALE WILL BE FINAL AND WILL OCCUR** at public auction on **October 26, 2015 at 10:00 A.M. at the office of David W. Cowles, 7720 North 16th Street, Suite 300, in the City of Phoenix, County of Maricopa, State of Arizona,** and the property will be sold by the Trustee to the highest bidder for cash (in the forms which are lawful tender in the United States and acceptable to the Trustee, payable in accordance with ARS 33-811). The sale shall convey all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and more fully described as:

A Portion Of Land In The Southwest Quarter Of Section 22, Township 2 South, Range 6 East, Gila And Salt River Base And Meridian, Maricopa County, Arizona, Described As Follows;

Commencing At The Southwest Corner Of Section 22;

Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 1284.85 Feet;

Thence North 00 Degrees 00 Minutes 00 Seconds East, A Distance Of 415.04 Feet;

Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 193.02 Feet To The Point Of Beginning;

Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 367.57 Feet;

Thence North 00 Degrees 03 Minutes 42 Seconds East, A Distance Of 9.56 Feet;

Thence North 18 Degrees 49 Minutes 40 Seconds East, A Distance Of 266.94 Feet;

Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 279.44 Feet;

Thence South 00 Degrees 25 Minutes 50 Seconds East, A Distance Of 262.23 Feet To The Point Of Beginning.

*Page 2 of Notice of Trustee's Sale*
*File ID: 14-01441 Dodev*

The street address/location of the real property described above is purported to be:

      **23410 South 161st Way**
      **Gilbert, AZ 85297**
      **Tax Parcel No.: 304-77-004W 4**

The undersigned Trustee, **David W. Cowles, Attorney at Law,** disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

The beneficiary under the aforementioned Deed of Trust has accelerated the Note secured thereby and has declared the entire unpaid principal balance, as well as any and all other amounts due in connection with said Note and/or Deed of Trust, immediately due and payable.

Said sale will be made in an "as is" condition, but without covenant or warranty, expressed or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided therein, and the unpaid principal balance of the Note secured by said Deed of Trust with interest thereon as proved in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.

*(Notice of Sale continued following page .........)*

*Page 3 of Notice of Trustee's Sale*
*File ID: 14-01441 Dodev*

Original Principal Balance: $681,750.00

Original Trustor: Ivaylo T. Dodev, a married man, as his sole and separate property
23410 South 161st Way, Gilbert, AZ 85297

Current Beneficiary:
Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates Series 2007-OA7
Care of / Servicer
Select Portfolio Servicing, Inc.
3815 S.W. Temple
Salt Lake City, UT  84115-4415

Current Trustee:
David W. Cowles
2525 East Camelback Road, Suite 700
Phoenix, Arizona 85016
(602) 255-6035

David W. Cowles, Attorney at Law
Trustee/Successor Trustee, is regulated by and qualified per ARS Section 33-803 (A)2 as a member of The Arizona State Bar

STATE OF ARIZONA
COUNTY OF MARICOPA

On this 27th day of July, 2015 before me, Judy Quick a Notary Public for said State, personally appeared David W. Cowles  personally known to me be (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.


JUDY QUICK
NOTARY PUBLIC – ARIZONA
MARICOPA COUNTY
My Commission Expires
April 20, 2017

Judy Quick Notary Public

This firm is not a Debt Collector as that term is defined pursuant to the Fair Debt Collection Practices Act within this jurisdiction (*see Mansour vs. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178 (D. Ariz. 2009)). Should a subsequent determination be made that this firm is a Debt Collector as that term is defined within the Act, then you are notified that any information obtained will be used for the purpose of collecting a debt. Please be advised that if your personal liability for this debt has been modified or extinguished by a discharge in bankruptcy, this communication is provided solely in reference to the foreclosure on the deed of trust remaining on your property and is not an attempt to collect the discharged personal obligation. The notifications provided herein do not limit or detract from the effect of foreclosure upon the subject property.

NOTICE:  If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.

"EXHIBIT A"

## NOTICE OF STATEMENT OF BREACH OR NON-PERFORMANCE
### FILE NO: 14-01441 Dodev

A breach or non-performance of the Deed of Trust referred to in the attached Notice of Trustee's Sale (which Deed of Trust is dated **12/12/06** and recorded on **12/18/2006 as Instrument No. 2006-1646998 (or Book, Page) of the Official Records of Maricopa** County Recorder) or of the promissory note/contract secured thereby, or both, has occurred by reason of the following:

Failure to make the monthly payments of $2,933.62 each, from 11/01/08 and all subsequent installments

PLUS ALL ACCRUING PAYMENTS, LATE CHARGES, ADVANCES, TAXES, RENTS, PAYMENTS ONPRIOR LIENS, FEES, COSTS, INTEREST, EXPENSES, AND ANY OTHER DEFAULT THAT MAY OCCUR, ETC.

The Beneficiary under said Deed of Trust has accelerated the Note secured thereby and has declared the entire unpaid principal balance, as well as any and all other amounts due in connection with said Note/Deed of Trust, immediately due and payable. The beneficiary has elected to sell, or cause to be sold, the property described in the Notice of Trustee's Sale.

All persons whose interest in the trust property is subordinate in priority to that of the above-mentioned Deed of Trust are hereby advised that their INTEREST MAY BE TERMINATED BY THE TRUSTEE'S SALE.

Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates Series 2007-OA7

By: David W. Cowles
as Trustee and Beneficiary's Agent