IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev, | No. CV-13-02155-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| ReconTrust Company NA, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for a New (Due Process) Trial and/or Relief From an Order.[1] (Doc. 152.) No trial occurred in this case; Plaintiff's complaint was dismissed. (Doc. 149.) Accordingly, the Court will construe Plaintiff's motion as a motion for reconsideration.[2]

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong*

---

[1] Plaintiff's request for oral argument is denied because it will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] Plaintiff alternatively seeks relief under Federal Rule of Civil Procedure 60(b). This rule is used sparingly, and "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Resort to Rule 60(b) is unnecessary here because Plaintiff has timely sought relief through his motion for reconsideration.

*v. Hilton Hotels Corp.,* 689 F. Supp. 1572, 1573 (D. Haw. 1988). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this [rule] may be grounds for denial of the motion.

LRCiv. 7.2(g).

Plaintiff has not identified an intervening change in controlling law, presented newly discovered evidence that could not have been brought to the Court's attention earlier with reasonable diligence, or shown that the Court's order was manifestly erroneous. Instead, Plaintiff reasserts arguments that the Court considered and rejected in its dismissal orders. (*See* Docs. 121, 149.) Motions for reconsideration should not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Accordingly,

/ / /

/ / /

/ / /

1    **IT IS ORDERED** that Plaintiff's motion for reconsideration, (Doc. 152), is
2  **DENIED**.
3    Dated this 2nd day of October, 2015.

```
                                    _____
                                    Douglas L. Rayes
                                    United States District Judge
```