BRYAN CAVE LLP (No. 00145700)
Sean K. McElenney (No. 016987)
Coree E. Neumeyer, (No. 025787)
Eric M. Moores (No. 028280)
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000
(602) 364-7070 fax
skmcelenney@bryancave.com
coree.neumeyer@bryancave.com
moorese@bryancave.com

Attorneys for Defendants Bank of America, N.A. and ReconTrust Co., N.A.

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ReconTrust Company, N.A.; Select Portfolio Servicing, Inc.; The Bank of New York Mellon, Corporation, FKA The Bank of New York; Bank of America, N.A., successor of Countrywide Home loans, Inc.; Real Time Resolutions, Inc.; and Does 1-100, in his/her individual and official capacity,<br><br>　　　　　Defendants. | No. 2:13-CV-02155-DLR<br><br>**DEFENDANT RECONTRUST CO., N.A.'S MOTION FOR ATTORNEYS' FEES**<br><br>(Hon. Douglas L. Rayes) |

Defendants Recontrust Company, N.A. ("Recontrust") and Bank of America, N.A. ("BANA," and together with Recontrust, "Defendants") move the court to enter an order awarding Defendants attorneys' fees in the amount of $85,430.55, incurred successfully opposing plaintiff Ivaylo Tsvetanov Dodev's ("Plaintiff's") claims, including four versions of his complaint and other groundless requests for relief, and preparing this Motion. Plaintiff defaulted on his loan in 2008 and has been living in the property rent-free since then, due in no small part to the uncertainty created through this litigation. Conjuring technicalities supported by no legal authority, Plaintiff challenged each of the Defendants' rights and interest in the subject property and asked this Court to quiet title

786922.6

in his name, despite having never paid off the substantial balance that remained on his loan. Plaintiff also sought to prevent exercise of Defendants' contractual power of sale right provided in the Deed of Trust. Plaintiff sought the outrageous windfall of a free house and damages and, in the process, tied up his loan in litigation for years, all while living in the property rent-free and incurring no litigation costs. Defendants, however, incurred significant expense defending against Plaintiff's frivolous claims. The fees Defendants' incurred successfully moving to dismiss each of the complaints come squarely within the fee-shifting provisions of the Note and Deed of Trust, A.R.S. § 12-341.01(A), and § 33-807(E). Accordingly, Defendants submit that an award of fees is contractually and statutorily just and appropriate in this case.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   FACTS AND PROCEDURAL HISTORY

This case was an unfortunate action brought by a borrower who sought to completely avoid his contractual loan obligations and receive a free home. Plaintiff filed this case in October 2013 [Dkt. 1], and, in November 2013, he filed his First Amended Complaint ("FAC") [Dkt. 18]. The FAC's claims were based on various allegations, including that the Defendants—including individual officers of the lender Defendants—conspired to deprive him of his home, fraudulently recorded documents in the public record, illegally loaned him credit instead of money, and charged him a usurious interest rate. [FAC, at 15, 16, 19-21] Not only did Plaintiff seek to avoid his loan obligations and receive a free home, he requested monetary damages he alleged he suffered due to a decline in his health resulting from the Defendants' alleged actions.

Defendants moved to dismiss the FAC in December 2013. [Dkt. 42] The Court granted that motion in its October 7, 2014 Order. [Dkt. 93] That Order dismissed each of the FAC's claims without prejudice—with the exception of Plaintiff's claim for mail fraud—and gave Plaintiff an opportunity to amend the FAC. [Id.] The Court noted that the FAC was a "sprawling Complaint [that] ramble[d] narratively and fail[ed] to clearly and concisely state which causes of action [were] being alleged against which

Defendant." [Id., at 3] The Order concluded the FAC was "nearly incomprehensible" and violated Fed. R. Civ. P. 8(a)'s provision that a complaint contain a "short and plain statement" regarding the grounds for relief, among other things. [Id.]

However, Plaintiff failed to consider these critiques in drafting his Second Amended Complaint ("SAC"), which he filed in October 2014. [Dkt. 96] The SAC was nearly double the length of the FAC and included additional causes of action. In all, the SAC consisted of 66 pages, eleven causes of action, and nearly 600 pages of exhibits. [Dkt. 96] Defendants moved to dismiss the SAC, and that motion was granted on April 13, 2015. [Dkts. 107, 121]. In its Order, the Court dismissed all claims against BANA with prejudice, and dismissed eight of the nine counts against Recontrust with prejudice. The remaining cause of action against Recontrust—to quiet title to the property—was granted without prejudice, and Plaintiff was permitted to amend this claim as to Recontrust—as well as Defendants Bank of New York Mellon ("BNYM") and Select Portfolio Servicing ("SPS").

In May 2015, Plaintiff filed his Third Amended Complaint ("TAC") [Dkt. 122], which included two quiet title claims. Recontrust subsequently moved to dismiss the TAC [Dkt. 127], and the Court heard oral arguments on that motion—as well as Defendants' BNYM and SPS's motion to dismiss—on August 7, 2015. On August 24, 2015, the Court entered its Order [Dkt. 149] granting the motions to dismiss and dismissing the TAC in its entirety with prejudice.

In addition to the multiple motions to dismiss, Defendants incurred fees responding to Plaintiff's December 2, 2013 motion for injunctive relief ("Injunction Application"), in which Plaintiff sought to enjoin an upcoming trustee's sale of the property.[1] Plaintiff also drove up costs and created delay by filing other frivolous motions, some of which were groundless or not permitted by the Fed. R. Civ. P. Specifically, shortly after responding to Defendants motion to dismiss the FAC ("MTD

---

[1] The Court denied the Injunction Application on January 7, 2014 [Dkt. 55].

3

786922.6

FAC") [Dkt. 57], Plaintiff filed a motion to strike the MTD FAC ("Motion to Strike") [Dkt. 65]—including the reply Defendants filed in support of the MTD FAC [Dkt. 61]. While Plaintiff's Motion to Strike was not permitted under the Fed. R. Civ. P.—which the Court noted in its September 23, 2014 Order denying the Motion to Strike [Dkt. 88]—Defendants nevertheless were compelled to incur costs responding to this groundless motion.[2] Similarly, Defendants prepared and filed a response to Plaintiff's curious attempt to appoint Defendants' counsel as his own fiduciaries/trustees, which Plaintiff filed in an apparent attempt to create a conflict of interest. [Notice re Plaintiff's Appointment of Fiduciary/Trustee [Dkts. 67 & 68]; Defendants' Response [Dkt. 70]]

Plaintiff also delayed these proceedings by filing for bankruptcy protection in February 2014. This case was then stayed for several months, until the Court lifted the stay in August 2014.

The Court's Order dismissing the TAC has finally resolved 22 months of litigation, during which time Plaintiff filed multiple versions of the complaint and several other unsuccessful motions. Throughout this case, Defendants attempted to defend this action as efficiently and inexpensively as reasonably possible, which was often difficult given the confusion created by Plaintiff's voluminous, burdensome allegations and multiple filings. Defendants did not undertake any tasks that were unnecessary or excessive.

## II. ARGUMENT

### A. Eligibility

The Court's local rules require Defendants to identify the judgment they incurred fees to obtain, and discuss the legal authorities under which Defendants are eligible for an award of fees given the nature of the action. LR Civ 54.2(c)(1). Defendants seek the fees they incurred obtaining a complete dismissal of Plaintiff's pleaded causes of action. [*See* Dkt. 149] As set forth above in detail, Plaintiff sought in this action to completely evade,

---

[2] See Defendants' Response to Motion to Strike [Dkt. 66].

4

786922.6

or substantially change, his contractual loan obligations. In fact, he sought to void his loan obligations altogether and get a free house. Further, Plaintiff sought to prevent Defendants from enforcing their contractual rights through foreclosure. All of Plaintiff's efforts to evade or change his contractual obligations directly impaired Defendants' contractual right to enforce their rights under the loan documents after Plaintiff indisputably defaulted on the loan seven years ago. Defendants prevailed on all claims and now seek their fees under two independent authorities: the contractual terms of Plaintiff's Note and Deed of Trust, and A.R.S. § 12-341.01(A). Additionally, Recontrust seeks its fees under A.R.S. § 33-807(E).

### 1. Recontrust is eligible for an award of fees under A.R.S. § 33-807(E).

Section 33-807(E) provides that, "[t]he trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. . . If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed **and to recover costs and reasonable attorney fees** from the person joining the trustee" (emphasis added). In its Order dismissing the TAC, this Court concluded that Recontrust was entitled to be dismissed pursuant to § 33-807(E). [Dkt. 149, at 8-9] Thus, Recontrust is entitled to its costs and reasonable attorneys' fees pursuant to that statute.

### 2. Defendants are eligible for an award of fees under the contractual terms of the Note and Deed of Trust.

"A contractual provision for attorneys' fees will be enforced according to its terms. Unlike fees awarded under A.R.S. § 12-341.01(A), the court lacks discretion to refuse to award fees under the contractual provision." Mining Investment Group LLC v. Roberts, 217 Ariz. 635, 641, 177 P.3d 1207, 1213 (Ct. App. 2008) (quoting Chase Bank of Ariz. v. Acosta, 179 Ariz. 563, 575, 880 P.2d 1109, 1121 (Ct. App. 1994)) (awarding fees to prevailing party under purchase contract). See also Hutchens v. Linden, 159 Ariz. 388, 767 P.2d 1178 (Ct. App. 1988) (awarding fees to mortgagee pursuant to promissory

5

786922.6

note and deed of trust). Unless Plaintiff can demonstrate that the amount of fees incurred by Defendants was "clearly excessive," Defendants are "entitled to receive [their] full attorneys' fees." <u>McDowell Mountain Ranch Ass'n v. Simon</u>, 216 Ariz. 266, 270–71, 165 P.3d 667, 671–72 (Ct. App. 2007) (vacating award of partial fees).

Plaintiff agreed in his Deed of Trust to pay Defendants' fees incurred enforcing the Deed of Trust. Specifically, the Deed of Trust states:

> **1. Payment of Principal, Interest** . . . . Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note.
>
> **9. Protection of Lender's Interest in the property and Rights Under this Security Instrument**. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, [or] (b) there is a legal proceeding that might significantly affect Lender's interest in the property and/or rights under this Security Instrument . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the property and rights under this Security Instrument, including protecting and/or assessing the value of the property. . . *Lender's actions can include, but are not limited to:  . . . appearing in court; and [] paying reasonable attorneys' fees to protect its interest in the property and/or rights under this Security Instrument* . . . .
>
> **14. loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, *for the purpose of protecting Lender's interest in the property and rights under this Security Instrument, including, but not limited to, attorneys' fees*, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition of the charging of such fee.
>
> **22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this security instrument . . . *Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees* and costs of title evidence.

[Dkt. 1-2, Ex. I ¶¶ 1, 9, 14, 22 (emphases added)]

Plaintiff filed this action, in part, to prevent Defendants from exercising their right under the Deed of Trust to hold a trustee's sale. Plaintiff never disputed that he defaulted on the loan. Rather, he argued that his debt was extinguished because he offered to pay the outstanding balance in letters he sent Defendants. Plaintiff's assertion of this baseless claim falls within Section 9 of the Deed of Trust, because Plaintiff "fail[ed] to perform

786922.6

the covenants and agreements contained in this Security Instrument" by defaulting on his loan, and initiated "a legal proceeding that might significantly affect Lender's interest in the property and/or rights under this Security Instrument."  As a result, Defendants are entitled to payment upon demand of their expenses for "appearing in court" and "paying reasonable attorneys' fees" to defend their rights under the Deed of Trust.  This lawsuit also falls within Section 22 of the Deed of Trust, because defending their right to enforce the Deed of Trust significantly added to the "expenses incurred in pursuing the remedies provided in this Section 22" by Defendants.  Whichever provision the Court applies, Defendants are entitled to the *full* amount of costs and fees incurred defending their rights under the Deed of Trust unless Plaintiff can demonstrate that the amount of fees Defendants' incurred was "clearly excessive.  Mining Investment Group, 217 Ariz. at 641; McDowell Mountain Ranch, 216 Ariz. at 270-71.

### 3. Defendants are eligible for an award of fees under A.R.S. § 12-341.01(A).

Arizona law provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A).  Arizona courts have "broadly interpreted" the statutory term "arising out of a contract."  Marcus v. Fox, 150 Ariz. 333, 334, 723 P.2d 682, 683 (1986) (en banc).  A claim arises out of contract within the meaning of A.R.S. § 12-341.01 as long as a contract "was a factor in causing the dispute."  Id. at 335.  As set forth above, this was an action to prevent Defendants and others from enforcing the terms of the Note and Deed of Trust.  Thus, while express breach of contract claims formed only a portion of this litigation, the entire case has been an effort by Plaintiff to avoid or change his contractual obligations under the Note and Deed of Trust, which falls squarely under the "arising out of a contract" standard of A.R.S. § 12-341.01(A).

### B. Entitlement

The Court's local rules require Defendants to discuss the factors relevant to whether fees should be awarded.  LR Civ 54.2(c)(2).  Under the contractual terms of the

Note and Deed of Trust, an award is *not* discretionary, so there are no factors warranting discussion. Mining Investment Group LLC, 217 Ariz.at 641, 177 P.3d at 1213. Unless the amount of fees incurred by Defendants was "clearly excessive," Defendants are "entitled to receive [their] full attorneys' fees." McDowell Mountain Ranch, 216 Ariz. at 270–71, 165 P.3d at 671–72 (vacating award of partial fees). Similarly, under A.R.S. § 33-807(E), an award of attorneys' fees is not discretionary. Where the criteria for dismissal of the trustee under A.R.S. § 33-807(E) have been met—as the Court has already concluded here—"the trustee is entitled . . . to recover costs and reasonable attorney fees from the person joining the trustee." Id.; see also Snyder v. HSBC Bank, USA, N.A., 873 F. Supp. 2d 1139, 1154-55 (D. Ariz. 2012) (acknowledging that A.R.S. § 33-807(E) mandates an award of attorney's fees when trustee is subject to dismissal under that provision); Puzz v. Chase Home Finance, LLC, 763 F. Supp. 2d 1116 (D. Ariz. 2011) (same). The Defendants have established the reasonableness of their fees through the declaration of Sean K. McElenney. Plaintiff cannot demonstrate that the fees incurred by Defendants were "clearly excessive."

Under the alternative, discretionary standard of A.R.S. § 12-341.01(A), the Court should consider "the merits of the unsuccessful party's claim, whether the claim could have been avoided or settled, whether the successful party's efforts were completely superfluous in achieving the result, whether assessing fees against the unsuccessful party would cause an extreme hardship, whether the successful party did not prevail with respect to all of the relief sought, the novelty of the legal question presented, and whether an award to the prevailing party would discourage other parties with tenable claims from litigating legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees." Fulton Homes Corp. v. BBP Concrete, 214 Ariz. 566, 569, 155 P.3d 1090, 1093 (Ct. App. 2007) (affirming trial court's award of fees). These factors should be weighed in light of the purpose of the statute. "Because the statute provides that an award of fees should be made to mitigate the burden of litigation, the clear intent of the statute is that under ordinary circumstances the successful party in an action which falls

8

786922.6

under the statute is entitled to recover his reasonable attorney's fees." Grand Real Estate, Inc. v. Sirignano, 139 Ariz. 8, 14, 676 P.2d 642, 648 (Ct. App. 1983) (vacating trial court's denial of request for fees).

These factors favor an award of fees. Plaintiff's claims were meritless. Established Arizona law prohibits a Plaintiff from quieting title to his property where an unpaid balance remains on his loan. Plaintiff's letters offering to pay the outstanding balance fell far short of satisfying the tender rule and did not operate to extinguish the debt. Because a large unpaid balance remained on the loan, Plaintiff's claim for quiet title was meritless. Further, Plaintiff's argument that no party could conduct a trustee's sale because the statute of limitations had expired was unsupported by any relevant legal authority. Finally, Recontrust should never have been named as a defendant pursuant to § 33-807.

Defendants raised the possibility of settling the case with Plaintiff. However, the Plaintiff's opinion of the value of his claims was substantially higher than Defendants. Plaintiff believed he was entitled to substantial monetary damages, despite the fact that the TAC contained only quiet title claims. During a call on June 25, 2015, undersigned counsel and counsel for defendants SPS and BNYM—Kim Lepore—asked Plaintiff what he would require to settle the case. Plaintiff responded that such a figure would be based on his alleged damages, which he claimed were approximately $1 million per month. On a separate occasion, Plaintiff offered to dismiss Recontrust if it represented that it was no longer "in the trustee business," a statement that was not true. Not only was it false, this demand suggests Plaintiff was aware he was not entitled to relief from Recontrust, yet he refused to dismiss it from the TAC anyway. Plaintiff's unreasonable demands rendered Defendants' settlement efforts futile, and this case could have been avoided or settled.

Further, Defendants' efforts were not superfluous in achieving the result, as each of their actions was necessary to defeat the relief Plaintiff sought. Defendants did not undertake any tasks that were unnecessary or excessive. Each of their filings was made

9

786922.6

in defense of Plaintiff's claims or in response to his various filings. Defendants did not take any action that was not necessary to defeat Plaintiff's claims for relief.

There is no evidence that assessing fees against Plaintiff would cause an extreme hardship. In fact, Plaintiff's representations to this court that he had the ability to pay the outstanding balance on the loan—which was originally $681,750—evidences he is able to pay the attorneys' fees Defendants incurred. [Dkt. 1-2, Ex. I, at 1] Additionally, Plaintiff has lived in his home rent-free since November 2008, and he has saved more than $240,000 by not paying his loan over that period. Recontrust notes that the Arizona Court of Appeals has affirmed fee awards against parties in difficult financial condition. See Catalina Foothills Ass'n Inc. v. White, 132 Ariz. 427, 429, 646 P.2d 312, 314 (Ct. App. 1982) (affirming award of fees against party who had only $8000 in assets and was a "voluntary organization serving a worthwhile purpose").

Also, Defendants prevailed with respect to all relief sought. BANA was dismissed from the action with prejudice when the Court granted Defendant's Motion to Dismiss the SAC, while the Court's Order dismissing the TAC resulted in the dismissal of Recontrust. Defendants prevailed as to all relief sought.

Additionally, this case did not present any novel questions, nor would an award of fees here discourage other parties from litigating legitimate contract claims. Rather, an award of fees would send an appropriate cautionary message to home loan borrowers and the foreclosure defense bar. Borrowers cannot intentionally skip their loan payments for seven years, impede the creditor's enforcement rights by tying up the loan in litigation, and not expect to suffer some consequences after losing. Because borrowers in these cases often (like here) appear pro se, and often (like here) obtain stipulated injunctions due to the creditor's desire to achieve an amicable workout resolution and legitimate fear of litigation uncertainty, the borrower has nothing to lose, and everything to gain, by keeping meritless claims alive in the courts as long as possible. The Court should not encourage this behavior. Borrowers should be required to assess whether they have a legitimate defense to foreclosure before engaging the courts. Plaintiff here did not pursue

legitimate defenses. Even though his obligation to make payments on the loan was discharged through bankruptcy, Plaintiff brought this litigation to impede his secured creditors' rights to foreclose on the property. While Plaintiff is entitled to bring the loan current to avoid foreclosure, if he fails to do so, the fair result in that scenario is loss of the property—not an expensive exercise in litigation while the borrower lives rent-free. In the vast majority of these cases, the only thing that may discourage a borrower from pursuing that course is the prospect of an award of fees.

### C. Reasonableness Of Requested Award

The Court's local rules require Defendants to discuss, "as appropriate," various enumerated factors "bearing on the reasonableness of the requested attorneys' fee award." LR Civ 54.2(c)(3) (factors listed as A-M). Many of these factors are discussed above and in the declaration of Sean K. McElenney. In addition, Defendants note the following.

Much of the time and labor (*see* factor (A)) expended in this case was necessitated by the conduct of Plaintiff in filing a frivolous suit and four different complaints, in refusing to engage in good-faith settlement discussions, and by driving up costs through filing excessive motions, as detailed above in Part I. In addition, as should be amply clear from the three motions to dismiss, Plaintiff raised numerous frivolous and speculative claims unsupported by law or fact. Also, instead of choosing a reasonable number of strong issues or abandoning issues that were clearly unfounded in the record, Plaintiff took a "kitchen sink" approach necessitating extensive responses and legal and factual research by Defendants that should not have been necessary.

Time limitations (*see* factor (G)) also played some part in driving up the legal expense. Plaintiff delayed these proceedings when he filed for bankruptcy protection in February 2014. After receiving notice of the bankruptcy, this Court stayed the case. [Dkt. 72] Thus, this case did not progress until the Court lifted the stay in August 2014. [Dkt. 80] This stay surely delayed the case, which would likely have been dismissed

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

786922.6

sooner had Plaintiff not filed a bankruptcy petition that had no apparent effect on the loan at issue here.

The value of the case (*see* factor (H)) is discussed in Mr. McElenney's declaration, but bears noting briefly here. Defendants did not see this case as having a particularly high intrinsic value based on the merits, potential exposure, or risks of loss. As noted above, Plaintiff's settlement demands included expectations that he was entitled to monetary damages in addition to free and clear title to the property - he was entitled to nothing, to the contrary, he was obligated to repay his loan if he wished to avoid foreclosure. Notably, because the TAC asserted only quiet title claims, Plaintiff would not be entitled to such damages even in the remote possibility that he prevailed. Additionally, Recontrust was the trustee under the Deed of Trust, and it held no interest or claim in the property or the loan. Thus, any judgment entered by the Court would not have affected Recontrust.

## III.     FEES INCURRED PREPARING THIS MOTION.

Finally, Defendants are entitled to recover the fees incurred preparing the motion for award of attorneys' fees. E.g., Gametech Intl'l, Inc. v. Trend Gaming Sys., LLC, 380 F. Supp. 2d 1084, 1101 (D. Ariz. 2005) ("Including the reasonable time to prepare an attorney's fees application in an award of attorney's fees to the prevailing party furthers the purpose of awarding such fees and does not constitute a windfall or double recovery"). Defendants respectfully submit that, in accordance with Gametech, the Court should award fees incurred preparing this application, in the current amount of $8,318.00, plus any additional fees that may accrue in preparing a reply, and preparing for and participating in any oral argument scheduled by the Court.

. . .

. . .

. . .

12

786922.6

**Relief Requested**

Defendants respectfully request that the Court award Defendants their reasonable attorneys' fees in the amount of $85,430.55, plus any additional fees that may accrue in preparing a reply in support of this application and participating in any oral argument scheduled by the Court.

DATED this 6th day of October, 2015.

BRYAN CAVE LLP

By /s/ Coree E. Neumeyer
Sean K. McElenney
Coree E. Neumeyer
Eric M. Moores
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000

Attorneys for Defendants ReconTrust Co. N.A. and Bank of America, N.A.

ORIGINAL of the foregoing electronically filed with the Court this 6th day of October, 2015.

COPY of the foregoing mailed this 6th day of October, 2015:

Ivaylo Tsvetanov Dodev
6312 S. 161st Way
Gilbert, AZ 85298

 /s/    Lisa Remus

13

786922.6