Ivaylo Tsvetanov Dodev,

c/o 6312 South 161st Way
Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Facsimile
dodev@hotmail.com

*Pro Se*

FILED ___ LODGED
___ RECEIVED ___ COPY

OCT 0 9 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ReconTrust Company, NA, et all.,<br><br>　　　　　　Defendants. | Case No.  CV-13-02155-PHX-DLR<br><br>**MOTION TO STRIKE DEFENDANT RECONTRUST CO., N.A.'S MOTION FOR ATTORNEYS' FEES (Doc. 157)**<br><br>Hon. Douglas L Rayes |

**COMES NOW**, Ivaylo Tsvetanov Dodev, claimant in *pro se* ("Plaintiff"), and moves the Court pursuant to Fed. R. Civ. P. Rule 12(f)(2)[1], and Loc. R. Civ. P. Rules 7.2(m) and 54(d)(1), to strike or summarily deny Defendants Recontrust Co., N.A.'S Motion For Attorneys' Fees, Doc. 157 (the "Motion") for FAILURE TO CONSULT WITH PLAINTIFF.

Defendant's Motion is filed in bad faith, entails conflicting arguments, as set forth below, and is not in compliance with Loc. R. Civ. P. Rule 54(d)(1):

---

[1] "The purposes of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues." (Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993).

1|Page of Plaintiff's Motion to Strike Doc. 157

(1) A Statement of Consultation. No motion for award of attorneys' fees will be considered unless a separate statement of the moving counsel is attached to the supporting memorandum certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees or that the moving counsel has made a good faith effort, but has been unable, to arrange such conference. The statement of consultation shall set forth the date of the consultation, the names of the participating attorneys and the specific results or shall describe the efforts made to arrange such conference and explain the reasons why such conference did not occur.

Defendant *"Declaration of Sean K. Mcelenney in Support of Motion for Attorneys' Fees by Defendant Recontrust Company, N.A."* (Doc. 157-1) reads: [page 23] *9/29/2015* Eric Moores, 0.4 hours, $ 84.00 Draft correspondence to I. Dodev regarding invitation to discuss issues with application for attorneys' fees. However, the *"Statement of Consultation in Support of Motion For Attorneys' Fees, by Defendants Bank of America, N.A. and Recontrust Company, N.A."* (Doc. 157-2) [signed by Eric Moores] does not allege that such correspondence was sent to Plaintiff and does not show any attachment of certified correspondence admissible[1] as evidence to the Court, attached thereto.

Doc. 157-2 ONLY alleges that *"sent an <u>email</u> to Plaintiff Ivaylo Dodev"* along with a voicemail, lacking certification that Plaintiff consented for email service under Fed. R. Civ. P. 5(b)(2)(E). Moreover, Eric Moores, along with counsel for all Defendants, has been instructed on several occasions not to contact Plaintiff through email, and that Plaintiff does not consent to email communication under these

---

[1] Judicial Notice has been given to this Court and all parties of FRE 801, 802, 1001 and 1002, (Doc. 122 ¶ 59)

proceedings. Plaintiff can substantiate his claim by audio recording where Eric Moores <u>expressly consented</u> that he will not use email as means of legal communication.

This contradicting matter has been brought before this Court on several occasions and has been one of the main reasons in the delay of this action, as all Defendants have avoided conferral—ordered by this Court three times—while forging excuses through allegedly sent emails, as the case herein. Contrarily, each time when Plaintiff reached out to the Defendants he sent certified mail, followed by a second certified mail and multiple voicemails in between, prior to resorting to motions for discovery dispute or to compel. Therefore this Court should strike Defendant's Motion, as it violates Loc. R. Civ. P. Rule 54(d)(1). Any good faith attempt to confer would have been done by reaching out to Plaintiff through certified mail.

Assuming <u>arguendo</u> that Defendant did attempt to confer, Defendant's Motion is submitted for no other reason but to harass Plaintiff for challenging unlawful foreclosure on repudiated debt; once paid (Doc. 152 at 4-5) and tendered (TAC et. seq.). It is adding salt to injury as the reason for bringing this action is Plaintiff's inability to work and provide for himself and his family after Defendant's unwillingness to accept his Good-Faith Offer to Pay. (Doc. 122 ¶¶ 28-30.)

> As a result thereof and due to the ongoing litigation Plaintiff has not been able to attend to his businesses; deprived from unrealized income in the million dollar range per month - based on former records. The seven years of dispute have altered Plaintiff's personal and family life as he has been brought to minimalistic existence. As a result he has marginalized from all social events, lost affection and suffered depression. Once a professional athlete, training for the Olympics, now Plaintiff is under the supervision of dozen of

Medical Doctors[1] and his health has gravely deteriorated. He has lost part of his left sight and left hearing and recently went under the cares of a Neurologist and Neurocytologist, as he was driving around trying to find his house for hours, the subject estate he has been living in since 2004, and had a hard time focusing, seeing distorted objects and being unable to spell simple words.

Plaintiff is unable to pay even his appellate fees of $500.00, let alone the attorneys' fees requested, and has submitted a <u>forma pauperis</u>, signed under penalty of perjury. Defendant's claim that *"There is no evidence that assessing fees against Plaintiff would cause an extreme hardship. In fact, Plaintiff's representations to this court that he had the ability to pay the outstanding balance on the loan—which was originally $681,750—evidences he is able to pay the attorneys' fees Defendants incurred. [Dkt. 1-2, Ex. I, at 1]"* (Doc. 157 at 10) is comical, as they have argued they did not receive Plaintiff's offers to pay his debt (Doc. 152 at 17) and the record is clear that *"Dodev's business partners offered to pay Dodev's outstanding mortgage debt. (Doc. 122 at ¶ 26)".* (Doc. 149 at 3.), not that Plaintiff was going to pay the debt through his own funds when giving these offers.

FURTHER, Defendant filed this Motion under ReconTrust N.A. but attempts to collect attorney fees for Bank of America N.A. ("BANA") as well, alleging that BANA is the secured creditor under Plaintiff's loan: *"Plaintiff brought this litigation to impede his secured creditors' [BANA] rights to foreclose on the property."* (Doc. 157 at 11.) <u>Contrarily</u> to their statements *that "neither BANA nor Recontrust claim an interest in the Property, and Dodev is not entitled to a quiet title judgment against them."* (Doc.

---

[1] Listed under his Initial Disclosures

119 at 9.) Reaffirmed by this Court: *"Moreover, BANA has no present interest in the Loan or the DOT and, therefore, there is no basis for a quiet title action against it."* (Doc. 121 at 12.) As a result of Defendant's claim, BANA was dismissed from this action with prejudice on April 13, 2015 (Doc. 121) and the time to request attorneys' fee for the said Defendant has long elapsed.

Moreover, if BANA are still the secured creditor, the alleged debt is now paid as Plaintiff established during the hearing held on August 7, 2015 that he has sent a payment to BANA or Recon [sister companies], allegedly lost by them. (Doc. 152 at 4.)

FURTHERMORE, Defendant's Motion is inundated with egregious errors and it is beyond excessive according to Federal and Local Rules. A quick review shows charges of about $881.50 (or more) just for reviewing HELOC documents, unrelated to Defendant claims. A closer look shows charges for review of documents for Plaintiff Green Tree, however there is no party under that name in this action. (*8/27/2014* Sean K. McElenney 0.1 $ 42.50 Receipt and review of order regarding conference with plaintiff **Green Tree**.) (Doc. 157-1 at 17.) More scrutiny shows charges for even inexistent events, such as: *"8/7/2015 Eric Moores 1.3 $ 273.00 Attend oral argument regarding motion to dismiss third amended complaint"* (Doc. 157-1 at 30.), when the record unequivocally shows that Eric Moores did not attend that hearing. Moreover, Plaintiff was informed by counsel Coree E. Neumeyer in the Court's hallways (Doc. 153) that Eric Moores would not be able to attend this hearing. Although he did not attend said hearing he charged $913.00 (Doc. 157-1 at 30) for preparing himself for the hearing, in addition to the $273.00 attendance fee. As a matter of fact, he <u>never</u>

attended any of the hearings held in the Court's building and Plaintiff has never met him in person. "Please pull up a chair because you will need to sit down" when you hear that Defendant estimates this Motion for Attorneys' fees to cost $8,318.00 and counting; this is roughly $650.00 a page. (Doc. 157-1 at 32.)

FURTHERMORE, Counsels for Defendant alleges that: 1. Recontrust is eligible for an award of fees under A.R.S. § 33-807(E); 2. Defendants are eligible for an award of fees under the contractual terms of the Note and Deed of Trust. The premises of both of these contentions are wrong as the record and exhibits show that Recon is not Plaintiff trustee, see Docs. 152 and 153, incorporated herein by this reference. Recon is not in the trusteeship business, according to their own admission of the fact as submitted on the record and: (1) On October 23, 2014 Plaintiff gave notice to this Court, Counsel and Defendant that ReconTrust N.A. has closed their trusteeship business (Doc. 96 ¶¶ 36, 75,76); (2) This was followed by exhibits "B", "C", "D" and "E" filed on January 9, 2015 (Doc. 117) showing that Defendant's trustee company has been <u>closed</u> for business, as shown through Texas tax and entity records, Exhibit "B" and "C" respectively, and California entity records, Exhibit "D", along with Defendant's own admission that ReconTrust was <u>"closing operations and is no longer his Trustee,"</u> Exhibit "E". All exhibits are filed under Doc. 117 and are incorporated herein by this reference; and (3) Plaintiff noted to this Court, Defendant and Counsel again on May 4, 2015 with his Third Amended Complaint ("TAC") that <u>ReconTrust is in violation of Arizona Law</u> (Doc. 122 ¶¶ 21, 53).

Moreover BANA and Recon were never part of Plaintiff's Note and Deed of Trust, as wrongfully alleged, and their impugnation is improper. See <u>Gullion v. TIFFANY & BOSCO, PA</u>, Dist. Court, D. Arizona 2012 ((Section 33-807(E) does not apply, however, because Tiffany & Bosco is not the trustee of the Deed. The Court will deny Tiffany & Bosco's request for attorneys' fees and costs.)

FURTHERMORE, contrary to the public record and Recon's own admission, Counsels <u>continue to commit fraud on the Court</u> by their frivolous claim the Recon is Plaintiff Trustee: *"On a separate occasion, Plaintiff offered to dismiss Recontrust if it represented that it was no longer 'in the trustee business,' a statement that was not true. Not only was it false, this demand suggests Plaintiff was aware he was not entitled to relief from Recontrust, yet he refused to dismiss it from the TAC anyway."* (Doc. 157 at 9.) The aforementioned contention contradicts with Counsels treacherous statement alleging [in the same motion] that *"Defendants raised the possibility of settling the case with Plaintiff"* (Doc. 157 at 9) - blatant lie as the record is clear that there was never a settlement proposal. These obfuscating statements raise two questions: - Did Plaintiff offered to dismiss Recontrust from this action, or he refused settlement from said Defendant? The record holds the answer Plaintiff offered to dismiss Recontrust from the TAC if they represent that they are no longer in the trusteeship business [know fact to the whole world] and he clearly reiterated his stance on hearing held on June 4, 2015, incorporated herein by this reference.

FURTHERMORE, Defendant continues with his unsupported claims and accusations that Plaintiff is the reason for a prolonged action while the record shows

that Counsels for Defendant asked for no less than 8 extension of time to file motions (Docs. 21, 98, 102, 118, 124, 139, 150, 151) with equal or close to this number filed by Counsels for other Defendants. Counsels [for Recon] asked twice for extension of time just to file this Motion—valued at over eight-thousand dollars—on the ground that: *"LRCiv 54.2(d)(1) requires the parties to confer prior to a motion for attorneys' fees. This extension will allow Recontrust sufficient time to satisfy this requirement and potentially resolve disputed issues prior to the motion"* (Doc. 150 at 2), and; *"Defendants need additional time to properly confer and consult with Plaintiff prior to submitting its motion for attorneys' fees"* (Doc. 151 at 2). Ironically, the record lacks any "proper conferral" prior to filing their Motion for Attorneys' Fees.

Moreover Counsels contention that *"Plaintiff delayed these proceedings when he filed for bankruptcy protection in February 2014. After receiving notice of the bankruptcy, this Court stayed the case. [Dkt. 72] Thus, this case did not progress until the Court lifted the stay in August 2014. [Dkt. 80]"* (Doc. 157 at 11), is meritless as Counsel for Defendant Select Portfolio Servicing, Inc ("SPS") filed Notice of Bankruptcy Filing (Doc. 71) resulting in the stay under this action; followed by a Motion to Lift the Stay (Doc. 73), and; Motion to Withhold the Motion to Lift Stay (Doc. 78). Plaintiff was not entitled to a stay under this action and <u>never requested one</u>, as established on Oral Hearing, held August 27, 2014 at 10:00AM. As a result of his statement the stay was lifted, contrary to SPS' Motion (Doc. 78). Counsels for Defendant would not know that because they were too busy to attend that hearing, <u>as well</u>, and filed a belated motion with this Court that they experienced some scheduling

problems. Plaintiff's Bankruptcy was filed in good faith, just as this action is, and resulted in the settlement of three out of the four claims filed under said proceedings; one of them led to release and reconveyance of his HELOC (Docs 111 and 112).

**CONCLUSION**

As stated herein above, Defendant's Motion is not in compliance with Loc. R. Civ. P. Rule 54(d)(1), it asserts untruthful, misrepresenting and misleading arguments aiming to bedevil Plaintiff for standing for his right of ownership and his passionate desire to see the laws of Arizona enforced. Counsels for Defendant are not looking to collect attorneys' fees, which are uncollectable under Plaintiff's circumstances, but rather act as whip-masters:

> Additionally, this case did not present any novel questions, nor would an award of fees here discourage other parties from litigating legitimate contract claims. Rather, an award of fees would send an appropriate cautionary message to home loan borrowers and the foreclosure defense bar. Borrowers cannot intentionally skip their loan payments for seven years, impede the creditor's enforcement rights by tying up the loan in litigation, and not expect to suffer some consequences after losing. Because borrowers in these cases often (like here) appear pro se, and often (like here) obtain stipulated injunctions due to the creditor's desire to achieve an amicable workout resolution and legitimate fear of litigation uncertainty, the borrower has nothing to lose, and everything to gain, by keeping meritless claims alive in the courts as long as possible. The Court should not encourage this behavior. (Doc. 157 at 10.)

Nothing in this statement resembles Plaintiff situation *"After exhausting his financial reserves and being unable serve his financial obligation he filed for bankruptcy protection and on January 5, 2009"* (TAC ¶24) and the allegation that he

*"obtain stipulated injunctions (like here)"* is just another fallacy that is predominate in their Motion.

"Our lives begin to end the day we become silent about things that matter." ~Martin Luther King Jr.

**WHEREFORE**, for the reasons stated herein, Plaintiff respectfully request that this Court strike or summarily deny Defendants' Motion.

Respectfully submitted on this 9th day of October, 2015.

_____
**Ivaylo Tsvetanov Dodev**, *Pro Se* Plaintiff
**Signed under penalty of perjury under the laws of the State of Arizona**

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY,** are hand-delivered and filed to The United States District Court for the District of Arizona this 9th day of October, 2015, and filed for the record. I certify that the following parties through their attorneys of record are registered as ECF Filers and will be served by the CM/ECF system: RECONTRUST COMPANY, NA, SELECT PORTFOLIO SERVING, INC. and THE BANK OF NEW YORK MELLON.

_____
Ivaylo Tsvetanov Dodev, Plaintiff
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax