BRYAN CAVE LLP (No. 00145700)
Sean K. McElenney (No. 016987)
Coree E. Neumeyer, (No. 025787)
Eric M. Moores (No. 028280)
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000
(602) 364-7070 fax
skmcelenney@bryancave.com
coree.neumeyer@bryancave.com
moorese@bryancave.com

Attorneys for Defendants Bank of America, N.A. and ReconTrust Co., N.A.

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev,<br><br>                    Plaintiff,<br><br>             v.<br><br>ReconTrust Company, N.A.; Select Portfolio Servicing, Inc.; The Bank of New York Mellon, Corporation, FKA The Bank of New York; Bank of America, N.A., successor of Countrywide Home loans, Inc.; Real Time Resolutions, Inc.; and Does 1-100, in his/her individual and official capacity,<br><br>                    Defendants. | No. 2:13-CV-02155-DLR<br><br>**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE MOTION FOR ATTORNEYS' FEES**<br><br>(Hon. Douglas L. Rayes) |

Defendants Recontrust Company, N.A. ("Recontrust") and Bank of America, N.A. ("BANA," and together with Recontrust, "Defendants") oppose Plaintiff's Motion to Strike (Doc. 158) ("Motion to Strike") their Motion for Attorneys' Fees (Doc. 157) ("Attorney Fee Motion"). Plaintiff's stated bases for striking the Attorney Fee Motion are without merit. Defendants attempted to contact Plaintiff in good faith in an effort to consult in advance of filing their Attorney Fee Motion, both by telephone and email, but, as is evident from Plaintiff's Motion to Strike, their efforts were unsuccessful. The remaining grounds for striking the Attorney Fee Motion are not actually grounds for

striking that motion, but rather arguments in opposition to the fees sought. There is no basis for striking the Attorney Fee Motion.

## I. DEFENDANTS COMPLIED WITH LRCIV 54.2(d)(1).

Plaintiff's primary contention in support of his Motion to Strike is that Defendants failed to consult with him prior to filing the Attorney Fee Motion. Doc. 158, at 1-3. As set forth in the Statement of Consultation filed with the Attorney Fee Motion, Defendants' counsel attempted to contact Plaintiff by telephone twice on September 18, 2015, leaving voicemails on both attempts. Doc. 157-2. Plaintiff did not return those phone calls. In addition, Defendants sent Plaintiff an email on September 29, 2015 regarding their intent to seek fees and inviting further discussion. *Id.* Plaintiff takes issue with Defendants' failure to attach that communication (Doc. 158, at 2), but Defendants certified to this Court that said communication was in fact sent (Doc. 157-2). Notably, Plaintiff does not deny having received that communication. Instead, Plaintiff claims that Defendants were under some obligation to send him the correspondence via certified or registered mail. *Id.* at 3 ("Any good faith attempt to confer would have been done by reaching out to Plaintiff through certified mail."). There is no requirement under the Federal Rules of Civil Procedure or this Court's local rules requiring parties to deliver correspondence via certified or registered mail. Nor has this Court previously ordered that the parties are to correspond via certified or registered mail.

Plaintiff's attempt to strike Defendants' Attorney Fee Motion is part of a pattern and practice by Plaintiff throughout this litigation of declining to respond to reasonable conferral communications from Defendants' counsel, or imposing unreasonable and unilateral requirements for those efforts, and then claiming a failure to confer, or attempt to confer, with him each time Defendants filed a motion with this Court. *See, e.g.*, Doc.

: : :

: : :

: : :

: : :

2

789251.2\0361285

23 & 26; Doc. 42, at 15[1], & Doc. 65, at 1-2; Doc. 98, at 2 n.1, & Doc. 105; Doc. 107, at 18, & Doc. 117, at 19; Doc. 139, at 2, & Doc. 141, at 2-3. Defendants have made good faith efforts to confer with Plaintiff when appropriate or required, as was done here. In the absence of any response from Plaintiff, Defendants are not able to actually confer in any meaningful way with Plaintiff. Defendants remain willing to engage in good faith consultation with Plaintiff concerning their Attorney Fee Motion. But to date, Plaintiff has declined to respond to Defendants' invitation to do so, with the exception of filing the Motion to Strike.

## II. DEFENDANTS HAVE A GOOD FAITH BASIS FOR SEEKING TO RECOVER THEIR FEES.

Plaintiff's assertion that Defendants are motivated by bad faith in seeking to recover their attorneys' fees is without merit. *See* Doc. 158, at 1 ("Defendant's Motion is filed in bad faith"), and 3 ("Defendant's Motion is submitted for no other reason but to harass"). Defendants' counsel spent substantial time on this matter due to Plaintiff's frivolous claims and motions and his unreasonable stance regarding settlement value, among other things. Defendants have a legal right to recoup the fees they incurred in defending this matter. Part of the risk Plaintiff faced in bringing this meritless action is the burden of paying Defendants' reasonable attorneys' fees.

## III. DEFENDANTS ARE ENTITLED TO RECOVER THEIR ATTORNEYS' FEES.

Plaintiff takes issue with part of Defendants' statement of the grounds upon which they are entitled to attorneys' fees, arguing that (1) Recontrust is ineligible to recover its fees pursuant to A.R.S. § 33-807(E) because it is no longer the trustee, and (2) BANA

---

[1] On December 16, 2013, the Court issued an Order directing Defendants to comply with and file a Notice of Certification with respect to Doc. 42. That same day, Defendants' counsel contacted the Court to alert it to its Certificate of Conferral (Doc. 42, at 15). At that time, the Court advised Defendants' counsel to disregard the Order because the Court had simply missed the Certificate and Defendants were in compliance with the conferral order. *See* Doc. 89.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

and Recontrust are not eligible to recover their fees pursuant to the terms of the Note and Deed of Trust because they are not parties to those agreements. Doc. 158, at 6-7.

First, Plaintiff provides no authority to refute Defendants' eligibility to recover their reasonable attorneys' fees pursuant to A.R.S. § 12-341.01. There is no question that this matter arises out of contract. Plaintiff directly challenged the enforceability of the Note and Deed of Trust, Defendants' efforts to enforce those agreements, and the Defendants' rights to enforce the terms of those agreements.

Second, Plaintiff's arguments concerning Recontrust's eligibility for fees under A.R.S. § 33-807(E) are flawed. Plaintiff sued Recontrust in its capacity as trustee under the deed of trust. *See* Doc. 18, at 3 § IV (Defendant ReconTrust "is the Trustee of the alleged debt sold by Bank of America…."); Doc. 96, at 6, ¶ 14 ("Defendant ReconTrust . . . claim to be a Trustee under Plaintiff's Deed of Trust and has recorded multiple Notices of Trustee Sale on Plaintiff's property…."); Doc. 122, at 3, ¶ 8 ("Defendant Recon . . . was a purported Trustee under Plaintiff's Deed of Trust when this action was commenced."). This Court has held that Recontrust was entitled to be dismissed pursuant to A.R.S. § 33-807(E). Doc. 149, at 8-9. Whether another trustee has since been substituted in the place of Recontrust by the beneficiary does not bear on whether Recontrust is entitled to recover its reasonable attorneys' fees. The fact remains that Plaintiff named Recontrust in its capacity as the trustee under the deed of trust and continued to pursue his claims against Recontrust despite the clear language in § 33-807(E).

Third, BANA is the former loan servicer and was the attorney in fact for the Note holder and deed of trust beneficiary, The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7 ("BNYM"), and Recontrust is the former successor trustee of the trust deed. *See, e.g.*, Doc. 42-2, at 2; Doc. 42-3, at 2. Through the Deed of Trust, Plaintiff irrevocably granted and conveyed the Property to the trustee, in trust, with the power of sale. *See* Doc. 42-1, at 4. The

4

Deed of Trust specifically contemplated that the Lender could appoint a successor trustee who would "succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law." *Id.* at 14, ¶ 24. In August 2011, BNYM appointed Recontrust as successor trustee under the Deed of Trust. Doc. 42-3, at 2. Thus, contrary to Plaintiff's assertion, Recontrust was a nominal party to the Deed of Trust.

In addition, with respect to BANA, the Deed of Trust provides that the Loan Servicer would perform "mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law." Doc. 42-1, at 12, ¶ 20. While BANA was the Loan Servicer, it was responsible for enforcing the Lender's rights under the Note and Deed of Trust. Plaintiff's claims against BANA arise from BANA's actions in enforcing these instruments on behalf of the Lender and Plaintiff pled claims directly challenging BANA's and the other defendants authority under these instruments. *See, e.g.*, Doc. 18, at 11, 22, 29; Doc. 96, at ¶¶ 80-87, 168.

## IV.   BANA'S REQUEST FOR ATTORNEYS' FEES IS TIMELY.

Contrary to Plaintiff's assertion that BANA's "time to request attorneys' fee . . . has long elapsed" (Doc. 158, at 5), BANA's request is timely under the rules. Pursuant to Rule 54(2)(B)(i), Fed. R. Civ. P., a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment." Although the Court dismissed BANA with prejudice on April 13, 2015 (Doc. 121), no judgment was entered until September 23, 2015. Therefore, BANA's time to file a request for its attorney's fees did not begin to run until September 23, 2015, and the Attorney Fee Motion filed on October 6, 2015 was timely.

## V.   PLAINTIFF'S MISCELLANEOUS GROUNDS FOR STRIKING THE ATTORNEY FEE MOTION ARE WITHOUT MERIT.

Plaintiff raises several other minor bases for striking Defendants' Attorney Fee Motion. Specifically, Plaintiff asserts that BANA is improperly claiming to be a secured creditor (Doc. 158, at 4), that Defendants never made a settlement proposal to Plaintiff (*id*. at 7), and that Defendants improperly seek fees (1) for reviewing home equity line of

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

5

credit ("HELOC") records (*id*. at 5), (2) fees associated with non-party Green Tree (*id*.), and (3) Eric Moores' preparation for and attendance at oral argument (*id*.). Defendants address each of these in turn.

BANA did not once contend in the Attorney Fee Motion that it is a secured creditor. Plaintiff incorrectly quoted language from Defendants' motion. *Compare* Doc. 157, at 11 ("Plaintiff brought this litigation to impede his secured creditors' rights to foreclose on the property."), *with* Doc. 158, at 4 (inserting "[BANA]" into the sentence).

Plaintiff suggests that Defendants' representation that they raised settlement with Plaintiff is a "blatant lie" because he never received a settlement proposal. Doc. 158, at 7. Defendants did not represent that they had made a settlement proposal to Plaintiff. *See* Doc. 157, at 9. Rather, Defendants explained that they raised the possibility of settlement with Plaintiff and, when they did so, Plaintiff suggested an outrageous settlement value and otherwise made demands that Recontrust make representations it was not in a position to make. *Id.* Regardless, even after the deed of trust beneficiary substituted in a new successor trustee, Plaintiff never once offered to dismiss Recontrust, electing instead to pursue his claims.

Plaintiff takes issue with attorney time spent reviewing bank records associated with his HELOC, asserting that it was never relevant to these proceedings. Doc. 158, at 4. However, the Second Amended Complaint raised issues with respect to the HELOC and named Real Time Resolutions, the purported HELOC servicer, for the first time. *See, e.g.*, Doc. 96, at ¶¶ 15, 23, 60, 127-144 (Exhibit F). Defendants' counsel undertook a limited review of the related HELOC records to determine whether they were in any way related to Plaintiff's claims against Defendants and further conferred with Defendants' in-house counsel concerning whether or not Defendants were under any obligation to represent newly-named defendant Real Time Resolutions. These fees were not excessive and reasonably and naturally flowed from Plaintiff's addition of Real Time as a party to the action and allegations concerning his HELOC.

6

789251.2\0361285

As pointed out by Plaintiff (Doc. 158, at 5), Exhibit B includes a description of work performed that references a non-party, specifically "Green Tree." This is an error, and Defendants are filing contemporaneous with this Response a Notice of Errata correcting that error. The entry dated August 27, 2014 for Sean K. McElenney stated that he spent 0.1 hours on "Receipt and review of order regarding conference with plaintiff, Green Tree." On August 27, 2014, this Court issued an Order setting a Rule 16 Scheduling Conference. Doc. 81. The time entry should have stated "…with plaintiff, Select Portfolio Servicing." However, because counsel for Defendants is handling other matters involving another loan servicer, by the name of Green Tree Servicing, counsel inadvertently entered "Green Tree" instead. The notice of errata corrects this error. Regardless, an error in the description in one of several time entries does not provide grounds for striking the Attorney Fee Motion in its entirety.

Plaintiff also complains about time spent by Eric Moores in preparation for and attendance at the oral argument on the motions to dismiss the third amended complaint. Doc. 158, at 5. Mr. Moores, as part of the litigation team on this matter, assisted with research and preparation related to the oral argument. In addition, Mr. Moores in fact attended the oral argument, although he did not enter a formal appearance. Mr. Moores' knowledge of the underlying facts in this matter is extensive and, thus, he contributed to the oral argument through support to counsel handling the oral argument with regard to the Court's factual inquiries.

At bottom, none of the issues Plaintiff raises with Defendants' Attorney Fee Motion provide grounds for striking it. These issues are more properly raised in a response to Defendants' motion.

**Relief Requested**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike and award Defendants their reasonable attorneys' fees in the amount of $85,430.55, plus any additional fees for responding to Plaintiff's Motion to

7

789251.2\0361285

Strike and that may accrue in preparing a reply in support of the Attorney Fee Motion and participating in any oral argument scheduled by the Court.

DATED this 21st day of October, 2015.

BRYAN CAVE LLP

By /s/ Coree E. Neumeyer
Sean K. McElenney
Coree E. Neumeyer
Eric M. Moores
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000

Attorneys for Defendants ReconTrust Co. N.A. and Bank of America, N.A.

ORIGINAL of the foregoing electronically filed with the Court this 21st day of October, 2015.

COPY of the foregoing mailed this 21st day of October, 2015:

Ivaylo Tsvetanov Dodev
6312 S. 161st Way
Gilbert, AZ 85298

/s/    Lisa Remus

8

789251.2\0361285