IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Tsvetanov Dodev, | No. CV-13-02155-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| ReconTrust Company NA, et al., | |
| Defendants. | |

Before the Court is Plaintiff's "Emergency Motion for Temporary Restraining Order and Injunctive Relief Against Defendants Select Portfolio Servicing, Inc. and The Bank of New York Mellon or in the Alternative Request for Hearing to Set a Supersedeas Bond." (Doc. 170.)  Plaintiff's motion is denied.

## **BACKGROUND[1]**

Plaintiff brought this quiet title action against: (1) his mortgage servicer, Select Portfolio Servicing, Inc. ("SPS"); (2) the beneficiary of the deed of trust securing repayment of his home loan, the Bank of New York Mellon ("BNY"); and (3) the then-current trustee under the deed of trust, ReconTrust Company N.A. ("ReconTrust")[2] (collectively "Defendants"). (Doc. 122.)  Plaintiff alleged that he tendered his past due

---

[1] The relevant factual and procedural background is discussed more thoroughly in this Court's August 24, 2015 dismissal order. (Doc. 149.)

[2] According to Plaintiff, Tiffany & Bosco, P.A. has since been substituted as trustee. (Doc. 170 at 7.)

mortgage balance to Defendants, and that Defendants lost their authority to conduct a trustee's sale of his home when they rejected his offer. (*Id.*, ¶¶ 32-44.) He also alleged that Defendants are barred from conducting a trustee's sale by the applicable statute of limitations on collecting contractually secured debts. (*Id.*, ¶¶ 45-53.) On August 24, 2015, the Court dismissed Plaintiff's complaint with prejudice. (Doc. 149.) The Court found that Plaintiff's complaint was based on a fundamental misunderstanding of the rules of tender and an erroneous application of the statute of limitations. (*Id.* at 5-8.) On October 9, 2015, Plaintiff appealed the ruling to the Ninth Circuit. (Docs. 159, 162.)

On February 5, 2016, Plaintiff filed the instant motion requesting a temporary restraining order ("TRO") and preliminary injunction preventing Defendants from conducting a trustee's sale of his home during the pendency of his appeal. (Doc. 170.)

## **LEGAL STANDARD**

The standard for issuing a TRO or a Rule 62(c) injunction pending appeal is identical to the standard for issuing a preliminary injunction. *Whitman v. Hawaiian Tug & Barge Corp./Young Bros., Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998); *Gila River Indian Cmty. v. United States*, No. CV-10-1993-PHX-DGC, 2011 WL 1656486, at *1 (D. Ariz. May 3, 2011). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). These elements are balanced on a sliding scale, whereby a stronger showing of one element may offset a weaker showing of another. *See Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1131, 1134-35 (9th Cir. 2011). However, the sliding-scale approach does not relieve the movant of the burden to satisfy all four prongs for the issuance of a preliminary injunction. *Id.* at 1135. Instead, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the

1 plaintiff also shows that there is a likelihood of irreparable injury and that the injunction
2 is in the public interest." *Id.* at 1135. The movant bears the burden of proof on each
3 element of the test. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027
4 (E.D. Cal. 2000). Additionally, to obtain injunctive relief pending appeal, the movant
5 must post a bond or other security to protect the opposing party's rights. Fed. R. Civ. P.
6 62(c)-(d), 65(c).

**DISCUSSION**

**I. Mootness**

Plaintiff's motion is denied because Arizona law now precludes the relief he seeks. Pursuant to A.R.S. § 33-811(C):

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, *entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.* A copy of the order, the application for the order and the complaint shall be delivered to the trustee within twenty-four hours after entering the order.

(Emphasis added.) According to Plaintiff, the trustee's sale is scheduled for February 8, 2016. (Doc. 170 at 2.) Plaintiff filed the instant motion on February 5, 2015—the last business day before the sale. More specifically, this Court received a notice of electronic filing regarding Plaintiff's motion at 1:13 PM that day, mere hours before § 33-811(C)'s deadline for securing injunctive relief. As evident from the date of this order, the time for enjoining the trustee's sale has passed. This Court is precluded from granting Plaintiff the relief he seeks.

**II. Merits**

Even if the time for enjoining the trustee's sale had not lapsed, the Court would deny Plaintiff's request on the merits. Plaintiff satisfies only one element of the preliminary injunction standard: likelihood of irreparable harm. One's home is unique, and monetary compensation might not fully remedy its loss. Moreover, "a [borrower] who fails to enjoin a trustee's sale waives his claims to title of the property upon the

- 3 -

sale's completion, and also waives any claims that are dependent on the sale." *Morgan AZ Fin., L.L.C. v. Gotses*, 326 P.3d 288, 290-91 (Ariz. Ct. App. 2014) (internal citations omitted).[3] But irreparable harm is not enough, and Plaintiff has not satisfied the remaining requirements for obtaining preliminary injunctive relief.

### A. Likelihood of Success/Serious Questions Going to the Merits

Plaintiff has not shown that he likely will succeed on appeal, or that serious questions going to the merits of his case exist. The crux of Plaintiff's case is that Defendants cannot conduct a trustee's sale of his home because he tendered payment of the mortgage balance, and because the statute of limitations on collecting a secured debt has run. As explained in the Court's previous dismissal order, (Doc. 149), Plaintiff's claims are premised on a fundamental misunderstanding of the tender rule and the applicable statute of limitations. Plaintiff argues that the Court improperly engaged in fact-finding in ruling on Defendants' motion to dismiss. This is not so. The Court dismissed Plaintiff's complaint because the facts, as alleged by Plaintiff, did not support the claims asserted. The Court finds that Plaintiff is unlikely to succeed on the merits of his appeal, and that there are no serious questions going to the merits of his case that would justify the issuance of a TRO.[4]

### B. Balance of Hardships

Although Plaintiff will be harmed if his home is sold at the scheduled trustee's sale, the Court also is mindful that Defendants would be harmed by an order enjoining the sale. Plaintiff has not paid his mortgage since November 2008. (Doc. 122, ¶ 25, Ex. A.) With each passing month, Defendants continue to lose the benefit of their bargain by not receiving loan payments or selling the property offered as security for repayment. An injunction would prolong Defendants' injury and perhaps expose the property offered as

---

[3] A completed trustee's sale does not operate as a waiver of claims for monetary damages, *see Sitton v. Deutsche Bank Nat'l Trust Co.*, 311 P.3d 237, 240 (Ariz. Ct. App. 2013), nor does it "deprive the [borrower] of the ability to pursue claims or defenses that are independent of the sale," *Morgan*, 326 P.3d at 291.

[4] Indeed, Plaintiff requested a TRO and preliminary injunction at the start of this case, which the Court denied after finding that Plaintiff was not likely to succeed on the merits. (Docs. 25, 55.)

security to the risk of reduced valuation. The Court finds that the balance of hardships does not tip sharply in Plaintiff's favor, given the potential availability of monetary remedies should his loss be found actionable.

### C. Public Interest

Finally, a TRO enjoining the trustee's sale does not serve the public interest under these circumstances. "A major purpose of [Arizona's] Deed of Trust Act was to provide relatively inexpensive and speedy foreclosure proceedings." *Andreola v. Ariz. Bank*, 550 P.2d 110, 113 (Ariz. Ct. App. 1976); *see Hogan v. Washington Mut. Bank, N.A.*, 277 P.3d 781, 784 (Ariz. 2012). Enjoining the trustee's sale would frustrate this intent. Although the public has an interest in affording homeowners an opportunity to pursue valid objections to a trustee's sale, Plaintiff has not demonstrated that he is likely to succeed on appeal, and Arizona's deed of trust scheme favors expeditious non-judicial foreclosure.

### CONCLUSION

Plaintiff has not shown that he is likely to succeed on appeal, or that the balance of hardships and the public interest weigh in favor of injunctive relief. Regardless, Arizona law requires that Plaintiff obtain such an injunction by 5:00 PM on the last business day before the sale, here February 5, 2016. As that time has passed, the Court cannot enjoin the sale.[5] For these reasons,

**IT IS ORDERED** the Plaintiff's Emergency Motion for Temporary Restraining Order and Injunctive Relief Against Defendants Select Portfolio Servicing, Inc. and The Bank of New York Mellon or in the Alternative Request for Hearing to Set a Supersedeas Bond, (Doc. 170), is **DENIED**.

Dated this 9th day of February, 2016.

Douglas L. Rayes
United States District Judge

---

[5] Likewise, Plaintiff's request for a hearing to set a supersedeas bond is moot.